1 OF 7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

CIV NO: 302CV652 (M.R.K.)

, PLAINTIFF

DATE: OCTOBER 20, 2003

— AGAINST —

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC AND AGENTS, DEFENDANT(S)

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF MOTION FOR THE APPOINTMENT OF COUNSEL

**[A] STATEMENT OF THE CASE:**

1. THIS IS A CIVIL RIGHTS CASE FILED UNDER 42 U.S.C. 1983 BY A STATE PRISONER AND ASSERTING CLAIMS FOR THE UNCONSTITUTIONAL MISUSE OR FAIL TO PRESCRIBE THE RIGHT MEDICATION ORDERED BY PRISON DOCTORS, DEFENDANT(S) SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC. AND AGENTS OWNS PLAINTIFF'S THE FOLLOWING:

  a) **DUTY** — THAT THE DEFENDANT(S) AND AGENTS HAD A SPECIFIC DUTY OF CARE OWED TO THE PLAINTIFF

  b) **BREACH** — THAT SAID DUTY WAS BREACHED BY THE DEFENDANT(S) AND AGENT WHEN THEY FAIL TO ISPECT MEDICATION BEFORE WAS SENT OUT OF THE PHAR-

BY: Noel Davila
NOEL DAVILA
PO BOX 5500
NEWTOWN CT. 06470

macist (cy). Defendants act, policies, practices, procedures and requirements were not exercise and was the proximate cause of the injuries suffered.

C. <u>Causation</u> — that said breach caused the injury.

D. <u>Damages</u> — some physical or mental, or emotional injury resulted.

[B] <u>STATEMENT OF FACTS</u>: (From Honorable Judge Stefan R Underhill):

1. The courts accepts as true the following facts, takend from the complaint.

(a) On December 13, 2001 the plaintiff went to see the prison psychiatrist concerning his prescription for Paxil (pink) 20 mg. The plaintiff claimed that the Paxil capsule that the pharmacy had originally provided him had been pink, but that he was now getting a green capsule.

(b) The plaintiff complained that he was experiencing <u>dizziness, nausea, diarrea</u> and <u>vomiting</u>. On December 26, 2001, the plaintiff was examined by a nurse at the facility. The plaintiff complained that he was not feeling well.

(c) The nurse informed the plaintiff that the pharmacy had mistekenly issue him "4 mg <u>Risperdal</u> "Psychofrenic (green) <u>Nic</u>" medication, instead of the Paxil (pink) 20 mg. capsule. The wrong medication.

(d) The plaintiff stated that he no longer wanted to take

the green capsule form of Paxil and requested an appointment to see the psychiatrist Dr. Khorramzadeh, so that he could change his medication.

E. On January 24, 2002, the plaintiff informed the psychiatrist that he no longer wanted to take Paxil. That day, the psychiatrist changed the plaintiff's medication to Remeron. The plaintiff seeks compensatory damages, punitive damages and declaratory relief from the defendant(s) an agents.

F. The courts notes, however, that the plaintiff's complaint may also be liberally construed as raising a state law claims for <u>negligence and malpractice</u>. Because it is apparent that diversity of citizenship exists between the parties and the relief requested exceeds the amount in controversy requirement. The complaint will proceed on the plaintiff's state law claims pursuant to the court's diversity jurisdiction. <u>See</u> 28.U.S.C. §1332(a)(1).

## [C] STATEMENTS OF UNDISPUTED FACTS: (see Form 26(F) (Reports parties planning meetting)

1- On January 6, 2003, plaintiff Noel Davila had signed Form 26(F) parties planning to meetting and Attorney for the defendant(s) Secure Pharmacy Plus, American Service Group INC and Agents certify as follows: (date attorney signed January 14, 2003.)

(a) Statement of undisputed facts. Counsel and

I REALLY GOT VERY BAD.

3. PLAINTIFF BEING AND INDIGENT LITIGENT, THE FACTUAL COMPLEXITY OF THE CASE, THE ABILITY OF THE INDIGENT TO INVESTIGATE THE FACTS, THE EXISTENCE OF CONFLICTING TESTIMONY, AND THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM AND THE COMPLEXITY OF THE LEGAL ISSUES. SEE ABDULLAH V. GUNTER, 949 F.2d. 1032, 1035 (8th cir 1991). (Citation omitted). THE EXISTENCE OF THESE CREDIBILITIES ISSUES SUPPORTS THE APPOINTMENT OF COUNSEL. SEE. GATSON V. COUGHLIN, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

4. THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM. THE PLAINTIFF IS AN INDIGENT PRISONER WITH NO LEGAL TRAINING, A FACTOR THAT SUPPORTS THE APPOINTMENT OF COUNSEL. SEE WHISENANT V. YUAM, 739 F.2d. 160, 163 (4th cir 1984) SEE. MISSOURI V. HUNTER, 459, US 359, 365, 366 (1993), (3) THE CLAUSE PREVENTS THE COURTS FROM USING CUMULATIVE SENTENCE. Piper V. Popp, 167 Wis 2d. 633, 482 N.W 2d. 353, 355 (Wis 1992).

5. IN BOTH CASES, THE COURT HELD THAT THE DISTRICT COURT ABUSE ITS DISCRETION BY FAILING TO APPOINT COUNSEL SEE HENDRICKS V. COUGHLIN 114 F.3d. 390, 392 (2d. 1997). SEE. PARHAM V. JOHNSON, 126 F.3d. 454, 457-58 (3d. cir 1997).

