UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2003 NOV 13 A 10:14
US DISTRICT
BRIDGE...

NOEL DAVILA

v.                                          PRISONER
                        Case No. 3:02CV652(MRK)(WIG)

SECURE PHARMACY PLUS


## RULING ON PENDING MOTIONS

Pending before the court are motions for leave to depose the plaintiff and for sanctions filed by the defendant and motions for appointment of counsel, to preserve evidence, to allow jurors to ask questions, for permission to give an opening statement, for recording of argument and to limit impeachment of plaintiff's prior convictions filed by the plaintiff. The court addresses the defendant's motions first.

I.   Motion to Depose [doc. # 36]

The defendant seeks to depose the plaintiff on November 14, 2003. The plaintiff opposes the motion for leave to take his deposition. He claims that he seeks to proceed to trial. The plaintiff has set forth no valid reasons for precluding the defendant from taking his deposition. Accordingly, pursuant to Rule 30(a)(2), Fed. R. Civ. P., the court grants the defendant's motion for leave to depose the plaintiff.

II.  <u>Motion for Sanctions [doc. # 38]</u>

Counsel for the defendant seeks sanctions against the plaintiff for failing to mail him copies of certain discovery requests and motions on the dates set forth in plaintiff's certifications attached to the requests and motions and for failing to ever mail him copies of certain other motions. Counsel contends that he is entitled to sanctions pursuant to Rule 26(g)(3) of the Federal Rules of Civil Procedure.

Rule 26(g) is entitled "Signing of Disclosures, Discovery Requests, Responses, and Objections." Rule 26(g) provides:

> (1) Every disclosure made pursuant to subdivision (a)(1) or subdivision (a)(3) shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the disclosure and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.
> (2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. An unrepresented party shall sign the request, response, or objection and state the party's address. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

2

>   (A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
>   (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
>   (C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.
> If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.
>   (3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Rule 26(g), Fed. R. Civ. P.

The court cannot discern how Rule 26(g) applies to the plaintiff's alleged failure to mail copies of motions and discovery requests on the dates he claims to have mailed them in his certifications attached to the motions and requests. Rule 26(g) governs certifications by a party that every disclosure made pursuant to Rule 26(a)(1) or (3), Fed. R. Civ. P. is

3

complete and correct at the time it is made. Rule 26(a)(1) governs initial disclosures of discoverable information and Rule 26(a)(3) governs information concerning evidence that might be presented at trial. A plaintiff's certification that he has mailed a copy of a motion or discovery request on the defendant is not governed by Rule 26(g). Accordingly, the defendant's motion for sanctions pursuant to Rule 26(g)(3), Fed. R. Civ. P. is denied.

The court notes that Rule 5, Fed. R. Civ. P. and Rule 5(b), D. Conn. L. Civ. P. govern certificates of service for motions and discovery requests. In the present case, the plaintiff is currently incarcerated. As such, he has little control over when his mail actually leaves the prison facility. Thus, it is possible that the plaintiff did hand discovery requests to prison officials on a certain date, but the requests did not get mailed out until several weeks after that date. All of the motions referenced by counsel as having been filed by the plaintiff, but not received by counsel in a timely manner or at all, include certificates of service that the plaintiff mailed the motions on a certain date to counsel for the defendant. It is not apparent to the court why counsel is not receiving plaintiff's motions. Counsel claims that he had to incur costs in ordering copies of the motions from the Clerk's Office. Counsel does not indicate

4

that he attempted to call or write to the plaintiff seeking copies of the motions that he had not received or make any attempt to resolve the issue with the plaintiff. Accordingly, the court considers the defendant's motion for sanctions premature.

The court notifies the plaintiff that pursuant to Rule 5, Fed. R. Civ. P. and Rule 5(b), D. Conn. L. Civ. P., he must serve every motion, memorandum or other paper that he files in this case as well as discovery requests that he need not file with the court, on counsel for the defendant. He must also attach a certificate of service to the motion, memorandum or other paper indicating that he did mail a copy of the document to counsel for the defendant. The plaintiff need only file the original signed motion, memoranda or other paper with the court. The plaintiff need not file extra copies with the original. The court also encourages counsel for the defendant to contact the plaintiff if he learns that he did not receive a copy of a motion or other paper filed with the court.

III. Motion for Appointment of Counsel [doc. # 44]

The plaintiff renews his request for the appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is

5

unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

In a prior ruling, the court concluded that the plaintiff had made sufficient attempts to obtain the assistance of counsel with respect to this case. The court noted however, that the plaintiff had not indicated that he had made any attempts to contact the Inmates' Legal Assistance Program with respect to any questions he might have concerning the litigation of this case. Thus, the court denied the motion without prejudice. The court informed the plaintiff that if he intended to renew his motion, it must be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program

In his declaration in support of the present motion, the plaintiff states that an attorney from Inmates' Legal Assistance has refused to represent him and that it sometimes takes five months for the attorneys and paralegals to answer an inmate's request for assistance. It is not clear whether the plaintiff actually made a request for assistance or whether he made a request and the Program was not able to respond to him for five months. The court concludes that the plaintiff has not demonstrated that assistance from the Inmates' Legal Assistance Program is unavailable. Accordingly, the plaintiff's renewed

Motion for Appointment of Counsel is denied without prejudice.

IV. <u>Motion to Preserve Evidence [doc. # 45]</u>
<u>Motion to Allow Jurors to Take Notes [doc. # 46]</u>
<u>Motion for Permission to Give Opening Statement [doc. # 47]</u>
<u>Motion for Recording [doc. #48]</u>
<u>Motion to Limit Impeachment [doc. # 50]</u>

The plaintiff has filed a motion to preserve evidence pursuant to the Connecticut and Federal Constitutions asking the Clerk to preserve documents, tapes, transcriptions of witnesses "reporting this incident," notes, records, reports, statements and photographs pertaining to this case. (See Mot. Preserve Evidence at 1.) The plaintiff does not specifically identify any of these items or who might be in possession of these items. In addition, the plaintiff does not indicate that he had made any attempt to ask the defendant to preserve any items that might be in its possession. Accordingly, the plaintiff's motion is denied.

The plaintiff's motions to allow jurors to take notes, to allow him to give an opening statement, for recording of argument of counsel and to limit impeachment testimony of plaintiff are all premature. This case has not been scheduled for trial. Thus, the motions are denied without prejudice to renewal if this case is later scheduled for trial.

<u>Conclusion</u>

The defendant's Motion to Depose Plaintiff [doc. # 36] is

7

GRANTED. The defendant's Motion for Sanctions [doc. # 38] is DENIED. The plaintiff's Motion for Appointment of Counsel [doc. # 44] is DENIED without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable. The plaintiff's Motion to Preserve Evidence [doc. # 45] is DENIED. The plaintiff's Motions to Allow Jurors to Take Notes [doc. # 46], for Permission to Give Opening Statement [doc. # 47], for Recording [doc. #48] and to Limit Impeachment [doc. # 50] are DENIED without prejudice as premature.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 12th day of Nov., 2003.

William I. Garfinkel
United States Magistrate Judge