OCT 2 9 2003

FILED

1 OF 7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT.

2003 NOV 21  A 7 38

US DISTRICT COURT
BRIDGEPORT CT

CIV NO: 3:02CV652 (M.R.K).

NOEL DAVILA
          , PLAINTIFF

DATED: OCTOBER 20, 2003

-AGAINST-

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS,
          , DEFENDANT(S)

MOTION REQUESTING PERMISSION TO THE HONORABLE JUSTICE M.R. MARK R. KRAVITZ TO ORDER THE OPPOSSING PARTY, DEFENDANT(S) TO ANSWER PLAINTIFF INTERROGATORIES, PRODUCTION OF DOCUMENTS, DISCLOUSURES AND DISCOVERY. OR SANCTIONS:

PURSUANT TO LOCAL RULE 7(a), A NON MOVING PARTY MUST RESPOND TO A DISPOSITIVE MOTION WITHIN 21 DAYS OF THE DATE THE MOTION WAS FILE.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURES, RULE 26 THROUGH 37, PLAINTIFF NOEL DAVILA MOVES THIS HONORABLE COURT TO ORDER DEFENDANT(S) AND AGENTS TO ANSWER PLAINTIFF INTERROGATORIES, PRODUCTION OF DOCUMENTS, DISCLOUSURE AND DISCOVERY ISSUES THAT DEFENDANT(S) AND AGENT(S) HAS OPPOSSED TO ANSWER. (SEE ATTACHED EXHIBITS). ON OCTOBER 14, 2003. (EXHIBIT A, B, C, 3 D, E, F, G). (BACK OF THE MOTIONS)

DATED: OCTOBER 20, 2003

Noel Davila
NOEL DAVILA - PRO-SE

[A] MEMORANDUM, BRIEF IN SUPPORT.

1- BRIEF IN SUPPORT OF MOTION TO ORDER DEFENDANT(S) AND Agents TO ANSWER PLAINTIFF DISCOVERY.

STATEMENT OF THE CASE

a. THIS IS A CIVIL Rights ACTION 42.U.S.C. SEC. 1983, FILE BY A CONNECTICUT PRISONER TO REDRESS A VIOLATION OF HIS CONSTITUTIONAL RIGHTS, THAT HAS BEEN VIOLATED BY AMERICAN SERVICE group INC., SECURE PHARMACY Plus For "Conspire", AND ITS Agents, FOR THEIR WRONG-DOING ON PRESCRIBING, SENDING THE WRONG-MEDICATION TO PLAINTIFF'S.

b. THEIR ACTS, PRACTICES, Policies AND PROCEDURES WERE NOT EXCERBISE AND FAIL TO INSPECT THE MEDICATION WICH CAUSE PLAINTIFF A NUMBER OF SIDE-EFFECTS, "DIZZINESS, MIND GOING BLANCK, POUNDING HEADACHE, STOMACH PAIN, NAUSEA, DIARRHEA, VOMITING, LOST 15 POUND, HAND AND BODY TREMBLING AND OTHER RELATED SYMPTOMS".

C. DEFENDANT(S) AND Agents, THE PHARMACY HAS gAVE THE PLANTIFF UN-PRESCRIBE MEDICATION, WICH HE WAS Allergic TO. PLAINTIFF WAS Suppose TO BE PROVIDE WITH PAXIL (PINK) 20 mg IN DOSAGE AND INSTEAD THE PHARMACY HAS SENT THE PlANTIFF, MISTEKENLY ISSUE Him "RISPERDAL" 4 mg, "PSYCHOFRENIC" MEDICATION INSTEAD OF "PAXIL" 20 mg IN DOSAGE FOR "DEPPRESSION" FOR OVER "5 OR 6" WEEKS OF HORROBLE NUMBER OF SIDE-EFFECTS. (SEE EHIBIT H,I memo From Attorney Jesica J. York) (GRIEVANCE).

D. PHARMACIST IS THE Highest PRACTICABLE DEGREE OF PRUDENCE THOUGHTFULNESS AND VIGILANCE, DEFENDANTS FAIL, THEIR ACTS POLICIES, PRACTICES, PROCEDURES WERE NOT EXERCISE AND WAS THE PROXIMATE CAUSE OF PLAINTIF INJURIES, WICH ALSO Could

CAUSE PLAINTIFF'S "HIS LIFE", MENTAL AND PHYSICAL ANGUISH, "HUMILIATION, DISGRACE, BY THEIR ACTIONS SUBJECTED PLAINTIFF'S TO "GREAT INDIGNITIES", "FRIGHT", "SHOCK", "EMBARRASSMENT", "MORTIFICATION", "PSYCHOLOGICAL INJURY".

