UNITED STATES DISTRICT COURT            1 OF 4

DISTRICT OF CONNECTICUT

OCT 0 8 2003                              EXHIBIT [A]

NOEL DAVILA

        , PLAINTIFF            CIV NO: 302CV652 (M.R.K.)


— AGAINST —                     "JURY DEMAND"


SECURE PHARMACY PLUS, AMERICAN          DATED: SEPT. 16, 2003.
SERVICE GROUP INC. AND AGENTS.
            , DEFENDENT(S)              INTERROGATORIES
                                        AND REQUEST FOR
                                        PRODUCTIONS OF DOCUMENTS.


PLAINTIFF'S MOTION FOR INTERROGATORIES
FOR PRODUCTION OF DOCUMENTS.

   PURSUANT TO RULES 33, AND 34, FED, R. CIV. P., THE SUB-
MITTING, BY PLAINTIFF, THE FOLLOWING INTERROGATORIES AND
REQUEST FOR DOCUMENTS TO THE DEFENDANT. (S)
YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES IN
WRITING UNDER OATH, AND PRODUCE EACH OF THE REQUESTED DOCU-
MENTS FOR INSPECTION AND COPYING, WITHIN 30 DAYS OF SERVICE.

   1. STATE THE DUTIES OF DEFENDENT(S) SECURE PHARMACY
PLUS, AMERICAN SERVICE GROUP INC. PHARMACIST AND AGENT(S), AND
MEDICAL ADMINISTRATOR, EMPLOYEES. IF THOSE DUTIES ARE SET
FORTH IN ANY JOB DESCRIPTION OR OTHER DOCUMENT, PRODUCE THE
DOCUMENT.
   2. STATE THE DUTIES OF DEFENDENT(S) FOR ADMINISTRATION

AT SECURE PHARMACY PLUS, INSOFAR AS THEY PERTAIN TO PROVIDING MEDICAL CARE TO PRISONERS OR FACILITIES, PRODUCE THE DOCUMENT.

3. STATE THE NAMES, TITLES, AND DUTIES OF All STAFF MEMBERS, EMPLOYEES, SUPERVISOR AT SECURE PHARMACY PLUS, PHARMACIST OTHER THAN DEFENDENT(S), WHO HAVE RESPONSIBILITY FOR SCHEDULING, PACKING, LABELING, INSPECT (PRISONERS' MEDICATIONS BEFORE MEDICATIONS ARE SENT OUTSIDE THE PHARMACY(IST). OR FOR EVALUATING THE PROPER REQUEST FOR SPECIALIZED INSPECTION TREATMENT OR EVALUATION. IF THOSE DUTIES ARE SET FORTH IN ANY JOB DESCRIPTION OR OTHER DOCUMENT, PRODUCE THE DOCUMENT.

4. STATE THE NAMES, TITLES, AND DUTIES OF All STAFF MEMBERS AT SECURE PHARMACY PLUS, PHARMACIST, OTHER THAN DEFENDENT(S), WHO HAVE RESPONSIBILITY FOR ENSURING INMATES WELL-BEING AND ENSURING THAT INMATES' REQUEST FOR MEDICAL ATTENTION ARE RESPONDED TO. IF THOSE DUTIES ARE SET FORTH IN ANY JOB DESCRIPTION OR OTHER DOCUMENT, PRODUCE THE DOCUMENT.

5. STATE THE PROCEDURE IN EFFECT DURING THE TIME OF MISLABELING, PACKING INSPECTING AT SECURE PHARMACY PLUS, PHARMACIST FOR OR HOW STAFF MEMBER DISREGARD OR FAIL TO PERFORM THEIR, POLICIES, PRACTICES AND PROCEDURES. INCLUDING BUT NOT LIMITED THE PROCEDURE by WICH DEFENDENT(S) TOOK ON SUCH INCIDENT. IF THE PROCEDURES IS DIFFERENT FOR NON-INMATES THAN FOR THE OUTSIDE SOCIETY GENERAL POPULATION. STATE BOTH PROCEDURES. IF THOSE PROCEDURES ARE SET FORTH IN ANY POLICY, DIRECTIVE, OR OTHER DOCUMENT, PRODUCE THE DOCUMENT.

