UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

1 OF 4

EXHIBIT [B]

NOEL DAVILA
, PLAINTIFF

CIV NO: 302CV652 (M.R.K.)

- Against -

"JURY DEMAND"

DATED: SEPT 16, 2003.

SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC. AND AGENT(S)
, DEFENDENT(S)

REQUEST FOR PRODUCTION OF DOCUMENTS.

## PLAINTIFF'S MOTION REQUEST FOR PRODUCTION OF DOCUMENTS.

PURSUANT TO RULE 34, FED. R. CIV. P, PLAINTIFF REQUESTS THAT THE DEFENDENT(S) SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC AND AGENT(S) PRODUCE THE DOCUMENTS LISTED HEREIN WITHIN 30 DAYS, EITHER BY PROVIDING THE PLAINTIFF WITH COPIES OR BY MAKING THEM AVAILABLE TO THE PLAINTIFF FOR INSPECTION AND COPYING.

1- ANY AND ALL GRIEVANCES, COMPLAINTS, OR DOCUMENTS RECIEVED BY THE DEFENDENT(S) OR THEIR AGENTS AT SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC. CONCERNING MISTREATMENT, MALPRACTICES, NEGLIGENCES OF MISLABELING AND INSPECTING INMATES MEDICATIONS BEFORE SENDING THEM TO THE PRISONS, BY DEFENDENT(S), EMPLOYEES AND ANY MEMORANDA, INVESTIGATIVE FILES, OR OTHER DOCUMENTS CREATED IN RESPONSE TO SUCH DOCUMENTS, SINCE THE CONTRACT TOOK PLACE.

2. Any and all Policies, Directives, or Instructions to Staff concerning their Policies, Practies, Proceeding, Methods used on Inspections Routine, Labeling Procedures and Dispensing Medications Before Sending the Proper (Packing) Medication out of the Pharmacist to the Inmates to the Prison System.

3. Any and all Policies, Directives, or Instructions to Staff concerning the (Packing, Labeling and Inspecting Medication Before it is sent out to Inmates at Connecticut Prisons System. Any Complaints or Negligence, Malpractice claims Against the (Pharmacist and Agents on Mislabeling and Sending the Wrong Medication to Inmates at Connecticut Prisons.

4. Any and all Policies, Directives, or Instructions to Staff, Employees governing the, (Packing, Labeling, Inspection Procedures, Both in the Connecticut Prison or Other Prisons or Other Customers.

5. All Reports, Requests sheets from the Period of the Incident took place, a memo stating that a mistake has been made in Sending the Wrong-Prescribe Medication to Plaintiff and other Patients to the date of your Response.

6. The Plaintiff's complete Medical Records from your Pharmacist to the Date of your Response.

7. Any Logs, List, or Other Documentation reflecting grievances Filed, Complaints Filed Against Secure Pharmacy Plus, (Pharmacist and Agent(s) by Customers to the Date of your Response.

8. Any and all documents created by any Secure Pharmacy Plus, Pharmacist, Agent(s) staff member, employees in response to a grievances complaint(s) filed against Secure Pharmacy Plus, American Service Group Inc. concerning malpractice negligence on packing, labeling and failing to inspect, to sent the wrong-medication.

9. Any and all documents created by any Secure Pharmacy Plus, Pharmacist, Agent(s) staff member, employees from, or to date concerning Plaintiff's medical care and not included in items 6, 7 or 8 of this request.

10. States the duties of Defendent(s) Secure Pharmacy Plus, American Service Group Inc, Pharmacist and Agents, of care, regulation, pertaining but not limited all singing contract(s) and compromising the duties of care and the distribution of medication to the Connecticut Department of Corrections Facility.

Wherefore, the Plaintiff's motion for the request for production of documents should be granted.

Dated: Sept 16, 2003

By: Noel Davila
Noel Davila - Pro-Se
P.O. Box 5500
Newtown CT. 06470.

# CERTIFICATION

I, HEREBY CERTIFY THAT A COPY OF THE FOLLOWING WAS MAILED TO THE FOREGOING ON THIS 16 DAY OF SEPT 2003.

TO: ATTORNEY FOR DEFENDENT(S)
   MR. THOMAS H. WINSLOW
   321 MAIN STREET
   FARMINGTON CT. 06032.

   BY: Noel Danila

TO: HONORABLE JUSTICE
   MR. MARK R. KRAVITZ
   U.S. DISTRICT JUDGE
   141 CHURCH STREET
   NEWHAVEN CT. 06510.

