FILED

2003 NOV 25 A 11: 47

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA                                    PRISONER
                                               CIVIL ACTION CASE NO.
                                               3:02CV652(MRK)

       Plaintiff,

V.

SECURE PHARMACY PLUS

       Defendant.                         NOVEMBER 24, 2003

### MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION TO DISMISS OF DEFENDANT SECURE PHARMACY PLUS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FRIVOLOUS PLEADING IN THE AMENDED COMPLAINT

STATEMENT OF FACTS:

Plaintiff Noel Davila filed a March 25, 2002 Civil Rights Complaint time-stamped April 10, 2002 and an entirely hand-written March 25, 2002 complaint. On November 8, 2002, defendant filed a motion to dismiss all causes of action but those for negligence and pharmacist malpractice. In a decision dated June 20, 2003 and filed on June 23, 2003, The Honorable Stefan R. Underhill granted defendant's Motion to Dismiss part of the plaintiff's claims. The dismissed portions concerned all claims but the causes of action for negligence or professional malpractice. Plaintiff appealed to the Second Circuit Court of Appeals and that case is still pending upon information and belief.

On June 25, 2003, plaintiff Noel Davila filed a Motion to Amend his Complaint and a Proposed Amended Complaint that was signed on June 1, 2003. Defendant objected to the proposed

amended complaint and the objection was overruled. The Amended Complaint combines the allegations of the two prior complaints, and adds a new allegation of Civil Rights Conspiracy claims at Section B1-B4 on pages 6-7.

## II. ARGUMENTS OF LAW

### A. THE DECISION OF THE HONORABLE STEFAN R. UNDERHILL GRANTING THE FIRST MOTION TO DISMISS OF SECURE PHARMACY PLUS WAS CORRECT AND SHOULD BE APPLIED TO ALL THE REFILED CLAIMS AND CAUSES OF ACTION IN THE AMENDED COMPLAINT EXCEPT FOR NEGLIGENCE, PROFESSIONAL MALPRACTICE AND THE NEW CLAIM OF CIVIL CONSPIRACY AS THEY ALL FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The June of 2003 decision of The Honorable Stefan R. Underhill granting the first motion to dismiss of defendant, Secure Pharmacy Plus, was correct. Defendant, Secure Pharmacy Plus, reincorporates all the arguments in its November 8, 2002 Memorandum of Law in Support of Motion to Dismiss and December 10, 2002 Reply Memorandum of Law in Support of Motion to Dismiss in support of this second motion to dismiss for failure to state a claim upon which relief can be granted as if fully incorporated herein. These arguments should be applied to all the refiled claims and causes of action in the amended complaint except for the negligence and professional malpractice and the new claim of civil conspiracy. The failure of the new claim of civil conspiracy to state a claim upon which relief can be granted is addressed below in Section B.

### B. THE NEW CLAIM OF CIVIL RIGHTS CONSPIRACY IS NOT FACTUALLY ESTABLISHED IN THE ALLEGATIONS OF THE AMENDED COMPLAINT AND DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Section B1-4 on page 6 and 7 set forth plaintiff's claim of civil rights conspiracy. Plaintiff alleges the following:

1. Defendant Secure Pharmacy Plus also conspire as a hired agency as an independent contractor by a third-party to provide prescription services to prisoner to obstruct the due course of justice in courts with intent to deny any citizen the equal protection of the law or to harm a citizen for enforcing or attempting to enforce the right to equal protection.

2. In addition Section 1985(3) provide for damage action against ... (illegible on copy)...depriving any person or class of persons of the laws, and Section 1986 provide for damages liability for anyone "who having knowledge that [a Section 1985 conspiracy] is about to be committed" does nothing about it.

3. Like Section 42 U.S.C. 1985, 1986 these statutes generally add to the remedies prisoner already have under Section 42 U.S.C. 1983, conspiracy claims can be brought under Section 1983.

4. Defendant Secure Pharmacy Plus as a third-party conspire, or private person who conspire with state or local government can be litigated under Section 1983 for violation of plaintiff's constitutional rights.

The grounds for the 12(b)(6) motion are that plaintiff does not allege the required specificity giving rise to conspiracy claims, a conspiracy claim requires a conspiracy between at least two individuals and a conspiracy claim against a single defendant cannot establish that required element, and a civil conspiracy claim cannot be based on the Eighth Amendment.

