FILED

2003 NOV 25 P 3:09

US DISTRICT COURT
BRIDGEPORT CT

1 OF 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT.

CIV NO: 302652 (M.R.K)(WIG)

NOEL DAVILA
,PLAINTIFF

DATE: 11-13-03

- Against -

"JURY DEMAND":

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS.

**PLAINTIFF'S REPLY TO DEFENDANTS OBJECTION TO PLAINTIFF MOTION REQUESTING PERMISSION FROM HONORABE JUSTICE MARK R. KRAVITZ TO ORDER DEFENDANTS TO ANSWER PLAINTIFF'S WRITEN DISCOVERY OR SANCTIONS.**

PURSUANT TO FED. RULES OF CIVIL PROCEDURES, RULE 26 THROUGH 37, BUT NOT LIMITED RULE 45(b)(c) PLAINTIFF'S NOEL DAVILA MOVES THIS HONORABLE COURT TO ORDER DEFENDANT(S) SECURE PHARMACY (1ST) AMERICAN SERVICE GROUP INC. AND AGENTS FOR AN ORDER "SUBPOENA DUCES TECUM" TO OBTAIN THE DISCOVERY REQUESTED BY PLAINTIFF'S ON SEPTEMBER 16, 2003, TO INTERROGATORIES, PRODUCTION OF DOCUMENTS, DISCLOUSURE AND DOCUMENTARY EVIDENCE AT YOUR HONOR EARLIEST CALENDER CONVINIENCE.

DATED: 11-13-03

Noel Davila
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

## [A] MEMORANDUM, BRIEF IN SUPPORT:

1- BRIEF IN SUPPORT PLAINTIFF'S REPLY TO DEFENDANTS OBJECTION TO PLAINTIFF MOTION REQUESTING PERMISSION FROM HONORABLE JUSTICE TO ORDER DEFENDANTS TO ANSWER PLAINTIFF WRITTEN DISCOVERY OR SANCTIONS, PURSUANT TO RULE 26 THROUGHOUT 37, BUT NO LIMITED, PURSUANT RULE 45 (b) SUBPOENA DUCES TECUM.

## STATEMENT OF THE CASE

2- THIS IS A CIVIL RIGHTS ACTION FILED BY NOEL DAVILA, A STATE PRISONER TO REDRESS A VIOLATION OF HIS CONSTITUTIONAL RIGHTS, THAT HAS BEEN VIOLATED BY THE DEFENDANTS, AMERICAN SERVICE GROUP INC, SECURE PHARMACY (IST) AND AGENTS FOR "CONSPIRE", FOR THEIR WRONG-DOING ON PRESCRIBING, SENDING THE WRONG-MEDICATION TO PLAINTIFF'S CONSTITUTE, PHARMACIST MALPRACTICE AND NEGLIGENCE.

3- THEIR ACTS, POLICIES, PRACTICES AND PROCEDURES WERE NOT EXERCISE AND FAIL TO INSPECT THE MEDICATION, WICH CAUSE PLAINTIFF'S A NUMBER OF SIDE-EFFECTS, "DIZZINESS, MIND GOING BLANCK, POUNDING HEADACHE, EXESSIVE STOMACH PAIN, NAUSEA, DIARRHEA, VOMITING, LOST 15 POUNDS, HAND AND BODY TREMBLING AND OTHER SEVERE RELATED SYMPTOMS.

4- DEFENDANT(S) AND AGENT(S), THE PHARMACY (IST) HAS GAVE THE PLAINTIFF UN-PRESCRIBED MEDICATION, WICH HE WAS ALLERGIC TO. PLAINTIFF MEDICATION SHOULD HAD BEEN TO BE PROVIDE WITH "PAXIL (PINK)" 20 mg IN DOSAGE AND INSTEAD THE PHARMACY HAS SENT THE PLAINTIFF THE WRONG-MEDICATION, ISSUED HIM "RISPERDAL" 4.mg (GREEN) IN DOSAGE "PSYZCHOFRENIC" MEDICATION, FOR OVER "5 OR 6"

WEEKS OF HORRIBLE NUMBER OF SIDE-EFFECTS (SEE (EXHIBIT H, I.).

