FILED

2003 NOV 26  P 3: 55

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

Plaintiff,

V.

SECURE PHARMACY PLUS

Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(MRK)

NOVEMBER 25, 2003

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On July 24, 2003, the plaintiff, Noel Davila, filed a motion for partial summary judgment dated

July 14, 2003 that was not received until October 2, 2003. After receiving this motion,

defendant's counsel ascertained that the court's docket sheet only indicated a notice of motion for

summary judgment was filed. Conversations with the clerk's office and prisoner unit on multiple

occasions revealed that only a notice was filed and not a motion, supporting memorandum or

Local Rule 9(c) statement. Defendant, after reviewing the court's file on November 17, 2003,

ascertained that a Motion for Partial Summary Judgment was filed by plaintiff with the court.

Defendant Secure Pharmacy Plus opposes that motion because plaintiff has not complied with the

Federal Rule of Civil Procedure 56 and Local Civil Rule 9(c)1 and 3, the standard used to rule on

a motion for summary judgment is the lack of any genuine issue to any material fact, plaintiff has

not produced admissible evidence establishing there is no genuine issue of material fact on the

claimed negligence or professional malpractice, and there is evidence of plaintiff's contributory

negligence.

STATEMENT OF FACTS:

Plaintiff Noel Davila filed a March 25, 2002 Civil Rights Complaint time-stamped April 10, 2002 and an entirely hand-written March 25, 2002 complaint. On November 8, 2002, defendant filed a motion to dismiss. In a decision dated June 20, 2003 and filed on June 23, 2003, The Honorable Stefan R. Underhill granted defendant's Motion to Dismiss part of the plaintiff's claims. The dismissed portions concerned all claims but the causes of action for negligence or professional malpractice.

On June 25, 2003, plaintiff Noel Davila filed a Motion to Amend his Complaint and a Proposed Amended Complaint that was signed on June 1, 2003. Defendant objected to the proposed amended complaint and the objection was overruled. The Amended Complaint combines the allegations of the two prior complaints, and adds a new allegation of Civil Rights Conspiracy claims at Section B1-B4 on pages 6-7.

On July 24, 2003, the plaintiff, Noel Davila, filed a motion for partial summary judgment dated July 14, 2003. That motion argues that plaintiff is entitled to partial summary judgment on an unidentified complaint because there is no genuine issue of material fact on claimed violations of cruel and unusual punishment, deliberate indifference, color of state law, civil rights, violation of the Eighth Amendment, negligence, civil rights conspiracy, and pharmacist malpractice. Plaintiff recites the motion to dismiss standard of review and claims two undisputed facts within the body of the motion. The alleged support for plaintiff's facts is an unidentified complaint, asserted statements of fact in the motion, and the exhibits.

## II. ARGUMENTS OF LAW

### A. PLAINTIFF HAS NOT COMPLIED WITH FEDERAL RULE OF CIVIL PROCEDURE 56 AND LOCAL CIVIL RULE 9(C)(1) AND (3).

Section c of Fed. R. Civ. P. 56 requires plaintiff to support a motion for summary judgment with pleadings, depositions, answers to interrogatories, filed admissions, and affidavits, that show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The content of the affidavit and other responsive materials to be admissible must comply with the requirements of section e of Fed. R. Civ. P. 56. Rule 56(e) indicates that the supporting evidence for a summary judgment must comply with this rule. None of the plaintiff's supporting evidence complies with Rule 56. The plaintiff's claimed supporting evidence is a July 17, 2002 letter from the Law Offices of Sydney T. Schulman, Inmates' Legal Assistance Program, various copies of Noel Davila's Connecticut Department of Correction Physician's Orders, various Connecticut Department of Correction Inmate Request Forms completed by Noel Davila, a December 13, 2001 Connecticut Department of Correction Health Consultation for Noel Davila, various Clinical Records from the Connecticut Department of Correction for Noel Davila, four pages of Noel Davila Medication charts, a December 24, 2001 Inmate Grievance Form A, Level 1, a December 27, 2001 Connecticut Department of Correction Request for Mental Health Services, and a December 30, 2001 Connecticut Department of Correction Consent for Treatment with Psychoactive Medication. None of the plaintiff's claimed exhibits are admissible evidence or the type required in Rule 56 and for this reason the motion for partial summary judgment should be denied.

Similarly, Local Civil Rule 9(c)(1) requires that a "Local Rule 9(c)(1) Statement" be annexed to a motion for summary judgment. The "Local Rule 9(c)(1) Statement" shall set forth in separately

numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. No such "Local Rule 9(c)(1) Statement" was attached to plaintiff's motion for summary judgment. Furthermore, each statement of material fact in a Local Rule 9(c) Statement by a movant must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. L. Civ. R. 9(c)(3). The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 9(c) Statement in conformity with Fed. R. Civ. P. 56(e). L. Civ. R. 9(c)(3). None of the plaintiff's claimed exhibits are admissible evidence/affidavits or the type required in Local Civil Rule 9(c)1 or 3 and for this reason, the motion for partial summary judgment should be denied.

