UNITED STATES DISTRICT COURT
    DISTRICT OF CONNECTICUT

NOEL DAVILA                        CIV NO: 302CV652 (MRK)(WIG)
        , PLAINTIFF'S
— AGAINST —

                        DATED: DECEMBER 1st, 2003.

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS.

PLAINTIFF SECOND MOTION IN OPPOSITION/OBJECTION
OF DEFENDANTS AMERICAN SERVICE GROUP INC. SECURE
PHARMACY PLUS AND AGENTS IN THE AMENDED COMPLAINT,
DEFENDANT(S) MOTION TO DISMISS.

    PURSUANT TO THE CONNECTICUT CIVIL RULES AND
PROCEDURES OF RULE 12 OBJECTIONS TO MOTION TO DISMISS.
THE PLAINTIFF'S HEREBY OBJECTS TO THE DEFENDANTS MOTION
TO DISMISS ON THE FOLLOWING GROUNDS AND POINTS. (ALSO SEE
ATTACHED MEDICAL DOCUMENTS).

                        PLAINTIFF'S
                        Noel Davila
                        NOEL DAVILA PRO-SE
                        P.O BOX 5500
                        NEWTOWN CT. 06470-

DATED: DECEMBER 1st, 2003.

STATEMENT OF FACTS                                                    -2-

A.    1- ON JUNE 25, 2003 PLAINTIFF NOEL DAVILA FILED
AND AMENDED COMPLAINT. ON PLAINTIFF AMENDED COMPLAINT
PLAINTIFF CLAIMS A NEW DEFENDANTS WHO IS AMERICAN SERVICE
GROUP INC. AND AGENTS, AND SECURE PHARMACY(IST) PLUS.

2. SECURE PHARMACY(IST) PLUS IS OWNED BY A PARENT COR-
PORATION AMERICAN SERVICE GROUP INC, AND AMERICAN SERVICE
GROUP INC IS A PUBLICLY TRADED STOCK COMPANY.

3- PLAINTIFF'S ALSO CLAIMS A VIOLATION OF HIS 8th AMEND-
MENT CONSTITUTIONAL RIGHTS TO BE FREE FROM CRUEL AND
UNUSUAL PUNISHMENT, THAT THE CONSTITUTION DOES NOT ALOUD IT.
NEGLIGENCE, PHARMACIST PROFESSIONAL MALPRACTICE, DELIBERATE
INDIFFERENCE, "CIVIL RIGHTS VIOLATION UNDER COLOR OF STATE
LAW, CONSPIRACY, AND DECLARATORY RELIEF THAT All STEM
FROM THE DISTRIBUTION OF AN INCORRECT MEDICATION FROM
AMERICAN SERVICE GROUP INC. SECURE PHARMACY(IST) PLUS AT
THE TIME OF THE INCIDENT. ALSO All PERSONS EQUAL BEFORE
THE LAW TO PLAINTIFF'S PHYSICAL, MENTAL SAFETY.

4. THE SUPREME COURT HAS STATED THAT A PLAINTIFF
WITH AN "ARGUABLE CLAIM" SHOULD BE PERMITTED TO AMEND
THE COMPLAINT BEFORE PENDING MOTION TO DISMISS IS RULE ON;
NEITZKE V. WILLIAMS; 490 U.S. 319, 329, 109 S. Ct 1827(1989)

5. RULE 15(C) FED R. CIV. P. A NEW CLAIM OR DEFENSE
RELATES BACK IF IT AROUSE OUT OF THE CONDUCT, TRANSACTION,
OR OCCURRENCE SET FORTH OR ATTEMPTED TO BE SET FORTH
IN THE ORIGINAL PLEADING." SEE YOUNGER V. CHERNOVETZ, 792
F. Supp. 173, 176 (D. CONN 1992.), DOE V. CALUMET CITY, III,
128 F.R.D. 93, 94-95 (N.D. III 1989).

6. THE GROUNDS OF PLAINTIFF OPPOSING TO THE DEFENDANTS

MOTION TO DISMISS THE AMENDED COMPLAINT, ARE THAT PLAINTIFF HAS FILED ON JULY 4th 2003 AN APPEAL FROM THE JUDGMENT RENDERED BY HONORABLE JUSTICE STEFAN R. UNDERHILL ON JUNE 2003.

