1 OF 9

FILED
2003 DEC 12 P 4:57

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT.

CIV NO: 302CV652 (M.R.K)(WIG)

NOEL DAVILA

, PLAINTIFF                    DATED DECEMBER 5, 2003.

— AGAINST —

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS, (DEFENDANT(S))

## MOTION TO
LOCAL RULE 9(c) STATEMENT:

THE MOVING THE PLAINTIFF NOW PREPARES IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT A LOCAL RULE 9(c) STATEMENT CONTAINING FACTS BY THE PLAINTIFF WICH THE DEFENDANT(S) MUST ANSWER BY ADMITTING OR DENYING.

1 PLAINTIFF ISSUES OF MATERIAL FACTS TO WICH THERE IS NO GENUINE ISSUE TO BE TRIED:

BY: Noel Davila
NOEL DAVILA PRO-SE
P.O BOX 5500
NEWTOWN CT. 06470-

DATED: 12-5-2003.

## [A] CITATION TO THE AFFIDAVIT OF A WITNESS COMPETENT TO TESTIFY AS TO THE FACTS AT TRIAL AND/OR EVIDENCE THAT WOULD BE ADMISSIBLE AT TRIAL:

STATEMENTS OF FACTS: FROM HONORABLE JUSTICE STEFAN R. UNDERHILL: (DISTRICT JUDGE.)

1. THE COURTS ACCEPTS AS TRUE THE FOLLOWING FACTS, TAKEN FROM THE COMPLAINT:

(a) ON DECEMBER 13, 2001 THE PLAINTIFF WENT TO SEE THE PRISON PSYCHIATRIST CONCERNING HIS PRESCRIPTION FOR PAXIL. THE PLAINTIFF CLAIMED THAT THE PAXIL CAPSULE THAT THE PHARMACY HAD ORIGINALLY PROVIDED HIM HAD BEEN PINK, BUT THAT HE WAS NOW GETTING A GREEN CAPSULE.

(b) THE PLAINTIFF COMPLAINED THAT HE WAS EXPERIENCING DIZZINESS, NAUSEA, DIARRHEA AND VOMITING. ON DECEMBER 26, 2001, THE PLAINTIFF WAS EXAMINED BY A NURSE AT THE FACILITY. THE PLAINTIFF COMPLAINED THAT HE WAS NOT FEELING WELL.

(c) THE NURSE INFORMED THE PLAINTIFF THAT THE PHARMACY HAD MISTAKENLY ISSUE

him the wrong medication.

(D) The Plaintiff stated tha he no longer wanted to take the green capsule form of Paxil and requested an appointment to see the Psychiatrist, so he could change his medication.

(E.) On January 24, 2002, the Plaintff informed the Psychiatrist that he no longer wanted to take Paxil. That day, the Psychiatrist changed the Plaintiff's medication to Remeron. The Plaintiff seeks compensatory damages, punitive damages and declaratory releif from the Defendant(s) and agents.

(F.) The Courts notes, however, that the Plaintiff's complaint may also be liberally construed as raising a state law claims for negligence and malpractice. Because it is apparent that diversity of citizenship exists between the parties and the releif requested exceeds the amount in controversy requirement. The complaint will proceed on the Plaintiff's state law claims pursuant to the courts diversity jurisdiction. See 28. U.S.C. § 1332(a)(1). (See attached Ruling.)

[B.] STATEMENTS OF UNDISPUTED FACTS: (See Form 26(f)) Reports Parties Planning metting)

NEGLIGENCE, (PROFESSIONAL), (PHARMACY(IST)) MALPRACTICE. "8TH AMENDMENT," TO BE FREE FROM "CRUEL AND UNUSUAL PUNISHMENT," DELIBERATE INDIFFERENCE FROM SECURE PHARMACY(IST) PLUS, AMERICAN SERVICE GROUP INC AND AGENTS OWNS THE PLAINTIFF'S THE FOLLOWING:

(a) <u>DUTY</u> — THAT THE DEFENDANT(S), SECURE PHARMACY(IST) PLUS, AMERICAN SERVICE GROUP INC. AND AGENTS HAD A SPECIFIC DUTY OF CARE OWED TO THE PLAINTIFF.

