FILED

2003 DEC 22 P 2: 49

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

        Plaintiff,

V.

SECURE PHARMACY PLUS

        Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(MRK) (WIG)

DECEMBER 19, 2003

### DEFENDANT SECURE PHARMACY PLUS MOTION FOR DISMISSAL, COSTS, ATTORNEY'S FEES, SANCTIONS AND/OR JUST ORDERS AGAINST PLAINTIFF NOEL DAVILA FOR FAILURE TO ATTEND HIS SCHEDULED DEPOSITION AND TO FILE A MOTION FOR RECONSIDERATION OR PROTECTOIVE ORDER PRIOR TO HIS DEPOSITION

Defendant previously filed a motion to take the plaintiff prisoner's deposition (doc. # 36) that was granted by William I. Garfinkel, United States Magistrate Judge, on November 12, 2003 and filed on November 13, 2003. Upon receiving this ruling, defendant's counsel noticed the deposition of Noel Davila for December 11, 2003 at 9:00 a.m. at Garner Correctional Institute.

When counsel and the court reporter arrived for the deposition, plaintiff showed counsel an unsigned and uncertified one page November 24, 2003 motion seeking a reconsideration of Magistrate Garfinkel's decision granting plaintiff's deposition. On December 16, 2003, the undersigned counsel received a December 15, 2003 postmarked envelope containing a three-page November 24, 2003 document entitled "Plaintiff's Motion for Reconsideration on Plaintiff's Motion in Opposition of Defendant's Motion of Deposition". (Copy of document and envelope attached as Exhibit A). Defendant's counsel never received the one-page document he was shown at the December 11, 2003 deposition of plaintiff Davila. On the morning of December 19, 2003, the Court Clerk advised that the court had not yet docketed plaintiff's motion for

reconsideration. The last docket entry on this file at the time of the December 19, 2003 telephone call was December 12, 2003 or after the plaintiff's scheduled deposition on December 11, 2003. Accordingly, the motion for reconsideration was not filed before plaintiff decided not to attend his deposition. Also, plaintiff did not ever file a motion for protective order after Magistrate Garfinkel's ruling granting the defendant the right to take plaintiff prisoner's deposition.

Fed. R. Civ. P. 37(d) allows a court to impose orders when a party fails to appear before the officer who is to take the deposition, after being served with proper notice. The penalties can include "orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule". The penalties can also include reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(d). Defendant has incurred attorney's fees and court reporter expenses (appearance fee and transcription from plaintiff's unwillingness to allow his deposition). The time and expenses incurred will be forwarded after the limited deposition transcript is transcribed and received with the bill.

Finally, Fed. R. Civ. P. 37(d), at the last paragraph, indicates the failure to act in this paragraph is not excused because the discovery is objectionable unless the party failing to act has a pending motion for a protective order. As noted above, plaintiff had neither filed a pending motion for protective order or a motion for reconsideration at the time of his deposition on December 11, 2003. This conduct of preventing a duly noticed deposition of a prisoner plaintiff from proceeding should not be allowed by this court. Plaintiff should be justly dealt with by dismissal of the action, payment of costs, expenses, attorney's fees, and/or any other action deemed just by the court.

This motion was discussed with plaintiff at the time of the deposition and the limited deposition transcript will be provided to comply with Loc. R. Civ. P. 9(d). This transcript is filed in lieu of an affidavit. Counsel for defendant will file an affidavit if deemed necessary by the court.

DEFENDANT

SECURE PHARMACY PLUS

BY: /s/

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this 19th day of December, 2003 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT 06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

1 OF 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNETICUT

NOEL DAVILA,              CIV NO: 302CV652(MRK).
        PLAINTIFF
— AGAINST —
                                    DATE: 11-24-03
SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS
            , DEFENDANT(S)

PLAINTIFF'S MOTION FOR RECONSIDERATION ON PLAINTIFF MOTION IN OPPOSITION OF DEFENDANTS MOTION OF DEPOSITION.

PURSUANT TO FED R. CIV. P. THE PLAINTIFF NOEL DAVILA HEREBY GIVES NOTICE THAT THE UNDERSIGNED PLAINTIFF REQUEST YOUR HONORABLE COUR TO A MOTION FOR RECONSIDERATION ON PLAINTIFF MOTION IN OPPOSITION OF THE DEFENDANT(S) MOTION OF DEPOSITION FOR THE FOLLOWING REASONS: (SEE ATTACHED).

                                    BY: NOEL DAVILA
                                        P.O. BOX 5500
DATED: 11-24-03                         NEWTOWN CT 06470

Exhibit A

# ARGUMENT: FACTS

1. On November 13, 2003, at 10:14 AM, the Honorable Justice William I. Garfinkel has ruled on a pending motion to depose the plaintiff from the defendant(s)

2. The Honorable Justice M.R. Garfinkel has conclude that the plaintiff has set no valid reasons for precluding the defendant(s) from taking depositions.

3. The purpose of this motion to re-consider the ruling on the following reasons:

   (a) Plaintiff has already answer defendant(s) discovery issues, plaintiff answer defendant(s) interrogatories, also a release of information to obtain all plaintiff's medical records pertaining the above-caption case.

   (b) It would be very unfair to require you to reley on depositions taken by the defendant(s) lawyer, since depositions will reflect at the defendant(s) interest in attacking plaintiff case rather than interest in presenting it successfully.

   (c) Plaintiff argue vigorously that is un-fair for plaintiff to present his case in chief through depositions, that these depositions do not adequately reflect the nature of plaintiff case.

   (d) Under this rule, a court may be tempted to refuse to produce the plaintiff as a witness for trial

-3-

IF DEFENDANT(S) HAVE TAKEN DEPOSITIONS.

WHEREFORE, I RESPECTFULLY MOVE YOUR HONORABLE COURT TO GRANT PLAINTIFF MOTION FOR RECONSIDERATION IN OPPOSITION OF DEFENDANT(S) MOTION OF DEPOSITION

## CERTIFICATION

I, HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED TO THE FOLLOWING ON THE 24 DAY OF NOVEMBER 2003.

TO: HONORABLE JUSTICES
M.R. MARK R. KRAVITZ
U.S. COURTHOUSE
141 CHURCH STREET
NEW HAVEN CT. 06510

TO: ATTORNEY FOR THE DEFENDANT(S)
M.R. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032

BY: NOEL DAVILA
P.O. BOX 5500
NEWTOWN CT. 06470

DATED: 11-24-03

