UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

7003 DEC 22 P 2: 49

NOEL DAVILA

                Plaintiff,

V.

SECURE PHARMACY PLUS

                Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(MRK) (WIG)

DECEMBER 19, 2003

### DEFENDANT SECURE PHARMACY PLUS MOTION AGAINST PLAINTIFF NOEL DAVILA FOR CONTINUED FAILURE TO SEND DOCUMENTS TO DEFENDANT'S COUNSEL ON A TIMELY BASIS BASED ON THE DOCUMENT DATE AND CERTIFICATION DATE

Defendant previously filed a motion against plaintiff for sanctions (doc. # 38) stemming from the plaintiff's failure to mail defendant's counsel copies of certain discovery requests and motions on the dates set forth in plaintiff's certifications attached to the requests and motions and for failing to ever mail him copies of certain other motions. That motion was denied by William I. Garfinkel, United States Magistrate Judge. Since that time, the problem has continued as noted in the following examples:

A. On December 17, 2003, defendant's counsel received from the Clerk an envelope postmarked December 16, 2003. (Envelope attached as Exhibit A). The envelope contained a December 15, 2003 "Order Returning Submission" document indicating that plaintiff's December 5, 2003 Reply Motion to Defendant's Opposition To Plaintiff Motion For Partial Summary Judgment and Affidavit in Support of Plaintiff's Motion for Summary (Partial ) Judgment was being returned for failure to sign pleading. (Court materials that were returned attached as Exhibit B). Defendant's counsel has not yet

received the plaintiff's December 5, 2003 Reply Motion to Defendant's Opposition To

Plaintiff Motion For Partial Summary Judgment and Affidavit in Support of Plaintiff's

Motion for Summary (Partial ) Judgment and first learned of it when Exhibits A and B

were received. Defendant's counsel is now learning of documents when they are

returned by the Clerk's Office despite Magistrate Garfinkel's caution that plaintiff "must

serve every motion, memorandum or other paper that he files in this case as well as

discovery requests … on counsel for the defendant." Page 5 of Magistrate Garfinkel

November 12, 2003 Ruling on Pending Motions. Counsel for plaintiff cannot blame this

on the mail system as the documents being sent to court should be sent to counsel at the

same time in the same mailing. Thus, the mail system should be handling and forwarding

the same mail (court and counsel) at the same time. It is absolutely clear that plaintiff is

still not sending mail to counsel at the same time he sends it to the court. Counsel for

defendant, as suggested by Magistrate Garfinkel, has requested copies of this pleading

from plaintiff in a letter dated December 19, 2003. (Copy attached as Exhibit C).

B. The plaintiff's deposition was re-noticed for December 11, 2003 at 9:00 a.m. at

Garner Correctional Institute. When counsel and the court reporter arrived for the

deposition, plaintiff showed counsel an unsigned and uncertified one page November 24,

2003 motion seeking a reconsideration of Magistrate Garfinkel's decision granting

plaintiff's deposition. On December 16, 2003, the undersigned counsel received a

December 15, 2003 postmarked envelope containing a three-page November 24, 2003

document entitled "Plaintiff's Motion for Reconsideration on Plaintiff's Motion in

Opposition of Defendant's Motion of Deposition". (Copy of envelope attached as

Exhibit D and document attached as Exhibit E). Defendant's counsel never received the

one-page document he was shown at the December 11, 2003 deposition. On the morning

of December 19, 2003, the Court Clerk advised that the court had not yet docketed

plaintiff's motion for reconsideration. The last docket entry on this file at the time of the

December 19, 2003 telephone call was December 12, 2003 or after the plaintiff's

scheduled deposition on December 11, 2003. Accordingly, the motion for

reconsideration was not filed before plaintiff decided not to attend his deposition.


C. Plaintiff filed a December 1, 2003, Second Motion In Opposition/Objection that was

postmarked on December 11, 2003 and received on an uncertain date. This document

was not postmarked until 10 days after the date of the certification. (Copy of envelope

attached as Exhibit F and document attached as Exhibit G).


As problems are continuing despite the prior motion for sanctions, the caution to plaintiff of

Magistrate Garfinkel, and the rules on service of documents in Fed. R. Civ. P. 5 and Local R. Civ.

P. 5(b) and 7(e), defendant seeks the imposition of sanctions, costs, attorney's fees, and/or any

other remedy the court deems appropriate.


