-1-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 14 P 5:46

CIV NO: 3:02 CV 652 (MRK)(W.IG)
BRIDGEPORT CT

NOEL DAVILA
          , PLAINTIFF
                                    DATE: JANUARY 6, 2004.
- AGAINST -


SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S).
                    , DEFENDANT(S)


PLAINTIFFS REPLY MOTION/MEMORAN-
DUM DENIEING THE DEFENDANTS MOTION
TO DISMISS THE DEFENDANTS SECURE PHAR-
MACY(IST) PLUS, AMERICAN SERVICE GROUP INC.
AND AGENT(S). IN COMPLAINT.


      PURSUANT TO THE CONNECTICUT CIVIL RULES OF THE
COURT, THE PLAINTIFF IN THIS CASE, OFFERS A
REPLY TO DEFENDANT(S), SECURE PHARMACIST PLUS,
AMERICAN SERVICE GROUP INC. AND AGENTS, IN COM-
PLIANCE WITH AII THE CIVIL RULES AND PROCEDURES
AND LOCAL RULES.
      THE PLAINTIFF IN THIS CASE SUBMITTED A MOTION
IN OPPOSITION TO THE DEFENDANT(S) SECOND MOTION
ON DECEMBER 1st, 2003, THE DEFENDANT(S) DID REPLY TO
THE PLAINTIFF MOTION ON DECEMBER 19, 2003.
      THE DEFENDANT(S) CLAIMS THAT AMERICAN SERVICE

GROUP INC IS NOT A DEFENDANT.

PLAINTIFF CLAIM ON HIS AMENDED COMPLAINT THAT AMERICAN SERVICE GROUP INC. AND AGENT(S), IS A " PUBLICLY TRADED STOCK COMPANY", AND THAT "SECURE PHARMACIST PLUS IS OWNED BY A PARENT CORPORATION AMERICAN SERVICE GROUP INC. ARE RESPONSIBLE FOR ALL MEDICATIONS SENT TO PRISON."

PRISON OFFICIALS HAVE A BINDING CONTRACT WITH AMERICAN SERVICE GROUP INC. AGENT(S), SECURE PHARMACIST PLUS TO SECURE INMATES' HEALTH ON PRESCRIBING THE RIGHT MEDICATIONS, AND DISTRIBUTION ON MEDICATIONS FOR INMATES' IN THE CONNECTICUT PRISON SYSTEM. ALSO "AMERICAN SERVICE GROUP INC., IS A CORPORATION UNDER THE SAME RULES AS SECURE PHARMACIST PLUS AND AGENT(S)"

PLAINTIFF DAVILA HAS ALSO BEEN SEEKING DISCOVERY FROM THE DEFENDANT(S) TO COMMENCED ANY THIRD-PARTY PRACTICE AND SOUGHT TO JOIN ADDITIONAL PERSONS NEEDED FOR JUST ADJUDICATION OR JOINED OTHER PARTIES UNDER THE FEDERAL RULES OF CIVIL PROCEDURES, BUT AT THE SAME TIME PLAINTIFF IS IN A "GREAT DISADVANTAGES" BECAUSE DEFENDANTS ARE HOLDING, DENEING PLAINTIFF DISCOUERY IN FULL. (SEE ATTACHED PLAINTIFF REPLY MOTIONS).

FURTHERMORE, PLAINTIFF HAS REQUESTED OR SENT A REQUEST FOR WAIVER OF SERVICE TO AMERICAN SERVICE GROUP INC. AND AGENTS IN MORE THAN 2 OCCATIONS.

PLAINTIFF AGAIN HAS RE-SUBMITTED A REQUEST FOR WAIVER OF SERVICE TO AMERICAN SERVICE GROUP INC. AND AGENT(S), THROUGHOUT THE COURT FOR DISPOSITION.

ACCORDINGLY, YOUR HONORABLE COURT SHOULD CONSIDER AMERICAN SERVICE GROUP INC. AGENT(S), SECURE PHARMACY PLUS, PHARMACIST AS A DEFENDANT(S).

