UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

, PLAINTIFF

— AGAINST —

CIV NO: 302CV652(MRK)(WIG)

DATED: DECEMBER 22ND, 2003.

SECURE PHARMACY PLUS, (IST), AMERICAN SERVICE GROUP INC. AND AGENT(S).

, DEFENDANTS

PLAINTIFF REPLY MOTION/OBJECTION TO DEFENDANT(S) SECURE PHARMACIST PLUS, AMERICAN SERVICE GROUP INC. (AGENT(S)). MOTION FOR CONTINUED FAILURE TO SEND DOCUMENTS TO DEFENDANT(S) COUNSEL ON A TIMELY BASIS BASED ON DOCUMENT DATE, CERTIFICATION DATE AND; DISMISSAL, COSTS, ATTORNEY FEES, SANCTIONS AND/OR ORDERS AGAINST PLAINTIFF NOEL DAVILA FOR FAILING TO ATTEND HIS SCHEDULING DEPOSITION AND TO FILE A MOTION FOR RECONSIDERATION OR PROTECTIVE ORDER PRIOR TO HIS DEPOSITION.

PURSUANT TO THE CONNECTICUT CIVIL RULES AND PROCEDURES. THE PLAINTIFF HEREBY OBJECTS TO THE ABOVE DEFENDANTS MOTION ON THE FOLLOWING GROUNDS AND POINTS. (ATTACHED AFFIDAVIT).

DATED: DECEMBER 22ND, 2003.

PLAINTIFF,

Noel Davila
NOEL DAVILA - PRO-SE
P.O.BOX 5500
NEWTOWN CT. 06470.

2

## STATEMENT OF FACTS

ON-OCTOBER 10, 2003 DEFENDANT(S) SECURE PHARMACIST PLUS, AMERICAN SERVICE GROUP INC. AND AGENT(S) FILED A MOTION TO TAKE DEPOSITION OF PRISONER AND PLAINTIFF NOEL DAVILA.

THAT MOTION WAS GRANTED IN A DECISION OF HONORABLE JUSTICE MAGISTRATE WILLIAM I. GARFINKEL SIGNED ON NOVEMBER 12, 2003.

ON-NOVEMBER 24, 2003, PLAINTIFF HAS FILED A MOTION FOR RECONSIDERATION ON PLAINTIFF MOTION IN OPPOSITION OF DEFENDANTS MOTION OF DEPOSITION. ON-DECEMBER 11, 2003 AROUND 10:30AM AT GARNER CORRECTIONAL INSTITUTION, COUNSEL FOR THE DEFENDANT(S) AND THE COURT REPORTER ARRIVE AT THE INSTITUTION FOR THE DEPOSITION OF PLAINTIFF.

PLAINTIFF SHOWED COUNSEL AN SIGNED 3 PAGES MOTION WITH CERTIFICATION IN OPPOSITION OF DEFENDANT(S) MOTION OF DEPOSITION FOR THE FOLLOWING REASONS (SEE ATTACHED MOTION(S)), ON (NOVEMBER 24, 2003), FURTHERMORE PLAINTIFF HAS SERVED COUNSEL WITH ALL MOTION SUBMITTED TO THE COURT INCLUDING BUT NOT LIMITED WITH THE MOTION FOR RE-CONSIDERATION IN A TIMELY MATTER.

PLAINTIFF DID FILE THE MOTION FOR RE-CONSIDERATION WITHIN 10 DAYS OF THE FILING OF THE DECISION OR ORDER FROM WICH RELIEF IS SOUGHT AS REQUIRE BY LOCAL R. CIV. P. 9(e).

