FILED -1-
2004 JAN 28 P 1:43
US DISTRICT COURT
BRIDGEPORT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV NO: 302 CV 652 (M.RK)(WIG).

NOEL DAVILA
, PLAINTIFF

-AGAINST-

DATE: JANUARY 23RD, 2004.

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S), DEFENDANT(S)

PLAINTIFF MOTION OF ADDITION OR SUBS-
TITUTION OF PARTIES ADDITIONAL PARTIES-
SUMMONED IN BY COURT; ADDITION OR
SUBSTITUTION OF PARTIES - COUNTER CLAIM;
THIRD PARTIES. SUPERIOR COURT RULES - CIVIL
CASE: § 99., § 102., § 117., § 125., OR PURSUANT TO
FED.R.CIV.P. ECT..

PURSUANT TO FED.R.CIV.P. OR SUPPLEMENTAL, PENDENT JURISDICTION OVER THE PLAINTIFFS STATE LAW CLAIMS (TORT) UNDER 28 U.S.C. § 1367, THE All WRITS ACT. 28.U.SC § 1651. "AUTHORIZES COURTS TO "ISSUE All WRIT'S NECESSARY OR APPROPRIATE IN AID OF THEIR RESPECTIVE JURISDICTION AND AGREEABLE TO THE USAGES AND PRINCIPLES OF LAW". THE UNDERSIGNED PLAINTIFFS MOVE YOUR HONORABLE COURT TO TAKE NOTICE OF THE FOLLOWING:

DATED: 1-23RD-2004.

BY: Noel Davila
NOEL DAVILA
P.O. BOX 5500
NEWTOWN CT. 06470.

## Argument of Law:

### A. Superior Court Rules - Civil Case:

1 - § 99. ADDITION OR SUBSTITUTION OF PARTIES —
ADDITIONAL PARTIES SUMMONED IN BY COURT.

(a) The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in.

(b) If a person not a party has an interest or title wich the judgment will affect, the court, on his motion, shall direct him to be made a party. (See. Gen. Stat., § 52-107 and annotations). (P.B. 1963, Sec. 61.)

2 - § 102., § 117., § 125., ect, ADDITION OR SUBSTITUTION OF PARTIES COUNTER CLAIM; THIRD PARTIES. ECT.

(a) When a counterclaim raises questions affecting the interests of third parties, the defendant(s) may, and if require by the court shall, cause such parties to be summoned in as parties to such suit. (See. Gen. Stat. § 52-110 and annotations). (P.B. 1963, Sec. 64).

3. Plaintiff has also been seeking discovery from the defendant(s) to commenced any third-party practice and sought to joint additional persons needed for adjudication or joined other parties under the federal rules of civil

(PROCEDURES, BUT AT THE SAME TIME PLAINTIFFS IS IN A GREAT DISADVANTAGES" BECAUSE DEFENDANTS ARE HOLDING, DENEING PLAINTIFF DISCOVERY REQUEST IN FULL. (SEE PLAINTIFF MOTION(S) FILED ON RECORDS) (A, B, C, D, E, F, G, H)(I, J,)(K.)

4. ON SEPTEMBER 16, 2003 PLAINTIFF HAD FILED A REQUEST FOR "PRODUCTION OF DOCUMENTS","REQUEST FOR DISCLOUSURE", AND "MOTION FOR INTERROGATORIES FOR PRODUCTION OF DOCUMENT(S)". ON OCTOBER 14, 2003., DEFENDANTS OBJECTED TO THE PLAINTIFF DISCOVERY IN FULL (SEE PLAINTIFF MOTIONS FILED ON RECORDS).

(a) SLAVIN V. CURRY, 690 F. 2d. 446 (5th cir. 1982); STRINGER V. ROWE, SUPRA NOTE 51; SHIELDS V. JACKSON, 570 F. 2d 284, 285 (8th cir. 1978)(INDIGENT PRISONER IN NO POSITION TO INVESTIGATE HIS CASE WHEN HE HAS SUED ARRESTING OFFICER FOR CONFISCATING PERSONAL PROPERTY:)

