UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA                                    PRISONER
                                               CIVIL ACTION CASE NO.
                                               3:02CV652(MRK)
        Plaintiff,

V.

SECURE PHARMACY PLUS

        Defendant.                             FEBRUARY 9, 2004


DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S TWO
JANUARY 15, 2004 MOTIONS FOR APPLICATION FOR PREJUDGMENT REMEDY

Plaintiff, in a document dated January 15, 2004 and received on January 23, 2004 in an envelope dated January 22, 2004, filed one motion for application for prejudgment remedy (Copies of entire motion and envelope attached as Exhibit A). The motion received by defendant's counsel did not contain any attached exhibits despite the reference to exhibits in the second paragraph of paragraph 1. Two conversations with the clerk's office and one with the prisoner unit on January 27, 2004 revealed that plaintiff filed two motions for application for prejudgment remedy. A review of the court file on February 2, 2004 revealed the court file contained only one motion for pre-judgment remedy and there were no exhibits attached to the motion. Defendant, after independently obtaining the exhibits to the first motion from plaintiff Davila, responds as follows. Defendant Secure Pharmacy Plus opposes the motions because there is applicable insurance covering this litigation, plaintiff has not complied with the requirements of Conn. Gen. Stat. Section 52-278a et seq. as referenced in Federal Rule of Civil Procedure 64, there is a genuine issue of material fact on the claimed negligence or professional malpractice, there is evidence of

plaintiff's contributory negligence, and plaintiff, generally, cannot recover attorney's fees, litigation fees, and/or costs.

STATEMENT OF FACTS:

Plaintiff Davila's latest pleading is a June 25, 2003 Amended Complaint. The received motion for application for prejudgment remedy argues that plaintiff is entitled to a prejudgment remedy because there is probable cause that a judgment will be rendered in the matter in favor of the applicant. The alleged support for plaintiff's probable cause is a "proposed signed writ, summons, complaint and affidavit(s) submitted to your honorable court (see complaint, affidavit(s), motion(s), medical records of plaintiff". As noted above, none of these exhibits were attached to the instant motion received by defendant's counsel and no such exhibits were attached to the motion filed with the court. However, the exhibits were independently obtained from plaintiff Davila. The exhibits do not contain any medical records or affidavits.

ARGUMENTS OF LAW

A. DEFENDANT HAS INSURANCE TO COVER ANY JUDGMENT RENDERED AGAINST THE ONLY DEFENDANT, SECURE PHARMACY PLUS, AND PLAINTIFF HAS NOT COMPLIED WITH CONN. GEN. STAT. SECTION 52-278A ET SEQ.

Secure Pharmacy Plus is the only defendant for the reasons set forth in the December 19, 2003 Secure Pharmacy Plus Reply Memorandum of Law in Support of the Second Motion to Dismiss for Plaintiff's Failure to State a Cause of Acton Upon Which Relief Can Be Granted. Those arguments are incorporated herein as if fully set forth in this memorandum. American Service Group, Inc. is not a defendant. Secure Pharmacy Plus, as the only defendant, can avoid a prejudgment remedy if it can demonstrate it has insurance to cover any judgment rendered against

Secure Pharmacy Plus. Conn. Gen. Stat. Sections 52-278c (subsection e of Summons), 52-278d(a), and 52-278e(b) and (d). The existence of a policy of insurance covering this claimed personal injury of Mr. Davila is confirmed by the insurance declaration sheet attached as Exhibit B. As such, there is no reason to proceed further with this motion as there is insurance coverage.

Additionally, Fed. R. Civ. P. 64 mandates that plaintiff must comply with the law of the state in which the district court is located. In other words, plaintiff must comply with Conn. Gen. Stat. Section 52-278a et seq., the State of Connecticut statutes on prejudgment remedies. Plaintiff has not requested a hearing or prepared an order requesting a hearing as set forth in Conn. Gen. Stat. Section 52-278c(a)(3) as part of the prejudgment remedy submission. Defendant, Secure Pharmacy Plus, requests a hearing under Conn. Gen. Stat. Section 52-528c and d on the plaintiff's motion for application for prejudgment remedy for all the reason provided in this memorandum.

