FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAR -8 P 4: 41

US DISTRICT COURT
BRIDGEPORT CT

NOEL DAVILA

        Plaintiff,

V.

SECURE PHARMACY PLUS

        Defendant.

PRISONER
CIVIL ACTION CASE
3:02CV652(MRK)

MARCH 3, 2004

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S JANUARY 18, 2004 MOTION OF ADDITION OR SUBSTITUTION OF PARTIES

Defendant's counsel has received plaintiff's February 11, 2004 supplemental pleading on Addition or Substitution of Parties and objects to that motion for the following reasons:

1. Plaintiff still has not yet complied with any applicable federal rule of civil procedure on substitution or addition of a party or parties;

2. The time limit for adding or substituting a party or parties has expired;

3. The two-year statute of limitations for suing a new party has expired; and

4. Lastly, the plaintiff has twice been advised by counsel, Attorney Jessica J. York of the Inmates' Legal Assistance Program, on October 7, 2002 and January 8, 2003, that he does not have a valid 42 U.S.C. Section 1983 claim against private parties as there is no "acting under color of state law". October 7, 2002 letters attached as Exhibit W and January 8, 2003 letter attached as Exhibit Z. While Attorney York twice opines "42 U.S.C. Section 1983 and the federal constitution are inapplicable to the defendants that you have named in your complaint", plaintiff Davila nevertheless persists in attempting

to file additional 42 USC Section 1983 claims against additional parties. Page 1 of Exhibits W and Z. This is so even though Attorney York has twice advised plaintiff Davila "to withdraw your Section 1983 suit". Page 1 of Exhibits W and Z.

CONCLUSION

For all the above reasons, the defendant requests that the plaintiff's motion for addition or substitution of parties be denied.

DEFENDANT

SECURE PHARMACY PLUS

BY: _____

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
    Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this 3rd day of March, 2004 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
P.O. Box 5500
Newtown, CT 06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

**LAW OFFICES
OF
SYDNEY T. SCHULMAN**

**INMATES' LEGAL ASSISTANCE PROGRAM**

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

October 7, 2002

Mr. Noel Davila
#212726
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Davila:

    Thank you for your letter dated July 24, 2002, received on July 29, 2002; wherein, you included a §1983 lawsuit which you have filed against Secure Pharmacy Plus.

    Mr. Davila, in your complaint, you have not alleged any wrongdoing by any employee of the DOC, or of the State. Rather, you have alleged that the pharmacy and its pharmacist violated your constitutional rights by sending the wrong medication to the facility.

    Unfortunately, Mr. Davila, 42 U.S.C. §1983 applies to parties acting "under color of state law." A §1983 plaintiff clearly has a cause of action against a government official that violates his rights. A §1983 plaintiff does not have a cause of action and does not plead a cause of action against a private party. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). The defendants that you named in your complaint, Secure Pharmacy Plus, and its pharmacist, are private entities and not acting under the color of State law. Thus, 42 U.S.C. §1983 and the federal constitution are inapplicable to the defendants that you have named in your complaint.

    Mr. Davila, the appropriate method for you to pursue action against the pharmacy and pharmacist would be to file an action for negligence which caused you personal injury in the State Superior Court. I would advise you to withdraw your §1983 suit and plan to file a negligence suit. If you decide to follow my advice, you should be aware that you have two (2) years to file such a suit from the date that you were injured, or became aware of your injury. If you opt to withdraw your §1983 lawsuit and file a negligence suit in the State Superior Court, please advise me of same and ILAP will assist you in drafting the complaint for State Court.

**78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT 06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP**

Mr. Noel Davila
Page -2-
October 7, 2002

    Please find enclosed the originals of all documents included with your correspondence. I have retained copies for your ILAP file.

    I await your direction in this matter. In the interim, if you have any further questions or concerns, please contact ILAP again.

    Sincerely,

    Jessica J. York
    Attorney-at-law

**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

**INMATES' LEGAL ASSISTANCE PROGRAM**

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

January 8, 2003

Mr. Noel Davila
#212726
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Davila:

    Thank you for your letter dated October 9, 2002, received on October 15, 2002, regarding your pending §1983 lawsuit against Secure Pharmacy Plus.

    In your letter, you indicated that you believe Secure Pharmacy Plus was acting under the color of state law when they sent mislabeled medication to Northern CI, and that the pharmacy's actions violated your constitutional rights.

    As I explained in my previous letter to you, dated October 7, 2002, 42 U.S.C. §1983 applies to parties acting "under color of state law." A §1983 plaintiff clearly has a cause of action against a government official that violates his rights. A §1983 plaintiff does not have a cause of action and does not plead a cause of action against a private party. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). Simply because the pharmacy sold medication to the government, their contact with the government does not automatically make the pharmacy a government actor, as you believe. The defendants that you named in your complaint, Secure Pharmacy Plus, and its pharmacist, are private entities and not acting under the color of State law. Thus, 42 U.S.C. §1983 and the federal constitution are inapplicable to the defendants that you have named in your complaint.

    Moreover, you have not provided any evidence to ILAP that the pharmacist's actions in mislabeling the medication were intentional. Rather, it would appear that the mislabeling was an act of negligence. Thus, the pharmacist's actions would not rise to the level of a constitutional violation even if the pharmacist were a state actor, which he/she is not.

    Mr. Davila, as I have previously informed you, the appropriate method for you to pursue action against the pharmacy and pharmacist would be to file an action for negligence which caused you personal injury in the State Superior Court. I would advise you to withdraw your §1983 suit and plan to file a negligence suit. If you decide to follow my advice, you should be

Mr. Noel Davila
Page -2-
January 8, 2003

aware that you have two (2) years to file such a suit from the date that you were injured, or became aware of your injury. If you opt to withdraw your §1983 lawsuit and file a negligence suit in the State Superior Court, please advise me of same and ILAP will assist you in drafting the complaint for State Court.

For your convenience, please find enclosed a list of *pro bono* attorneys.

I await your direction in this matter. In the interim, if you have any further questions or concerns, please contact ILAP again.

Sincerely,

Jessica J. York
Attorney-at-law