FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAR -8 P 4: 41

NOEL DAVILA

                  Plaintiff,

V.

SECURE PHARMACY PLUS

                  Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(MRK)

US DISTRICT COURT
BRIDGEPORT CT

MARCH 3, 2004

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
FEBRUARY 11, 2004 MOTION FOR APPLICATION FOR PREJUDGMENT REMEDY

Plaintiff, in a document dated February 11, 2004, filed another motion for application for

prejudgment remedy (Copies of letter with motion, entire motion and envelope attached as

Exhibit A). Defendant Secure Pharmacy Plus opposes the motions because there is applicable

insurance covering this litigation, there is a genuine issue of material fact on the claimed

negligence or professional malpractice, there is evidence of plaintiff's contributory negligence,

and plaintiff, generally, cannot recover attorney's fees, litigation fees, and/or costs.

STATEMENT OF FACTS:

Plaintiff Davila's latest pleading is a June 25, 2003 Amended Complaint. The received motion

for application for prejudgment remedy argues that plaintiff is entitled to a prejudgment remedy

because there is probable cause that a judgment will be rendered in the matter in favor of the

applicant. The alleged support for plaintiff's probable cause is a February 11, 2004 affidavit of

Noel Davila that refers to Exhibits O, J, Z, W, M, N, a letter dated July 17, 2002 from I.L.A.P.

and medical files side effects; Exhibits H and I; portions of Judge Stefan Underhill's June of 2003

Ruling on Motion to Dismiss; and Request forms, Doctors notes, Grievance (a) on 12-5-2001, 12-

11-2001, 12-17-2001, 1-5-2002, 12-26-2001, 12-22-2001, etc.; plaintiff wrote a lot of requests

12-27-2001; grievance on 12-24-2001; references to records of Dr. K; January 14 and 21, 2003

statement of undisputed facts from Form 26(f) planning to meeting; and a letter from I.L.A.P.

Defendant's counsel could not locate Exhibits H, I and J, Exhibit M and N are appellate

documents, Exhibit O is Judge Stefan Underhill's June of 2003 Ruling on Motion to Dismiss,

Exhibit W is an October 7, 2002 letter from Attorney York of I.L.A.P., Exhibit Z is a January 12,

2004 letter from Attorney York of I.L.A.P., and plaintiff did not produce with his motion as

exhibits the Doctors notes, Grievance (a) on 12-5-2001, 12-11-2001, 12-17-2001, 1-5-2002, 12-

26-2001, 12-22-2001, etc.; plaintiff wrote a lot of requests 12-27-2001; grievance on 12-24-2001;

references to records of Dr. K., the July 17, 2002 letter from I.L.A.P., and the January 14 and 21,

2003 statement of undisputed facts from Form 26(f) planning to meeting.


ARGUMENTS OF LAW


    A. DEFENDANT HAS INSURANCE TO COVER ANY JUDGMENT RENDERED
    AGAINST THE ONLY DEFENDANT, SECURE PHARMACY PLUS, AND
    PLAINTIFF HAS NOT COMPLIED WITH CONN. GEN. STAT. SECTION 52-278A
    ET SEQ.

Secure Pharmacy Plus is the only defendant for the reasons set forth in the December 19, 2003

Secure Pharmacy Plus Reply Memorandum of Law in Support of the Second Motion to Dismiss

for Plaintiff's Failure to State a Cause of Acton Upon Which Relief Can Be Granted. Those

arguments are incorporated herein as if fully set forth in this memorandum. American Service

Group, Inc. and its agents et al. are not defendants. Secure Pharmacy Plus, as the only defendant,

can avoid a prejudgment remedy if it can demonstrate it has insurance to cover any judgment

rendered against Secure Pharmacy Plus. Conn. Gen. Stat. Sections 52-278c (subsection e of

Summons), 52-278d(a), and 52-278e(b) and (d). The existence of a claims-made policy of insurance covering this claimed personal injury of Mr. Davila is confirmed by the insurance declaration sheet attached as Exhibit B. As such, there is no reason to proceed further with this motion as there is sufficient insurance coverage.

### B. THE STANDARD FOR RULING ON A MOTION FOR APPLICATION FOR PREJUDGMENT REMEDY IS PROBABLE CAUSE AS TO THE VALIDITY OF THE CLAIM AND PLAINTIFF HAS NOT ESTABLISHED PROBABLE CAUSE AS A MATTER OF LAW.

