UNITED STATES DISTRIC COURT
DISTRICT OF CONNECTICUT    3/15/04

NOEL DAVILA,                          CIV NO: 302CV652(MRK)(WIG)
   PLAINTIFF

- AGAINST -                           DATE: MARCH 12, 2004

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENTS ET. AL (DEFENDANTS')

PLAINTIFF MOTION FOR ORDER COMPELLING DEFENDANTS' ANSWERS TO PLAINTIFFS FEBRUARY 10, 2004 INTERROGATORIES TO DISCOVER IDENTITIES AND ADDRESSES OF DEFENDANTS' INVOLVED.

   PURSUANT TO THE CONNECTICUT CIVIL RULES PROCEEDURES, LOCAL RULES OF THE FEDERAL COURT PLAINTIFF NOEL DAVILA IN THIS CASE FILE THIS MOTION TO COMPEL DISCOVERY FILED ON FEBRUARY 10, 2004 AGAINST DEFENDANTS' SECURE PHARMACY PLUS ADDRESS 7170 STANDARD DR. HANOVER M.D. 21076 AMERICAN SERVICE GROUP INC. AND AGENT(S) ET. AL. (SEE EXHIBITS ATTACHED A, B, 4, 5, 6, 7.)

DATED: 3-12-2004

BY: Noel Davila
   NOEL DAVILA - PRO-SE
   P.O. BOX 5500
   NEWTOWN CT. 06470.

## MEMORANDUM OF LAW IN SUPPORT:

ON-FEBRUARY 10, 2004 PLAINTIFFS FILED WRITTEN DISCOVERY ON THE DEFENDANTS' TO DISCOVER IDENTITIES AND ADDRESSES OF DEFENDANTS' INVOLVED. (COPY OF FEBRUARY 10, 2004 DISCOVERY FROM PLAINTIFF TO DEFENDANTS' IS ATTACHED AS EXHIBIT[5], EXHIBIT[4] A NOTICE TO THE COURT THAT THE MOTION HAS BEEN SERVED ON THE DEFENDANTS')(AND A CERTIFICATION.)[6],[7],[A][B].

ON FEBRUARY 23RD, 2004 THE COURT TOOK NOTICE OF THE PLAINTIFF REQUEST AND HAS SENT IT BACK TO THE PLAINTIFF STATING THAT DISCOVERY MATERIAL, INCLUDING COMPUTATIONS OF DAMAGES AND EXPERT REPORTS NEED NOT BE FILED WITH THE COURT L.R.5(e). (SEE ATTACHED STAMPED MOTION ON -2-23-2004). EXHIBIT[4]AND[5] [6][7] AND[B][A]

THE UNDERSIGNED PLAINTIFF PRO-SE WROTE TO DEFENDANTS' ON FEBRUARY 10, 2004, INQUIRING ABOUT THE ANSWERS TO BE DONE WITHIN 30 DAYS PURSUANT TO LOCAL RULE OF CIV.P.9(d). DEFENDANTS' DID NOT RESPOND TO THIS REQUEST OR ANY OTHER TO THIS ABOVE REQUEST AS TO THE DATE OF THIS MOTION AND DEFENDANTS' HAS FILED NO OBJECTIONS OR ANSWERS TO DATE.

ACCORDINGLY, PLAINTIFF HAS PREPARED THE AFFIDAVIT REQUIRED BY LOCAL RULE OF CIVIL PROCEDURE 9(d) SETTING FORTH THAT HE HAS ATTEMPTED TO CONFER WITH AND WRITTEN THE ATTORNEY FOR THE DEFENDANTS' M.R. THOMAS H. WINSLOW SINCE SEPTEMBER 16, 2003 IN A GOOD FAITH EFFORT TO RESOLVE BY AGREEMENT THE

ISSUES RAISED BY THE MOTION(S) FOR DISCOVERY WITHOUT THE INTERVENTION OF THE COURT AND HAS BEEN UNABLE TO REACH AN AGREEMENT.