6. Rule 38d. FED. R. CIV. P. JOLIVET V. DELAND, 966 F. 2d. 573, 577-78 (10th cir 1992). IF you HAVE ASKED FOR A JURY TRIAL BUT THE COURT ERRONEOUSLY PROCEED WITH A BENCH TRIAL INSTEAD YOU MUST OBJECT AT THE BEGINING OF THE TRIAL OR.

7. THE SEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROVIDES IN SUITS AT COMMON LAW, WHERE THE VALUE IN CONTROVERSY SHALL EXCEED TWENTY DOLLARS "THE RIGHT"

6

of trial by jury" shall be preserved.... The Seventh Amendment guarantees the right to a jury trial in federal court civil rights suits for money damages against prison officials or other government employees. <u>Payne v. Superior Court of Los Angeles, County</u> 17 Cal 3d. 908, 132 Cal Rptr, 553 P.2d 565, 575-77 (1976)

I declare under penalty of perjury that my answers to the foregoing questions are true to the best of my knowledge.

I understand that if I am assigned a lawyer and my lawyer learns, either from myself or elsewhere, that I can afford a lawyer, the lawyer may give this information to the court.

I understand that if my answer on my application to proceed in <u>Forma Pauperis</u> are false my case can be dismissed.

I hereby waive my privilege of attorney – client confidentiality to the extent necessary for my appointed attorney to make an application to be relieved as provided in the procedures regarding appointment of attorney in <u>Pro-Se</u> civil action.

Dated: October 20, 2003                    By: /s/ Noel Davila

Wherefore, plaintiff prays to your honorable court to grant the submitted motion.

/s/ Noel Davila
Noel Davila – Pro-Se
P.O. Box 5500
Newtown CT-06470.

-7-

## CERTIFICATION

I, (PLAINTIFF NOEL DAVILA HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED ON THE FOLLOWIN 20 DAY OF OCTOBER 2003 TO:

BY: Noel Davila

TO: HONORABLE JUSTICE
   MR. MARK R. KRAVITZ
   U.S. COURTHOUSE
   141 CHURCH STREET
   NEW HAVEN CT. 06510

TO: ATTORNEY FOR THE DEFENDANT(S)
   MR. THOMAS H. WINSLOW
   321 MAIN STREET
   FARMINGTON CT. 06032

BY: Noel Davila
NOEL DAVILA - PRO-SE.
P.O. BOX 5300
NEWTOWN CT. 06470.

DATED: OCTOBER 20, 2003.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 JUN 27 A 10: 49

US DISTRICT COURT
BRIDGEPORT CT

NOEL DAVILA

V.

SECURE PHARMACY PLUS

PRISONER
CASE NO. 3:02V652 (SRU) (WIG)

### RULING ON PENDING MOTIONS

Pending before the court is the plaintiff's motion for appointment of counsel and defendant's motion to compel. For the reasons set forth below, both motions are denied.

I.   Motion for Appointment of Counsel [doc. # 15]

The plaintiff seeks the appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff has made sufficient attempts to obtain the assistance of counsel with respect to this case. He does not indicate that he has made any attempts to contact the Inmates' Legal Assistance Program with respect to any questions he might have concerning the litigation of this case. Although Inmates' Legal Assistance may not be able to represent the plaintiff in this action, the program may

be able to assist the plaintiff in answering questions concerning discovery issues, researching legal issues and drafting motions and memoranda. Accordingly, the motion for appointment of counsel is denied without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable.

II. <u>Motion to Compel [doc. # 18]</u>

The defendant seeks to compel the plaintiff to respond to its January 15, 2003 Interrogatories and Request for Production. Counsel for the defendant states that on March 18, 2003, he wrote to the plaintiff asking the plaintiff to respond to the January 2003 discovery requests. Counsel states that the plaintiff never responded to his letter.

The court notes that the court file reflects that on March 10, 2003, the Department of Correction for the State of Connecticut informed the court that the plaintiff was consigned to another jurisdiction on February 20, 2003. The court also received a letter from the plaintiff on March 10, 2003, indicating that his new address was Noel Davila, #14850-014, MCC NY, 150 Park Row, New York, NY 10007. Counsel sent his March 18, 2003, letter concerning his discovery requests to the plaintiff at Cheshire Correctional Institution. It is apparent that

counsel was not aware that the plaintiff was not confined in Connecticut at that time. In April 2003, the plaintiff again contacted the court with a change of address. The plaintiff is presently incarcerated at Garner Correctional Institution, P.O. Box 5500, Newtown, Connecticut 06470. His inmate number is 212726. Under these facts, the court concludes that the defendant's motion to compel is premature. The motion is denied without prejudice to renewal after counsel for the defendants attempts to resolve the discovery dispute by contacting the plaintiff at his present place of confinement.

The court also cautions the plaintiff that he must inform counsel for the defendant when he changes his address. The court previously notified the plaintiff of this requirement on August 12, 2002.

## Conclusion

The plaintiff's Motion for Appointment of Counsel [doc. # 15] is DENIED without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable. The defendant's Motion to Compel [doc. # 18] is DENIED without prejudice to renewal after counsel for the defendants attempts to resolve the discovery dispute by

3

contacting the plaintiff at his present place of confinement.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 27th day of June, 2003.

_____
William I. Garfinkel
United States Magistrate Judge