E. THIS IS TO REDRESS A VIOATION OF THE "EIGHT AMENDMENT" TO THE UNITED STATES CONSTITUTION, COURT DIVERSITY JURISDICTION, PENDENT JURISDICTION, UNDER FEDERAL QUESTION, TO BE FREE FROM "WANTONESS INFLICTION OF UNNECESSARY PAIN", UNDER "CRUEL AND UNUSUAL PUNISHMENT", "DELIBERATE INDIFFERENCE", "CIVIL RIGHTS" - "VIOLATION" "UNDER COLOR OF STATE LAW", PHARMACIST PROFESSIONAL "MALPRACTICE", "NEGLIGENCE" AND DECLARATORY RELIEF THAT All STEM FROM DISTRIBUTION OF AN INCORRECT MEDICATION.

[B] STATEMENT OF FACTS:

1. ON SEPTEMBER 16, 2003, PLAINTIFF'S FILED A REQUEST FOR INTERROGATORIES, PRODUCTION OF DOCUMENTS, DISCLOSURES PURSUANT THROUGH RULE 26, THROUGH 37. F.R.CIV.P. (SEE EXHIBIT, A, B, C) (ATTACHED TO THIS MOTION) TO THE HONORABLE COURT U.S. COURTHOUSE 915 LAFAYETTE B.L.V.d. BRIDGEPORT CT. 06604, ON OR OCTOBER 9, 2003 I HAVE RECEIVE A NOTICE OF COUNSEL LETTER FROM THE SAME ABOVE MENTIONED U.S COURTHOUSE AT BRIDGEPORT, I ALSO SENT DEFENDANT(S) TOO.

2. THE COURT WROTE ME BACK STATING THAT DISCOVERY MATERIALS INCLUDING COMPUTATION OF DAMAGES AND EXPERT REPORTS NEED NOT BE FILED WITH THE COURT L.R. 5(e). BY M.E.L. CLERKS U.S. DISTRICT COURT OF BRIDGEPORT.

3. ON OR OCTOBER 16, 2003. PLAINTIFF RECEIVE THE DEFENDANT(S) AND AGENTS ANSWER TO PLAINTIFF REQUEST FOR

DISCOVERY, IN WICH DEFENDANT(S) AND AGENTS HAD OBJECTIONS, OBJECTED TO THE PLAINTIFF'S DISCOVERY.

4. DEFENDANT(S) AND AGENTS CLAIMS IN THEIR OBJECTIONS THAT PLAINTIFF REQUEST IS BURDENSOME AND IRRELEVANT FOR TRIAL. PLAINTIFF HAS ATTEMPTED WITHOUT SUCCESS TO PERSUADE THE DEFENDANTS TO TURN OVER THE REQUESTED MATERIALS WITHOUT REPORTING TO A MOTION TO COMPEL. (SEE EXHIBIT D, E, F, G, DEFENDANTS OBJECTIONS AND (SEE EXHIBIT G, LETTER TO DEFENDANTS ATTORNEY). (SEE Also EXHIBITS ATTACHED OF THE SIDE-EFFECTS FROM WRONG-MEDICATION).

[C.] ARGUMENT:

1. THE REQUESTED DISCOVERY IS RELEVANT TO THE SUBJECT MATTER OF THE SUIT.

a- RULE 26(b)(1) PARTIES MAY OBTAIN DISCOVERY REGARDING ANY MATTER, NOT PRIVILEGED, WICH IS RELEVANT TO THE SUBJECT MATTER INVOLVED IN THE PENDING ACTION, WHETER IT RELATES TO THE CLAIM OR DEFENSE OF THE PARTY, INCLUDING THE EXISTENCE, DESCRIPTION, NATURE, CUSTODY, CONDITION AND LOCATION OF ANY BOOKS, DOCUMENTS, OR OTHER TANGIBLE THINGS AND THE IDENTITY AND LOCATION OF PERSONS HAVING KNOWLEDGE OF ANY DISCOVERABLE MATTER.

IT IS NOT GROUND FOR OBJECTION THAT THE INFORMATION SOUGHT WILL BE INADMISSIBLE AT THE TRIAL IF THE INFORMATION SOUGHT APPEARS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

b- REQUEST FOR DISCOVERY FOR GRIEVANCES, COMPLAINTS MALPRACTICE, NEGLIGENCE RECEIVE BY THE DEFENDANTS OR THEIR AGENTS CONCERNING MIS-LABELING, SENDING THE WRONG-PRESCRIBE MEDICATION (PACKING). OR ANY MIS USE OF THE CORPORATION OR

AGENT(S) ACTS, POLICIES, PRACTICES AND PROCEDURES WERE NOT EXERCISE, (PRESENT, PAST), IS RELEVANT TO THE ALLEGATIONS IN THE COMPLAINT BY THEIR SUBORDINATES BUT FAILED TO TAKE ANY ACTION TO CONTROL IT AND HARMING PATIENTS OR CUSTOMERS. PROOF OF NEGLIGENCE, MALPRACTICE THE KNOWLEDGE OF TO FOLLOW THE CORPORATION OR PHARMACIST POLICIES, PRACTICES REQUIREMENTS, PROCEDURES AND THE FAILURE, TO PROTECT, THEIR DUTY:

(i) <u>DUTY</u> - THAT THE DEFENDANT(S) AND AGENT(S) HAD A SPECIFIC DUTY OF CARE OWED TO THE PLAINTIFF.