6. STATE THE NAMES, TITLES, AND DUTIES OF All

STAFF MEMBERS, AT SECURE PHARMACY PLUS, PHARMACIST WHO HAVE RESPONSIBILITY FOR RESPONDING TO, INVESTIGATING OR DECIDING INMATES COMPLAINTS, GRIEVANCES. IF THOSE DUTIES ARE SET FORTH IN ANY JOB DESCRIPTION, POLICY, DIRECTIVE, OR OTHER DOCUMENT, PRODUCE THE DOCUMENT.

7. STATE THE PROCEDURE IN EFFECT DURING, OR WHEN THE INCIDENT HAPPEN AT SECURE PHARMACY PLUS, PHARMACIST FOR RESPONDING TO, INVESTIGATING AND DECIDING COMPLAINTS, GRIEVANCES, FOR ENSURING THAT INMATES MEDICATIONS ARE SAFE BEFORE BEING DISTRIBUTED BY STAFF MEMBERS. IF THE PROCEDURE FOR HANDLING COMPLAINT(S), GRIEVANCES ON MEDICAL NEGLIGENCE, MALPRACTICE IS DIFFERENT FROM THE PROCEDURES FOR HANDLING OTHER KINDS OF COMPLAINTS, GRIEVANCES TOWARDS INMATES; STATE BOTH PROCEDURES. IF THOSE PROCEDURES ARE SET FORTH IN ANY DIRECTIVE, MANUAL OR OTHER DOCUMENT, PRODUCE THE DOCUMENT.

8. STATES THE DUTIES OF DEFENDENT(S) SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC. PHARMACIST AND AGENT(S) OF CARE, REGULATIONS PERTAINING BUT NOT LIMITED ALL SINGING CONTRACT(S) AND COMPROMISING THE DUTIES OF CARE AND THE DISTRIBUTION OF MEDICATION TO THE CONNECTICUT DEPARTMENT OF CORRECTION FACILITY.

WHEREFORE, THE PLAINTIFF'S MOTION FOR INTERROGATORIES FOR PRODUCTION OF DOCUMENTS SHOULD BE GRANTED.

DATED: SEPT 16, 2003.            BY: Noel Davila-PROSE
                                 P.O. BOX 5500
                                 NEWTOWN CT 06470.

# CERTIFICATION

I, HEREBY CERTIFY THAT A COPY OF THE FOllOWING WAS MAILED TO THE FOREGOING ON THIS 16 DAY OF SEPT. 2003.

TO: ATTORNEY FOR DEFENDENT(S)
    M.R. THOMAS H. WINSLOW
    321 MAIN STREET
    FARMINGTON CT. 06032.

BY: Noel Davila

TO: HONORABLE JUSTICE
    M.R. MARK R. KRAVITZ
    U.S. DISTRICT JUDGE
    141 CHURCH STREET
    NEW HAVEN CT. 06510

BY: Noel Davila
Noel Davila - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

DATED: SEPT. 16, 2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA                                    PRISONER
                                               CIVIL ACTION CASE NO.
                                               3:02CV652(MRK)
        Plaintiff,

V.

SECURE PHARMACY PLUS

        Defendant.                         OCTOBER 14, 2003

## OBJECTIONS OF DEFENDANT SECURE PHARMACY PLUS TO SEPTEMBER 16, 2003 WRITTEN DISCOVERY OF PLAINTIFF NOEL DAVILA RECEIVED ON OCTOBER 8, 2003

Pursuant to Fed. R. Civ. P. Rules 33 and 34, the defendant, Secure Pharmacy Plus, hereby objects to the September 16, 2003 written discovery of plaintiff Noel Davila received on October 8, 2003 entitled "Plaintiff's Motion For Interrogatories For Production Of Documents".

1. State the duties of defendent(s) (sic) Secure Pharmacy Plus, American Service Group Inc., pharmacist and agent(s), addresses, and medical administrator, employees. If those duties are set forth in any job description or other document, produce the document.

    OBJECTION: This interrogatory improperly combines two items in one interrogatory/request. The terms "duties", "pharmacist", "agent(s)", "medical administrators" and "employees" are uncertain, vague and unclear in meaning. Furthermore, the interrogatory/request is unlimited in time and scope and is not reasonable calculated to lead to the discovery of admissible evidence. Lastly, as phrased, it is irrelevant and immaterial.

2. State the duties of defendent(s) (sic) for administration at Secure Pharmacy Plus, insofar as they pertain to providing medical care to prisoners or facilities, produce the document.

    OBJECTION: The terms "duties", "administration" and "providing medical care" are uncertain, vague and unclear in meaning. Furthermore, the interrogatory/request is unlimited in time and scope and is not reasonable calculated to lead to the discovery of admissible evidence. Lastly, as phrased, it is irrelevant and immaterial.