DATED: SEPT. 16, 2003

   BY: Noel Danila
   NOEL DANILA - PRO-SE
   P.O. BOX 5500
   NEWTOWN CT. 06470.

UNITED STATES DISTRICT COURT DISTRICT

OF CONNECTICUT.   EXHIBIT [C]

1 OF 2

OCT 0 3 2003

NOEL DAVILA

, PLAINTIFF

– AGAINST –

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS.

CIV NO: 302 CV 652 (M.R.K.)

" JURY DEMAND "

DATE: SEPT 16, 2003.

PLAINTIFF'S REQUEST FOR DISCLOSURE.

PURSUANT TO FEDERAL RULES CIVIL PROCEDURES, THE PLAINTIFF MOVES THIS HONORABLE COURT WITH THE AUTHORITY, REQUEST THAT THE DEFENDENTS DISCLOSE TO THE PLAINTIFF AND/OR DISCLOSE IN WRITING TO THE DEFENDENT(S) AUTHORITY THE EXISTENCE OF MAKE AVAILABLE FOR EXAMINATION AND COPYING IN ACCORDANCE WITH THE FED.R.CIV.P, OF THE FOLLOWING:

1. THE NAME AND ADDRESS OF ALL WITNESSES OTHER THAN THE DEFENDENT(S) THAT THE DEFENDENTS INTENDS TO CALL IN THE PLAINTIFF'S CASE IN CHIEF.

2. ANY STATEMENTS OF THE WITNESSES OF THE INCIDENT THAT THE DEFENDENT(S) INTENDS TO CALL IN THE PLAINTIFF'S CASE IN CHIEF, OTHER THAN THE DEFENDENT(S), WICH STATEMENTS RELATE TO THE SUBJECT MATTER ABOUT WICH EACH WITNESS WILL TESTIFY.

3. THE NAMES AND ADDRESSES OF ALL WITNESSES, THAT THE DEFENDENT(S) INTENDS TO CALL AS A PART OF REBUTTAL (WHEN KNOWN).

4. ANY REPORTS STATEMENTS OF THE INCIDENT, WITNESSES

-2-

THAT THE DEFENDENT(S) INTENDS TO CALL AS
) OTHER THAN THE DEFENDENT(S),

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOEL DAVILA | PRISONER<br>CIVIL ACTION CASE NO.<br>3:02CV652(MRK) |
| Plaintiff, | |
| V. | |
| SECURE PHARMACY PLUS | |
| Defendant. | OCTOBER 14, 2003 |

## OBJECTIONS OF DEFENDANT SECURE PHARMACY PLUS TO SEPTEMBER 16, 2003 WRITTEN DISCOVERY OF PLAINTIFF NOEL DAVILA RECEIVED ON OCTOBER 8, 2003

Pursuant to Fed. R. Civ. P. Rules 33 and 34, the defendant, Secure Pharmacy Plus, hereby objects to the September 16, 2003 written discovery of plaintiff Noel Davila received on October 8, 2003 entitled "Plaintiff's Request For Disclosure".

1. The name and addresses of all witnesses other than the defendent(s) (sic), intends to call in the plaintiff case in chief.

   OBJECTION: The term "witnesses" is not defined and unclear in meaning. Rule 26 of Fed. R. Civ. P. does not require disclosures of witnesses used solely for impeachment.

2. Any statements of the witnesses of the incident that the defendent(s) (sic) intends to call in the plaintiff's case in chief, other than the defendent(s) (sic), which statements related to the subject matter about which each witness will testify.

   OBJECTION: Rule 26 of the Fed. R. Civ. P. only requires a party to produce party statements as defined in the rule. There is no duty to produce statements of non-parties until the burden of proof to provide non-party statements is met in Rule 26.

3. The names and addresses of all defendent(s) (sic), witnesses that the defendent(s) (sic) intends to call as a part of rebuttal (when known).

   OBJECTION: The term "witnesses" is not defined and unclear in meaning. Rule 26 of the Fed. R. Civ. P. does not require disclosures of witnesses used solely for impeachment.

4. Any reports statements of this incident, witnesses that the defendent(s) (sic) intends to call as part of rebuttal (when known), other than the defendent(s) (sic), which statements relate to the subject matter about which each witness will testify.

OBJECTION: The term "reports" is vague, uncertain and unclear in meaning. Rule 26 of the Fed. R. Civ. P. only requires a party to produce party statements as defined in the rule. There is no duty to produce statements of non-parties until the burden of proof to provide non-party statements is met in Rule 26. Furthermore, there is no duty to produce reports about witnesses or reports of this incident unless they qualify as statements as defined in the rule.