Federal case law clearly requires that a civil conspiracy cause of action allege with specificity the facts giving rise to the conspiracy claim. DeLoreto, et al. v. Ment, et al., 944 F. Supp. 1023 (D. Conn. 1996); Local 749, AFSCME, Council 4, AFL-CIO v. Havliet, 945 F. Supp. 30, 37 (D. Conn. 1996); See Leon v. Murphy, 988 F.2d 303 (2nd Cir. 1993); Polur v. Raffe, 912 F.2d 52 (2nd Cir. 1990), cert. denied, 499 U.S. 937 (1991). Plaintiff must "allege the specific conduct violating plaintiff's rights, the time and the place of that conduct, and the

identity of the responsible [parties]". Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). There are two main reasons underlying this requirement: (1) to protect officials from a deluge of frivolous claims and (2) to allow officials sufficient notice of the nature of the claims against them to enable them to respond. Id. at 665. If the allegations are vague and conclusory, the motion to dismiss can be granted. Local 749, AFSCME, Council 4, AFL-CIO, supra, at 37; Rogers v. Mount Union Baptist Borough by Zook, 816 F. Supp 308, 312 (M.D. Pa. 1993); Hurt v. Philadelphia Housing Authority, 806 F. Supp. 515, 529 (E.D. Pa. 1992). Because plaintiff's claim of civil conspiracy alleges only vague and conclusory allegations without sufficient notice of the nature of the conspiracy claims, the time and place of the conduct, and the identity of the responsible parties, the motion to dismiss should be granted.

Every subsection of 42 U.S.C. Section 1985 begins with the words "[i]f two or more persons in any State or Territory conspire...." These statutory provisions establish that a civil rights conspiracy claim only applies to conspiracies between two or more people. Moss v. Hornig, 214 F. Supp. 324, 330 (D. Conn. 1962); Gingraw v. Dendler, 967 F. Supp. 833, 842 (E.D. Pa. 1997); Persons v. Runyon, 998 F. Supp. 1166, 1173 (D. Kan. 1998). Since the plaintiff's complaint only involves one defendant, one defendant cannot conspire with itself, and the plaintiff does not make factual allegations of civil conspiracy that include at least two defendants, the motion to dismiss should be granted.

To properly state a claim under Section 1983, a plaintiff must allege that (1) the deprivation was committed by a person acting under the color of state law and (2) he was deprived of a right secured by the Constitution and the laws of the United States. DeLoreto, supra. Defendant reincorporates all the arguments in its November 8, 2002 Memorandum of Law in Support of Motion to Dismiss and December 10, 2002 Reply Memorandum of Law in

Support of Motion to Dismiss in support of this second motion to dismiss for failure to state a claim upon which relief can be granted as if fully incorporated herein on the color of state law argument which is the underpinning of the civil rights conspiracy claim. Furthermore, there is no constitutional right to receiving a properly dispensed medication. Lastly, the Eighth Amendment does not form the basis for a Section 1985 conspiracy action for violating the Eighth Amendment or due process rights. Collins v. Bensinger, 374 F. Supp. 273, 277 (N.D. Ill. 1974), aff'd 506 F.2d 1405. As the court is well aware, the plaintiff's claim of consuming an allegedly improperly prescribed medication stems from a claimed violation of the Eighth Amendment. Without an Eighth Amendment constitutional violation serving as the necessary underpinning for a Section 1985 claim, the motion to dismiss must be granted.

### C. THE REFILING OF THE DISMISSED CLAIMS EXCEPT FOR NEGLIGENCE, PROFESSIONAL MALPRACTICE AND THE NEW CLAIM OF CIVIL RIGHTS CONSPIRACY IS A FRIVOLOUS ACTION UNDER TITLE 28 U.S.C. SECTION 1915(e).

All of the plaintiff's claims and causes of action except for negligence and professional malpractice were dismissed and appealed by the plaintiff/appellant. As such, the propriety of the Honorable Stefan Underhill's decision on the motion to dismiss is being reviewed by the Second Circuit Court of Appeals. To allow the plaintiff to refile the dismissed claims in the amended complaint is a frivolous action when the Second Circuit Court of Appeals will either affirm or reverse the trial court decision. Under Title 28 U.S.C. Section 1915(e)(2), the court can dismiss any action that is frivolous. This court should dismiss all the refiled claims except for negligence, professional malpractice and the new claims of civil right conspiracy as there are frivolously filed in light of the pending appeal.

For all the above reasons, the defendant moves that its second motion to dismiss be granted.

                    DEFENDANT

                    SECURE PHARMACY PLUS

                    BY: _____

                    Thomas H. Winslow
                    Federal Bar No.: CT 00733
                    The Law Office of
                         Thomas H. Winslow, LLC
                    321 Main Street
                    Farmington, CT  06032
                    Tel. No. 860-678-4425
                    Fax No. 860-678-4427

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this 21st day of November, 2003 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
P.O. Box 5500
Newtown, CT  06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT  06510

_[signature]_

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427