5. PHARMACY (ist) IS THE HIGHEST (PRACTICABLE DEGREE OF PRUDENCE, THOUGHTFULLNESS AND VIGILANCE, DEFENDANTS AND AGENTS FAIL TO PROTECT PLAINTIFF, THEIR ACTS POLICIES, PRACTICES, PROCEDURES WERE NOT EXERCISE AND WAS THE PROXIMATE CAUSE OF PLAINTIFF INJURIES, HARMING HIM, WICH COULD CAUSE PLAINTIFF "HIS LIFE", MENTAL AND PHYSICAL ANGUISH", HUMILIATION, DISGRACE BY THEIR (ACTS) ACTIONS SUBJECTED PLAINTIFF'S TO "GREAT INDIGNITIES", "FRIGHT, SCHOCK", "EMBARRASSMENT, MORTIFICATION", "PSYCHOLOGICAL AND PHYSICAL INJURY".

6. THIS IS TO REDRESS A VIOLATION OF THE "EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION", TO BE FREE FROM "CRUEL AND UNUSUAL PUNISHMENT" WICH THE CONSTITUTION DOES NOT ALOUD IT. DELIBERATE INDIFFERENCE, CIVIL RIGHTS VIOLATION UNDER COLOR OF STATE LAW, PHARMACY (ist) AND AGENTS PROFESSIONAL MAL-PRACTICE, NEGLIGENCE, AND DECLARATORY RELIEF THAT ALL STEAM FROM THE DISTRIBUTION OF AN INCORRECT MEDICATION.

7. THE COURTS HAS JURISDICTION OVER PLAINTIFF'S CLAIMS OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.SC. § 1983, § 1331(a), 1332(a)(1) AND 1343.

8. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIMS UNDER 28.U.S.C.§1367.

[B] STATEMENTS OF FACTS

1. ON SEPTEMBER 16, 2003, PLAINTIFF FILED A REQUEST FOR INTERROGATORIES, PRODUCTION OF DOCUMENTS, DISCLOUSURE, PURSUANT RULE 26 THROUGHT RULE 37 OF FED. R. CIV. P. (SEE EXHIBIT A,B,C)

2- On or about October 16, 2003 I Plaintiff receive from the Defendants and Agents Attorney Mr. Thomas H. Winslow answer to Plaintiff's Request for Discovery, in wich Defendant(s) and Agents had objections, objected to all discovery material issues.

3- On November 10, 2003, I Plaintiff have receive an answer dated November 7, 2003 from the Defendants and Agents, to Plaintiff motion requesting permission from Honorable Justice Mark R. Kravitz to order Defendants to answer Plaintiffs written Discovery or Sanctions.

4. Defendant(s) and Agents claim in or again in their objections that the Plaintiff Request is burden some and irrelevant for Trial. And vague and unclear in meaning.

5. Plaintiff's Interrogatories, Production of Documents, and Disclousure do not involve Privileged materials as Defendants claims, Plaintiff continued attempted without success to persuade the Defendants to turn over the Requested materials without Reporting to a motion to Compel at your Honor earliest or any available day of his Calender.

[C]

## ARGUMENT POINT 1

1- Defendant(s) Secure Pharmacy Plus, American Service Group Inc. and Agents motion objections to Plaintiff motion Requesting permission to order Defendants to answer Plaintiff written Discovery or Sanctions it's been made with no

BASIS IN LAW OR FACTS. AT THE SAME TIME THE DOCUMENTS I WISH TO OBTAIN FROM THE DEFENDANT(S) AND AGENT(S), I WISH TO INTRODUCE THEM ARE AUTHENTIC, RELEVANT AND THAT THEY ARE ADMISSIBLE AS BUSINESS OR PUBLIC RECORDS, AND THE DEFENDANTS AND AGENTS ARE REFUSING THE DISCOVERY OF THE ACTION OR PROCEEDING BY DISOBEDIENT THE REQUEST.

2- DEFENDANTS ARE UNDER THE SAME OBLIGATION TO RESPOND TO DISCOVERY REQUEST AND THEY MUST FOLLOW THE SAME RULES DISCUSSED IN THE PRECEDING SECTIONS. IN GENERAL DEFENDANT(S) AND AGENTS SHOULD ANSWER QUESTIONS THAT ARE PUT TO THEM, WHETHER AT A INTERROGATORIES, DOCUMENT REQUEST OR REQUEST FOR ADMISSION, AS LONG AS THEY HAVE SOMETHING TO DO WITH THE CASE.