### B. THE STANDARD FOR RULING ON A MOTION FOR SUMMARY JUDGMENT IS WHETHER THE ADMISSIBLE EVIDENCE ESTABLISHES THAT THERE IS NO GENERAL ISSUE OF MATERIAL FACT AND PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW.

The standard for granting or denying a motion for summary judgment is whether the moving party establishes, by admissible evidence, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56. The burden of proof rests with the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court must resolve "all ambiguities and draw all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2nd Cir. 1992), cert. denied, 506 U.S. 965 (1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2nd Cir. 1991), cert. denied, 502 U.S. 849 (1991).

C.  ALL THE CLAIMS BUT THE CLAIMS FOR PHARMACIST MALPRACTICE
AND NEGLIGENCE WERE DISMISSED OR ARE THE SUBJECT OF A PENDING
MOTION TO DISMISS

On November 8, 2002, the defendant, Secure Pharmacy Plus, moved to dismiss all counts and

causes of action in plaintiff's March 25, 2002 Civil Rights Complaint file stamped April 10, 2002

and the Legal Claims in the hand-written March 25, 2002 Complaint except for the causes of

action alleging negligence and pharmacist malpractice.  In a decision dated June 20, 2003 and

filed on June 23, 2003, The Honorable Stefan R. Underhill granted defendant's Motion to

Dismiss part of the plaintiff's claims.  The dismissed portions concerned all claims but the causes

of action for negligence or professional malpractice.  Plaintiff appealed this decision to the

Second Circuit Court of Appeals and the case is still pending upon information and belief.

Plaintiff's Amended Complaint dated June 1, 2003 and filed on June 25, 2003 alleges deliberate

indifference in violation of the Eighth Amendment prohibition against cruel and unusual

punishment, civil rights violations under color of state law, civil rights conspiracy claim,

negligence, professional malpractice, and declaratory and injunctive relief.  All claims but the

pharmacist malpractice and negligence are the subject of a pending November 24, 2003 second

motion to dismiss.  Accordingly, these claims cannot be part of the plaintiff's motion for partial

summary judgment as the second motion to dismiss is pending.

Under either scenario, the only claims of plaintiff's that can be considered in the motion for

partial summary judgment are the claims of professional malpractice and negligence.

D. THE ADMISSIBLE EVIDENCE ON THE NEGLIGENCE AND PHARMACIST MALPRACTICE CLAIMS DOES NOT ESTABLISH THAT THERE IS NO GENERAL ISSUE OF MATERIAL FACT AND THAT PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON LIABILITY AS A MATTER OF LAW.

Claimant asserts in his motion for partial summary judgment that Secure Pharmacy Plus was negligent and committed pharmacist malpractice. Plaintiff Davila has not filed any acceptable admissible evidence on the claimed professional malpractice or negligence. The only submitted evidence on the claimed negligence is the July 17, 2002 letter to Mr. Noel Davila by the Law Offices of Sydney T. Schulman, Inmates' Legal Assistance Program, and a December 26, 2001 Inmate Request Form. Neither of these documents are admissible evidence on the claimed negligence of Secure Pharmacy Plus. They are both inadmissible hearsay and do not even name Secure Pharmacy Plus. The July 17, 2002 letter from someone at the Law Offices of Sydney T. Schulman, Inmates' Legal Assistance Program, referring to information from an unidentified pharmacy is inadmissible hearsay. Similarly, the December 26, 2001 Inmate Request Form completed by plaintiff referring to a conversation with nurse or doctor Jim and a memo mentioned by Jim from an unidentified company is inadmissible hearsay. As this evidence on the claimed negligence is insufficient as to Secure Pharmacy Plus, the plaintiff's motion for partial summary judgment on the claimed professional malpractice and negligence must be denied.

E. PLAINTIFF'S CONTRIBUTORY NEGLIGENCE IS A FACTUAL QUESTION AND CREATES A GENUINE ISSUE OF MATERIAL FACT.

Although the pleadings have not progressed to the point where defendant has filed an answer and affirmative defenses, Secure Pharmacy Plus will assert plaintiff's contributory negligence. The affirmative defense will be based on the following: claimant's use of Paxil 20 mg before November and December of 2001 (Paxil taken in December of 1998, May of 2000 and October of 2000 and Paxil 20 mg taken in December of 1999, January of 2000, February of 2000, September of 2000, and March of 2001), and Davila's December 5, 2001 and December 12, 2001

written concerns about the change of his Paxil 20 mg medication from pink to green and whether the 20 mg green was proper. The documents, establish a factual question that mandates denial of plaintiff's motion for partial summary judgment.

Lastly, the court should also note that plaintiff Davila's deposition has been rescheduled for December 11, 2003 at 9:00 a.m. and the transcribed deposition transcript will be submitted in support of this argument once received.

CONCLUSION

For all the above reasons, the defendant requests that the plaintiff's motion for partial summary judgment be denied.

DEFENDANT

SECURE PHARMACY PLUS

BY: _____
Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
    Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this

25th day of November, 2003 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
P.O. Box 5500
Newtown, CT 06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427