7. ON August 7, 2003 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT AT 40 FOLEY SQUARE ROOM 1803 NEW YORK N.Y. 10007 THE COURT NOTING THAT DOCKET NUMBER 03-2455 HAVING BEEN ASSIGNED IN ERROR TO THE RESPECTIVE NOTICE OF APPEAL, "UPON CONSIDERATION THEREOF."

8- ON August 22, 2003. A NOTICE OF COUNSEL LETTER WAS SENT TO THE PLAINTIFF STATING THAT WE HAVE TRANS-FERRED THE ABOVE-CAPTIONED CASE FROM THE DOCKET OF THE HONORABLE JUSTICE STEFAN R. UNDERHILL, UNITED STATES DISTRICT JUDGE TO THE DOCKET OF THE HONORABLE MARK R. KRAVITZ, UNITED STATES DISTRICT JUDGE WHO SITS IN NEW HAVEN ECT. (SEE ATTACHED LETTERS).

## II. JURISDICTION

A.

1- THE COURTS HAS JURISDICTION OVER THE PLAINTIFF'S CLAIM OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS 42 U.S.C. §§1331, 1343, 28 U.S.C. 1332 (a)(1), 42 U.S.C. §1985 (3), 1986 (CONS-PIRACY CLAIMS). AND DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. 2201, 2202.

2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF STATE LAW TORT CLAIMS UNDER 28. U.S.C. §1367.

3. THE ALL WRITS ACT 28. U.S.C. § 1651 (a) AUTHORIZES COURTS TO "ISSUE ALL WRITS NECESSARY OR APPROPRIATE

IN AID OF THEIR RESPECTIVE JURISDICTIONS AND AGREEABLE TO THE USAGES AND PRINCIPLES OF LAW.

## III. PLAINTIFF'S

### A.

1. PLAINTIFF NOEL DAVILA IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF CONNECTICUT IN THE CUSTODY OF CHESIRE DEPARTMENT OF CORRECTION "WHO CONSUME MEDICATION". (THE WRONG-MEDICATION).

2. PLAINTIFF'S NOEL DAVILA IS CURRENTLY CONFINED IN GARNER CORR. INST. P.O. BOX 5500 NEWTOWN CT. 06470.

## IV. DEFENDANTS

### A. MEMORANDUM OF LAW IN SUPPORT:

1. DEFENDANT(S) ARE AMERICAN SERVICE GROUP INC., SECURE PHARMACY PLUS AND PHARMACIST AND AGENTS.

2. SECURE PHARMACY PLUS "IS OWNED BY A PARENT CORPORATION AMERICAN SERVICE GROUP INC.", AND AMERICAN SERVICE GROUP INC. IS A "PUBLICLY TRADED STOCK COMPANY".

3. DEFENDANTS ARE AT ALL TIMES HEREIN MENTIONED WAS A CORPORATION ORGANIZED AND EXISTING BY VIRTUE OF THE LAWS OF THE STATE OF 7170 STANDAR DR. HANOVER MARYLAND 21076 AS A PRISON CARE PROVIDER WHO OPERATES A OR PROVIDE THE MEDICATION TO PRISONERS' "UNDER CONTRACT" AT THE TIME OF THE INCIDENT.

4. THE DEFENDANTS ARE SUED IN ITS "INDIVIDUALLY" AND "OFFICIAL" CAPACITIES AT ALL TIMES MENTIONED IN THIS SECOND REPLY TO DEFENDANTS MOTION TO DISMISS. AND

ACTED "UNDER COLOR OF STATE LAW".

B.1) DEFENDANT'S OWNED PLAINTIFF'S A DU-
TY OF REASONABLE CARE ON PROTECT HIM
ON PROVIDING AND SEND THE RIGHT PRESCRIP
TION MEDICATION ORDERED BY THE PRISON
DOCTOR.

2) DEFENDANTS BREACHED TAAT DUTY BY,
THE DEFENDANTS BREACHED THAT DUTY BY FAILING
TO ASSIGN, AND GAVE PLAINTIFF THE WRONG-
MEDICATION. FOR A PERIOD OF 5 OR 6 WEEKS.
DEFENDANTS SENT "RISPERDAL" "PSYZCHOFRENIC" 4 mg.
GREEN CAPSULE INSTEAD OF "PAXIL" 20 mg (PINK) IN
DOSAGE, TO PLAINTIFF.