(b) <u>BREACH</u> — THAT SAID DUTY WAS BREACHED BY THE DEFENDANT(S) AMERICAN SERVICE GROUP INC. AND AGENTS, SECURE PHARMACY(IST) PLUS WHEN THEY FAIL TO INSPECT MEDICATION BEFORE WAS SENT OUT OF THE PHARMACY(IST). DEFENDANT(S) ACTS, POLICIES, PRACTICES, PROCEDURES AND REQUIREMENTS WERE NOT EXERCISE AND WAS THE PROXIMATE CAUSE OF THE INJURIES SUFFERED.

(c) <u>CAUSATION</u> — THAT SAID BREACH CAUSED THE INJURY.

(d) <u>DAMAGES</u> — THAT SOME PHYSICAL, MENTAL, EMOTIONAL INJURY RESULTED.

[D] CLAIMANT'S/PLAINTIFF'S CONCERNS ABOUT THE CHANGE MEDICATION OF HIS PAXIL (PINK) 20.mg IN DOSAGE MEDICATION FROM PINK TO GREEN.

  1) THE PLAINTIFF'S WAS GIVEN, OR PRESCRIBED THE

MEDICATION OF PAXIL IN NOV./DEC. 2001, JANUARY 2002 BY THE DOCTOR, WHO'S NAME IS KHORRAMZADEH, M.D. HE IS THE CHESHIRE CORR. INST. FACILITY DOCTOR. PART OF HIS DUTIES INCLUDE SEEING INMATES FOR MEDICAL REASONS, AND PRESCRIBING (ORDERING) MEDICATIONS (S) FOR INMATES, INCLUDING THE PLAINTIFF. (SEE ATTACHED ORDER SHEET). THE PLAINTIFF WAS THEN GIVEN THE MEDICATION ON VARIOUS DATES, (ATTACHED HERETO TO THIS MOTION OF LOCAL RULE 9(C).

2). THE PLAINTIFF WAS GIVEN (ISSUED) THE WRONG-MEDICATION BY DIRECT SERVICE OF THE DEFENDANT(S) AMERICAN SERVICE GROUP INC. AND AGENTS, SECURE PHARMACY (IST) PLUS, WHOM SENT THE MEDICATION TO THE PRISON, IN WICH WAS GIVEN TO THE PLAINTIFF BY THE MEDICAL NURSE(S) AT CHESHIRE CORR. INST. THE DEFENDANT(S) ARE RESPONSIBLE FOR ALL MEDICATION SENT TO THE PRISON AT THE TIME OF THE PLAINTIFF INCIDENT.

3- PLAINTIFF HAS NEVER EXPERIENCE THIS KIND OF SIDE-EFFECTS IN HIS ENTIRE LIFE, DEFENDANT(S) GAVE AND SENT (PLAINTIFF "4mg RISPERDAL", "PSYCHOFRENIC" MEDICATION (GREEN CAPSULE) INSTEAD OF (PAXIL /PINK 20mg IN DOSAGE, WICH HE WAS ALLERGIC TO.

4). THEIR ACTIONS, FROM THE DEFENDANT(S) COULD ALMOST COST (PLAINTIFF'S LIFE AND A NUMBER OF SIDE-EFFECTS, WICH INCLUDES, DIZZINESS, MIND GOING BLANCK, POUNDING HEADACHE, STOMACH PAIN, NAUSEA, DIARRHEA, VOMITING, LOST 15 POUNDS AND OTHER RELATED SYMPTOMS

-7-

AS HAND A BODY TREMBLING FOR 5 OR 6 WEEKS.