DEFENDANT

SECURE PHARMACY PLUS


BY:_____

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this

19th day of December, 2003 to:


Mr. Noel Davila (#212726)
Garner Correctional Institute
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT  06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT  06510

Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CLERK U. S. DISTRICT COURT
U. S. COURTHOUSE
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604

OFFICIAL BUSINESS

3:0

060321

rcc 12/17/03

Happy Holidays

U.S. POSTAGE
$00.370

06604

Exhibit A

UNITED STATES DISTRICT COURT *FILED*

DISTRICT OF CONNECTICUT 2003 DEC 15 P 4: 22

US DISTRICT COURT

--------------------------------------------x
:
NOEL DAVILA                         :
:                         **PRISONER**
vs.                                 :Civil No.  3:02cv652(MRK)  (WIG)
:
SECURE PHARMACY                     :
:
--------------------------------------------x

## <u>ORDER RETURNING SUBMISSION</u>

The Clerk has received your <u>REPLY MOTION TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;</u> however, it is deficient in the area(s) checked below:

(NOTE:  L.R. refers to the Local Rules, District of Connecticut)

1. _ L.R.5(b)          _ No certificate of service attached to pleading
                       _ Certificate of service fails to list names and addresses of all parties served
                       _ Certificate of service is not signed

2. _ L.R.5(d)          Failure to submit document under seal

3. ✔ L.R.10            ✔ Failure to sign pleading
                       _ Failure to double space
                       _ Margin is not free of printed matter
                       _ Left hand margin is not one inch
                       _ Judge's initials do not appear after the case number
                       _ Docket number is missing
                       _ Failure to supply federal bar number
                       _ Holes not punched in document

4. _ L.R.68            Failure to file offer of judgment in a sealed envelope

5. _ L.R.83.1(d)       Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

6. _ Other             ___

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date: 12/15/2003

_____
United States Magistrate Judge

(MEL)

rev. 1/1/03

Exhibit B

Thomas H. Winslow                    3:02cv652(MRK)(WIG)
321 Main St.
Farmington, CT 06032-2976

DEC 12 2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV NO: 302CV652 (M.RK)(WIG).

NOEL DAVILA

, PLAINTIFF

— AGAINST —

DATED: DECEMBER 5, 2003.

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS (DEFENDANT(S))

PLAINTIFF'S REPLY MOTION TO DEFENDANT(S)
OPPOSITION TO PLAINTIFF MOTION FOR PARTIAL SUMMA-
RY JUDGMENT.

AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY
(PARTIAL) JUDGMENT.

(PURSUANT TO FED. R. CIV. P. 56 AND LOCAL RULE
9(C) AND PRESENT A SHORT OR CONCISE STATEMENT
MANTAINIES THAT THERE ARE GENUINE OF MATERIAL
OF FACTS ON PLAINTIFFS 8th AMENDMENT CONSTITU-
TIONAL RIGHTS VIOLATION AND A GENUINE ISSUE OF MA-
TERIAL OF FACT ON THE CLAIMED NEGLIGENCE AND PRO-
FFESSIONAL MALPRACTICE.

BY: Noel Davila
NOEL DAVILA
P.O. BOX 5500
NEWTOWN CT. 06470.

DATED: 12-5-2003

THE LAW OFFICE OF

# THOMAS H. WINSLOW, LLC

December 19, 2003

Mr. Noel Davila
Garner Correctional Institution
50 Nunnawauk Road
Newtown, CT 06470

Dear Mr. Davila:

I have received the attached returned documents from the court. You have never sent a copy to me of the pleading and I request that you immediately send one copy to my attention.

Very truly yours,


Thomas H. Winslow

Enclosure: Court Returned Documents

cc:    Clerk of Court
       Magistrate Garfinkel
       The Honorable Mark R. Kravitz

321 MAIN STREET • FARMINGTON, CT • 06032-2976
PHONE: (860) 678-4425 • FAX: (860) 678-4427

Exhibit C

NAME: _____
INSTITUTION NUMBER: 212206
GARNER CORRECTIONAL INSTITUTION
50 NUNNAWAUK ROAD
P.O. BOX 5500
NEWTOWN, CT 06470-5500

CONFIDENTIAL

PRIVILEGED MAIL

received 12/16/03

ATTORNEY AT LAW:
Thomas A. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032.