PLAINTIFF NOEL DAVILA, AGAIN REINCORPORATES All THE ARGUMENTS, 8th AMENDMENT OF THE UNITED STATES CONSTITUTION TO BE FREE FROM THE INFLICTION OF UNNECESSARY PAIN "CRUEL AND UNUSUAL PUNISHMENT" THAT THE CONSTITUTION DOES NOT ALOUD IT, CIVIL RIGHTS "UNDER COLOR OF STATE LAW", "CONSPIRACY CLAIMS", "PHARMACIST NEGLIGENCE", "PHARMACIST PROFFESSIONAL MALPRACTICE", DEFENDANT(S) ACTS, POLICIES, PRACTICES, PROCEDURES WERE NOT EXERCISE BY THE DEFENDANT(S), WICH GAVE THE PLAINTIFF THE "WRONG-MEDICATION" ORDERED BY THE PRISON DOCTOR, WICH PLAINTIFF WAS ALLERGIC TO.

PLAINTIFF, AGAIN REINCORPORATES All DEFEN-DANT(S) INVOLVE IN THE INCIDENT WICH ARE AMERICAN SERVICE GROUP INC. AND AGENT(S), SECURE PHARMACY PLUS AND PHARMACIST, THEIR ACTIONS FROM THE DE-FENDANT(S) AND AGENT(S), PHARMACIST SUBJECTED THE PLAINTIFF TO A GREAT NUMBER OF SIDE-EFFECT, "INDIGNI-TIES DISGRACE, HUMILIATION, PHYSICAL, MENTAL ANGUISH, FRIGHT, SHOCK, EMBARRASSMENT, MORTIFICATION, DIZZI-NESS, MIND GOING BLANCK, DIARRHEA, NAUSEA, VOMITING, CONSTANTLY AND OTHER RELATED STOMACH PAIN DISORDER INCLUDING HAND AND BODY TREMBLING" AS IF FULLY INCORPORATED HEREIN.

FIRST THE CLAIMED DEPRIVATION MUST BE CAUSED BY ANOTHER'S EXERCISE OF A RIGHT OR PRIVILEGED CREATED

OR IMPOSE BY THE STATE, OR UNDERTAKEN BY A PERSON WHOM THE STATE IS RESPONSIBLE. SEE id: SECOND UNDER THE FACTS OF THE INSTANT CASE, THE PARTY MUST BE FAIRLY CHARACTE- RIZED AS A STATE ACTOR SEE ALSO AM. MFRS. MUT. INST. CO. V. SULLIVAN 526 U.S. 40, 50 (1999).

THE SUPREME COURT HAS PROVIDED AT LEAST THREE EXAMPLES OF CONDUCT THAT SATISFY THE "UNDER COLOR OF STATE LAW" REQUIREMENT OF § SEC. 1983.

1) 1st FIRST, THE COURT HAS HELD THAT "[M]IS- USE OF POWER, POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH THE AUTHORITY OF STATE LAW." U.S. V. CLASSIC, 313 U.S. 299, 326 (1941).

2) 2ND SECOND, THE COURT HAS HELD THAT TO ACT UNDER COLOR OF STATE LAW, A DEFENDANT NEED NOT TO BE A AN OFFICER OF THE STATE; IT IS SUFFICIENT THAT HE OR SHE "IS WILLFULL PARTICIPANT IN JOINT ACTI- VITY WITH THE STATE OR ITS AGENTS." ADICKES V. SH KRESS & CO. 398 U.S. 144, 152 (1970) SEE ALSO BRENT- WOOD ACAD. V. TENN. SECONDARY SCH. ATHLETICS ASSOC. 531 U.S. 288, 298 (2001.) ATHLETIC ASSOCIATION WAS A STATE ACTOR BECAUSE ITS NOMINALLY PRIVATE CHARACTER WAS "OVERBORNE BY THE PERVASIVE ENTWINEMENT OF PUBLIC INSTITUTIONS AND PUBLIC OFFICIALS IN ITS COMPOSITION AND WORKING. SEE E.G. ABBOTT V. LATSHAW, 164 F. 3d 141, 147-48 (3rd CIRC. 1999) (PRIVATE PARTY WHO CONSPIRES WITH STATE ACTORS TO DEPRIVE ANOTHER OF CONSTITUTIONAL RIGHTS ACTS UNDER COLOR OF STATE LAW):

JENSEN V. LANE COUNTY 222 F.3d. 570, 574-75 (9th Cir. 2000),
ANAYA V. CROSS ROADS MANAGED CARE SYST. 195 F.3d 584, 596
(10th Cir 1998). (PRIVATE DETOXIFICATION FACILITY
CONSIDERED STATE ACTOR WHEN WORKING IN CONJUCTION WITH
OFFICIAL STATE ACTORS TO illEGALLY DETAIN INDIVIDUALS
IN THE FACILITY). CORR. SERVS. CORP. V. MALESKO 122 S. Ct. 515 (2001)