PLAINTIFF RECEIVE THE HONORABLE JUSTICE MAGISTRATE WILLIAM I. GARFINKEL ORDER AND RULING ON NOVEMBER 16, 2003, IT WAS 7 DAYS LATER NOVEMBER 24,

2003, THAT PLAINTIFF FILE HIS MOTION FOR RE-CONSIDERATION, NOT INCLUDING WEEKENDS AS PER YOUR HONORABLE COURT CALENDER, ONCE PLAINTIFF PLACE HIS LEGAL CORRESPONDENCE ON THE MAIL BOX, ITS UP-TO CUSTODY TO TAKE THE PROPER MEASURES, PROCEDURES ON HANDLING THE MAIL. (SEE ATTACHED LETTER FROM THE MAIL ROOM).

THE NOVEMBER 12, 2003 DECISION OF HONORABLE JUSTICE MAGISTRATE GARFINKEL STATES "THAT THE DEFENDANT(S) MOTION FOR EXTENTION OF SCHEDULING ORDERS FROM OCTOBER 27, 2003 TO NOVEMBER 27, 2003 TO TAKE THE DEPOSITION OF PLAINTIFF NOEL DAVILA.

SECTION 2 OF THAT ORDER INDICATED THAT ALL DISCOVERY UNDER FED. R. CIV. P. 26 THROUGH 37 SHALL BE COMPLETED BY OCTOBER 27, 2003, THE DEFENDANTS MOVES TO EXTEND THE DISCOVERY DEADLINE FOR AN ADDITIONAL 30 DAYS UNTIL NOVEMBER 27, 2003 TO COMPLETE THE PLAINTIFF DEPOSITION THAT IS CURRENTLY SCHEDULE FOR "NOVEMBER 14, 2003", NOT "DECEMBER 11, 2003."

THE DEFENDANT(S) COUNSEL, ATTORNEY M.R. THOMAS H. WINSLOW PURSUANT TO FED.R. CIV. P. HEREBY GIVES NOTICE THAT THE ATTORNEY WILL TAKE OF PLAINTIFF, NOEL DAVILA, ON FRIDAY NOVEMBER 14, 2003 AT 9:30 AM AT GARNER CORRECTIONAL INSTITUTION, 50 NUNNAWAUK R.d. NEWTOWN CONNECTICUT, 06470 BEFORE A NOTARY PUBLIC OR OTHER PROPER PERSON WHO WILL STENOGRAPHICALLY RECORD THE DEPOSITION.

ATTORNEY FOR THE DEFENDANT(S) M.R. THOMAS H. WINSLOW

NEVER SHOWED UP OR COMPLY WITH THE COURT ORDER TO DEPOSE THE PLAINTIFF ON FRIDAY NOVEMBER 14, 2003.

DEFENDANT(S) COUNSEL NEVER WROTE OR EXPLAINED PLAINTIFF ANY REASON(S) WHY THEY DID NOT APPEAR.

THE DEFENDANT(S) MOTION FOR EXTENTION OF TIME OF SCHEDULING ORDERS HAS EXPIRE AND WAS NEVER RENEW OR RE-SUBMITTED TO YOUR HONORABLE COURT.

WHEN COUNSEL FOR THE DEFENDAT(S), THOMAS H. WINSLOW AND THE COURT REPORTER ARRIVED FOR THE DEPOSITION ON DECEMBER 11, 2003 AT 10:30 A.M. AT GARNER CORRECTIONAL INSTITUTION, PLAINTIFF HAS MADE THEM AWARE AND EXPLAINED EVERYTHING REGARDING ALL LEGAL MATTERS AND CONCERNS TO THE COUNSEL.

42 U.S.C. § 1988. SEE ALSO HENSLEY V. ECKERHART, SUPRA NOTE 506; KNIGHTON V. WATKINS; id AT 798-99, AND CASES CITED. MAINE V. THIBOUTOT, 448, U.S. 1, 100 S.Ct. 2502 (1980); MAHER V. GAGNE, 448 U.S. 122, 100 S.Ct. 2570 (1980). SEE generally LARSON, FEDERAL COURT AWARDS OF ATTORNEYS FEES (HARCOURT BRACE JOVANOVICH, PUBLISHERS, 1981.