(b) MACLIN V. FREAKE, 650 F. 2d 885 (7th cir. 1981). SEE ALSO MURELL V. BENNETT, 615 F. 2d 306, 311 (5th cir. 1980)(DISTRICT COURT SHOULD HAVE APPOINTED COUNSEL TO AID PLAINTIFF WITH HIS DISCOVERY). SEE GORDON V. LEEKE, SUPRA NOTE 54; DRONE V. NATTO, 565 F. 2d 543 (8th cir. 1977)(COUNSEL SHOULD BE APPOINTED WHERE RECORD INDICATED PLAINTIFF SUFFERED FROM MENTAL DISEASE);

(c) LEUMI FINANCIAL CORP. V. HARTFORD ACCIDENT AND INDEMNITY CO., 295 F. Supp. 539, 544 (S.D.N.Y. 1969); 4A MOORE'S FEDERAL PRACTICE, 33.20 (1975). KOZLOWSKI V. SEARS ROEBUCK & CO., 421 U.S. 142, 95 S. Ct. 1504 (1974)(AGENCY REQUIRE TO PROVIDE RECORDS COVERING A FIVE-YEAR (PERIOD). SEE BRANCH V. PHILLIPS PETRO-

LEUM CO., 638 F.2d 873 (5th Cir. 1981) (PRODUCTION OF DOCUMENTS); UNITED STATES V. JOHNSON, 467 F.2d 630 (2d Cir. 1972) (INTERROGATORIES). SEE ALSO COGEN V. UNITED STATES, 278 U.S. 221, 223-24, 49 S.Ct. 118 (1929).

5. ON OCTOBER 20, 2003 PLAINTIFF FILE A MOTION REQUESTING PERMISSION TO THE COURT TO ORDER THE DEFENDANT(S) TO ANSWER PLAINTIFF DISCOVERY ISSUES THAT DEFENDANTS OBJECTED ON OCTOBER 14, 2003. (SEE MOTIONS ON RECORDS.) KILO V. RICKS, 983 F.2d 189, 193-94 (11th Cir. 1993).

6. ON NOVEMBER 10, 2003 PLAINTIFF RECIEVE A RESPONSE FROM THE DEFENDANTS, MOTION DATED NOVEMBER 7, 2003. [SEE EXHIBITS ATTACHED] [A, B, C, D, E, F, G, H, I, J, K.]

7. ON NOVEMBER 13, 2003 PLAINTIFFS REPLY TO DEFENDANT(S) OBJECTIONS DATED ON NOVEMBER 7, 2003, PLAINTIFF MOTION FILED ON NOVEMBER 13, 2003 ORDERING DEFENDANT(S) AND AT THE SAME TIME REQUESTING PERMISSION THROUGH THE COURT PURSUANT TO RULE 26 THROUGHOUT 37, BUT NO LIMITED RULE 45(b)(c) FOR AN ORDER "SUBPOENA DUCES TECUM" TO OBTAIN THE DISCOVERY ISSUES OR SANCTIONS.

8. UNTIL THIS DAY PLAINTIFFS HAS NOT BEEN ABLE TO OBTAIN ANY MATERIALS, DATA REGARDING DISCOVERY ISSUES AT ALL. I HAVE COOPERATED WITH THE DEFENDANT(S) INTERROGATORIES, DISCOVERY, PLAINTIFF ALSO SING A RELEASE FORM TO THE DEFENDANT(S) TO OBTAIN PLAINTIFFS MEDICAL RECORDS.

WHEREFORE, PLAINTIFFS PRAYS THAT THE WITHIN MOTION SHOULD BE GRANTED.

DATED: 1-23rd 2004.

BY: Noel Davila
NOEL DAVILA
PRO-SE

-5-

## CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED VIA FIRST CLASS POSTAGE PREPAID, THIS 23RD DAY OF JANUARY 2004 TO THE FOLLOWING:

TO: HONORABLE JUSTICES;
   MR. MARK R. KRAVITZ (U.S. DISTRICT JUDGE)
   MR. WILLIAM I. GARFINKEL (U.S. MAG. JUDGE).
      U.S. COURT HOUSE
      141 CHURCH STREET
      NEW HAVEN, CT. 06510.

TO: ATTORNEYS FOR THE DEFENDANTS.
   MR. THOMAS H. WINSLOW (LEAD ATTORNEY)
      321 MAIN STREET
      FARMINGTON CT. 06032.

DATED: 1-23-2004.

BY: Noel Davila
NOEL DAVILA - PRO SE
P.O. BOX 5500
NEWTOWN CT. 06470.