### B. THE STANDARD FOR RULING ON A MOTION FOR APPLICATION FOR PREJUDGMENT REMEDY IS PROBABLE CAUSE AS TO THE VALIDITY OF THE CLAIM AND PLAINTIFF HAS NOT ESTABLISHED PROBABLE CAUSE AS A MATTER OF LAW.

The standard for granting or denying a motion for application for prejudgment remedy is whether the moving party establishes, by admissible evidence, there is probable cause as to the validity of the claim and that the moving party is entitled to a prejudgment remedy as a matter of law, taking into consideration defenses against plaintiff. Conn. Gen. Stat. Section 52-278d(a). In this case, plaintiff has not attached any exhibits to the court motion. As such, plaintiff cannot establish probable cause as a matter of law.

### C. ALL THE CLAIMS BUT THE CLAIMS FOR PHARMACIST MALPRACTICE AND NEGLIGENCE WERE DISMISSED OR ARE THE SUBJECT OF A PENDING MOTION TO DISMISS

On November 8, 2002, the defendant, Secure Pharmacy Plus, moved to dismiss all counts and causes of action in plaintiff's March 25, 2002 Civil Rights Complaint file stamped April 10, 2002 and the Legal Claims in the hand-written March 25, 2002 Complaint except for the causes of action alleging negligence and pharmacist malpractice. In a decision dated June 20, 2003 and filed on June 23, 2003, The Honorable Stefan R. Underhill granted defendant's Motion to Dismiss part of the plaintiff's claims. The dismissed portions concerned all claims but the causes of action for negligence or professional malpractice. Plaintiff appealed this decision to the Second Circuit Court of Appeals and the case is still pending upon information and belief.

Plaintiff's Amended Complaint dated June 1, 2003 and filed on June 25, 2003 alleges deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment, civil rights violations under color of state law, civil rights conspiracy claim, negligence, professional malpractice, and declaratory and injunctive relief. All claims but the pharmacist malpractice and negligence are the subject of a pending November 24, 2003 second motion to dismiss. Accordingly, these claims cannot be part of the plaintiff's motion for application for prejudgment remedy as the second motion to dismiss is pending.

### D. THE ADMISSIBLE EVIDENCE ON THE CLAIMED DISTRIBUTION OF AN INCORRECT MEDICATION DOES NOT ESTABLISH PROBABLE CAUSE AS A MATTER OF LAW.

Claimant asserts in his motion for application for prejudgment remedy that Secure Pharmacy Plus distributed an incorrect medication. Paragraph 1 of January 15, 2004 Motion For Application For Prejudgment Remedy. Plaintiff Davila has not filed any acceptable admissible evidence on the claimed distribution of an incorrect medication. Even if the exhibits referenced in the motion for pre-judgment remedy are eventually filed with the court, the submitted exhibits do not establish and negligence or professional malpractice on the part of Secure Pharmacy Plus. As the

submitted evidence on the claimed negligence or professional malpractice is insufficient as to Secure Pharmacy Plus, the plaintiff's motion for application for prejudgment remedy must be denied.

### E. PLAINTIFF'S CONTRIBUTORY NEGLIGENCE IS A FACTUAL QUESTION AND A DEFENSE TO PLAINTIFF'S MOTION.

Although the pleadings have not progressed to the point where defendant has filed an answer and affirmative defenses, Secure Pharmacy Plus will assert plaintiff's contributory negligence as a defense. A prejudgment remedy must take into account known defenses. Conn. Gen. Stat. Section 52-278c, d, and e. The defense of plaintiff's contributory negligence will be based on the following: claimant's use of Paxil 20 mg before November and December of 2001 (Paxil taken in December of 1998, May of 2000 and October of 2000 and Paxil 20 mg taken in December of 1999, January of 2000, February of 2000, September of 2000, and March of 2001), and Davila's December 5, 2001 and December 12, 2001 written concerns about the change of his Paxil 20 mg medication from pink to green and whether the 20 mg green was proper. The documents, establish a factual defense that mandates denial of plaintiff's motion for application for prejudgment remedy. Furthermore, plaintiff Davila's deposition transcript, once taken and received, will also be submitted in support of this memorandum.