The standard for granting or denying a motion for application for prejudgment remedy is whether the moving party establishes, by admissible evidence, there is probable cause as to the validity of the claim and that the moving party is entitled to a prejudgment remedy as a matter of law, taking into consideration defenses against plaintiff. Conn. Gen. Stat. Section 52-278d(a). In this case, plaintiff has attached some exhibits to the court motion. These exhibits do not establish probable cause as a matter of law.

### C. ALL THE CLAIMS BUT THE CLAIMS FOR PHARMACIST MALPRACTICE AND NEGLIGENCE WERE DISMISSED OR ARE THE SUBJECT OF A PENDING MOTION TO DISMISS

On November 8, 2002, the defendant, Secure Pharmacy Plus, moved to dismiss all counts and causes of action in plaintiff's March 25, 2002 Civil Rights Complaint file stamped April 10, 2002 and the Legal Claims in the hand-written March 25, 2002 Complaint except for the causes of action alleging negligence and pharmacist malpractice. In a decision dated June 20, 2003 and filed on June 23, 2003, The Honorable Stefan R. Underhill granted defendant's Motion to Dismiss part of the plaintiff's claims. The dismissed portions concerned all claims but the causes of action for negligence or professional malpractice. Plaintiff appealed this decision to the Second Circuit Court of Appeals and the case is still pending upon information and belief.

Plaintiff's Amended Complaint dated June 1, 2003 and filed on June 25, 2003 alleges deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment, civil rights violations under color of state law, civil rights conspiracy claim, negligence, professional malpractice, and declaratory and injunctive relief. All claims but the pharmacist malpractice and negligence are the subject of a pending November 24, 2003 second motion to dismiss. Accordingly, these claims cannot be part of the plaintiff's motion for application for prejudgment remedy as the second motion to dismiss is pending.

Lastly, one of the plaintiff's claimed grounds for a pre-judgment remedy is violation of "plaintiff's rights under the United States constitution to be free from 'cruel and unusual punishment'". Paragraph 4 of February 11, 2004 Application for Prejudgment Remedy. This claim is especially galling when the plaintiff has twice been advised by counsel, Attorney Jessica J. York of the Inmates' Legal Assistance Program, on October 7, 2002 and January 8, 2003, that he does not have a valid 42 U.S.C. Section 1983 claim against private parties as there is no "acting under color of state law". October 7, 2002 letters attached as Exhibit W and January 8, 2003 letter attached as Exhibit Z. While Attorney York twice opines "42 U.S.C. Section 1983 and the federal constitution are inapplicable to the defendants that you have named in your complaint", plaintiff Davila nevertheless persists in attempting to recover based on 42 USC Section 1983 claims against Secure Pharmacy Plus and additional parties. Page 1 of Exhibits W and Z. This is so even though Attorney York has twice advised plaintiff Davila "to withdraw your Section 1983 suit". Page 1 of Exhibits W and Z.

D. THE ADMISSIBLE EVIDENCE ON THE CLAIMED DISTRIBUTION OF AN INCORRECT MEDICATION DOES NOT ESTABLISH PROBABLE CAUSE AS A MATTER OF LAW.

Claimant asserts in his motion for application for prejudgment remedy that defendants' committed negligence and pharmacist professional malpractice. Paragraph 4 of February 11, 2004 Application For Prejudgment Remedy. Plaintiff Davila has not filed admissible evidence on the claimed distribution of an incorrect medication. The exhibits attached to the motion for pre-judgment remedy do not establish any negligence or professional malpractice on the part of Secure Pharmacy Plus. As the submitted evidence on the claimed negligence or professional malpractice is insufficient or hearsay as to Secure Pharmacy Plus, the plaintiff's motion for application for prejudgment remedy must be denied.


E. PLAINTIFF'S CONTRIBUTORY NEGLIGENCE IS A FACTUAL QUESTION AND A DEFENSE TO PLAINTIFF'S MOTION.

Although the pleadings have not progressed to the point where defendant has filed an answer and affirmative defenses, Secure Pharmacy Plus will assert plaintiff's contributory negligence as a defense. A prejudgment remedy must take into account known defenses. Conn. Gen. Stat. Section 52-278c, d, and e. The defense of plaintiff's contributory negligence will be based on the following: claimant's use of Paxil 20 mg before November and December of 2001 (Paxil taken in December of 1998, May of 2000 and October of 2000 and Paxil 20 mg taken in December of 1999, January of 2000, February of 2000, September of 2000, and March of 2001), and Davila's December 5, 2001 and December 12, 2001 written concerns about the change of his Paxil 20 mg medication from pink to green and whether the 20 mg green was proper. The documents, establish a factual defense that mandates denial of plaintiff's motion for application for prejudgment remedy. Furthermore, plaintiff Davila's deposition transcript, once taken and received, will also be submitted in support of this memorandum.