THERE IS OR ARE QUESTION(S) OF LAW, THE INCIDENT HAD HAPPENED ON OR DURING NOVEMBER/DECEMBER 2001, THROUGHOUT JANUARY 2002.

SECURE PHARMACY PLUS IS NOT AN EMPLOYEE OF THE PRISON SYSTEM AND WAS HIRED AS AN INDEPENDENT CONTRACTOR BY A THIRD-PARTY TO PROVIDE PRESCRIPTION SERVICES TO PRISONERS (TWO SEPARATE DEFENDANTS').

THIS IS A NEW POLICY FROM 1/01/2002 TO: 1/01/2003 AND ONLY MENTIONED "AMERICAN SERVICE GROUP INC." NOT "SECURE PHARMACY(IST) PLUS", THERE IS ALSO DOUBTS AS WHETHER DEFENDANTS' AMERICAN SERVICE GROUP INC. AND AGENT(S) ET. AL., SECURE PHARMACY(IST) PLUS "DID NOT" HAVE AN INSURANCE POLICY AT THE TIME OF THE INCIDENT; (SEE ATTACHED DEFENDANT AMERICAN SERVICE GROUP INC. EXIBIT [B] LEXINGTON INSURANCE COMPANY)(A STOCK INSURANCE COMPANY). THE POLICY DID NOT MENTIONED SECURE PHARMACY(IST) PLUS. (SEE EXHIBIT B)

THE PLAINTIFFS REQUEST THAT THIS HONORABLE COURT TO ORDER DEFENDANTS' AMERICAN SERVICE GROUP. INC. AGENT(S), SECURE PHARMACY(IST) PLUS TO ANSWER ALL WRITTEN DISCOVERY SUBMITTED TO THE COURT WITHIN 10 DAYS OF THE ORDER AS REQUIRED BY LOCAL RULE OF CIVIL PROCEDURE 9(d)(5).

WHEREFORE I RESPECTFULLY REQUEST

THAT THE COURT PROVIDE PLAINTIFF WITH A HEARING, AND TO GRANT THE WITHIN MOTION, AS WELL AS SUCH AND FURTHER RELIEF AND MAY BE JUST AND PROPER, INCLUDING BUT NOT LIMITED LITIGATION COSTS AND ATTORNEYS' FEES.

*Noel Davila* - PRO SE
NOEL DAVILA

## CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED VIA FIRST CLASS POSTAGE PREPAID THIS 12TH DAY OF MARCH 2004 TO:

*Noel Davila*
NOEL DAVILA - PRO-SE

TO: HONORABLE JUSTICES':
  M.R. MARK R. KRAVITZ (U.S. DIST. JUDGE).
  M.R. WILLIAM I. GARKINKEL (U.S. MAG. JUDGE).
    U.S. COURTHOUSE
    141 CHURCH STREET
    NEW HAVEN CT. 06510.

TO: ATTORNEYS' FOR THE DEFENDANTS'.
  M.R. THOMAS H. WINSLOW
  321 MAIN STREET
  FARMINGTON CT. 06032.

BY: *Noel Davila*
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

DATED: 3-12-2004

EXHIBIT [A]

-1-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV NO: 302 CV 652 (M.R.K)(W.IG).

NOEL DAVILA
, PLAINTIFF

DATE: FEBRUARY 15, 2004.

- AGAINST -

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AGENTS, ET. AL.
, DEFENDANTS'

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

RULE 36(a) OF THE FED. R. CIV. P. READS IN PERTINENT PART:
" A PARTY MAY SERVE UPON ANY OTHER PARTY A WRITTEN REQUEST FOR ADMISSION, FOR PURPOSES OF PENDING ACTION ONLY OF THE TRUTH OF ANY MATTERS WITHIN THE SCOPE OF RULE 26(b)(1) SET FORTH IN THE REQUEST THAT RELATE TO STATEMENT OR OPINIONS OF FACT OF THE APPLICATION OF LAW TO FACT, INCLUDING THE GENUINENESS OF ANY DOCUMENTS DESCRIBED IN THE REQUEST."