(ii) <u>BREACH</u> - THAT SAID DUTY WAS BREACHED BY THE DEFENDANT(S) AND AGENTS.

(iii) <u>CAUSATION</u> - THAT SAID BREACH CAUSED INJURY.

(iiii) <u>DAMAGES</u> - SOME PHYSICAL AND MENTAL INJURY RESULTED AND WAS THE PROXIMATE CAUSE.

IT IS THAT THE DEFENDANT(S) AND AGENTS FAIL TO ACT AND PROTECT, IS NECESSARY TO ESTABLISH PERSONAL LIABILITY UNDER SEC. 1983. <u>HOLLAND V. CONNORS</u> 491 F.2d. 539 (5th Cir 1974;) <u>CORRECTIONAL SERVS CORP V. MALESKO</u> 122 S.Ct. 515 (2001). <u>NELSON V. PRISON HEALTH SERVS INC.</u> 991 F.Supp. 1452, 1463 (M.D. Fla. 1997). <u>WRIGHT V. MCMANN</u>, 460 F.2d. 126 134-35 (2d. Cir 1972).

[D] <u>DEFENDANT(S) OBJECTIONS ON THE GROUNDS OF BURDEN HAS NO MERIT.</u>

1- DEFENDANTS CLAIMS THAT PLAINTIFF'S DISCOVERY REQUEST IS BURDENSOME. HOWEVER THEY HAVE NOT PROVIDE ANY FACTUAL SUPPORT FOR HIS CLAIMS. AN OBJECTION THAT

DISCOVERY IS BURDENSOME DOES NOT PRESENT AN ISSUE UNLESS SPECIFIC REASONS ARE SHOWN, <u>LEUMI FINANCIAL CORP V. HARTFORD ACCIDENT AND IDEMNITY CO</u>, 295 F. Supp. 539, 544 (S.D.N.Y. 1969). THE DISCOVERY SOUGHT IS OBVIOUSLY NOT BURDENSOME IN ANY CASE. IT CONSISTS ONLY IN DOCUMENTS CONCERNING THE PLAINTIFF IN NEED OF THE POLICIES, PROCEDURES, RULES, PRACTICES USED IN THE DAILY OPERATION OF THE DEFENDANT(S) AGENTS, PHARMACIST(S), COMPLAINTS, GRIEVANCES NEGLIGENCES, MALPRACTICES OF DEFENDANT(S) HAVE RECEIVE ABOUT CERTAIN SPECIFIC PRACTICES ON MIS-LABELING, AND INSPECTING MEDICATION BEFORE IS SENT OUT OF THE PHARMACIST(S). TO ANY OTHER PARTIES INVOLVED WITH THE DEFENDENT(S) SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC, AGENTS, WRONG-DOING, BUT NO LIMITED TO ANY AGREEMENTS, CONTRACTS, COMPROMISING TO PROVIDE PRESCRIPTION SERVICES TO PRISONERS.

EVEN IF THE REQUESTED DISCOVERY WERE BURDENSOME, IT WOULD BE REQUIRE IF RELEVANT TO THE CASE. <u>KING V. GEORGIA POWER CO</u>, 50 F.R.D. 134 (N.D. Ga 1970). THE RELEVANT OF THE ITEMS SOUGHT IS DEMOSTRATED IN POINT 1 SUPRA.

## CONCLUSION

WHEREFORE, PLAINTIFF PRAYS TO THE HONORABLE COURT TO GRANT PLAINTIFF MOTION TO OBTAIN DISCOVERY, OR SANCTIONS AGAINST DEFENDANT(S), AS WELL AS SUCH OTHER AND FURTHER RELEIF AND MAY BE PROPER.

Noel Davila
P.O. BOX 5500
Newtown CT-06470

# CERTIFICATION

I, PLAINTIFF NOEL DAVILA HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED ON THE FOLLOWING: ON 20 DAY OCTOBER 2003 TO:

BY: Noel Davila

TO: HONORABLE JUSTICE
   MR. MARK R. KRAVITZ
   U.S COURTHOUSE
   141 CHURCH STREET
   NEWHAVEN CT 06510

TO: ATTORNEY FOR THE DEFENDANT(S)
   MR. THOMAS H. WINSLOW
   321 MAIN STREET
   FARMINGTON CT. 06032

BY: x Noel Davila
NOEL DAVILA - PRO-SE
P.O BOX 5500
NEWTOWN CT. 06470

DATED: OCTOBER 20, 2003