3. State the names, titles, and duties of all staff's members, employees, supervisor, when the incident occurred at Secure Pharmacy Plus, pharmacist other than defendant(s) (sic) who have responsibility for scheduling, packing, labeling, inspecting prisoner's medications before medications are sent outside the pharmacist (cy), or for evaluating the proper

request for specialized inspection, treatment or evaluation. If those duties are set forth in any job description or other document, produce the document.

OBJECTION: The terms "duties", "staff members, employees, supervisor", "incident occurred", "responsibility for scheduling, packing, labeling, inspecting prisoner's medications before medications are sent outside the pharmacist (cy)" and "evaluating the proper request for specialized inspection, treatment or evaluation" are uncertain, vague and unclear in meaning. Furthermore, the interrogatory/request is unlimited in scope and time as the interrogatory/request does not refer to Noel Davila. Lastly, as phrased, it is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

4. State the names, titles, and duties of all staff's members at Secure Pharmacy Plus, pharmacist, other than defendant(s) (sic) who have responsibility for ensuring inmates well-being and ensuring that inmates' request for medical attention are responded to. If those duties are seth (sic) forth in any job description or other document, provide the document.

OBJECTION: The terms "duties", "staff members", and "responsibility for ensuring inmates well-being and ensuring that inmates' request for medical attention are responded to" are uncertain, vague and unclear in meaning. Furthermore, the interrogatory/request is unlimited in scope and time. Lastly, as phrased, it is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

5. State the procedure in effect during the time of mis-labeling, packing, inspecting at Secure Pharmacy Plus, pharmacist for or how staff members disregard or fail to perform their policies, practices and procedures, including but not limited the procedure by which defendent(s) (sic) took on such incident. If the procedures is different for non-inmates than for the outside society general population. State both procedures. If those procedures are seth (sic) forth in any policy, directive, or other document, produce the document.

OBJECTION: The terms "procedure", "mis-labeling, packing, inspecting", "disregard or fail to perform", "non-inmates" and "outside society general population" are uncertain, vague and unclear in meaning. Furthermore, the interrogatory/request is unlimited in scope and time. Lastly, as phrased, it is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. State the names, titles and duties of all staff members at Secure Pharmacy Plus, pharmacist who are or have responsibility for responding to investigating or deciding inmates complaints, grievances. If those duties are seth (sic) forth in any job description, policy, directive, or other document, produce the document.

OBJECTION: The terms "responsibility for responding to investigating or deciding inmates complaints, grievances" are uncertain, vague and unclear in meaning. Furthermore, the interrogatory/request is unlimited in scope and time. Lastly, as phrased, it is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

7. State the procedure in effect during, or when the incident happen at Secure Pharmacy Plus, pharmacist for responding to, investigating and deciding complaints grievances, for ensuring that inmates medications are "safe" before being distributed by staff's members. If the procedure for handling complaints, grievances on medical negligence, malpractice is different from the procedures for handling other kinds of complaints, grievances towars (sic) inmates, state both procedures. If those procedures are seth (sic) forth in any directive, manual, data or other document, produce the document.

OBJECTION: The terms "procedure", "incident happen", "responding to, investigating and deciding complaints grievances for ensuring that inmates medications are 'safe'", "procedure for handling complaints, grievances on medical negligence, malpractice", and "procedures for handling other kinds of complaints, grievances" are uncertain, vague and unclear in meaning. Furthermore, the interrogatory/request is unlimited in time and scope and is not reasonable calculated to lead to the discovery of admissible evidence. Lastly, as phrased, it is irrelevant and immaterial.

8. States the duties of defendant(s) addresses, Secure Pharmacy, Plus, American Service Group Inc. pharmacist and agents of care, regulations pertaining but not limited all singing (sic) contract(s) and agreement(s), compromising the duties of care and the distribution of medication to the Connecticut Department of Correction facility.

OBJECTION: The terms "agents of care" and "regulations pertaining but not limited all singing (sic) contract(s) and agreement(s), compromising the duties of care". Furthermore, the interrogatory/request is unlimited in time and scope and is not reasonable calculated to lead to the discovery of admissible evidence. Lastly, as phrased, it is irrelevant and immaterial.

DEFENDANT

SECURE PHARMACY PLUS

BY:_____

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this 13th day of October, 2003 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT 06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

---

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427