5. Any books, data, papers, contract, agreements, documents, as a care provider to prisoners, photographs, or tangible objects wich (sic) the defendent(s) (sic) intends to offer in evidence at trial;

OBJECTION: This interrogatory/request improperly combines two areas of inquiry into one written interrogatory/request and is generally confusing and unclear in meaning. The terms "books, data, papers, contract, agreements, documents as a care provider to prisoners" and "tangible objects" are not defined and are vague, uncertain and unclear in meaning. As phrased, it is unlimited in time and scope, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Finally, this interrogatory/request is not in accordance with Fed. R. Civ. P. 26.

6. Any reports or statement, stating their wrong-doing and experts made in connection with the case, including result of physical or mental examinations and of scientific tests, experiments, or comparison in generic medications, wich (sic) the defendant(s) (sic) intends to offer in evidence at trial or relating to anticipated testimony of a person whom the defendant(s) (sic) intend(s) to call as a witness.

OBJECTION: This interrogatory/request improperly combines two areas of inquiry into one written interrogatory/request and is generally confusing and unclear in meaning. The terms "reports" and "wrong-doing" are vague, uncertain and unclear in meaning. Rule 26 of the Fed. R. Civ. P. only requires a party to produce party statements as defined in the rule. There is no duty to produce statements of non-parties until the burden of proof to provide non-party statements is met in Rule 26. As phrased, it is unlimited in time and scope, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Finally, this interrogatory/request is not in accordance with Fed. R. Civ. P. 26. on experts and discovery.

DEFENDANT
SECURE PHARMACY PLUS

BY:_____

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this

14th day of October, 2003 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT 06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

_____
Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA                             PRISONER
                                                CIVIL ACTION CASE NO.
                                                3:02CV652(MRK)

         Plaintiff,

V.

SECURE PHARMACY PLUS

         Defendant.                         OCTOBER 14, 2003

<u>OBJECTIONS OF DEFENDANT SECURE PHARMACY PLUS TO SEPTEMBER 16, 2003
WRITTEN DISCOVERY OF PLAINTIFF NOEL DAVILA RECEIVED ON OCTOBER 8,
2003</u>

Pursuant to Fed. R. Civ. P. Rules 33 and 34, the defendant, Secure Pharmacy Plus, hereby objects to the September 16, 2003 written discovery of plaintiff Noel Davila received on October 8, 2003 entitled "Plaintiff's Motion Request For Production Of Documents".

1. Any and all grievances, complaints, or documents received by the defendent(s) (sic) or their agents at Secure Pharmacy Plus, American Service Group Inc., concerning mistreatment, malpractices, negligences of mis-labeling, inspecting inmates medications before sending them to the prison, by defendant(s) (sic) employees and any memoranda, investigative files, or other documents created in response to such documents, since the contract(s) took place.

   OBJECTION: The definition and meaning of "grievances", "complaints", "agents", "mistreatment, malpractices, negligences of mis-labeling, [and] inspecting", "prison" and "contract(s)" are vague, unclear, and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. As phrased, it could invoke materials protected by attorney-client privilege, work product, and materials prepared in anticipation of litigation. Lastly, this discovery is too broad and overly burdensome to answer.

2. Any and all policies, directives, or instructions to staff's concerning their policies, practices, procedures, methods used on inspections routine, labeling proceeding and dispensing medications before sending the proper (packing, labeling) medications out of the pharmacist to the inmates to the prison system.

   OBJECTION: The definition and meaning of "inspections routine, labeling proceeding, and dispensing medications", "proper (packing, labeling) medications", "the pharmacist", "inmates", and "prison system" are vague, unclear, and uncertain in meaning. This

interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. As phrased, it could invoke materials created after December of 2001 that are not admissible in a negligence action. Lastly, this discovery is too broad and overly burdensome to answer.

3. Any and all policies, directives, or instructions to staff's concerning the labeling, packing and inspecting medications before it is sent out to inmates at Connecticut prison system. Any wrong-doing in the past, any complaints or negligence, malpractice claims against the pharmacist and agent on mislabeling and sending the wrong medications to inmates at the prison system.

   OBJECTION: The definition and meaning of "labeling, packing, and inspecting", "inmates", "wrong-doing", "complaints", "negligence", "malpractice claims", "agent", "mislabeling", and "sending" are vague, unclear, and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. As phrased, it could invoke materials protected by attorney-client privilege, work product, and materials prepared in anticipation of litigation and it could invoke materials created after December of 2001 that are not admissible in a negligence action. Lastly, this discovery is too broad and overly burdensome to answer.