(a) SEE. PATTERSON V. C.I.T. CORP, 352 F. 2d. 333 (10th Cir. 1965). ( IN RE ANTHRACITE COAL ANTITRUST LITIGATION 82 F.R.D. 364 (M.D. Pa 1979) ( DEFAULT JUDGMENT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER WHERE A PARTY HAS ACTED REPEATEDLY AND IN BAD FAITH).

b) SEE.. ALSO EPSTEIN "AN UPDATE ON RULE 37 SANCTIONS AFTER NATIONAL HOCKEY LEAGE V. METROPOLITAN CLUBS INC." 84. F.D.R. 145 (1979); GUTMAN, COMBATTING DEFENDANTS OBSTRUCTIONISM IN THE PROCESS." 55 JOURNAL OF URBAN LAW, 983 (1978).

3- THIS REQUEST WOULD BE ALSO A "SUBPOENA DUCES TECUM" RULE 45(b)(e), FOR PRODUCTION OF DOCUMENTARY EVIDENCE AND "SUBPOENA" FOR A HEARING OR TRIAL.

a) THE MATERIAL ARE RELEVANT AND EVIDENTIARY;

b) THE REQUEST IS SPECIFIC;

c) THE MATERIALS ARE NOT OTHERWISE REASONABLY OBTAINABLE BEFORE TRIAL BY THE EXERCISE DUE DILIGENCE;

D) THE PARTY CANNOT PROPERLY PREPARE FOR TRIAL WITHOUT PRODUCTION AND INSPECTION OF THE MATERIAL BEFORE THE TRIAL AND THE FAILURE TO PRODUCE THE INFORMATION MAY TEND TO UNREASONABLY DELAY THE TRIAL; AND

E) THE APPLICATION IS MADE IN GOOD FAITH AND IS NOT INTENDED TO BE A GENERAL "FISHING EXPEDITION.

[D]

## POINT II

[A] THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE:

1- DEFENDANTS AND AGENTS, BELATED OBJECTIONS STATE THAT THE DOCUMENTS REQUESTED BY THE PLAINTIFF'S ARE IRRELEVANT TO THE ACTION. "THEIR ARGUMENT IS FRIVOLOUS"

2. RULE 26, FED. R. CIV. P., PERMIT DISCOVERY OF MATTERS "RELEVANT TO THE SUBJECT MATTER INVOLVED IN THE PENDING ACTION.. IT IS NOT GROUND FOR OBJECTION THAT THE INFORMATION SOUGHT WILL BE INADMISSABLE AT THE TRIAL IF THE INFORMATION SOUGHT APPEARS REASONABLE CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE."

3- IN THE DISCOVERY STAGE, EVIDENCE, OR RELEVANCE IS CONSTRUED "BROADLY TO ENCOMPASS ANY MATTER THAT BEARS ON, OR THAT REASONABLY COULD LEAD TO OTHER MATTER THAT COULD BEAR ON, ANY ISSUE THAT IS OR MAY BE IN THE CASE." OPPENHEI-MER FUND, INC V. SANDERS, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(FOOTNOTE OMITTED); ACCORD, WEISS V. AMOCO OIL CO, 142 F.R.D. 311, 315 (S.D. IOWA 1992).

4. DISCOVERY REQUEST SHOULD BE ALLOWED "UNLESS IT IS CLEAR THAT THE INFORMATION SOUGHT CAN HAVE NO POSSIBLE BEARING UPON THE SUBJECT MATTER OF THE ACTION." LA CHEMISE LACOSTE V. ALLIGATOR CO., INC, 60 F.R.D. 164, 171 (D. DEL. 1973); SEE. NASH V. THIELKE, 743 F. Supp. 130 (E.D. WIS. 1990)(THE PLAINTIFF WAS ENTITLED TO AN OFFICER'S URINE TEST RESULTS, SINCE THE OFFICER'S SOBRIETY DURING THE INCIDENT WAS ISSUE IN THE CASE).

5- EACH ITEM SOUGHT BY THE PLAINTIFF IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE

[B] DOCUMENTS RELEVANT TO PAST MISTREATMENT, PHARMACIST MALPRACTICE, NEGLIGENCE BY THE DEFENDANTS, SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC. AND AGENTS. OF WRONG-DOING.

1- ITEM 1 OF THE PLAINTIFF'S REQUEST SEEKS "ANY AND ALL GRIEVANCES, COMPLAINTS, OR OTHER DOCUMENTS RECEIVED BY THE DEFENDANTS OR THEIR AGENTS AT SECURE PHARMACY(IST) PLUS, AMERICAN SERVICE GROUP INC. AND AGENTS CONCERNING MISTREATMENT, NEGLIGENCE, MALPRACTICE, MIS-LABELING THE WRONG MEDICATION OF

INMATES OR CUSTOMERS BY THE DEFENDANT(S) AND AGENTS, AND ANY MEMORANDA, INVESTIGATIVE FILES OR OTHER DOCUMENTS CREATED IN RESPONSE TO SUCH DOCUMENTS, INCIDENTS, BUT NOT LIMITED INCLUDING PLAINTIFF'S REPORT.