3) THE BREACH OF DUTY RESULTED IN DAMAGES
AND SUBJECTED THE PLAINTIFF TO "GREAT INDIGNITIES,
HUMILIATION, DISGRACE, PHYSICAL AND MENTAL ANGUISH,
FRIGHT, SHOCK, EMBARRASSMENT, MORTIFICATION,
DIZZINESS, MIND GOING BLANCK, DIARRHEA, NAUSEA,
VOMITTING, CONSTANTLY AND OTHER RELATED STOMACH
PAIN DISORDER, INCLUDING HAND AND BODY TREMBLING"

4) THE BREACH OF DUTY PROXIMATELY CAUSED
THOSE DAMAGES.

5) PEOPLE AND CORPORATIONS WHO WORK IN THE
PRISON SYSTEM OR PERFORM REQUIRED SERVICES FOR
PRISONERS ACT UNDER COLOR OF STATE LAW EVEN IF
THEY ARE PRIVATE CONTRACTORS. NELSON V. PRISON HEALTH

-6-

Servs. Inc. 991 F. Supp. 1452, 1463 (M.D. Fla. 1997).

6. Corporations operating prisons under contract and their employees, act under color of state law, just like employees of government - operated jail and prisons. However, private persons who conspire or act jointly with state officials may act under color of state law. Correctional Servs Corp. v. Malesko, 1225. Ct 515 (2001).

V A. FACTS: From: Honorable Justice, Stefan R. Underhill, U.S. ~~Mag~~ District Judge.

1 - Ruling from Honorable Justice Stefan R. Underhill so ordered in Bridgeport, Connecticut, this 20th day of June, 2003.

2 - The court accepts as true the following facts, taken from the complaint.

3 - On December 13, 2001, the plaintiff went to see the prison psychiatrist concerning his prescription for Paxil. The plaintiff claimed that the Paxil capsule that the pharmacy had originally provided him had been pink, but that he was now getting a green capsule.

4. The plaintiff's complained that he was experiencing dizziness, nausea, diarrea and vomiting.

5 - On December 26, 2001, the plaintiff was examined by a nurse at the facility. The plaintiff complained that "he was not feeling well."

6. The nurse informed the plaintiff that the pharmacy had mistakenly issued him the wrong medication.

7. THE PLAINTIFF STATED THAT HE NO LONGER WANTED TO TAKE THE GREEN CAPSULE FORM PAXIL AND REQUESTED AN APPOINTMENT TO SEE THE PSYCHIATRIST SO THAT HE COULD CHANGE HIS MEDICATION.

8. ON JANUARY 24, 2002 THE PLAINTIFF INFORMED THE PSYCHIATRIST THAT HE NO LONGER WANTED TO TAKE PAXIL. THAT DAY, THE PSYCHIATRIST CHANGED THE PLAINTIFF'S MEDICATION TO REMERON.

## B    STATEMENT OF UNDISPUTED FACTS

1- COUNSEL AND PRO-SE PLAINTIFF CERTIFY THAT THEY HAVE MADE A GOOD FAITH ATTEMPT TO DETERMINE WHETER THERE ARE ANY MATERIAL FACTS THAT ARE NOT IN DISPUTE; THE PARTIES STATE THAT THE FOLLOWING MATERIALS FACTS ARE UNDISPUTED:

(a) PLAINTIFF IS A PRISONER AND "CONSUMED MEDICATIONS WHILE A PRISONER."

(b) SECURE PHARMACY PLUS IS NOT AN EMPLOYEE OF THE PRISON SYSTEM AND WAS HIRED AS AN INDEPEN-DENT CONTRACTOR BY A THIRD-PARTY TO PROVIDE PRESCRIP-TION SERVICES TO PRISONERS. CHERRY V. CHOW, 945 F.Supp. 1520 (M.D. Fla. 1994). PRISONER MAY ALSO BE ABLE TO SUE SUCH CORPORATIONS UNDER STATE LAW AS THIRD-PARTY BENEFI-CIARIES OF THE CONTRACT. (SEE ALSO FORM 26(f) REPORT OF PARTIES PLANNING MEETING ON IV DATED JANUARY 14, 2003 AND SUBMITTED TO THE COURT.

## C    LEGAL CLAIMS (ARGUMENTS).

A.

1 — THE DECISION OF HONORABLE JUSTICE STEFAN R. UNDERHILL THE FIRST MOTION TO DISMISS OF AMERICAN SERVICE group inc. SECURE PHARMACY(ist) Plus WAS APPEALED BY PLAINTIFF ON JULY 4, 2003.