5). PRISON OFFICIALS HAVE A "BINDING CONTRACT" WITH SECURE (PHARMACY(IST) PLUS, AMERICAN SERVICE GROUP INC. AND AGENTS, DISTRIBUTION ON MEDICATIONS FOR INMATES IN THE CONNECTICUT PRISON SYSTEM. DURING SUCH TIME, THE PLAINTIFF WAS TAKEING THE MEDICATION, HE KEPT COMPLAINING ABOUT SYMPTOMS HE WAS EXPERIENCING WITH THE MEDICATION (SEE CLINICAL RECORD SHEET.)

6). DEFENDANT(S) ARE LIABLE BECAUSE THEY ACTED WITH A SUFFICIENTLY CULPABLE STATE OF MIND. Estelle V. Gamble; 429 U.S. 97, 106 FURTHER, THE SUBJECTIVE APPROACH TO DELIBERATE INDIFFERENCE DOES NOT REQUIRE A PRISONER SEEKING A REMEDY FOR MEDICAL WRONG-DOING TO AWAIT A TRAGIC EVENT, SUCH AS A ASSAULT, BEFORE OBTAINING RELEIF. Helling V. Mc.Kenney; 509 U.S. 25, 33. THE PLAINTIFF DID FILE A INMATE GRIEVANCE ON THE PROBLEM WITH THE MEDICATION. THAT HE WAS GIVING THE WRONG MEDICATION BY THE DEFENDANT(S), WICH THE GRIEVANCE WAS COMPROMISE (SEE ATTACH GRIEVANCE)

7). BOTH RECKLESSNESS WITH RESPECT TO THE STANDARD OF MEDICAL CARE Watson V. Caton, 984 F.2d. 537, 540, Smith V. Jenkins; 919 F.2d 90, 93.

8). THE DEFENDANT(S) "HAVE A LEGAL DUTY" TO THE INMATES AND CORRECTION DEPARTMENT TO PROVIDE THE CORRECT MEDICATION(S) AS PRESCRIBED BY THE MEDICAL DOCTOR(S) TO INMATES. IN NOT DOING SO, THE

THE DEFENDANT(S) INFLICTED HARMFUL EFFECTS UPON THE PLAINTIFF, WICH COULD HAVE KILLED THE PLAINTIFF OVER A PERIOD OF TIME, HADN'T THE PLAINTIFF STOP TAKEING THE MEDICATION WHEN HE NOTICE HE WAS GETTING "SICKER" AND "SICKER", DUE TO THE WRONG MEDICATION SENT AND GIVING TO THE PLAINTIFF BY THE DEFENDANT(S).

9). THE DEFENDANT(S) ARE THE FACILITY PHARMACY(IST) AND AGENTS OVERSEERS WHO PRESCRIBES MEDICATIONS TO INMATES (PRISONERS) IT'S THEIR DUTY TO PRESCRIBE THE RIGHT MEDICATION TO EACH AND EVERY INMATE WHO THE DOCTOR HAS ORDERED MEDICATION FOR, NOT DOING SO, WOULD PUT THE INMATE LIFE AT RISK, SUCH AS WHAT THE DEFENDANT(S) DID.

10) AMERICAN SERVICE GROUP INC. AND AGENTS, SECURE PHARMACY(IST) PLUS, WAS ACTING UNDER THE COLOR OF AUTHORITY, BY FULFILLING THE CONTRACT TO THE D.O.C. TO PROVIDE PRESCRIPTION SERVICES TO (PRISONERS ORDERED BY THE DOCTOR(S))

WHEREFORE, PLAINTIFF ASK THE HONORABLE COURT THAT CONTRIBUTORY NEGLIGENCE EVIDENCE WILL NOT BE SUPPORTED BY PLAINTIFF DEPOSITION ONCE THE TRANSCRIPTS IS RECEIVED.