$ 00.37⁰
UNITED STATES POSTAL SERVICE
MAILED FROM ZIP CODE 06470
DEC 15 2003
00043051 64
0014AA

CC: MAIL

Exhibit D

1 OF 3

UNITED STATES DISTRICT COURT
   DISTRICT OF CONNETICUT


NOEL DAVILA,                          CIVNO: 302CV652(MR.K).
              PLAINTIFF

—AGAINST—

                                      DATE: 11-24-03

SECURE PHARMACY PLUS, AMERICAN
SERVICE group inc. AND AGENTS
              , DEFENDANT(S)


## PLAINTIFF'S MOTION FOR RECONSIDERATION ON PLAINTIFF MOTION IN OPPOSITION OF DEFENDANTS MOTION OF DEPOSITION.


   PURSUANT TO FED R. CIV. P. THE PLAINTIFF NOEL DAVILA HEREBY gives NOTICE THAT THE UNDERSIGNED PLAINTIFF Request your HONORABLE COUR TO A MOTION FOR RECONSIDERATION ON PLAINTIFF MOTION IN OPPOSITION OF THE DEFENDANT(S) MOTION OF DEPOSITION FOR THE FOLLOWING REASONS: (SEE ATTACHED).


                          BY: NOEL DAVILA
                              P.O. BOX 5500
                              NEWTOWN CT 06470

DATED: 11-24-03


Exhibit E

# ARGUMENT : FACTS

1- ON NOVEMBER 13. AT 10:14 AM, THE HONORABLE JUSTICE WILLIAM I. GARFINKEL HAS RULED ON A PENDING MOTION TO DEPOSE THE PLAINTIFF FROM THE DEFENDANT(S)

2. THE HONORABLE JUSTICE M.R. GARFINKEL HAS CONCLUDE THAT THE PLAINTIFF HAS SET NO VALID REASONS FOR PRE- CLUDING THE DEFENDANT(S) FROM TAKING DEPOSITIONS.

3. THE PURPOSE OF THIS MOTION TO RE- CONSIDER THE RULING ON THE FOLLOWING REASONS :

(a) PLAINTIFF HAS ALREADY ANSWER DEFENDANT(S) DISCOVERY ISSUES, PLAINTIFF ANSWER DEFENDANT(S) INTERRO gatories, ALSO A RELEASE OF INFORMATION TO OBTAIN ALL PLAINTIFF'S MEDICAL RECORDS PERTAINING THE ABOVE- CAPTION CASE.

(b) IT WOULD BE VERY UNFAIR TO REQUIRE YOU TO RELEY ON DEPOSITIONS TAKEN BY THE DEFENDANT(S) LAWYER, SINCE DEPOSITIONS WILL REFLECT AT THE DEFENDANT(S) INTEREST IN ATTACKING PLAINTIFF CASE (RATHER THAN INTEREST IN PRESEN- TING IT SUCCESSFULLY.

(C) PLAINTIFF ARGUE VIGOROUSLY THAT IS UN-FAIR FOR PLAINTIFF TO PRESENT HIS CASE IN CHIEF THROUGH DE- POSITIONS, THAT THESE DEPOSITIONS DO NOT ADEQUATELY REFLECT THE NATURE OF PLAINTIFF CASE.

d) UNDER THIS RULE, A COURT MAY BE TEMPTED TO REFUSE TO PRODUCE THE PLAINTIFF AS A WITNESS FOR TRIAL

-3-

IF DEFENDANT(S) HAVE TAKEN DEPOSITIONS.

WHEREFORE, I RESPECTFULLY MOVE YOUR HONORABLE COURT TO GRANT PLAINTIFF MOTION FOR (RECONSIDERATION IN OPPOSITION OF DEFEN-DANTS) MOTION OF DEPOSITION

# CERTIFICATION

I, HEREBY CERTIFY THAT A TRUE COPY OF THE FORE-GOING WAS MAILED TO THE FOLLOWING ON THE 24 DAY OF NOVEMBER 2003.

TO: HONORABLE JUSTICES

M.R. MARK R. KRAVITZ

U.S. COURTHOUSE

141 CHURCH STREET

NEW HAVEN CT. 06510

TO: ATTORNEY FOR THE DEFENDANT(S)

M.R. THOMAS H. WINSLOW

321 MAIN STREET

FARMINGTON CT. 06032.

BY: NOEL DAVILA

P.O. BOX 5500

NEWTOWN CT. 06470.