3) 3RD THIRD, THE COURT HAS HELD THAT PRIVATE
PERSONS WHO ARE AUTHORIZED TO EXERCISE STATE AU-
THORITY ARE DEEMED TO BE ACTING "UNDER COLOR
OF STATE LAW", WEST V. ATKINS, 487, U.S. 42, 54-
55 (1988). IN ATKINS, THE COURT HELD A PRIVATE PHYSI-
CIAN UNDER CONTRACT WITH NORTH CAROLINA TO PROVIDE
MEDICAL SERVICES FOR PRISONERS' WAS ACTING "UNDER
COLOR OF STATE LAW", Id AT 57 SEE E.G. CONNER V.
DONNELLY, 42 F.3d. 220, 225 (4th Cir.) (PRIVATE PHYSICIAN
WAS ACTING UNDER COLOR OF STATE LAW BECAUSE TREATING
PRISONER UNDER REFERRAL FROM PRISON PHYSICIAN). STR-
EET V. CORRS. OF A.M. 102 F.3d 810, 814 (6th Cir. 1996). (
WARDEN CORRECTIONS OFFICER AND DETENTION FACILITY
RUN BY PUBLICLY-HELD CORPORATION WERE ACTING
"UNDER COLOR OF STATE LAW", BECAUSE OPERATING PRISON
IS TRADITIONAL STATE FUNCTION). PAYTON V. RUSH-PRE-
BYSTERIAN-St LUKES MED. Ctr. 184 F.3d 623, 630 (7th
Cir. 1999). ((PRIVATE SECURITY PERSONNEL WERE ACTING
UNDER COLOR OF STATE LAW BECAUSE STATE GRANTED
THEM VIRTUALLY SAME POWERS AS PUBLIC POLICE
OFFICERS.

THE U.S. SUPREME COURT HAS STATED IN A

Ruling very strongly in two cases involving prisoners', suits under sec. 1983.

Cruz v. Beto, 405 O.S. 319, Hines v. Kerner, 404 U.S. 519. In Cruz the court said that a complaint " should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim wich would entitied him to releif 405 U.S. 332 quoting from Conley v. Gibson, 355 U.S. 41, 45-46 In Haines the court added that in considering a motion to dismiss a "pro-se complaint" one submitted by the plaintiff for himself, without a lawyer, should be held to less stringent standards than the formal plea-ding drafeted by lawyers 404 U.S. at 520.

The releif the plaintiff seeks is a judgment in, punitive, compensatory, nominal damages, (in monetary) and declaratory judgment that all steam from the or sending the incorrect medication to plaintiff that almost "cost him his life," wich is package and sent to the prison from the defendant(s) American service group inc. Agents, Secure pharmacy plus, and pharmacist.

Wherefore, I respectfully move your honorable court to grant plaintiffs motion herein and to denied the defendant(s) motion

TO DISMISS THE DEFENDANT(S), SECURE PHARMA(cist)
PLUS, AMERICAN SERVICE GROUP INC. AND AGENT(S) IN
COMPLAINT AND/OR ANY OTHER REMEDY THE COURT DEEMS
NECESSARY AND APPROPRIATE.

## CERTIFICATION

I, NOEL DAVILA, PLAINTIFF CERTIFY THAT A TRUE
COPY OF THE FOREGOING WAS MAILED TO THE FOLLO-
WING PARTIES ON THE ___6___ DAY OF JANUARY 2004, TO:

TO: HONORABLE JUSTICES:
    M.R. MARK R. KRAVITZ (JUDGE)
    M.R. WILLIAM I. GARFINKEL (JUDGE)
        U.S. COURT HOUSE
        141 CHURCH STREET
        NEW HAVEN CT. 06510.

TO: ATTORNEY FOR THE DEFENDANT(S)
    M.R. THOMAS H. WINSLOW
        821 MAIN STREET
        FARMINGTON CT. 06032.

DATED: 1-6-2004.

BY: Noel Davila
    NOEL DAVILA-PRO-SE
    P.O. BOX 5500
    NEWTOWN CT. 06470.