S. REP. NO. 94-1011, 94th CONG., 2d. SESS., 5 (1976). PLAINTIFF MAY BE DEEMED TO HAVE PREVAILED NOT ONLY THROUGH FINAL JUDGMENT BUT ALSO THROUGH SETTLEMENTS AND CONSENT DECREES, THROUGHT VOLUNTARY COMPLIANCE BY THE DEFENDANTS WHERE THE PLAINTIFFS LAWSUIT CAN FAIRLY BE VIEWED AS HAVING PROVIDED THE

CATALYST FOR DEFENDANT(S)' ACTIONS, AND EVEN THROUGH POST- AND SOMETIMES PRE-LAWSUIT ADMINISTRATIVE PROCEEDING. LARSON, "ATTORNEYS FEES — MAYOR ISSUES," REPRESENTING PRISONERS, p. 930 (PRACTICING LAW INSTITUTE, 1981).

OWENS-EL V. ROBINSON, 694 F. 2d 941 (3d cir. 1982); PITTS V. VAUGHN, 679 F. 2d 311 (3d cir 1982); CROOKER V. U.S. DEPARTMENT OF JUSTICE, 632 F. 2d 916 (1st cir. 1980)(FOIA); DAVIS V. PARRAT, 608 F. 2d 717 (8th cir 1979); HANNON V. SECURITY NATIONAL BANK, 537 F. 2d 327 (9th cir. 1976)(TRUTH IN LENDING ACT);

PORTER V. WINDHAM, 550 F. Supp. 687 (W.D. OKLA. 1981), CONTRA, COX V. U.S. DEPARTMENT OF JUSTICE, 601 F. 2d 1 (D.C. cir. 1979)(FOIA).

SEVERAL COURTS HAVE ALLOWED FEES TO PRO-SE LITIGANTS WHO NOT ONLY ACTED AS THEIR OWN ATTORNEY BUT IN FACT WERE ATTORNEYS. AND FAILURE TO RULE MY WAY WILL RESULT IN UNFAIRNESS OR INJUSTICE IN THIS CASE.

WHEREFORE, I RESPECTFULLY MOVE YOUR HONORABLE COURT TO DENIED THE DEFENDANT(S) AND AGENT(S) MOTION AND TO IMPOSED SANCTIONS AGAINST DEFENDANT(S) FOR ANNOYING HARRASSING THE COURT, PLAINTIFF, AND AWARD PLAINTIFF COSTS, ATTORNEY'S FEES AND OR ANY OTHER REMEDY THE COURT DEEMS APPROPRIATE.

DATE: DECEMBER 22ND, 2003.

PLAINTIFF, Noel Davila

NOEL DAVILA-PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT.

NOEL DAVILA  
, PLAINTIFF

—AGAINST—

SECURE PHARMACIST PLUS, AMERICAN SERVICE GROUP INC. AND AGENT(S).  
, DEFENDANT(S)

CIV NO: 3:02:652 (M.RK)(W.I.G).

DATE: DECEMBER 22ND, 2003.

## AFFIDAVIT

I, THE PLAINTIFF, NOEL DAVILA DECLARES UNDER THE PENALTY OF PERJURY, PURSUANT TO 28. U.S.C. § 1746, 18. U.S.C. 1621, THAT I AM THE PLAINTIFF IN THE ABOVE CAPTION CASE, UNSWORN DECLARATION. (SEE ATTACHED MOTIONS).

PLAINTIFF CONTENDS THAT THIS CORRECTIONAL INSTITUTION DOES NOT TREAT MAIL TO LAWYERS THE SAME AS MAIL TO THE COURT.