### F. PLAINTIFF IS NOT ENTITLED TO COSTS, ATTORNEY'S FEES OR LITIGATION FEES

As a general rule, attorney's fees are not recoverable in a prejudgment remedy unless there is an express agreement between the parties or a statute provides for their payment. State v. Bloomfield Const. Co., 126 Conn. 349 (1940). Furthermore, there is no attorney retained to represent the plaintiff as plaintiff is proceeding pro se. Lastly, costs are only recoverable by a prevailing party. It is unclear if the granting of a motion for application for prejudgment remedy

is a prevailing party. Recoverable costs are further limited to those that are taxable as provided by the rules.

CONCLUSION

For all the above reasons, the defendant requests that the plaintiff's motion for application for prejudgment remedy be denied.

DEFENDANT

SECURE PHARMACY PLUS

BY: _____

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
    Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this 9th day of February, 2004 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
P.O. Box 5500
Newtown, CT  06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT  06510

_____
Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

Exhibit A

1 OF 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA                                    CIVNO: 302 CV652 (MRK)(WIG)
        , PLAINTIFF
-AGAINST-                                      "JURY DEMAND"

                                               DATE: JANUARY 15, 2004
SECURE PHARMACY (1ST) PLUS, AMERICAN
SERVICEGROUP INC. AND AGENTS.
        , DEFENDANT(S)

MOTION FOR APPLICATION FOR PREJUDGMENT
              REMEDY

TO THE HONORABLE COURT OF THE UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT THE UNDERSIGNED REPRESENTS:

1. THAT THE PLAINTIFF HAS COMMENCE AN ACTION AGAINST THE DEFENDANT(S) SECURE PHARMACY (1ST) PLUS, AMERICAN SERVICEGROUP INC. AND AGENT(S). OF THE DISTRIBUTION OF AN INCORRECT MEDICATION GIVEN TO THE PLAINTIFF, ALSO PLAINTIFF CONSUMED, WICH HE WAS ALLERGIC TO. THE DEFENDANT(S) AT ALL TIMES WERE A CORPORATION UNDER "CONTRACT" HIRED TO PROVIDE MEDICATIONS TO THE PRISONERS ON THE CONNECTICUT DEPARTMENT OF CORRECTIONS. PURSUANT TO THE PROPOSED, SIGNED WRIT, SUMMONS, COMPLAINT AND AFFIDAVIT(S), SUBMITTED TO YOUR HONORABLE COURT (SEE COMPLAINT, AFFIDAVIT(S), MOTION(S), MEDICAL RECORDS OF PLAINTIFF.

2. THAT THERE IS A PROBABLE CAUSE THAT A JUDGMENT

-2-

will be rendered in the matter in favor of the Applicant and to secure the judgment the Applicant seeks and order from this Honorable Court directing that the following (Pre-Judgment issued to secure the sum of; $ one million dollars, two hundred and fifty thousand and including additional charges on court costs and litigation fees and other remedies that the court may deem necessary and appropriate, also attorneys' fees.

(a) To attach sufficient property of the Defendant(s) to secure the sum; $ "one million, two hundred and fifty thousand dollars".

(b) To garnishee Defendant(s) Secure Pharmacy(ist) Plus, American Service group Inc. and Agent(s). As he/she is the Agent, Trustee, Debtor of the Plaintiff and has concealed in his possession property of the Defendant(s) and is indebted to him.

(c) To seize any and all valuables things that has been paid for in full.

(d) To seize any and all pay checks from his/her workplace as well as any and all bank accounts, checks account(s), stocks, bonds and all joint accounts of all the Defendant(s).

(E) To seize any and all types of automobiles that fly or by road or sea, or rail road which is fully paid for.

(F) To seize any and all types of houses, automobile homes trailers and any type of thing which is to be lived in by a person which is fully paid for.

3. The Plaintiff request such seizure pursuant to the

-3-

CONNECTICUT GENERAL STATUTES SECTION 52-278 (a)(b)(c)(d)(e)(f)(g)(h)(i), OF CHAPTER 903a PREJUDGMENT REMEDIES IN ACCORDANCE WITH FEDERAL RULES CIVIL PROCEDURES, RULE 64.

FOR THE FOREGOING REASONS THIS COURT SHOULD GRANT THIS MOTION AND SEIZE THE ITEMS, THINGS AND VALUABLES TO PAY THE DEBT.

## CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED VIA FIRST CLASS POSTAGE PREPAID THIS 15th DAY OF JANUARY 2004 TO:

TO: ATTORNEY FOR THE DEFENDANT(S)
M.R. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032.

TO: HONORABLE JUSTICES
M.R. MARK R. KRAVITZ
M.R. WILLIAM I. GARFINKEL
U.S. COURTHOUSE
141 CHURCH STREET
NEW HAVEN CT 06510

DATED: 1-15-2004.

BY: _____
NOEL DAVILA
P.O. BOX 5500
NEWTOWN CT. 06470.

NAME: NOEL DAVILA
INMATE NUMBER: 217120
GARNER CORRECTIONAL INSTITUTION

(Privileged)
(MAIL)

(CONFIDENTIAL)

To: ATTORNEY AT LAW:
M.R. THOMAS H. WENSLOW
321 MAIN STREET
FARMINGTON CT. 06032

received 1/23/04

SOUTHERN RISK SPECIALISTS
8144 WALNUT HILL LANE
SUITE 1600
DALLAS, TEXAS 75231

*Exhibit B*

**LEXINGTON INSURANCE COMPANY**
Wilmington, Delaware
(A Stock Insurance Company)
Administrative Offices: 200 State Street, Boston, Massachusetts 02109

**HEALTHCARE PROFESSIONAL LIABILITY - CLAIMS MADE AND**
**HEALTHCARE GENERAL LIABILITY - OCCURRENCE**

### DECLARATIONS

Various provisions in the General Policy Provisions and Conditions and Coverage Parts restrict coverage. There may be both occurrence coverages and claims made coverages in this Policy. Claims made coverage is limited to liability for claims first made against an Insured during the policy period or any extended reporting period, if applicable.

Please read all General Policy Provisions and Conditions and Coverage Parts carefully to determine rights, duties, and what is and what is not covered. A complete Policy includes the Declarations, General Policy Provisions and Conditions, and the applicable Coverage Parts.

**POLICY NUMBER:** 6801364

**RENEWAL OF NUMBER:** NEW

**Item 1.** (a) FIRST NAMED INSURED: AMERICA SERVICE GROUP INC.
(b) OTHER NAMED INSURED(S):

**Item 2.** ADDRESS: 105 WESTPARK DRIVE, SUITE 200

City: BRENTWOOD         State: TN    Zipcode: 37027

**Item 3.** (a) RETROACTIVE DATE - HEALTHCARE PROFESSIONAL LIABILITY
CLAIMS MADE COVERAGE PART ONLY:    7/30/1985

(b) POLICY PERIOD: From: 01/01/02    To: 01/01/03
at 12:01 a.m. Standard Time at your mailing address shown above.

(c) OPTIONAL EXTENDED REPORTING PERIOD:    NA years for NA % of the annual premium.

**Item 4.** DESCRIPTION OF OPERATIONS:

**Item 5.** LIMITS OF INSURANCE

(a) Healthcare Professional Liability
  Aggregate Limit                                              $ 3,000,000
  Each Medical Incident                                        $ 1,000,000
  Administrative Hearing Expense Limit                         $ 25,000
  Administrative Hearing Expense Aggregate Limit               $ 50,000
  Deductible                                                   $ See Self Insured Retention Endorsement
  Deductible Aggregate                                         $ N/A

(b) Healthcare General Liability
  Aggregate Limit                                              $ 2,000,000
  Products/Completed Operations Aggregate Limit                $ 2,000,000
  Each Occurrence Limit                                        $ 1,000,000
  Personal/Advertising Injury Limit                            $ 1,000,000
  Fire Damage Limit                                            $ 100,000    Each Fire
  Medical Expense Limit                                        $ N/A        Each Injured Person
  Deductible                                                   $ See Self Insured Retention Endorsement
  Deductible Aggregate                                         $ N/A

**Item 6.** PREMIUM
Premium    $8,975,000

**Item 7.** FORMS AND ENDORSEMENTS - Attached at inception

**Item 8.** PRODUCER NAME GALLAGHER HEALTHCARE INSURANCE SERVICES/HIS
ADDRESS: 820 GESSNER, SUITE 1000
City: HOUSTON          State: TX    Zipcode: 77024-1259

*Richard H. Bucilla*

Authorized Representative OR
Countersignature (in states where applicable)

74744 (12/99)
LX9213