**F.  PLAINTIFF IS NOT ENTITLED TO COSTS, ATTORNEY'S FEES OR LITIGATION FEES**

As a general rule, attorney's fees are not recoverable in a prejudgment remedy unless there is an express agreement between the parties or a statute provides for their payment. State v. Bloomfield Const. Co., 126 Conn. 349 (1940).  Furthermore, there is no attorney retained to represent the plaintiff as plaintiff is proceeding pro se.  Lastly, costs are only recoverable by a prevailing party.  It is unclear if the granting of a motion for application for prejudgment remedy is a prevailing party.  Recoverable costs are further limited to those that are taxable as provided by the rules.

CONCLUSION

For all the above reasons, the defendant requests that the plaintiff's motion for application for prejudgment remedy be denied.

DEFENDANT

SECURE PHARMACY PLUS

BY: _____

Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
    Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this

3rd day of March, 2004 to:

Mr. Noel Davila (#212726)
Garner Correctional Institute
P.O. Box 5500
Newtown, CT  06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT  06510

Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

Exhibit A

TO: ATTORNEYS FOR THE DEFENDANT(S)
M.R. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032.

DATE: FEBRUARY 11, 2004.

FROM: NOEL DAVILA
GARNER C.I.
P.O. BOX 5500
NEWTOWN CT. 06470.

RE: SECURE PHARMACY(IST) PLUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S) ET.AL.
(CIV NO: 302CV652(M.RK)(W.IG) (ENCLOSED ARE:
(NOTICE OF MOTION FOR PRE JUDGMENT REMEDY, APPLICATION FOR
PRE JUDGMENT REMEDY, ORDER, SUMMONS, AFFIDAVIT/AND
A LOT OF EXHIBITS ON A SEPARATE ENVELOPES BECAUSE THEY
DON'T FIT IN IT.

DEAR M.R. WINSLOW:
        PLEASE FIND ENCLOSED THE ABOVE MENTIONED MOTION(S) IN THE
ABOVED CAPTIONED CASE; ALSO IN A SEPARATE ENVELOPES AT THE SAME DAY
A LOT OF EXHIBITS SUPPORTING MY CLAIN(S).
        PLEASE PROVIDE ME WITH A COPY OF AN UP-DATED DOCKET SHEET
FOR MY RECORDS, AFTER YOU OBTAIN YOURS FROM THE COURT.
                        SINCERELY YOURS,
                        Noel Davila

DATED - 2-11-2004.

1 OF 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV.NO: 302 CV0652 (M.R.K) (W.I.G)

NOEL DAVILA
, PLAINTIFF

— AGAINST —

DATE: FEBRUARY 11, 2004

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S) ET.AL. DEFENDANT(S)

# NOTICE OF MOTION

SIRS:

PLEASE TAKE NOTICE THAT UPON THE ANNEXED AFFIDAVIT OR AFFIRMATION OF NOEL DAVILA, SWORN AFFIRMATION 11th DAY OF FEBRUARY 2004, AND UPON THE COMPLAINT PLAINTIFF WILL MOVE THIS COURT; HONORABLE; MARK R. KRAVITZ OR HONORABLE; WILLIAM I. GARFINKEL IN ROOM _____, UNITED STATES COURTHOUSE NEWHAVEN CONNECTICUT ON THE 20th DAY OF FEBRUARY 2004 AT 9:00 A.M. OR AS SOON THEREAFTER AS COUNSEL CAN BE HEARD, FOR AN ORDER PURSUANT TO RULE 64 OF THE FEDERAL R.CIV.P. GRANTING THE APPLICATION FOR PREJUDGMENT REMEDY TO SERVE THE ORDER ATTACHED, SUMMONS, COMPLAINT AFFIDAVIT UPON; SECURE PHARMACY PLUS, (1ST) AMERICAN SERVICE GROUP INC. AND AGENT(S) ET.AL. (BUT NO LIMITED ALL EXIBIT(S)).