RULE 26(b)(1) OF THE FED. R. CIV. P. READS IN PERTINENT PART:
" EVIDENCE NEED NOT BE ADMISSIBLE TO BE RELEVANT, AND THUS DISCOVERABLE. RULE 26(b)(1) STATES THAT INADMISSIBLE EVIDENCE IS DISCOVERABLE IF IT IS "REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE

evidence." Conversely, admissible evidence is almost always discoverable."

The Plaintiffs asserts that the Defendants' objection to the Plaintiff Request for Admission, wich reads: " The question do not constitute Request for Admission of statements or opinions requiring response pursuant to Rule 36."

The Plaintiff asserts that the scope of Request for Admission is the broad discovery available under Rule 26. Generally, any relevant non-privileged matter is covered unless it was prepared in anticipation of litigation or pertains to expert witnesses.

The Request may pertain to any issue that is or may be in the case, including issue relating to jurisdiction or statute of limitation. The Defendants' objection to the Plaintiff Request for Admission does not comply with the scope of Rule 36(a), or 36(b) of the Fed. R. Civ. P.

Therefore this Honorable Court must treat the improper objection of the Defendants' as a admission or ordered any further sanctions this court deems appropriate under Rule 37(c), of the Fed. R. Civ. P.

The Plaintiff states that such response from the Defendants' American Service group Inc. Agents, Secure Pharmacy (ist) Plus failed to comply with Rule 36(a), and therefore, Plaintiff ask the this Honorable Court to deem these matters admitted

for the purposes of this litigation. See <u>City of Rome v. United States</u> 450 F. Supp. 378 at 383 (1987), the court states:

"Rule 36(a) expressly permits request to encompass "any matters within the scope of Rule 26(b)," and Rule 26(b) in turn permits discovery of "any matter, not privileged, wich is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim of defense of the party seeking discovery or the claim of defense of any other party." (emphasis added.) 405 F. Supp. 378 at 383 reads:

"Indeed, the rule expressly states that a party may not refuse to respond merely on the grounds that "the matter for wich an admission has been requested present a genuine issue for trial." The plaintiffs further states that the defendants' ignore the express language of the Rule 36(a) in pertinent part the rule states:

"An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or reasonably obtained by him is insufficient to enable him to admit or deny." 405 F. Supp. 378 at 383 states:

"These two rules, when read together, expressly permit request for admission to address claims of the

PARTY SEEKING DISCOVERY.....

The Plaintiff now asserts that since the Defendants' American Service group inc., Agent(s), Secure Pharmacy(ist) Plus failed to state in their responses that they had made reasonable inquiry required by Rule 36(a), Defendants' failed to comply literally with the Rule.

## CONCLUSION OF CASE.

For all the foregoing reasons set forth in this brief the Plaintiff ask of this Honorable Court to treat the improper objection of the Defendants' as an admission to the Plaintiffs request.

The counsel for the Defendants' Attorney M.R. Thomas H. Winslow, who is skilled in the science of law know quite well of the language contains in the Federal R. Civ. P. But choose to ignore them and make a mockery of the justice system.

Therefore this Honorable Court must sanctions the Defendants' in accordance with the language of Rule 36(a) and 37(c) of the Fed. R. Civ. P.

The Plaintiff further states that this Honorable Court must view this litigation in light most favorable to the Pro-Se litigant due to his lack of expertise. These views are wholly consistent with the United States Supreme Court Doctrine wich states that Pro-Se complaint must be liberally construed. See HAINES V. KERNER; 404 U.S. 419, 420, 421; 92 S.Ct. 594, 595, 596; 30 L.Ed.

2d 564 (1972), AND THEIR ALLEGATION ACCEPTED AS TRUE. SEE Cooper v. Pate; 378 U.S. 546; 84 S.Ct. 1733; 12 L.Ed. 2d 1030 (1964). SEE ALSO Williamson v. Kullman; 722 F. 2d 1048 (2ND CIR. 1983). (PLAINLY, IF A PRO-SE CONSTITUTIONAL CLAIMS ARE NOT INSUFFICIENT ON THEIR FACE AND SHOULD NOT, THEREFORE BE DISMISSED SUA SPONTE.

## CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED POSTAGE PREPAID OR/ HAND DELIVERED TO All PARTIES ON RECORD ON THIS 15 DAY OF FEBRUARY 2004.

*Noel Davila*
NOEL DAVILA

TO: HONORABLE JUSTICES:
M.R. MARK R. KRAVITZ (U.S. DIST. JUDGE)
M.R. WILLIAM I. GARFINKEL (U.S. MAG. JUDGE)
U.S. COURTHOUSE
141 CHURCH STREET
NEW HAVEN CT. 06510

TO: ATTORNEYS' FOR THE DEFENDANTS':
M.R. THOMAS H. WINSLOW (LEAD ATTORNEY)
321 MAIN STREET
FARMINGTON CT. 06032.

DATED: 2-15-2004.

BY: *Noel Davila*
NOEL DAVILA-PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

SOUTHERN RISK SPECIALISTS
8144 WALNUT HILL LANE
SUITE 1600
DALLAS, TEXAS 75231

Exhibit B

## LEXINGTON INSURANCE COMPANY
Wilmington, Delaware
(A Stock Insurance Company)
Administrative Offices: 200 State Street, Boston, Massachusetts 02109

### HEALTHCARE PROFESSIONAL LIABILITY - CLAIMS MADE AND
### HEALTHCARE GENERAL LIABILITY - OCCURRENCE

#### DECLARATIONS

Various provisions in the General Policy Provisions and Conditions and Coverage Parts restrict coverage. There may be both occurrence coverages and claims made coverages in this Policy. Claims made coverage is limited to liability for claims first made against an Insured during the policy period or any extended reporting period, if applicable.

Please read all General Policy Provisions and Conditions and Coverage Parts carefully to determine rights, duties, and what is and what is not covered. A complete Policy includes the Declarations, General Policy Provisions and Conditions, and the applicable Coverage Parts.

**POLICY NUMBER:** 6801364

**RENEWAL OF NUMBER:** NEW

**Item 1.** (a) FIRST NAMED INSURED: AMERICA SERVICE GROUP INC.
(b) OTHER NAMED INSURED(S):

**Item 2.** ADDRESS: 105 WESTPARK DRIVE, SUITE 200
City: BRENTWOOD         State: TN  Zipcode: 37027

**Item 3.** (a) RETROACTIVE DATE - HEALTHCARE PROFESSIONAL LIABILITY
CLAIMS MADE COVERAGE PART ONLY:   7/30/1985

(b) POLICY PERIOD:   From: 01/01/02   To: 01/01/03
at 12:01 a.m. Standard Time at your mailing address shown above.

(c) OPTIONAL EXTENDED REPORTING PERIOD:   NA years for NA % of the annual premium.

**Item 4.** DESCRIPTION OF OPERATIONS:

**Item 5.** LIMITS OF INSURANCE

(a) Healthcare Professional Liability
  Aggregate Limit                                      $ 3,000,000
  Each Medical Incident                                $ 1,000,000
  Administrative Hearing Expense Limit                 $ 25,000
  Administrative Hearing Expense Aggregate Limit       $ 50,000
  Deductible                                           $ See Self Insured Retention Endorsement
  Deductible Aggregate                                 $ N/A

(b) Healthcare General Liability
  Aggregate Limit                                      $ 2,000,000
  Products/Completed Operations Aggregate Limit        $ 2,000,000
  Each Occurrence Limit                                $ 1,000,000
  Personal/Advertising Injury Limit                    $ 1,000,000
  Fire Damage Limit                                    $ 100,000     Each Fire
  Medical Expense Limit                                $ N/A         Each Injured Person
  Deductible                                           $ See Self Insured Retention Endorsement
  Deductible Aggregate                                 $ N/A