4. Any and all policies, directives, or instructions to staff's, employees governing the inspecting, labeling, packing procedures, both in the Connecticut prison or other prisons or other customers, please provide such data.

   OBJECTION: The definition and meaning of "inspecting, labeling, [and] packing procedures", "the Connecticut prison", "other prisons", and "other customers" are vague, unclear, and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. As phrased, it could invoke materials protected by attorney-client privilege, work product, and materials prepared in anticipation of litigation and it could invoke materials created after December of 2001 that are not admissible in a negligence action. Lastly, this discovery is too broad and overly burdensome to answer.

5. All reports, request sheets from the period of the incident, or incident(s) took place, a memo stating that a mistake has been made in sending the wrong-prescribed medications to plaintiff's and other patients to the date of your response.

   OBJECTION: This interrogatory/request improperly combines a question/request for two items into one matter and is confusing in scope and meaning. The definition and meaning of "request sheets", "period of the incident or incident(s)", "plaintiff's" and "other patients" are vague, unclear, and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. As phrased, it could invoke materials protected by attorney-client privilege, work product, and materials

prepared in anticipation of litigation and it could invoke materials created after December of 2001 that are not admissible in a negligence action. Lastly, this discovery is too broad and overly burdensome to answer.

6. The plaintiff's complete medical orders, records from your pharmacist to the date of your response.

    OBJECTION: The definition and meaning of "complete medical orders, records from your pharmacist" is vague, unclear, and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001 and not actions after December of 2001. Furthermore, it is unlimited in place and excessive in time period from the beginning of incarceration to the date of the response. Lastly, this discovery requests materials that are equally available to the plaintiff in his prison files and could involve, since it asks for materials "to the date of your response", items governed by attorney-client privilege, work product and/or materials prepared in anticipation of litigation.

7. Any logs, list, or other documentation reflecting grievances filed, complaints filed against Secure Pharmacy Plus, pharmacist and agent(s) by customers to the date of your response.

    OBJECTION: The definition and meaning of "grievances filed", "complaints filed", "agents", and "customers" are vague, unclear, and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. Lastly, this discovery is too broad and overly burdensome to answer.

8. Any and all documents created by any Secure Pharmacy Plus, pharmacist, agents staff's members, employees in response to a grievances, wrong-doing(s) complaint(s) filed against Secure Pharmacy Plus, American Service Group Inc., pharmacist and agents concerning malpractice negligence of failing packing, labeling and to inspect to sent the medications.

    OBJECTION: The definition and meaning of "grievances", "wrong-doings", "complaints", "agents", and "malpractice, negligence of failing packing, labeling and to inspect" are vague, unclear, and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. As phrased, it could invoke materials protected by attorney-client privilege, work product, and materials prepared in anticipation of litigation. Lastly, this discovery is too broad and overly burdensome to answer.

9. Any and all documents created by any Secure Pharmacy Plus, pharmacist and agent(s) staff members, employees from, or to date concerning plaintiff's medical care and not included in items 6, 7 or 8 of this request.

    OBJECTION: The definition and meaning of "agent(s)", and "agent(s) staff members, employees from, or to date", "medical care", and "not included in items 6, 7 or 8" are

vague, unclear and uncertain in meaning. This interrogatory/request for production on medical care is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope. As phrased, it could invoke materials protected by attorney-client privilege, work product, and materials prepared in anticipation of litigation. Lastly, this discovery is too broad and overly burdensome to answer.

10. State the duties of defendent(s) (sic) Secure Pharmacy Plus, American Service Group Inc., pharmacist and agents, of care, regulations, policies, procedures pertaining but not limited all singing (sic) contract(s) agreements and compromising the duties of care and the distribution of medication to the Connecticut Department of Corrections Facility.

OBJECTION: This interrogatory/request is confusing and improperly combines several items into one interrogatory/request. The definition and meaning of "duties", "agent(s)", "of care, regulations, policies, procedures pertaining but not limited", all singing (sic) contract(s) agreements compromising the duties of care" and "the distribution of medication" are vague, unclear and uncertain in meaning. This interrogatory/request for production is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as this case concerns claimed negligence/malpractice in December of 2001. Furthermore, it is unlimited in time, place and scope and could involve materials prepared after December of 2001.

DEFENDANT

SECURE PHARMACY PLUS

BY:_____

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this

14th day of October, 2003 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT 06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

_____
Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427