2 - THE DEFENDANTS STATE GENERALLY IN THEIR OBJECTIONS THAT "PERSONNEL RECORDS OF DEFENDANTS AND AGENTS ARE NOT RELEVANT TO THIS ACTION." THEIR DESCRIPTION OF THE DOCUMENTS SOUGHT IS INACCURATE AND THEIR LEGAL POSITION IS INCORRECT.

3 - FIRST, THE PLAINTIFF DOES NOT SEEK "PERSONNEL RECORDS" IN ANY GENERAL WAY. HE SEEKS DOCUMENTS PERTAINING TO PARTICULAR KINDS OF COMPLAINTS AND ALLEGATIONS ABOUT THESE DEFENDANTS' WHETHER OR NOT THEY ARE PART OF "PERSONNEL RECORDS." HE DOES NOT SEEK OTHER MATTERS THAT MAY BE IN THEIR "PERSONNEL RECORDS," ABOUT THEIR RECORDS OF LATENESS, LEAVES AND VACATION, ECT.

4. SECOND, THE KIND OF INFORMATION SOUGHT IS HIGHLY RELEVANT. THE PLAINTIFF HASN'T HAVE INFORMATION THAT REPEATED COMPLAINTS ABOUT MISTREATMENT OF INMATES OR CUSTOMERS HAVE BEEN MADE ABOUT THE DEFENDANT(S) AND AGENTS, AND THAT NOTHING HAS BEEN DONE ABOUT THEM, INCLUDING PLAINTIFF'S REPORT OF GIVEN THE WRONG MEDICATION. EVIDENCE TO THAT EFFECT WOULD BE HIGHLY RELEVANT TO THE CLAIM OF SUPERVISORY LIABILITY AGAINST DEFENDANT(S), SECURE PHARMACY(IST) PLUS, AMERICAN SERVICE GROUP INC. AND AGENTS. SEE <u>PARRISH V. LUCKIE</u>, 963 F. 2d. 201, 205-06 (8th Cir 1992); <u>FOLEY V. CITY OF LOWELL, MASS.</u>, 948 F. 2d. 10, 14-16 (1st Cir 1991); <u>GUTIERREZ-RODRIGUEZ V.</u>

Case 3:02-cv-00652-MRK   Document 60   Filed 11/25/2003   Page 9 of 10

-9-

Cartagena, 882 F.2d 553, 572-75 (1st Cir 1989); Fletcher v. O'Donnell, 867 F.2d 791, 794 (3d. Cir 1989). This evidence may also support the claims against the defendant(s) agents, themselves.

5. Rule 404(b), FRE, provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "Evidence of prior incidents of prison or law enforcement personnel have been admitted by several courts as relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See Ismail v. Cohen, 889 F.2d 183, 188-89 (2d Cir 1990); United States v. Dise, 763 F.2d 586, 592 (3d Cir 1985); Sharpe v. City of Lewisburg, Tenn., 677 F. Supp. 1362, 1365 (M.D. Tenn. 1988); See Hayden v. Maldonado, 110 F.R.D. 157, 159 (N.D.N.Y. 1986) (evidence of other incidents).

For these reasons the material sought is relevant and should be produced.

Therefore, the within motion for discovery for a "Subpoena Duces Tecum" should be granted by your Honorable Court at your earliest convinience, or at your honor availability calender.

By: Noel Davila - Pro Se
NOEL DAVILA
P.O. Box 5500
Newtown CT. 06470

DATED: 11-13-03

## CERTIFICATION

I, HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED ON THIS 13 DAY OF NOVEMBER 2003 TO THE FOLLOWING PARTIES:

BY: Noel Davila
NOEL DAVILA - PRO-SE

TO: HONORABLE JUSTICES'
MR. MARK R. KRAVITZ
MR. WILLIAM I. GARFINKEL
US. COURTHOUSE
141 CHURCH STREET.
NEW HAVEN CT. 06510.

TO: ATTORNEY FOR THE DEFENDANT(S)
MR. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032.

DATED: 11-13-03

BY: Noel Davila
NOEL DAVILA PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.