(a) AT STATED TERM OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT HELD AT THE UNITED STATES COURT HOUSE IN THE CITY OF NEW YORK AT FOLEY SQUARE ROOM 1803, ON August 7th, 2003.

(i) THE COURT NOTING THAT DOCKET 03-2455 HAVING BEEN ASSIGNED IN ERROR TO RESPECTIVE NOTICE OF APPEAL, UPON CONSIDERATION THEREOF. (SEE ATTACHED LETTER).

(ii) ON August 22, 2003 PLAINTIFF RECEIVE A LETTER OF A NOTICE OF COUNSEL STATING THAT THE COURT HAS TRANSFERRED THE ABOVE- CAPTION CASE FROM DOCKET OF THE HONORABLE JUSTICE STEFAN R. UNDERHILL, UNITED STATES DISTRICT COURT JUDGE, TO THE DOCKET OF THE HONORABLE JUSTICE MARK R. KRAVITZ, UNITED STATES DISTRICT JUDGE, WHO SITS IN NEW HAVEN.

(iii) THIS COURT SHOULD NOT DISMISS ALL THE REFILED CLAIMS, UPON CONSIDERATION THEREOF AND THE ABOVE-CAPTION CASE HAVE BEEN TRANSFE- RRED TO HONORABLE JUSTICE MARK R. KRAVITZ.

B

1 — THE CLAIM OF CIVIL RIGHTS CONSPIRACY IS

-9-

FACTUALLY ESTABLISH IN THE Allegations OF THE
AMENDED COMPLAINT AND DOES STATE A CLAIM UPON
WICH RELIEF CAN BE GRANTED, AND All PERSONS EQUAL
BEFORE THE LAW TO PLAINTIFF PHYSICAL AND MENTAL
SAFETY.

　　2. PLAINTIFF IN HIS AMENDED COMPLAINT ADD-
UP AMERICAN SERVICE group inc. ALSO RESPONSIBLE IN
ADDITION OF SECURE PHARMACY (1st) PLUS AND Agents.

　　3. SECURE PHARMACY(1st) AND Agents is OWNED
By A PARENT CORPORATION AMERICAN SERVICE group inc. AND
AMERICAN Service group inc. is A PUBLICLY TRADED STOCK
COMPANY.

　　4. A CONSPIRACY CLAIMS REQUIRES A CONSPIRACY AT
LEAST TWO INDIVIDUALS IN THIS INSTANCE CASE, AMERICAN
Service group inc OWND SECURE PHARMACY plus AND
PHARMACISTS AND Agents. THEY ARE MORE THAN ONE DEFEN-
DANT AND A CONSPIRACY CLAIM Against SECURE PHARMACY plus
AND Agents CAN ESTABLISH THAT REQUIRE ELEMENT.
MILONAS V. WILLIAMS, 691 F. 2d 931, 939-40 (10th cir 1982) CERT.
DENIED, 460 U.S. 1069 (1983), PAYNE V. MONROE COUNTY, 779
F.Supp 1330, 1335 (S.D. Fla. 1991) (WACKENHUNT Corporation
ACTED UNDER COLOR OF STATE LAW INSOFAR AS IT "WAS
AUTHORIZED TO EXERCISE Supervision AND CONTROL OVER
LOCAL JAIL).

　　5. SINCE PLAINTIFF AMENDED COMPLAINT INVOLVES
MORE THAN ONE DEFENDANT, AMERICAN SERVICE group inc.
AND Agents AND SECURE PHARMACY(1st) Plus is OWNED BY

A PARENT CORPORATION AMERICAN SERVICE group inc,
AND AGENTS, AND DUE TO THOSE FACTS PLAINTIFF'S
DOES MAKE FACTUAL Allegations OF Civil Rights CONS-
piRACY THAT INCLUDE AT LEAST TWO DEFENDANTS AND THEIR
Agents.

6. BASE ON THIS FOUNDATION OF FACTS THE PLAIN-
TIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS, PLAINTIFF'S MOTION TO THE AMENDED THE
NEW Allegation OF Conspiracy, ALL person EQUAL BEFORE THE
LAW SHOULD BE SUSTAIN AND NOT DISMISS PLAINTIFF COMPLAINT.


1. THE ReFiling OF THE APPEALED claims, EXCEPT
FOR Negligence, PROFESSIONAL MALPRACTICE AND THE NEW
CLAIM OF Civil Rights Conspiracy ON PLAINTIFF AMENDED
COMPLAINT ARE NOT FRIVOLOUS.