BY: *Noel Davila*
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

DATED: 12-5-2003.

# CERTIFICATION

I, HEREBY CERTIFY THAT A TRUE COPY OF THE FORE-GOING WAS MAILED VIA FIRST CLASS POSTAGE PREPAID THIS **5** DAY OF DECEMBER 2003 TO:

BY: _Noel Davila_
NOEL DAVILA - PRO-SE

TO: HONORABLE JUSTICES
 MR. MARK R. KRAVITZ (JUDGE)
 MR. WILLIAM I. GARFINKEL
 U.S. COURTHOUSE
 141 CHURCH STREET
 NEW HAVEN CT. 06510

TO: ATTORNEY FOR THE DEFENDANT(S)
 MR. THOMAS H. WINSLOW
 321 MAIN STREET
 FARMINGTON CT. 06032.

BY: _Noel Davila_
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

DATED: 12-5-2003.

UNITED STATES COURT OF APPEALS
For the Second Circuit
United States Courthouse
Office of the Clerk
40 Foley Square-Room 1803
New York, NY 10007



Roseann B. MacKechnie,
    Clerk

DC #: 02-cv-652
DC MAG Judge: William I Garfinkel
DC: CT

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse in the City of New York, at Foley Square, on the 7th August, two thousand and three.

Docket Nos. 03-2455
Davila v Secure Pharmacy

    The Court noting that docket number **03-2455** having been assigned **in error** to the respective Notice of Appeal, upon consideration thereof,

    **IT IS HEREBY ORDERED** that docket number **03-2455** is hereby deleted as to this particular case, and that **03-0207** is the new docket number assigned to the case.

    **Roseann B. MacKechnie, Clerk**
By:
Wilson Dudley, Deputy Clerk

**UNITED STATES DISTRICT COURT**
DISTRICT OF CONNECTICUT
OFFICE OF THE CLERK
UNITED STATES COURTHOUSE
141 CHURCH STREET
NEW HAVEN 06510

KEVIN F. ROWE
CLERK

TEL. NO. 773-2140
(AREA CODE 203)

VICTORIA C. MINOR
CHIEF DEPUTY CLERK

LORI INFERRERA
DEPUTY-IN-CHARGE
NEW HAVEN

August 22, 2003

3:02CV652 MRK          DAVILA VS. SECURE PHARMACY

<u>NOTICE TO COUNSEL</u>

WE HAVE TRANSFERRED THE ABOVE-CAPTIONED CASE FROM THE DOCKET OF THE HONORABLE STEFAN R. UNDERHILL, UNITED STATES DISTRICT JUDGE, TO THE DOCKET OF THE HONORABLE MARK R. KRAVITZ, UNITED STATES DISTRICT JUDGE, WHO SITS IN NEW HAVEN. COUNSEL SHOULD FILE ALL FUTURE FILINGS WITH THE OFFICE OF THE CLERK, 141 CHURCH STREET, NEW HAVEN, CT 06510. THE INITIALS MRK SHOULD APPEAR AFTER THE CASE NUMBER.

BY ORDER OF THE COURT

KEVIN F. ROWE, CLERK

EXHIBIT H

LAW OFFICES
OF
SYDNEY T. SCHULMAN

INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
La-Tanya J. Mansfield
Michael A. Rubino, Jr.
Kenneth J. Speyer

July 17, 2002

Mr. Noel Davila
#212726
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Davila:

Although you have no outstanding correspondence, this letter is written in response to receipt and review of your medical records. Inmates' Legal Assistance Program received your medical records on April 4, 2002.

For your convenience, please find enclosed a copy of all records received by ILAP on April 4, 2002.

A review of your medical records shows that on December 12, 2001, you went to medical complaining that the *paxil*, which you were prescribed, was upsetting your stomach. You told medical that you wanted the "pink *paxil* which is 20 mg. tab." The pharmacy had sent ½ tab which was green and was 20 mg. also. Medical personnel noted that you had a bad experience with medications in the past and become distrustful when the pill is a different color than what you are used to. You were to see the doctor to discuss your medication issues.