DATED: 11-24-03

(Privileged Mail)

UNITED STATES POSTAGE
$ 00.60
0004305164   DEC 11 2003
MAILED FROM ZIP CODE 06470

CERTIFIED MAIL

ATTORNEY AT LAW:
MR. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032

(CONFIDENTIAL)

NOEL DAVILA
212726

Exhibit F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

1 OF 2

NOEL DAVILA

, PLAINTIFF'S

CIV NO: 302CV652 (MRK)/u

— AGAINST —

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS

DATED: DECEMBER 1st, 20

PLAINTIFF SECOND MOTION IN OPPOSITION/OBJECTION
OF DEFENDANTS AMERICAN SERVICE GROUP INC. SECURE
PHARMACY PLUS AND AGENTS IN THE AMENDED COMPLAINT,
DEFENDANT(S) MOTION TO DISMISS.

PURSUANT TO THE CONNECTICUT CIVIL RULES AND
PROCEDURES OF RULE 12 OBJECTIONS TO MOTION TO DISMISS.
THE PLAINTIFF'S HEREBY OBJECTS TO THE DEFENDANTS MOTION
TO DISMISS ON THE FOLLOWING GROUNDS AND POINTS. (ALSO SEE
ATTACHED MEDICAL DOCUMENTS.

PLAINTIFF'S

Noel Davila

NOEL DAVILA PRO-SE
P.O BOX 5500
NEWTOWN CT. 06470-

DATED: DECEMBER 1st, 2003.

Exhibit 6

I   STATEMENT OF FACTS
                                                          -2-
A.

1- ON JUNE 25, 2003 PLAINTIFF NOEL DAVILA FILED AND AMENDED COMPLAINT. ON PLAINTIFF AMENDED COMPLAINT PLAINTIFF CLAIMS A NEW DEFENDANTS WHO IS AMERICAN SERVICE GROUP INC. AND AGENTS, AND SECURE PHARMACY(IST) PLUS.

2. SECURE PHARMACY(IST) PLUS IS OWNED BY A PARENT CORPORATION AMERICAN SERVICE GROUP INC, AND AMERICAN SERVICE GROUP INC. IS A PUBLICLY TRADED STOCK COMPANY.

3- PLAINTIFF'S ALSO CLAIMS A VIOLATION OF HIS 8th AMENDMENT CONSTITUTIONAL RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, THAT THE CONSTITUTION DOES NOT ALLOW IT. NEGLIGENCE, PHARMACIST (PROFESSIONAL MALPRACTICE, DELIBERATE INDIFFERENCE, "CIVIL RIGHTS VIOLATION UNDER COLOR OF STATE LAW, CONSPIRACY, AND DECLARATORY RELIEF THAT ALL STEM FROM THE DISTRIBUTION OF AN INCORRECT MEDICATION FROM AMERICAN SERVICE GROUP INC. SECURE PHARMACY(IST) PLUS AT THE TIME OF THE INCIDENT. ALSO ALL PERSONS EQUAL BEFORE THE LAW TO PLAINTIFF'S PHYSICAL, MENTAL SAFETY.

4. THE SUPREME COURT HAS STATED THAT A PLAINTIFF WITH AN "ARGUABLE CLAIM" SHOULD BE PERMITTED TO AMEND THE COMPLAINT BEFORE PENDING MOTION TO DISMISS IS RULE ON; NEITZKE V. WILLIAMS; 490 U.S. 319, 329, 109 S. Ct 1827 (1989)

5- RULE 15(c) FED R. CIV. P. A NEW CLAIM OR DEFENSE RELATES BACK IF IT AROUSE OUT OF THE CONDUCT, TRANSACTION, OR OCCURRENCE SET FORTH OR ATTEMPTED TO BE SET FORTH IN THE ORIGINAL PLEADING." SEE YOUNGER V. CHERNOVETZ, 792 F. Supp. 173, 176 (D. CONN 1992.), DOE V. CALUMET CITY, III, 128 F.R.D. 93, 94-95 (ND. III 1989).

6. THE GROUNDS OF PLAINTIFF OPPOSING TO THE DEFENDANTS

3

MOTION TO DISMISS THE AMENDED COMPLAINT, ARE THAT PLAINTIFF HAS FILED ON JULY 4th 2003 AN APPEAL FROM THE JUDGMENT RENDERED BY HONORABLE JUSTICE STEFAN R. UNDERHILL ON JUNE 2003.

7. ON AUGUST 7, 2003 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT AT 40 FOLEY SQUARE ROOM 1803 NEW YORK N.Y. 10007 THE COURT NOTING THAT DOCKET NUMBER 03-2455 HAVING BEEN ASSIGNED IN ERROR TO THE RESPECTIVE NOTICE OF APPEAL, "UPON CONSIDERATION THEREOF."