PLAINTIFF IS INCARCERRATED AND CAN NOT CONTROL THE MAIL-ROOM, PLAINTIFF FURTHER CONTENDS THAT HE HAS SENT THE DEFENDANT(S), ATTORNEY THOMAS H. WINSLOW COPIES OF ALL MOTIONS SENT TO THE COURT, AND THAT COUNSEL IS ATTEMPTING TO DEVIATE, TWIST THE FACTS IN HIS FAVOR (SEE THE DEFENDANT(S) MOTION IN WICH THEY ATTACHED ALL PLAINTIFF MOTIONS ON 12-19-2003.)

ATTORNEY FOR THE DEFENDANT(S), M.R. THOMAS H. WINSLOW, LLC. IS A OFFICER OF YOUR HONORABLE COURT WHO'S TOOK AN OATH AND HE IS

is a compulsing liar, and contradicting himself.

Plaintiff objects to the Defendant(s) desperate cry for sanctions, costs, attorney's fees and or any other remedy.

Plaintiff is a Pro-se and is not entitled to award of attorney fees, even if successful in his civil rights action. See— Gonzalez v. Kangas; 814 F.2d.1411 (1987).

Plaintiff is (Pro-se and incarcerated and only has to delivere all legal mail or other wise to prison authorities for mailing, rather than by actually filing with clerk of court's as is generally require, Plaintiff has complied at all times. See La Bounty v. Adler; 933 F.2d. 121 (2ND Cir 1991).

Plaintiff ask and pray to your Honorable Court to take under consideration that he is Pro-se and that his complaint be given a fair and meaninful consideration, and be liberally construed inartfully pleaded. See. Talley v. Lane; 13 F3d. 1031 (7th Cir 1994).

Plaintiff has / is "attempting to litigate in good faith" and request your Honorable to impose sanctions against the Defendant(s) for lying to the court, in bad faith, harrassing and falsely acussing Plaintiff is not complying.

Plaintiff pray's to your Honorable Court to dismiss the Defendant(s) request for sanctions, costs, attorney's fee, and/or any other remedies as frivolous and in bad faith, wholly without merit done with

EVIL EYE AND UNEVEN HAND.

PLAINTIFF HAS NOT BEEN ABLE TO OBTAIN DISCOVERY FROM THE DEFENDAT(S) ATTORNEY DUE TO OBJECTIONS TO All PLAINTIFFS DISCOVERY ISSUES.

PLAINTIFF DECLARES UNDER PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT; PURSUANT TO 28.U.SC. § 1746; 18 U.SC. 1621.

DATED: 12-22-2003.

*Noel Davila*
NOEL DAVILA - PRO-SE.

WHEREFORE, I RESPECTFULLY MOVE YOUR HONORABLE COURT TO IMPOSE A SANCTIONS AGAINST DEFENDANT(S) ATTORNEY'S, THEY HAVE BROKE THEIR OWN OATH, AND TO AWARD MONEY DAMAGES TO THE COURT, AND PLAINTIFF.

## CERTIFICATION

I, NOEL DAVILA PLAINTIFF CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED TO THE FOLLOWING ON THE 22ND DAY OF DECEMBER 2003 TO:

TO: HONORABLE JUSTICES:
  MR. MARK R. KRAVITZ (JUDGE)
  MR. WILLIAM I. GARFINKEL (JUDGE).
  U.S. COURTHOUSE.
  141 CHURCH ST.
  NEW HAVEN CT. 06510.

TO: ATTORNEY'S FOR THE DEFENDANT(S)
  MR. THOMAS H. WINSLOW.
  321 MAIN STREET
  FARMINGTON CT. 06032.

DATED: 12-22-03.

By: *Noel Davila*
NOEL DAVILA
P.O. BOX 5500
NEWTOWN CT. 06470.