NOEL DAVILA
PRO-SE
P.O. BOX 5300
NEWTOWN CT. 06470

DATED: 2-11-2004.

-- 1 --

United States District Court
District of Connecticut

Civ no : 3C2CV652 (M.R.K.) (W.I.G.)

Noel Davila
, Plaintiff

- Against -

Date : Febuary 11, 2004

Secure Pharmacy (1st) Plus, American
Service Group Inc . And Agent(s) ET. AL.
, Defendant (s)

# APPLICATION FOR PREJUDGEMENT REMEDY

To the Federal Court for the Judicial
District of New Haven.

## The Undersigned Represents :

1) That Noel Davila commence an Action against Secure Pharmacy (1st)
Plus, American Service group inc. and Agents Et. AL at 7170 Standard
Drive Hanover Maryland 21076. Persuant to the attached proposed
unsigned Writ. Summons. Complaint Affidavit.

2) Secure Pharmacy (1st) Plus, American Service group inc. and Agents Et. AL
are the defendant (s).

3) Secure Pharmacy Plus is "Owned by a parent Corporation American
Service group inc". American Service group inc and Agents is a "Publicly
Traded Stock Company ; and is a corporation under the same rules as

-2-

Secure Pharmacy (ist) Plus and Agent(s).

4) That there is probable Cause that a Judgement in the amount of the prejudgement remedy Sought, or in an amount greater than the amount of the prejudgement remedy Sought, Taking into account any know defenses, Counterclaims or Set-offs, will be rendered in the matter in favor of the Applicant and that to secure the Judgement the applicant seeks an Order from this Court directing that the following Prejudgement remedy be granted to secure the sum of: $ "One-million, Two hundred and Fifty Thousand Dollars:

a) To Attach Sufficient property of the Defendant(s) to Secure such Sum:

b) To garnishee Secure Pharmacy (ist) Plus, American Service Group inc. and Agent (s) Et.AL as he is the agent, Trustee, Debtor of the defendants and has concealed in his possession property of the defendant and is in debted to him.

c) To a declaratory Judgement that the defendants Acts, Practices, Policies here, Procedures herein Violated Plaintiffs rights under the United States Constitution to be free from "Cruel and Unusual Punishment", Negligence, Pharmisist Proffecional malpractice, and to each Defendant (s) seperatly award the sum of $ One-million, Two Hundred and Fifty Thousand Dollars.

Dated: 2-11-2004

Noel Davila
P.O. Box 5500
Newtown, Ct 06470

-3-

# ORDER.

The above Application having been presented to the Court, it is hereby Ordered, that a hearing be held thereon on Friday 20th Day of Febuary at 9:00 Am, 2004, And that the plaintiff give notice to the defendant in accordance with Section 52-278C of the General Statutes of the pendency of the application and of the time when it will be heard by causing a true and attested Copy of the application the proposed unsigned writ. Summons, Complaint, Affidavit and of this order, Together with Such notice as is require under Subsection (e) of section 52-278C, to be served upon the defendants by some proper officer or Indifferent person on or before Friday 20th Day Febuary 2004, at 9:00 am and that due return of service be made to this Court and to the plaintiff.

Dated at Bridgeport this ____ Day of ____ 2004.

Clerk of the Court

## Summons

To the sheriff of the county of <u>Fairfield</u>, <u>New Haven</u> his deputy, or either Constable of the town of Bridgeport, New Haven said County:

Greeting:

By authority of the State of Connecticut, you are hereby Commanded to serve a true and tested Copy of the above application, Unsigned proposed writ Summons, Complaint, Affidavit and Order upon Secure Pharmacy (1st) Plus, American Service group inc. and Agents Et. Al. of PreJudgement Remedy at 7170 Standard Drive Hanover Maryland 21076 by leaving the same in his hands or at his usual place of on or before defendant(s) Secure Pharmacy (1st) plus, American Service group inc. and agents Et. Al. Before Friday Febuary 20th 2004.

Dated at _____ This Day of _____ 2004

Commissioner of the Federal Court;

– 5 –

c) The clerk upon recipt of all Such Documents in duplicate, if he finds them to be in proper form shall fix a date for the hearing on the application and sign the order of hearing and notice except that if the application includes a request for a temporary restraining order, Fix a date for the hearing on the prejudgement remedy and sign the order of a hearing and notice. The entry fee shall be then collected and the duplicate original document shall be placed in the court file.