**Item 6.** PREMIUM
Premium     $8,975.000

**Item 7.** FORMS AND ENDORSEMENTS - Attached at Inception

**Item 8.** PRODUCER NAME GALLAGHER HEALTHCARE INSURANCE SERVICES/HIS
ADDRESS: 820 GESSNER, SUITE 1000
City: HOUSTON         State: TX  Zipcode 77024-1079

*Richard H. Bucilla*

Authorized Representative OR
Countersignature (in states where applicable)

74744 (12/99)
LX3213

EXHIBIT [4]

TO: CLERK OF THE COURT
U.S. COURTHOUSE
141 CHURCH STREET
NEWHAVEN CT·06510

DATED: FEBRUARY 19, 2004.

FEB 2 3 2004

FROM: NOEL DAVILA
GARNER C.I.
P.O BOX 5500
NEWTOWN CT·06470.

RE: NOEL DAVILA V. SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC, AND AGENT(S) ET·AL·
(CIV NO: 302CV652)(M.RK)(WIG)

DEAR CLERK:

Please, place the attached litigation within the Prestige Court for disposition, Plaintiffs motion for Interrogatories and to discover identities and addresses of defendants)

SINCERELY YOURS,
Noel Davila

Exhibit (5)

FEB 2 3 2004

② 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV NO: 302 CV 652 (M.R.K)(WIG)

NOEL DAVILA
, PLAINTIFF

DATE: FEBRUARY 10, 2004.

—AGAINST—

SECURE PHARMACY plus, AMERICAN
SERVICE GROUP INC. AND AGENT(S).
, DEFENDANT(S)

# PLAINTIFFS MOTION INTERROGATORIES TO DISCOVER IDENTITIES AND ADDRESSES OF DEFENDANT(S) INVOLVED

PURSUANT TO FED R. CIV. P. 33 THE DEFENDANT(S) SHALL SERVE ANSWERS, UNDER OATH, TO THE FOLLOWING INTERROGATORIES WITHIN 30 DAYS UPON PLAINTIFF AT THE ADDRESS BELOW:

1- THE TIME LIMIT FOR ADDING PATIES HAS NOT EXPIRE.

2- THE TWO-THREE YEAR STATUTE OF LIMITATIONS FOR SUING A NEW DEFENDANT(S) HAS NOT EXPIRED.

DATED: FEBRUARY 10, 2004.

Noel Davila
NOEL DAVILA #212726
PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470-

STATEMENT OF FACTS:      2

1.) ON SEPTEMBER 16, 2003 PLAINTIFF FILED A REQUEST FOR, INTERROGATORIES, PRODUCTION OF DOCUMENTS, DISCLOUSURES PURSUANT THROUGH RULE 26, THROUGH 37.

2.) ON OR OCTOBER 9, 2003 I HAVE RECIEUE A NOTICE OF COUNSEL LETTER FROM THE HONORABLE COURTHOUSE LOCATED AT 915 LAFAYETTE B.L.V.d. BRIDGEPORT CT. 06604. STATING THAT DISCOVERY MATERIALS INCLUDING COMPUTATION OF DAMAGES AND EXPERT REPORTS NEED NOT BE FILED WITH THE COURT.

3.) ON-OR- OCTOBER 16, 2003 PLAINTIFF RECEIUE THE DEFENDANT(S) SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC. AND AGENTS ET.AL. ANSWER TO PLAINTIFFS REQUEST FOR DISCOUERY, IN WICH DEFENDANTS HAD OBJECTED IN FULL.

4.) ON NOVEMBER 10-2003, PLAINTIFFS HAVE RECEIUE AN ANSWER TO THE PLAINTIFF REPLY MOTION REQUESTING PERMISSION TO ORDER DEFENDANT(S) TO ANSWER PLAINTIFF MOTION DATED ON-OCTOBER 20, 2003, FOR PLAINTIFF WRITTEN DISCOVERY OR SANCTIONS.