2. FURTHERMORE, THE DEFENDANTS CONTENTIONS
ARE THERE is NO CONSTITUTIONAL Right TO RECEIVING A
PROPERLY DISPENSED MEDICATION.

3. ARE THE DEFENDANTS TELLING your HONORABLE
COURT THAT WHAT THE DEFENDANT(S) AMERICAN SERVICE
group inc. AND AGENTS, SECURE PHARMACY (PLUS (1ST) HAS
DONE ON SENDING THE WRONG- PREsscRbE MEDICATION
TO PLAINTIFF, THEIR WRONG-DOING THAT AN INMATE
"HAVE TO DIE", TO OBTAIN A RELEIF, OR THAT THE D.O.C.
WILL LET A PRISONER SUFFER WHO HURTS HIMSELF, OR
BREAKS A Leg OR ARM "NO PRISON WOULD DO THAT, LET A
PRISONER SUFFER WITH A INJURY."

4. AN INMATE, INCLUDING THE PLAINTIFF'S DID HAVE A CONSTITUTIONAL RIGHT TO RECIEVE DECENT MEDICAL CARE, ESTELLE V. GAMBLE, 429. U.S. 97, and LANGLEY V. COUGHLIN, 888 F. 2d. AT 254 ( PRISON "MUST" PROVIDE REASONABLE NECESSARY CARE THAT THE PRISONER COULD OBTAIN "IF NOT INCARCERATED, EVEN IT IS EXPENSIVE".

5. THE PLAINTIFF'S HAVE A CONSTITUTIONAL RIGHT TO A DECENT MEDICAL CARE OF BEING GIVEN THE RIGHT PREDSCRIPTION BY THE DEFENDANTS.

6. AT ALL TIMES HEREIN DEFENDANT'S, AMERICAN SERVICE group INC AND Agents, SECURE PHARMAY(ist) Plus WERE AUTHORIZE TO EXERCISE SUPERVISION AND CONTROL OVER THE CONNECTICUT PRISONS AT THE TIME OF PLAINTIFF'S INCIDENT ON CONSUMING THE WRONG-MEDICATION BY THE ~~DEFENDANT(S)~~ DEFENDANT(S).

IN CONCLUSION, THE PLAINTIFF (RESPECTFULLY MOVE YOUR HONORABLE COURT TO DENY THE DEFENDANTS SECOND MOTION TO DISMISS, DUE TO THE FACT THAT PLAINTIFF DID SUFFER A NUMBER OF SIDE-EFFECTS, AND " COULD COST HIM HIS LIFE "

By: *Noel Davila*
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

DATED: ~~ ~~ DECEMBER 18th, 2003.

-12-

# CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING MOTION WAS SENT FIRST CLASS ON THE FOLLOWING PARTIES, ON THIS 1st DAY OF DECEMBER 2003.

BY *Noel Davila*
NOEL DAVILA-PRO-SE.

TO: ATTORNEY FOR THE DEFENDANTS

M.R. THOMAS H. WINSLOW, LLC

321 MAIN STREET

FARMINGTON

TO: HONORABLE JUSTICE

M.R MARK R. KRAVITZ

HONORABLE JUSTICE

M.R.WILLIAM I. GARFINKEL

UNITED STATES COURTHOUSE

NEW HAVEN, CT, 06510

BY: *Noel Davila*
NOEL DAVILA-PRO-SE
P.O BOX 5500
NEWTOWN CT. 06470

DATED: DECEMBER 1st 2003

**UNITED STATES COURT OF APPEALS**
For the Second Circuit
United States Courthouse
Office of the Clerk
40 Foley Square-Room 1803
New York, NY 10007



Roseann B. MacKechnie,
     **Clerk**

DC #: 02-cv-652
DC MAG Judge: William I Garfinkel
DC: CT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse in the City of New York, at Foley Square, on the 7th August, two thousand and three.

---

Docket Nos. 03-2455
Davila v Secure Pharmacy

---

The Court noting that docket number **03-2455** having been assigned **in error** to the respective Notice of Appeal ,upon consideration thereof,

    **IT IS HEREBY ORDERED** that docket number **03-2455** is hereby deleted as to this particular case, and that **03-0207** is the new docket number assigned to the case.