You were seen on December 13, 2001, at which time you again complained that the pills you were given were a different color than what you were used to.

On December 26, 2001, the pharmacy informed the facility to check all blister packs of *paxil 40 mg. ½ tabs*. It was determined that the pharmacy had mistakenly sent *risperdal 4 mg. (½) tabs* in the blister packs rather than the labeled *paxil* tabs. Notes indicate that you stated you "had been feeling fine and had no complaints." You did inform medical that the medication "tasted funny" and that you had experienced diarrhea several times in the couple of weeks prior to the discovery. You were in no distress

On January 10, 2002, you were seen by the doctor. You were very angry and complaining of receiving the wrong medication which you reported caused you to vomit, have diarrhea, lose 15 pounds in weight, have abdominal pain, dizziness, pounding headaches, muscle tightness, weakness and your mind going blank. You were seen again on January 24, 2002, when



EXHIBIT J

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel. No. (860) 808-5450
Fax. No. (860) 808-5591

October 31, 2002

The Honorable James R. Smith
Claims Commissioner
Office of the Claims Commissioner
18-20 Trinity Street
Hartford, CT 06106

RE: **Claim of Noel Davila**, File No. 19268

Dear Commissioner Smith:

    The claimant is an inmate currently confined to the custody of the Commissioner of Correction. The claimant filed a Notice of Claim on April 3, 2002, alleging that on December 12, 2001, his medication was changed from a pink 20 mg. Paxil pill to a green 20 mg. Paxil pill and the medication caused side effects. He alleges that approximately 3 weeks later he still complained of stomach pain, vomiting, diarrhea, severe headaches and a 15 to 20 lb., weight loss. He alleges that on December 24, 2001, he filed a medical grievance and that he finished his medication on or about December 26, 2001 and started taking a new pack. He alleges that he took two pills before he was called down to the medical unit and asked by the doctor on duty how he was feeling. He alleges that he told the doctor that he felt terrible and that he had been experiencing stomach pain, etc. He alleges that the doctor told him that he had been taking the wrong medication because the company that provides the medication had mislabeled the medication. The claimant alleges that he took the wrong medications for over one month. He alleges that the State was negligent. The claimant seeks $50,000.00 in damages and permission to sue the State.

    For the reasons set forth below, the Office of the Attorney General on behalf of the State of Connecticut, denies liability in this matter. The claimant cannot establish that the State was negligent or that the State was the sole proximate cause of his alleged injury. Therefore, this claim should be denied.

    Article Eleventh, Sec. 4 of the Connecticut Constitution provides that: "Claims against the state shall be resolved in such manner as may be provided by law." The legislation implementing this directive is set forth in Chapter 53 of the General Statutes. These provisions constitute a limited waiver of the sovereign immunity of the state. It is a well-established principle that statutes in derogation of sovereign immunity should be strictly construed. DeFonce Construction Corporation vs. State, 198 Conn. 185, 188 (1985); Berger Lehman Associates, Inc. v. State, 178 Conn. 352, 355-56 (1979). Where there is any doubt about their

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 JUN 23 A 10: 32

US DISTRICT COURT
BRIDGEPORT CT

NOEL DAVILA

v.

SECURE PHARMACY PLUS

PRISONER
Case No. 3:02cv652(SRU)

RULING ON MOTION TO DISMISS

The plaintiff, Noel Davila, is an inmate confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983. He alleges that the defendant provided him with the wrong prescription for his psychiatric condition. Pending is a motion to dismiss filed by the defendant. For the reasons that follow, the motion is granted.

Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it

is clear that no relief can be granted. See <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." <u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996) (quoting <u>Grant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

### Facts

The court accepts as true the following facts, taken from the complaint.