8- ON AUGUST 22, 2003. A NOTICE OF COUNSEL LETTER WAS SENT TO THE PLAINTIFF STATING THAT WE HAVE TRANS-FERRED THE ABOVE-CAPTIONED CASE FROM THE DOCKET OF THE HONORABLE JUSTICE STEFAN R. UNDERHILL, UNITED STATES DISTRICT JUDGE TO THE DOCKET OF THE HONORABLE MARK R. KRAVITZ, UNITED STATES DISTRICT JUDGE WHO SITS IN NEW HAVEN ECT. (SEE ATTACHED LETTERS).

# II JURISDICTION
A.

1- THE COURTS HAS JURISDICTION OVER THE PLAINTIFF'S CLAIM OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS 42.U.SC. §§1331, 1343, 28 U.S.C. 1332 (a)(1), 42 U.S.C. §1985 (3), 1986 (CONS-PIRACY CLAIMS). AND DECLARATORY JUDGMENT PURSUANT TO 28 U.SC. 2201, 2202.

2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF STATE LAW TORT CLAIMS UNDER 28. U.S.C. §1367.

3. THE ALL WRITS ACT 28.U.S.C.§ 1651 (a) AUTHORIZES COURTS TO "ISSUE ALL WRITS NECESSARY OR APPROPRIATE

IN AID OF THEIR RESPECTIVE JURISDICTIONS AND AGREEA-
BLE TO THE USAGES AND PRINCIPLES OF LAW.

## III. PLAINTIFF'S
### A.

1 - PLAINTIFF NOEL DAVILA IS AND WAS AT ALL TIMES
MENTIONED HEREIN A PRISONER OF THE STATE OF CONNECTICUT
IN THE CUSTODY OF CHESIRE DEPARTMENT OF CORRECTION "WHO
CONSUME MEDICATION." ( THE WRONG - MEDICATION ).

2 - PLAINTIFF'S NOEL DAVILA IS CURRENTLY CONFINED
IN GARNER CORR. INST. P.O. BOX 5500 NEWTOWN CT. 06470.

## IV. DEFENDANTS
### A. MEMORANDUM OF LAW IN SUPPORT :

1 - DEFENDANT(S) ARE AMERICAN SERVICE group inc-,
SECURE PHARMACY Plus AND PHARMACIST AND AGENTS.

2. SECURE PHARMACY plus "ISOWNED BY A PARENT
CORPORATION AMERICAN SERVICE group inc.", AND AMERICAN
SERVICE group inc. IS A "PUBLICLY TRADED STOCK COMPANY".

3. DEFENDANTS ARE AT ALL TIMES HEREIN MENTIONED
WAS A CORPORATION ORGANIZED AND EXISTING by VIRTUE OF
THE LAWS OF THE STATE OF 717O STANDAR DR. HANOVER
MARYLAND 21076 AS A (PRISON CARE PROVIDER WHO OPE-
RATES A OR (PROVIDE THE MEDICATION TO (PRISONERS' "UN-
DER CONTRACT" AT THE TIME OF THE INCIDENT.

4. THE DEFENDANTS ARE SUED IN ITS "INDIVIDUALLY"
AND "OFFICIAL" CAPACITIES AT ALL TIMES MENTIONED IN
THIS SECOND REPLY TO DEFENDANTS MOTION TO DISMISS. AND

ACTED "<u>UNDER COLOR OF STATE LAW</u>".

B.1) DEFENDANT'S OWNED PLAINTIFF'S A DU-TY OF REASONABLE CARE ON PROTECT HIM ON PROVIDING AND SEND THE RIGHT PRESCRIP-TION MEDICATION ORDERED BY THE PRISON DOCTOR.

   2) DEFENDANTS BREACHED THAT DUTY BY; THE DEFENDANTS BREACHED THAT DUTY BY FAILING TO ASSIGN, AND GAVE PLAINTIFF THE <u>WRONG-MEDICATION</u>. FOR A PERIOD OF 5 OR 6 WEEKS. DEFENDANTS SENT "<u>RISPERDAL</u>" "<u>PSYCHOFRENIC</u>" 4 mg. <u>GREEN CAPSULE</u> INSTEAD OF PAXIL 20 mg (PINK) IN DOSAGE, TO PLAINTIFF.