# Inmate Request Form
**Connecticut Department of Correction**

CN 9602
Rev. 1/8/02

**Inmate Name** NOEL DAVILA

**Inmate no.** 212726

**Facility** GARNER

**Housing unit** A-218

**Date** 8-14-03

**Request** (TO: MAIL CLERK): I AM WRITING YOU REGARDING A LEGAL CORRESPONDENCE THAT I HAVE RECIEVE ON 8-14-03, THIS IS THE 3RD TIME (Really!!) THAT MY OUTCOMING LEGAL MAIL HAS BEEN TAMPER WITH, THIS IS OUTSDIDE OF THE SCOPE OF THE PRISONS RULES AND REGULATIONS, PLEASE DO NOT OPEN MY LEGAL OR PRIVILEGED CORRESPONDENCE, AND DON'T HOLD MY LEGAL MAIL.

(continue on back if necessary)

**Previous Action Taken**

SINCERELY YOURS,

C.C. File    [signature]

(continue on back if necessary)

**Submitted to**

**Date**

**Acted on by**

**Action Taken and/or Response** For your information No one here opens legal mail or hold it for that matter. what goes on after mail leaves the mailroom is out of my hands legal mail is done daily and sometimes it may come inter office opened

(continue on back if necessary)

**Response to Inmate Date** 8-15-03

**Staff Member Signature** mailclerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV NO: 302CV652(M.R.K)(W.IG)

NOEL DAVILA
,PLAINTIFF

DATE: JANUARY 6, 2004.

- AGAINST -

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S).
, DEFENDANT(S)

PLAINTIFFS REPLY MOTION/MEMORANDUM DENIEING THE DEFENDANTS MOTION TO DISMISS THE DEFENDANTS SECURE PHARMACY(IST) PLUS, AMERICAN SERVICE GROUP INC. AND AGENT(S). IN COMPLAINT.

Pursuant to the Connecticut Civil Rules of the Court, the plaintiff in this case, offers a Reply to Defendant(s), Secure Pharmacist Plus, American Service group inc. and Agents, in compliance with all the civil rules and procedures and local rules.

The plaintiff in this case submitted a motion in opposition to the defendant(s) second motion on December 1st, 2003, the defendant(s) did reply to the plaintiff motion on December 19, 2003.

The defendant(s) claims that American Service

GROUP INC IS NOT A DEFENDANT.

PLAINTIFF CLAIM ON HIS AMENDED COMPLAINT THAT AMERICAN SERVICE GROUP INC. AND AGENT(S), IS A " PUBLICLY TRADED STOCK COMPANY", AND THAT "SECURE PHARMACIST PLUS IS OWNED BY A PARENT CORPORATION AMERICAN SERVICE GROUP INC. ARE RESPONSIBLE FOR ALL MEDICATIONS SENT TO PRISON."

PRISON OFFICIALS HAVE A BINDING CONTRACT WITH AMERICAN SERVICE GROUP INC. AGENT(S), SECURE PHARMACIST PLUS TO SECURE INMATES' HEALTH ON PRESCRIBING THE RIGHT MEDICATIONS, AND DISTRIBUTION ON MEDICATIONS FOR INMATES' IN THE CONNECTICUT PRISON SYSTEM. ALSO "AMERICAN SERVICE GROUP INC., IS A CORPORATION UNDER THE SAME RULES AS SECURE PHARMACIST PLUS AND AGENT(S)".

PLAINTIFF DAVILA HAS ALSO BEEN SEEKING DISCOVERY FROM THE DEFENDANT(S) TO COMMENCED ANY THIRD-PARTY PRACTICE AND SOUGHT TO JOIN ADDITIONAL PERSONS NEEDED FOR JUST ADJUDICATION OR JOINED OTHER PARTIES UNDER THE FEDERAL RULES OF CIVIL PROCEDURES, BUT AT THE SAME TIME PLAINTIFF IS IN A "GREAT DISADVANTAGES" BECAUSE DEFENDANTS ARE HOLDING, DENEING PLAINTIFF DISCOVERY IN FULL. (SEE ATTACHED PLAINTIFF REPLY MOTIONS).

FURTHERMORE, PLAINTIFF HAS REQUESTED OR SENT A REQUEST FOR WAIVER OF SERVICE TO AMERICAN SERVICE GROUP INC. AND AGENTS IN MORE THAN 2 OCCATIONS.