D) . . . . .

E) . . . . .

F) . . . .

g) . . . .

h) . . .

i) . . . . OF CHAPTER 903(q)

DATED: 2-11-2004.

BY _____
Noel Daquila
Pro-se
P.O.BOX 5500
NEWTOWN CT 06470

# CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FORE-
GOIN WAS MAILED PREPAID AND/OR HAND DELIVERED TO THE
FOLLOWING PARTIES:

TO: HONORABLE JUSTICES

M.R. MARK R. KRAVITZ (U.S. DISTRICT JUDGE).

M.R. WILLIAM I. GARFINKEL.

U.S. COURTHOUSE

141 CHURCH STREET

NEW HAVEN CT. 060510.

TO: ATTORNEYS' FOR THE DEFENDANT(S)

M.R. THOMAS H. WINSLOW

321 MAIN STREET

FARMINGTON CT. 06032.

DATED: 2-11-2004.                          BY: _____

NOEL DAVILA

PRO-SE

P.O. BOX 550

NEWTOWN CT. 06470.

~ 1 ~

United States District Court
District of Connecticut

Civ No : 302CV652 (M.R.K.) (W.I.G.)

Noel Davila
, Plaintiff
— Against —

Date : February 11, 2004

Secure Pharmacy Plus, American
Service Group inc. And Agent (s) Et. AL.

# AFFIDAVIT / AFFIRMATION

State of Connecticut
New Haven County.

I, Noel Davila, [Being Duly Sworn] deposes and says [or:
makes the following Affirmation under the penalties of perjury]:
I, Noel Davila, am plaintiff in the above Entitled action, and
respectfully move this court to issue an order for an Application for
Prejudgement remedy, order, summons, Affidavit, Complaint to secure
the sum of $One-million, Two hundred and Fifty thousand Dollars against
each defendant(s) Secure Pharmacy (ist) Plus, American Service group
Inc. and Agent(s) Et. AL. on compensatory actual damages, punitive
damages, Nominal damages or any other relief that your Honorable Court
May deem necessary or appropriate including attorneys fees and the
Litigation cost(s).

The reason why I am entitled to relief I seek is the following : ( See exhibits O, J, **Z** , W, m, n, Letter dated on July 17, 2002 from I.L.A.P. and medical files sideffects )(H, I)

[A] Facts :

1) The Court accepts as true the following facts , Taken from the complaint.

a) On December 13, 2001 the plaintiff went to see the prison psychiatrist concerning his prescription for Paxil.

b) The plaintiff claimed that the Paxil capsule that the pharmacy had originally provided him with had been pink , But that he was now getting a green capsule.

c) The plaintiff complained that he was experiencing dizzyness, nausea , diarrhea and vomiting on December 26 2001. The plaintiff was examine by a nurse at the facility.

d) The plaintiff complained that he was not feeling well , the nurse informed the plaintiff that the pharmacy had mistakenly issued him the wrong medication. The plaintiff stated that he no longer wanted to take the green capsule from form of Paxil and requested an appointment to see psychiatrist so that he could change his medication.

e) On January 24, 2002 the plaintiff informed the psychiatrist that he no longer wanted to take Paxil. That day the psychiatrist change the plaintiffs medication to Remeron.

2) Request forms , Doctors notes , Grievance (a) on 12-5-2001, 12-11-2001 , 12-17-2001 , 1-5-2002 , 12-26-2001 , 12-22-2001 , Ect. Plaintiff wrote alot of request(s) 12-27-2001.

b) On 12-24-2001 Plaintiff filed a grievance which was "Com aiamice"

-3-

C) On 1-10-2002 DR. K. had wrote inmate sideffects which consists on <u>Vomiting</u>, <u>Diarrhea</u>, <u>Lost 15 Pounds</u>, <u>Abdominal Pain</u>, <u>Dizziness</u>, <u>Pounding headache</u>, <u>Muscle tightness</u>, <u>weakness</u>, <u>Mind Going blank</u> — On 1-24-2002 Dr. K. wrote imate continue having "Losing it".

3) January 14, 2003, January 21, 2004, statement of undisputed facts; Form 26 (f) Parties planning to meeting.

4) Letter's from the program I.L.A.P. stating that the company or Corporation Secure Pharmacy (1st) has sent the wrong medication and consumed by Plaintiff with a memo in his files stating such "Mistake".