5.) ON - NOVEMBER 13, 2003, PLAINTIFF HAD REPLY AGAIN TO DEFENDANT(S) OBJECTION TO PLAINTIFF MOTION REQUESTING DISCOVERY, PURSUANT TO FED. R. CIV. P. 26, THROUGHOUT 37, BUT NOT LIMITED RULE 45,(b)(c) FOR AN ORDER "SUBPOENA DUCES TECUM" TO OBTAIN THE DISCOVERY ISSUES REQUESTED BY PLAINTIFF.

6.) PLAINTIFFS COMPLAINT FILE STAMPED APRIL 10, 2002.

7.) PLAINTIFF 2, 3 YEAR STATUTE OF LIMITATION FOR SUING THE NEW PARTIES HAS NOT EXPIRED.

8.) PLAINTIFF HAS SUBMITTED A SUMMON TO YOUR HONORABLE COURT TO SERVE FOR NOW IN ADDITION OF SECURE PHARMACY ANOTHER DEFENDANT AMERICAN SERVICE GROUP INC. AND

−3

AGENTS LOCATED AT "105 WEST PARK DRIVE, SUITE 200, BRENTWOOD T.N. 37027".

9) DEFENDANT(S) POLICY PERIOD WAS FROM 01/1/2002 TO: 01/01/2003, AND PLAINTIFF INCIDENT HAPPEN ON, NOVEMBER, DECEMBER 2001, THROUGH JANUARY 2002.

10) IT IS NOT CLEAR WHEATHER DEFENDANT(S) DID NOT HAVE AN INSURANCE ON THE TIME OF THE INCIDENT OR/AFTER THE INCIDENT HAPPENED.

## INTERROGATORIES

1. IDENTIFY ALL PARTIES AGENT(S) PHARMACIST INVOLVED AT THE TIME INCLUUDING BUT NOT LIMITED ADDRESS AND INSURACES OR POLICY. OF THE INCIDENT.

2. STATE THE NAME AND ADDRESS FROM THE DEFENDANT(S) AGENT(S) INVOLVED TO COMMENCED ANY THIRD PARTY PRACTICE AND SOUGHT TO JOINT ADDITIONAL PARTIES UNDER THE SAME RULES AS SECURE PHARMACIST(CY) PLUS, AMERICAN SERVICE GROUP AND AGENT(S).

3. IF ANY INDIVIDUAL NAMED IN RESPONSE TO INTERROGATORIES ONE IS NO LONGER EMPLOYED BY AMERICAN SERVICE GROUP INC, AND AGENT(S) SECURE PHARMACY PLUS, PROVIDE THE DATE AND REASON FOR THE INDIVIDUAL'S RESIGNATION, TERMINATION, DISMISSAL OR SEPARATION. ALSO PROVIDE THE LAST KNOWN ADDRESS FOR SAID INDIVIDUAL(S). *Murphy V. Keller*, 950 F.2d. 290, 293 (5th Cir. 1992).

BY: Noel Davila
NOEL DAVILA
R. 080A5500

DATED: FEBRUARY 10, 2004.

-4-

## CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED ON 10 DAY OF FEBRUARY 2004.
TO:
                                        Noel Davila

TO: HONORABLE JUSTICES:
   MR. MARK R. KRAVITZ (U.S. DIST. JUDGE).
   MR. WILLIAM I. GARFINKEL (U.S. MAG. JUDGE).
   U.S. COURTHOUSE
   141 CHURCH STREET
   NEW HAVEN CT. 06510

TO: ATTORNEY FOR THE DEFENDANTS'
   MR. THOMAS H. WINSLOW (LEAD ATTORNEY)
   321 MAIN STREET
   FARMINGTON CT. 06032.

                            BY: Noel Davila
                                NOEL DAVILA
                                P.O. BOX 5500
DATED: 2-10-2004.               NEWTOWN CT. 06470.