**Roseann B. MacKechnie, Clerk**
By:

Wilson Dudley, Deputy Clerk

**UNITED STATES DISTRICT COURT**

DISTRICT OF CONNECTICUT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
141 CHURCH STREET
NEW HAVEN 06510

KEVIN F. ROWE
CLERK

TEL. NO. 773-2140
(AREA CODE 203)

VICTORIA C. MINOR
CHIEF DEPUTY CLERK

LORI INFERRERA
DEPUTY-IN-CHARGE
NEW HAVEN

August 22, 2003

3:02CV652 MRK          DAVILA VS. SECURE PHARMACY

NOTICE TO COUNSEL

WE HAVE TRANSFERRED THE ABOVE-CAPTIONED CASE FROM THE DOCKET
OF THE HONORABLE STEFAN R. UNDERHILL, UNITED STATES DISTRICT JUDGE,
TO THE DOCKET OF THE HONORABLE MARK R. KRAVITZ, UNITED STATES
DISTRICT JUDGE, WHO SITS IN NEW HAVEN. COUNSEL SHOULD FILE ALL FUTURE
FILINGS WITH THE OFFICE OF THE CLERK, 141 CHURCH STREET, NEW HAVEN, CT
06510. THE INITIALS MRK SHOULD APPEAR AFTER THE CASE NUMBER.

BY ORDER OF THE COURT

KEVIN F. ROWE, CLERK

EXHIBIT H

**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

**INMATES' LEGAL ASSISTANCE PROGRAM**

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
La-Tanya J. Mansfield
Michael A. Rubino, Jr.
Kenneth J. Speyer

July 17, 2002

Mr. Noel Davila
#212726
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Davila:

Although you have no outstanding correspondence, this letter is written in response to receipt and review of your medical records. Inmates' Legal Assistance Program received your medical records on April 4, 2002.

For your convenience, please find enclosed a copy of all records received by ILAP on April 4, 2002.

A review of your medical records shows that on December 12, 2001, you went to medical complaining that the *paxil*, which you were prescribed, was upsetting your stomach. You told medical that you wanted the "pink *paxil* which is 20 mg. tab." The pharmacy had sent ½ tab which was green and was 20 mg. also. Medical personnel noted that you had a bad experience with medications in the past and become distrustful when the pill is a different color than what you are used to. You were to see the doctor to discuss your medication issues.

You were seen on December 13, 2001, at which time you again complained that the pills you were given were a different color than what you were used to.

On December 26, 2001, the pharmacy informed the facility to check all blister packs of *paxil 40 mg. ½ tabs*. It was determined that the pharmacy had mistakenly sent *risperdal 4 mg. (½) tabs* in the blister packs rather than the labeled *paxil* tabs. Notes indicate that you stated you "had been feeling fine and had no complaints." You did inform medical that the medication "tasted funny" and that you had experienced diarrhea several times in the couple of weeks prior to the discovery. You were in no distress

On January 10, 2002, you were seen by the doctor. You were very angry and complaining of receiving the wrong medication which you reported caused you to vomit, have diarrhea, lose 15 pounds in weight, have abdominal pain, dizziness, pounding headaches, muscle tightness, weakness and your mind going blank. You were seen again on January 24, 2002, when

THE LAW OFFICE OF

# THOMAS H. WINSLOW, LLC

January 14, 2003

Clerk's Office
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT 06604

Re: Davila v. Secure Pharmacy Plus
Docket #:  Prisoner Civil Action Case Number 3:02CV652(SRU)(WIG)

Dear Clerk of Court:

I have attached an executed Form 26(f) or proposed scheduling order for filing with the court.

Please call with any questions.

Very truly yours,


Thomas H. Winslow

Enclosure:  Executed Report of Parties' Planning Meeting or Form 26(f)

cc:      Mr. Noel Davila (#212726)  ✓
         The Honorable Stefan R. Underhill
         The Honorable William I. Garfinkel

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

Plaintiff,

V.

SECURE PHARMACY PLUS

Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(SRU)(WIG)

January 14, 2003

FORM 26(f). REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:  Civil Rights complaint signed March 25, 2002 and filed April 10, 2002

and hand-written complaint signed March 25, 2002 and filed on an unknown date.

Date Complaint Served:  Unknown as defendant accepted service of summons in September of

2002.