On December 13, 2001, the plaintiff went to see the prison psychiatrist concerning his prescription for Paxil. The plaintiff claimed that the Paxil capsule that the pharmacy had originally provided him with had been pink, but that he was now getting a green capsule. The plaintiff complained that he was

2

experiencing dizziness, nausea, diarrhea and vomiting. On December 26, 2001, the plaintiff was examined by a nurse at the facility. The plaintiff complained that he was not feeling well. The nurse informed the plaintiff that the pharmacy had mistakenly issued him the wrong medication. The plaintiff stated that he no longer wanted to take the green capsule form of Paxil and requested an appointment to see the psychiatrist so that he could change his medication.

On January 24, 2002, the plaintiff informed the psychiatrist that he no longer wanted to take Paxil. That day, the psychiatrist changed the plaintiff's medication to Remeron. The plaintiff seeks one million dollars in compensatory damages, one million dollars in punitive damages and declaratory relief from the defendant.

## Discussion

The defendant raises three grounds in support of their motion to dismiss: (1) the plaintiff's Eighth Amendment allegations fail to state a claim upon which relief may be granted; (2) the plaintiff has failed to allege that the defendant is a state actor and (3) the plaintiff's claim for declaratory relief is barred because it is moot, there is no case or controversy and it is not the most effective relief available.

The defendants move to dismiss the claims against them because the plaintiff has failed to allege facts to support a

claim of deliberate indifference to serious medical needs. This court agrees.

The Eighth Amendment protects inmates from deliberate indifference by prison officials to their serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. A prisoner must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-05. Mere negligence will not support a section 1983 claim; the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06).

The civil rights statute was not meant to redress medical malpractice claims that can be adequately resolved under state tort law. Tomarkin, 534 F. Supp. at 1230-31. Thus, a claim of misdiagnosis, faulty judgment, or malpractice without more to indicate deliberate indifference, is not cognizable under section

4

1983. See McCabe v. Nassau County Medical Center, 453 F.2d 698, 704 (2d Cir. 1971); Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982). In addition, mere disagreement with prison officials about what constitutes appropriate medical care does not state a claim cognizable under the Eighth Amendment. See Hyde v. McInnis, 429 F.2d 864, 868 (2d Cir. 1970); Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). See also Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) ("'serious medical need' requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain").

In addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, an inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent

5

manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

The defendant contends that the plaintiff has failed to allege that it was deliberately indifferent to his serious medical condition. The plaintiff argues that the defendants "are liable for his medical condition (Negligence) based on the fact that the defendant[] sent the wrong medication to the plaintiff. . . ." Pl.'s Mem. Opp'n Mot. Dismiss at 2.

In his complaint, the plaintiff alleges that Secure Pharmacy sent him the wrong medication by mistake. He alleges that Secure Pharmacy was negligent in sending him the wrong medication and that it is guilty of malpractice. The plaintiff alleges no facts to suggest that Secure Pharmacy acted with a "sufficiently culpable state of mind" when it mistakenly sent the wrong medication to the prison. Hathaway, 37 F.3d at 66. Thus, the court concludes that the plaintiff has not alleged facts demonstrating that the defendant was deliberately indifferent to his serious medical need. The plaintiff has failed to state a claim under the Eighth Amendment. Accordingly, the motion to dismiss is granted as to the plaintiff's Eight Amendment claim.

Conclusion

The defendants' Motion to Dismiss [doc. # 9] is **GRANTED**. The plaintiff's Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED**. The court notes, however, that the plaintiff's complaint may also be liberally construed as raising a state law claims for negligence and malpractice. Because it is apparent that diversity of citizenship exists between the parties and the relief requested exceeds the amount in controversy requirement, the complaint will proceed on the plaintiff's state law claims pursuant to the court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).

**SO ORDERED** in Bridgeport, Connecticut, this 20th day of June, 2003.

Stefan R. Underhill
United States District Judge

7