   3) THE BREACH OF DUTY RESULTED IN DAMAGES AND SUBJECTED THE PLAINTIFF TO "<u>GREAT INDIGNITIES</u>, <u>HUMILIATION</u>, <u>DISGRACE</u>, <u>PHYSICAL</u> AND <u>MENTAL ANGUISH</u>, <u>FRIGHT</u>, <u>SHOCK</u>, <u>EMBARRASSMENT</u>, <u>MORTIFICATION</u>, <u>DIZZINESS</u>, <u>MIND GOING BLANCK</u>, <u>DIARRHEA</u>, <u>NAUSEA</u>, <u>VOMITTING</u>, CONSTANTLY AND OTHER RELATED <u>STOMACH PAIN</u> DISORDER, INCLUDING <u>HAND</u> AND <u>BODY TREMBLING</u>".

   4) THE BREACH OF DUTY PROXIMATELY CAUSED THOSE DAMAGES.

   5) PEOPLE AND CORPORATIONS WHO WORK IN THE PRISON SYSTEM OR PERFORM REQUIRED SERVICES FOR PRISONERS ACT UNDER COLOR OF STATE LAW EVEN IF THEY ARE PRIVATE CONTRACTORS. <u>NELSON V. PRISON HEALTH</u>

-6-

SERVS. INC. 991 F. Supp. 1452, 1463 (M.D. Fla. 1997).

6. CORPORATIONS OPERATING PRISONS UNDER CONTRACT AND THEIR EMPLOYEES, ACT UNDER COLOR OF STATE LAW, JUST LIKE EMPLOYEES OF GOVERNMENT — OPERATED JAIL AND PRISONS. HOWEVER, PRIVATE PERSONS WHO CONSPIRE OR ACT JOINTLY WITH STATE OFFICIALS MAY ACT UNDER COLOR OF STATE LAW. CORRECTIONAL SERVS CORP. V. MALESKO, 1225. Ct 515 (2001).

## V A. FACTS: FROM; HONORABLE JUSTICE, STEFAN R. UNDERHILL, U.S. ~~MAG~~ DISTRICT JUDGE.

1— RULING FROM HONORABLE JUSTICE STEFAN R. UNDERHILL SO ORDERED IN BRIDGEPORT, CONNECTICUT, THIS 20th DAY OF JUNE, 2003.

2- THE COURT ACCEPTS AS TRUE THE FOLLOWING FACTS, TAKEN FROM THE COMPLAINT.

3- ON DECEMBER 13, 2001, THE PLAINTIFF WENT TO SEE THE PRISON PSYCHIATRIST CONCERNING HIS PRESCRIPTION FOR PAXIL. THE PLAINTIFF CLAIMED THAT THE PAXIL CAPSULE THAT THE PHARMACY HAD ORIGINALLY PROVIDED HIM HAD BEEN PINK, BUT THAT HE WAS NOW GETTING A GREEN CAPSULE.

4. THE PLAINTIFF'S COMPLAINED THAT HE WAS EXPERIENCING DIZZINESS, NAUSEA, DIARREA AND VOMITING.

5. ON DECEMBER 24, 2001, THE PLAINTIFF WAS EXAMINED BY A NURSE AT THE FACILITY. THE PLAINTIFF COMPLAINED THAT "HE WAS NOT FEELING WELL."

6. THE NURSE INFORMED THE PLAINTIFF THAT THE PHARMACY HAD MISTAKENLY ISSUED HIM THE WRONG MEDICATION.

7. THE PLAINTIFF STATED THAT HE NO LONGER WANTED TO TAKE THE GREEN CAPSULE FORM PAXIL AND REQUESTED AN APPOINTMENT TO SEE THE PSYCHIATRIST SO THAT HE COULD CHANGE HIS MEDICATION.

8. ON JANUARY 24, 2002 THE PLAINTIFF INFORMED THE PSYCHIATRIST THAT HE NO LONGER WANTED TO TAKE PAXIL. THAT DAY, THE PSYCHIATRIST CHANGED THE PLAINTIFF'S MEDICATION TO REMERON.

## B. STATEMENT OF UNDISPUTED FACTS

1- COUNSEL AND PRO-SE PLAINTIFF CERTIFY THAT THEY HAVE MADE A GOOD FAITH ATTEMPT TO DETERMINE WHETER THERE ARE ANY MATERIAL FACTS THAT ARE NOT IN DISPUTE; THE PARTIES STATE THAT THE FOLLOWING MATERIALS FACTS ARE UNDISPUTED:

(a) PLAINTIFF IS A PRISONER AND "CONSUMED MEDICATIONS WHILE A PRISONER."