PLAINTIFF AGAIN HAS RE-SUBMITTED A REQUEST FOR WAIVER OF SERVICE TO AMERICAN SERVICE GROUP INC. AND AGENT(S). THROUGHOUT THE COURT FOR DISPOSITION.

Accordingly, your Honorable Court should consider American Service Group Inc. Agent(s), Secure Pharmacy Plus, Pharmacist as a Defendant(s).

Plaintiff Noel Davila, again reincorporates all the arguments, 8th Amendment of the United States Constitution to be free from the infliction of unnecessary pain "CRUEL AND UNUSUAL PUNISHMENT" that the Constitution does not aloud it, civil rights "UNDER COLOR OF STATE LAW", "CONSPIRACY CLAIMS", "PHARMACIST NEGLIGENCE", "PHARMACIST PROFFESSIONAL MALPRACTICE", Defendant(s) ACTS, POLICIES, PRACTICES, PROCEDURES were not exercise by the Defendant(s), wich gave the Plaintiff the "WRONG-MEDICATION" ordered by the prison doctor, wich Plaintiff was allergic to.

Plaintiff, again reincorporates all Defendant(s) involve in the incident wich are American Service Group Inc. and Agent(s), Secure Pharmacy Plus and Pharmacist, their actions from the Defendant(s) and Agent(s), Pharmacist subjected the Plaintiff to a great number of side-effect, "INDIGNITIES DISGRACE, HUMILIATION, PHYSICAL, MENTAL ANGUISH, FRIGHT, SHOCK, EMBARRASSMENT, MORTIFICATION, DIZZINESS, MIND GOING BLANCK, DIARRHEA, NAUSEA, VOMITING, constantly and other related STOMACH PAIN DISORDER including HAND AND BODY TREMBLING," as if fully incorporated herein.

First the claimed deprivation must be caused by another's exercise of a right or privileged created

OR IMPOSE BY THE STATE, OR UNDERTAKEN BY A PERSON WHOM THE STATE IS RESPONSIBLE. SEE id; SECOND UNDER THE FACTS OF THE INSTANT CASE, THE PARTY MUST BE FAIRLY CHARACTERIZED AS A STATE ACTOR SEE ALSO AM. MFRS. MUT. INS. CO. V. SULLIVAN 526 U.S. 40, 50 (1999).

THE SUPREME COURT HAS PROVIDED AT LEAST THREE EXAMPLES OF CONDUCT THAT SATISFY THE "UNDER COLOR OF STATE LAW" REQUIREMENT OF § SEC. 1983.

1) 1st FIRST, THE COURT HAS HELD THAT "[M]IS-USE OF POWER, POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH THE AUTHORITY OF STATE LAW." U.S. V. CLASSIC, 313 U.S. 299, 326 (1941).

2) 2ND SECOND, THE COURT HAS HELD THAT TO ACT UNDER COLOR OF STATE LAW, A DEFENDANT NEED NOT TO BE A AN OFFICER OF THE STATE; IT IS SUFFICIENT THAT HE OR SHE "IS WILLFULL PARTICIPANT IN JOINT ACTIVITY WITH THE STATE OR ITS AGENTS." ADICKES V. SH KRESS & CO. 398 U.S. 144, 152 (1970) SEE ALSO BRENTWOOD ACAD. V. TENN. SECONDARY SCH. ATHLETICS ASSOC. 531 U.S. 288, 298 (2001.) ATHLETIC ASSOCIATION WAS A STATE ACTOR BECAUSE ITS NOMINALLY PRIVATE CHARACTER WAS "OVERBORNE BY THE PERVASIVE ENTWINEMENT OF PUBLIC INSTITUTIONS AND PUBLIC OFFICIALS IN ITS COMPOSITION AND WORKING. SEE e.g. ABBOTT V. LATSHAW, 164 F. 3d 141, 147-48 (3d CIRC. 1998) (PRIVATE PARTY WHO CONSPIRES WITH STATE ACTORS TO DEPRIVE ANOTHER OF CONSTITUTIONAL RIGHTS ACTS UNDER COLOR OF STATE LAW);