Wherefore, I respectfully request that the court grant the within motion, as well as such further relief and may be Just and proper Including Litigation cost and attorneys fee's.

Or: I declare of penalty of perjury that the foregoing is true and correct. Pursuant 28 U.S.C. §1746 or 18 U.S.C. §1621.

Executed on Febuary 11, 2004.

By: _____

Noel Davila
Pro-se
P.O.Box 5500
Newtown, Ct 06470

NOEL DANILA #R127 26
GARNER C.I
P.O. BOX 5500
NEW TOWN CT. 06470.

PRIVILEGED MAIL

(CONFIDENTIAL)

TO: ATTORNEY AT LAW:
MR. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032.

EXHIBIT "W"

## LAW OFFICES
## OF
## SYDNEY T. SCHULMAN

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

### INMATES' LEGAL ASSISTANCE PROGRAM

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

October 7, 2002

Mr. Noel Davila
#212726
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Davila:

Thank you for your letter dated July 24, 2002, received on July 29, 2002; wherein, you included a §1983 lawsuit which you have filed against Secure Pharmacy Plus.

Mr. Davila, in your complaint, you have not alleged any wrongdoing by any employee of the DOC, or of the State. Rather, you have alleged that the pharmacy and its pharmacist violated your constitutional rights by sending the wrong medication to the facility.

Unfortunately, Mr. Davila, 42 U.S.C. §1983 applies to parties acting "under color of state law." A §1983 plaintiff clearly has a cause of action against a government official that violates his rights. A §1983 plaintiff does not have a cause of action and does not plead a cause of action against a private party. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). The defendants that you named in your complaint, Secure Pharmacy Plus, and its pharmacist, are private entities and not acting under the color of State law. Thus, 42 U.S.C. §1983 and the federal constitution are inapplicable to the defendants that you have named in your complaint.

Mr. Davila, the appropriate method for you to pursue action against the pharmacy and pharmacist would be to file an action for negligence which caused you personal injury in the State Superior Court. I would advise you to withdraw your §1983 suit and plan to file a negligence suit. If you decide to follow my advice, you should be aware that you have two (2) years to file such a suit from the date that you were injured, or became aware of your injury. If you opt to withdraw your §1983 lawsuit and file a negligence suit in the State Superior Court, please advise me of same and ILAP will assist you in drafting the complaint for State Court.

Mr. Noel Davila
Page -2-
October 7, 2002

Please find enclosed the originals of all documents included with your correspondence. I have retained copies for your ILAP file.

I await your direction in this matter. In the interim, if you have any further questions or concerns, please contact ILAP again.

Sincerely,

Jessica J. York
Attorney-at-law

EXHIBIT 37

LAW OFFICES
OF
SYDNEY T. SCHULMAN

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

INMATES' LEGAL ASSISTANCE PROGRAM

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

January 8, 2003

Mr. Noel Davila
#212726
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Davila:

Thank you for your letter dated October 9, 2002, received on October 15, 2002, regarding your pending §1983 lawsuit against Secure Pharmacy Plus.

In your letter, you indicated that you believe Secure Pharmacy Plus was acting under the color of state law when they sent mislabeled medication to Northern CI, and that the pharmacy's actions violated your constitutional rights.

As I explained in my previous letter to you, dated October 7, 2002, 42 U.S.C. §1983 applies to parties acting "under color of state law." A §1983 plaintiff clearly has a cause of action against a government official that violates his rights. A §1983 plaintiff does not have a cause of action and does not plead a cause of action against a private party. Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). Simply because the pharmacy sold medication to the government, their contact with the government does not automatically make the pharmacy a government actor, as you believe. The defendants that you named in your complaint, Secure Pharmacy Plus, and its pharmacist, are private entities and not acting under the color of State law. Thus, 42 U.S.C. §1983 and the federal constitution are inapplicable to the defendants that you have named in your complaint.

Moreover, you have not provided any evidence to ILAP that the pharmacist's actions in mislabeling the medication were intentional. Rather, it would appear that the mislabeling was an act of negligence. Thus, the pharmacist's actions would not rise to the level of a constitutional violation even if the pharmacist were a state actor, which he/she is not.

Mr. Davila, as I have previously informed you, the appropriate method for you to pursue action against the pharmacy and pharmacist would be to file an action for negligence which caused you personal injury in the State Superior Court. I would advise you to withdraw your §1983 suit and plan to file a negligence suit. If you decide to follow my advice, you should be