EXHIBIT [6]

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| 141 Church Street | 450 Main Street | 915 Lafayette Blvd. |
| New Haven, CT 06510 | Hartford, CT 06103 | Bridgeport, CT 06604 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 |

(Web address: www.ctd.uscourts.gov)

NOEL DAVILA

V

SECURE PHARMACY

PRISONER
CIVIL NO. 3:02cv652(MRK)(WIG)

### NOTICE TO COUNSEL

\_\_\_\_ We are returning your Motion to Admit Pro Hac Vice for failure to \_\_\_\_ pay $25.00 fee for each attorney seeking admission. LR 83.1(d)2 \_\_\_\_ submit $25.00 fee required per attorney per motion.

\_\_\_\_ We are returning your pleadings/documents for failure to file at the seat of court where the docket is maintained. Please file in \_\_\_\_ Bridgeport \_\_\_\_ Hartford \_\_\_\_ New Haven.

\_\_\_\_ Please enter your appearance. LR 5(a)

\_\_\_\_ We are returning the depositions submitted to this office. Counsel are to retain custody of depositions and exhibits unless the parties are unable to agree as to who shall retain custody of the transcript. In the event of a disagreement, counsel will need permission of the court to file depositions. LR 30(b)

\_\_\_\_ Your offer of judgment pursuant to Rule 68 FRCvP is being returned to you as there is no indication that it has been accepted. Rule 68 provides "(I)f within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment." If and when your offer is accepted, it may be filed as described in the rule.

✓ Discovery material, including computations of damages and expert reports need not be filed with the court. L.R.5(e)

\_\_\_\_ We have received your document in the above-captioned case. When submitting all future filings, please include a .pdf version of the document on a floppy disk or CD. You may submit more than one document per disk, provided it complies with the size limitation outlined in Section 1F3, of the Electronic Filing Procedures Manual. If you want the disk returned to you, please include a postage prepaid, self-addressed mailer.

\_\_\_\_ We are returning your disk because \_\_ the document is not in .pdf format \_\_ the document is password protected \_\_ the document is unreadable \_\_ the document has security settings that prevent us from downloading it \_\_ The document on the CD exceeds the 1.5 Mb size limitation for a single document \_\_\_\_ The disk was damaged in mailing and is unusable. With all future filings, please submit a disk with the document in .pdf format, without password protection, a legible version of the document, without security settings, conforming to proper size limitation or place the disk in suitable mailer or jewel case to protect from damage.

Date: February 23, 2004

Clerk, U.S. District Court

MEL
(Rev. 2/3/04)

EXHIBIT 273

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 141 Church Street<br>New Haven, CT 06510<br>(203) 773-2140 | 450 Main Street<br>Hartford, CT 06103<br>(860) 240-3200 | 915 Lafayette Blvd.<br>Bridgeport, CT 06604<br>(203) 579-5861 |

NOEL DAVILA

                                                                                                                           PRISONER
               V                             CIVIL NO.   3:02cv652(MRK)(WIG)

SECURE PHARMACY

## NOTICE TO COUNSEL

We are returning your Motion to Admit Pro Hac Vice for failure to \_\_\_ pay $25.00 fee for each attorney seeking admission. LR 83.1(d)2 \_\_\_ submit $25.00 fee required per attorney per motion.

We are returning your pleadings/documents for failure to file at the seat of court where the docket is maintained. Please file in \_\_\_ Bridgeport \_\_\_ Hartford \_\_\_ New Haven.

\_\_\_ Please enter your appearance. LR 5(a)

\_\_\_ We are returning the depositions submitted to this office. Counsel are to retain custody of depositions and exhibits unless the parties are unable to agree as to who shall retain custody of the transcript. In the event of a disagreement, counsel will need permission of the court to file depositions. LR 30(b)

\_\_\_ Your offer of judgment pursuant to Rule 68 FRCvP is being returned to you as there is no indication that it has been accepted. Rule 68 provides "(I)f within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment." If and when your offer is accepted, it may be filed as described in the rule.

✔ Discovery material, including computations of damages and expert reports need not be filed with the court. L.R.5(e)

Date: October 8, 2003

                                                                                                            MEL
                                                                                        Clerk, U.S. District Court

(Rev. 1/1/03)