Date of Defendant's Appearance:  November 8, 2002.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held by

exchanging letters.  The participants were:

Noel Davila for Noel Davila, pro se plaintiff

Attorney Thomas H. Winslow for defendant, Secure Pharmacy Plus

I.      Certification.  Undersigned counsel and pro se plaintiff certify that, after consultation

        with themselves or their client, they have discussed the nature and basis of the

        parties' claims and defenses and any possibilities for achieving a prompt settlement

        or other resolution of the case and, in consultation with themselves or their client,

        have developed the following proposed case management plan.  Counsel further

        certify that they have forwarded a copy of this report to themselves or the client.

II.     Jurisdiction.

    A. Subject Matter Jurisdiction: 42 U.S.C. Section 1983

    B. Personal Jurisdiction: Plaintiff is incarcerated in Connecticut

III.    Brief Description of Case: Plaintiff is a prisoner in Cheshire and Defendant is Secure Pharmacy Plus. Davila alleges deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment, negligence, pharmacist professional malpractice, civil rights violations under color of state law, and declaratory and injunctive relief that all stem from distribution of an incorrect medication. Plaintiff claims compensatory and punitive damages in the amount of $1,000,000.

    A. Claims of Plaintiff: See above description.

    B. Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims) of Defendant. Motion to dismiss pending on the claims of deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment, civil rights violations under color of state law, and declaratory and injunctive relief. Defendant evaluating apportionment claims against nurse or nurses at the prison and their employer.

    C. Defenses and Claims of Third Party Defendant. No third-party defendant yet in case.

IV.    Statement of Undisputed Facts. Counsel and pro se plaintiff certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed: Plaintiff is a prisoner and consumed mediations while a prisoner. Secure Pharmacy Plus is not an employee of the prison system and was hired as an independent contractor by a third-party to provide prescription services to prisoners.

V.    Case Management Plan.

A.  Standing Order on Scheduling in Civil Cases.  The parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

B.  Scheduling Conference With the Court.  The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.  Early Settlement Conference.

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference, when one is scheduled, with Judge Underhill.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.  Joinder of Parties and Amendment of Pleadings.

1.  Plaintiff should be allowed until February 15, 2003 to file motions to join additional parties and until March 15, 2003 to file motions to amend the pleadings.

2.  Defendant should be allowed until April 1, 2003 to file motions to join additional parties and has filed a pending November 8, 2002 Motion to Dismiss that plaintiff has opposed with defendant filing a December 10, 2002 reply brief.

E.  Discovery.

1. The parties anticipate that discovery will be needed on the following subjects: claimed civil rights and Eighth Amendment violations; claimed malpractice and negligence; prior use of medications; prior problems with other medications, especially changed ones; reported injuries and damages in the medical records, physicians orders, clinical records, and medication charts; and claimed damages/injuries sustained by plaintiff.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by 7/1/03 and completed by 12/31/03.

3. Discovery will not be conducted in phases.

4. Discovery consisting of interrogatories and requests for production will be filed once an order is issued by the court allowing the report of parties' planning meeting and will be completed by July 1, 2003.

5. The parties anticipate that the plaintiff will require a total of ___ depositions of fact witnesses and that the defendant will require a total of 3 depositions of fact witnesses. The depositions will commence by March 1, 2003 and will be completed by September 1, 2003.

6. The parties will not request court permission to serve more than twenty-five (25) interrogatories and request for production as the agree to service of more than twenty-five (25) interrogatories and requests for production without court permission.

7. Plaintiff _____ to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 7/1/03. Depositions of such experts will be completed by 12/31/03.

8. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide pro se plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 1/31/04. Depositions of such experts will be completed by 7/31/04.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by 8/31/04.

F. Dispositive Motions. Dispositive motions will be filed on or before 8/31/04.

G. Joint Trial Memorandum. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 10/31/04.

VI. Trial Readiness. The case will be ready for trial by 11/15/04.

As an officer of the court, the undersigned counsel for defendant agrees to cooperate with pro se plaintiff and the Court to promote the just, speedy and inexpensive determination of this action.

Counsel for Defendant

By _____ 12/24/02

Thomas H. Winslow    Date

The undersigned pro se plaintiff certifies that he will cooperate with the parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

Pro Se Plaintiff

By _Noel Davila_ January 10, 2003.

Noel Davila    Date

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this

14th day of _____, 2003 to:

Mr. Noel Davila (#212726)
Cheshire Correctional Institute
900 Highland Avenue
Cheshire, CT  06410

The Honorable Stefan R. Underhill
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT  06604

The Honorable William I. Garfinkel
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT  06604

Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427