(b) SECURE PHARMACY PLUS IS NOT AN EMPLOYEE OF THE PRISON SYSTEM AND WAS HIRED AS AN INDEPEN-DENT CONTRACTOR BY A THIRD-PARTY TO PROVIDE PRESCRIP-TION SERVICES TO PRISONERS. CHERRY V. CHOW, 945 F. SUPP. 1520 (M.D. Fla. 1994). PRISONER MAY ALSO BE ABLE TO SUE SUCH CORPORATIONS UNDER STATE LAW AS THIRD-PARTY BENEFI-CIARIES OF THE CONTRACT. (SEE ALSO FORM 26(f) REPORT OF PARTIES PLANNING MEETING ON IV DATED JANUARY 14, 2003 AND SUBMITTED TO THE COURT.

## C. LEGAL CLAIMS (ARGUMENTS).

A.

1- THE DECISION OF HONORABLE JUSTICE STEFAN R. UNDERHILL THE FIRST MOTION TO DISMISS OF AMERICAN SERVICE GROUP INC. SECURE PHARMACY(ist) Plus WAS APPEALED BY PLAINTIFF ON JULY 4, 2003.

(a) AT STATED TERM OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT HELD AT THE UNITED STATES COURT HOUSE IN THE CITY OF NEW YORK AT FOLEY SQUARE ROOM 1803, ON August 7th, 2003.

(i) THE COURT NOTING THAT DOCKET 03-2455 HAVING BEEN ASSIGNED IN ERROR TO RESPECTIVE NOTICE OF APPEAL, UPON CONSIDERATION THEREOF. (SEE ATTACHED LETTER).

(ii) ON August 22, 2003 PLAINTIFF RECEIVE A LETTER OF A NOTICE OF COUNSEL STATING THAT THE COURT HAS TRANSFERRED THE ABOVE- CAPTION CASE FROM DOCKET OF THE HONORABLE JUSTICE STEFAN R. UNDERHILL, UNITED STATES DISTRICT COURT JUDGE, TO THE DOCKET OF THE HONORABLE JUSTICE MARK R. KRAVITZ, UNITED STATES DISTRICT JUDGE, WHO SITS IN NEW HAVEN.

(iii) THIS COURT SHOULD NOT DISMISS ALL THE REFILED CLAIMS, UPON CONSIDERATION THEREOF AND THE ABOVE-CAPTION CASE HAVE BEEN TRANSFE- RRED TO HONORABLE JUSTICE MARK R. KRAVITZ.

B.

1- THE CLAIM OF CIVIL RIGHTS CONSPIRACY IS

FACTUALLY ESTABLISH IN THE Allegations OF THE AMENDED COMPLAINT AND DOES STATE A CLAIM UPON WICH RELIEF CAN BE GRANTED, AND All PERSONS EQUAL BEFORE THE LAW TO PLAINTIFF PHYSICAL AND MENTAL SAFETY.

2. PLAINTIFF IN HIS AMENDED COMPLAINT ADD-UP AMERICAN SERVICE group inc. ALSO RESPONSIBLE IN ADDITION OF SECURE PHARMACY (ist) PLUS AND Agents.

3. SECURE PHARMACY(ist) AND Agents is OWNED By A PARENT CORPORATION AMERICAN SERVICE group inc. AND AMERICAN Service group inc. is A PUBLICLY TRADED STOCK COMPANY.

4. A CONSPIRACY CLAIMS REQUIRES A CONSPIRACY AT LEAST TWO INDIVIDUALS IN THIS INSTANCE CASE, AMERICAN Service group inc OWND SECURE PHARMACY plus AND PHARMACISTS AND Agents. THEY ARE MORE THAN ONE DEFEN-DANT AND A CONSPIRACY CLAIM Against SECURE PHARMACY Plus AND Agents CAN ESTABLISH THAT REQUIRE ELEMENT. MILONAS V. WILLIAMS, 691 F. 2d 931, 939-40 (10th Cir 1982) CERT. DENIED, 460 U.S. 1069 (1983), PAYNE V. MONROE COUNTY, 779 F. Supp 1330, 1335 (S.D. Fla. 1991) (WACKENHUNT CORPORATION ACTED UNDER COLOR OF STATE LAW INSOFAR AS iT "WAS AUTHORIZED TO EXERCISE SUPERVISION AND CONTROL OVER LOCAL JAIL).