Jensen v. Lane County 222 F.3d. 570, 574-75 (9th cir. 2000); Anaya v. Cross Roads Managed Care Syst. 195 F.3d. 584, 596 (10th cir 1998). (Private Detoxification Facility considered state actor when working in conjuction with official state actors to illegally detain individuals in the facility). Corr. Servs. Corp. v. Malesko 122 S.Ct. 515 (2001)

3) 3RD THIRD, the court has held that private persons who are authorized to exercise state authority are deemed to be acting "UNDER COLOR OF STATE LAW". West v. Atkins, 487, U.S. 42, 54-55 (1988). In Atkins, the court held a private physician under contract with North Carolina to provide medical services for prisoners' was acting "UNDER COLOR OF STATE LAW", Id at 57 See e.g. Conner v. Donnelly, 42 F.3d. 220, 225 (4th cir.) (Private physician was acting under color of state law because treating prisoner under referral from prison physician). Street v. Corrs. of A.M. 102 F.3d 810, 814 (6th cir. 1996). (Warden corrections officer and detention facility run by publicly-held corporation were acting "UNDER COLOR OF STATE LAW", because operating prison is traditional state function). Payton v. Rush-Presbyterian-St Lukes Med. Ctr. 184 F.3d 623, 630 (7th cir. 1999). (Private security perssonnel were acting under color of state law because state granted them virtually same powers as public police officers.

The U.S. Supreme Court has stated in a

Ruling very strongly in two cases involving prisoners' suits under Sec. 1983.

<u>CRUZ V. BETO</u>, 405 U.S. 319, <u>HINES V. KERNER</u>, 404 U.S. 519. In Cruz the Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim wich would entitied him to releif 405 U.S. 332 quoting from <u>CONLEY V. GIBSON</u>, 355 U.S. 41, 45-46 In Haines the Court added that in considering a motion to dismiss a "pro-se complaint" one submitted by the plaintiff for himself, without a lawyer, should be held to less stringent standards than the formal pleading drafeted by lawyers 404 U.S. at 520.

The releif the plaintiff seeks is a judgment in, punitive, compensatory, nominal damages, (in monetary) and declaratory judgment that all steam from the or sending the incorrect medication to plaintiff that <u>almost "cost him his life,"</u> wich is package and sent to the prison from the defendant(s) American Service group inc. agents, Secure Pharmacy Plus, and Pharmacist.

Wherefore, I respectfully move your honorable court to grant plaintiffs motion herein and to denied the defendant(s) motion

TO DISMISS THE DEFENDANT(S), SECURE PHARMA(cist) PLUS, AMERICAN SERVICE GROUP INC. AND AGENT(S) IN COMPLAINT AND/OR ANY OTHER REMEDY THE COURT DEEMS NECESSARY AND APPROPRIATE.

## CERTIFICATION

I, NOEL DAVILA, PLAINTIFF CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED TO THE FOLLOWING PARTIES ON THE __6__ DAY OF JANUARY 2004 TO:

TO: HONORABLE JUSTICES:
   M.R. MARK R. KRAVITZ (JUDGE)
   M.R. WILLIAM I. GARFINKEL (JUDGE)
      U.S. COURT HOUSE
      141 CHURCH STREET
      NEW HAVEN CT. 06510.

TO: ATTORNEY FOR THE DEFENDANT(S)
   M.R. THOMAS H. WINSLOW
      321 MAIN STREET
      FARMINGTON CT. 06032.

DATED: 1-6-2004.

BY: Noel Davila
   NOEL DAVILA-PRO-SE
   P.O. BOX 5500
   NEWTOWN CT. 06470.