5. SINCE PLAINTIFF AMENDED COMPLAINT INVOLVES MORE THAN ONE DEFENDANT, AMERICAN SERVICE group inc. AND Agents AND SECURE PHARMACY(ist) Plus is OWNED BY

A PARENT CORPORATION AMERICAN SERVICE GROUP INC, AND AGENTS, AND DUE TO THOSE FACTS PLAINTIFF'S DOES MAKE FACTUAL ALLEGATIONS OF CIVIL RIGHTS CONSPIRACY THAT INCLUDE AT LEAST TWO DEFENDANTS AND THEIR AGENTS.

6. BASE ON THIS FOUNDATION OF FACTS THE PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, PLAINTIFF'S MOTION TO THE AMENDED THE NEW ALLEGATION OF CONSPIRACY, ALL PERSON EQUAL BEFORE THE LAW SHOULD BE SUSTAIN AND NOT DISMISS PLAINTIFF COMPLAINT.

C.

1- THE REFILING OF THE APPEALED CLAIMS, EXCEPT FOR NEGLIGENCE, PROFESSIONAL MALPRACTICE AND THE NEW CLAIM OF CIVIL RIGHTS CONSPIRACY ON PLAINTIFF AMENDED COMPLAINT ARE NOT FRIVOLOUS.

2. FURTHERMORE, THE DEFENDANTS CONTENTIONS ARE THERE IS NO CONSTITUTIONAL RIGHT TO RECEIVING A PROPERLY DISPENSED MEDICATION.

3 ARE THE DEFENDANTS TELLING YOUR HONORABLE COURT THAT WHAT THE DEFENDANT(S) AMERICAN SERVICE GROUP INC. AND AGENTS, SECURE PHARMACY PLUS (1ST) HAS DONE ON SENDING THE WRONG- PRESCRBE MEDICATION TO PLAINTIFF, THEIR WRONG-DOING THAT AN INMATE "HAVE TO DIE", TO OBTAIN A RELEIF, OR THAT THE D.O.C. WILL LET A PRISONER SUFFER WHO HURTS HIMSELF, OR BREAKS A LEG OR ARM "NO PRISON WOULD DO THAT, LET A PRISONER SUFFER WITH A INJURY."

4. AN INMATE, INCLUDING THE PLAINTIFF'S DID HAVE A CONSTITUTIONAL RIGHT TO RECIEVE DECENT MEDICAL CARE, ESTELLE V. GAMBLE, 429, U.S. 97, and LANGLEY V. COUGHLIN, 888 F. 2d. AT 254 (PRISON "MUST" PROVIDE REASONABLE NECESSARY CARE THAT THE PRISONER COULD OBTAIN "IF NOT INCARCERATED, EVEN IT IS EXPENSIVE".

5. THE PLAINTIFF'S HAVE A CONSTITUTIONAL RIGHT TO A DECENT MEDICAL CARE OF BEING GIVEN THE RIGHT (PREDSCRIPTION BY THE DEFENDANTS.

6. AT ALL TIMES HEREIN DEFENDANTS, AMERICAN SERVICE GROUP INC AND AGENT'S, SECURE PHARMAY(IST) PLUS WERE AUTHORIZE TO EXERCISE SUPERVISION AND CONTROL OVER THE CONNECTICUT PRISONS AT THE TIME OF PLAINTIFF'S INCIDENT ON CONSUMING a THE WRONG-MEDICATION by THE ~~DEFENDANT(S)~~ DEFENDANT(S).

IN CONCLUSION, THE PLAINTIFF (RESPECTFULLY MOVE YOUR HONORABLE COURT TO DENY THE DEFENDANTS SECOND MOTION TO DISMISS, DUE TO THE FACT THAT PLAINTIFF DID SUFFER A NUMBER OF SIDE-EFFECTS, AND "COULD COST HIM HIS LIFE"

BY: Noel Dávila
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

DATED: ~~ ~~ DECEMBER 1st, 2003.

# CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING MOTION WAS SENT FIRST CLASS ON THE FOLLOWING PARTIES, ON THIS 1st DAY OF DECEMBER 2003.

BY *Noel Davila*
NOEL DAVILA - PRO-SE.

TO: ATTORNEY FOR THE DEFENDANTS
    M.R. THOMAS H. WINSLOW, LLC
      321 MAIN STREET
      FARMINGTON

TO: HONORABLE JUSTICE
    M.R MARK R. KRAVITZ
      HONORABLE JUSTICE
    M.R. WILLIAM I. GARFINKEL
      UNITED STATES COURTHOUSE
      NEW HAVEN, CT, 06510

BY: *Noel Davila*
NOEL DAVILA - PRO-SE
P.O BOX 5500
NEWTOWN CT. 06470

DATED: DECEMBER 1st 2003