- 1 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

, PLAINTIFF

-AGAINST-

CIV. NO: 302CV652 (M.R.K)(WIG).

DATE: MARCH 15, 2004

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AGENT(S) ET. AL.

PLAINTIFFS REPLY TO DEFENDANTS' MEMO-
RANDUM OF LAW IN SUPPORT TO PLAINTIFFS
FEBRUARY 11, 2004 MOTION FOR APPLICATION
FOR PREJUDGMENT REMEDY:

PURSUANT TO FED. R. CIV. P. AND LOCAL RULES AND PRESENT A
OR A CONCISE STATEMENT MAINTAINES THAT THERE IS OR
ARE GENUINE MATERIALS OF FACTS ON PLAINTIFF CLAIMS
OF 8th AMENDMENT CONSTITUTIONAL RIGHTS VIOLATIONS
AND GENUINE ISSUES OF MATERIAL OF FACTS ON THE CLAIMED
NEGLIGENCE, PROFFESSIONAL MALPRACTICE AGAINST SECURE
PHARMACY PLUS, AMERICAN SERVICE GROUP INC. AGENT(S) ET. AL.
(SEE EXHIBITS, A, B, Z, 1 AND AH SUBMITTED TO THE COURT).

BY: Noel Davila, PLAINTIFF
NOEL DAVILA - PRO-SE
P.O. BOX 5300
NEW TOWN CT. 06470.

DATED: 3-15-2004.

## I   STATEMENT OF FACTS:

[A]    1) THE COMPLAINT IN THIS CASE ALLEGES THAT THE PLAIN-TIFFS WAS SUBJECTED TO THE MISUSE OF DEFENDANTS', ACTS, POLICIES, PRACTICES, PROCEDURES WERE NOT EXERCISE BY THE DE-FENDANTS', AMERICAN SERVICE group inc. AGENT(S) ET. AL. SECURE PHARMACY(1st) PLUS, WICH FAIL TO INSPECT MEDICATION AND LATER WAS GIVEN TO THE PLAINTIFF AND WAS THE WRONG- MEDI-CATION WICH PLAINTIFFS WAS ALLERGIC TO.

[B] THEIR ACTIONS FROM THE DEFENDANTS' "COULD ALMOST COST PLAINTIFFS LIFE" AND CAUSED A NUMBER OF SIDEFFECTS, WICH INCLUDES, "DIZZINESS , MIND GOING BLANK , POUNDING HEAD-ACHE, STOMACH PAIN , NAUSEA, VOMITING, LOST 15 POUNDS, DIA-RRHEA, AND OTHER RELATED SYMPTOMS AS HAND AND BODY TREMBLING" FOR A PERIOD OF "5 OR 6 WEEK OF CONSTANLY PAIN AND SUFFERING" AND "MENTAL ANGUISH".

## II   STATEMENT OF THE CASE:

[A]    1) PLAINTIFFS PLEADING ON HIS AMENDED COMPLAINT AND ORIGINAL PLEADING ADD-UP A NEW DEFENDANT AMERICAN SER-VICE group inc. AGENT(S) ET. AL. ON JUNE 25, 2003.

(2) PLAINTIFFS ALLEGES "CRUEL AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE AS A VIOLATION OF THE 8TH AMENDMENT PROHIBITION AGAINST UNNECESSARY INFLICTION OF PAIN, WICH THE UNITED STATES CONSTITUTION DOES NOT ALOUD IT. "PHARMACIST PROFFESSIONAL MALPRACTICE, NEGLIGENCE, "CIVIL RIGHTS VIOLA-TION "UNDER COLOR OF STATE LAW, CIVIL RIGHTS CONSPIRACY CLAIM, AND A DECLARATORY JUDGMENT THAT ALL STEAM FROM THE DIS-

TRIBUTION OF AN INCORRECT MEDICATION BY THE DEFENDANTS' AMERICAN SERVICEGROUP INC· AGENT(S)· ET· AL , SECURE PHARMACY PLUS THAT SUBJECTED PLAINTIFFS TO SUFFER A GREAT DEAL OF "HUMILIATION, PAIN, IDIGNITIES OF SUFFERING" WHEN IN FACT THEY DEFENDANTS' SENT THE "WRONG - MEDICATION AND CONSUMED BY PLAINTIFF. AND "ALL PERSONS EQUAL BEFORE THE LAW."

## III    SUPREMACY CLAUSE:    MEMORANDUM OF LAW:

[A]    1) POPULAR TITLE OF ARTICLE VI [2] OF THE US CONSTITU-TYON WICH IS THE MAIN FOUNDATION OF THE FEDERAL GOVERNMENT'S POWER OVER THE STATES PROVIDING IN EFFECT THAT THE 'ACTS OF FEDERAL GOVERNMENT ARE OPERATIVE AS SUPREME LAW THROUGH-OUT THE UNION. THE STATE HAVE NO POWER TO IMPEDE, BURDEN OR IN ANY MANNER CONTROL THE OPERATION OF THE LAWS ENACTED BY THE GOVERNMENT OF THE NATION.

2) THE STATE MAY NOT INTERFERE IN ANY MANNER WITH THE FUNCTIONING OF THE FEDERAL GOVERNMENT.

3) FEDERAL ACTION WHETER IN THE FORM OF "STATUTE", "TREATY" A COURT DECISION OR AN ADMINISTRATIVE ACT IF ITSELF CONSTITUTIONAL MUST PREVAIL OVER STATE ACTION INCONSISTENT THERE WITH. SCHWARTZ CONSTITUTIONAL LAW 48 (2ND Ed. 1979).

## [B]    UNDER COLOR OF STATE LAW:

1) THE SUPREME COURT HAS PROVIDED AT LEAST THREE EXAM-PLES OF CONDUCT TO SATISFY THE "UNDER COLOR OF STATE LAW" RE-quirement OF § 42. U.S.C § 1983.

(a) FIRST- THE COURT HAS HELD THAT "[M]ISS USE OF POWER, POSSESED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE "WRONGDOER" IS "CLOTHED WITH THE AUTHORITY OF STATE

LAW, IS ACTION IS TAKEN UNDER COLOR OF STATE LAW." MONROE V. PAPE; 365 U.S. AT 184, QUOTING UNITED STATES V. CLASSIC, 313 U.S. 325, 326 (1941); ACCORD, WEST V. ATKINS; 487 U.S. AT 50: BROWN V. MILLER; 631 F.2d 408, 411 (5TH CIR 1980). THE SUPREME COURT HAS ALSO EQUATED "COLOR OF LAW" WITH THE "PRETENSE" OF LAW. SCREWS V. UNITED STATES; 325 U.S. 91, 111, 65 S.Ct. 1031 (1945); ACCORD: DANG VANG V. XIONG X, TOYED; 944 F.2d 476, 479 (9TH CIR. 1991).

(b) SECOND - THE COURT HAS HELD THAT TO ACT "UNDER COLOR OF STATE LAW" A DEFENDANT NEED NOT TO BE A AN OFFICER OF THE STATE; IT IS SUFFICIENT THAT HE OR SHE "IS WILLFULL PARTICIPANT IN JOIN ACTIVITY WITH THE STATE OR ITS AGENTS' MILLER V. CORRECTIO-NAL MEDICAL SYSTEM INC; 802 Supp. 1126, 1132 (D. DEL 1992). DENNIS V. SPARKS, 449 U.S. 24, 27-28, 101 S.Ct. 183 (1980); BENDIBURG V. DEMPSEY, 909 F.2d, 463, 469 (11TH CIR. 1990), CERT DENIED; 111 S.Ct. 2053 (1991); SWIFT V. LEWIS; 901 F.2d 730, 732 n.5 (9TH CIR. 1990) (RELIGIOUS FUNCTIONARY WHO ACTED JOINTLY WITH PRISON OFFICIALS IN DENYING THE PLAINTIFF A RELIGIOUS CLASSIFICATION ACTED "UNDER COLOR OF STATE LAW."); TEMPLE V. ALBERT, 719 F. Supp. 265, 267 (S.D.N.Y. 1989). (DOCTOR WHO CONSPIRED WITH POLICE OFFICERS WOULD ACT "UNDER COLOR OF STATE LAW.")

c) THIRD - THE COURT HAS HELD THAT PRIVATE INDEPENDENT PERSONS WHO ARE AUTHORIZED TO EXERCISE STATE AUTHORITY ARE DEEM TO BE ACTING "UNDER COLOR OF STATE LAW." STREET V. CORRS. CORP. OF A.M. 102 F.3d 810, 814 (6TH CIR. 1996) CORPORATIONS OPERATION (PRISONS "UNDER CONTRACT" AND "THEIR EMPLOYEES" ACT UNDER COLOR OF STATE LAW JUST LIKE EMPLOYEES OF GOVERN-MENT OPERATED JAIL AND PRISONS. ISLAM V. JACKSON; 782

-5-

F. Supp. 1111, 1113 (E.D. Va. 1992) PHELPS V. DUNN; 965 F. 2d 93, 101-02 (6th cir. 1992). ANACATA V. PRISON HEALTH SERVICES; 769 F. 2d 700, 7003 (11th cir. 1985).

"(PRISONERS' MAY ALSO BE ABLE TO SUE SUCH CORPORATION "UNDER STATE LAW" AS A THIRD-PARTY BENEFECIARIES OF THE CONTRACT. CHERRY V. CHOW; 945 F. Supp. 1520 (M.D. Fla 1994). CAlVERT V. HUN; 798 F. Supp. 1226, 1229 (N.D.W. Va. 1992).

(PRIVATE OR INDEPENDENTS PARTY WHO CONSPIRES WITH STATE ACTORS TO DEPRIVE ANOTHER OF CONSTITUTIONAL RIGHTS ACTS" UNDER COLOR OF STATE LAW." JENSEN V. LANE COUNTY; 222 F. 3d. 570, 574-75 (9th cir. 2000). ANAYA V. CROSS ROADS MANAGED CARE SYST; 195. F.3d 584, 596 (10th cir.) ONE COURT HAS HELD THAT AN UNICORPORATED ASSO-CIATION OF CORRECTIONAL OFFICERS MAY BE SUED UNDER § 1983, CORRENTE V. STATE OF RHODE ISLAND, DEPT. OF CORRECTIONS, 759 F. Supp. 73. 80 (D. R.I. 1991). HOWELL V. EVANS; 922 F. 2d. 712, 723-24 (11th cir.) (PRIVATE CORPORATION PROVIDING MEDICAL SERVIES; "VACATED AS SETTLED," 931 F. 2d 711 (11th cir. 1991).

## IV  ARGUMENT:

IN THIS CASE THE COURT HAS DECIDED A QUESTION OF CENTRAL IMPORTANCE THIS ISSUES INVOLVES WHETHER THE DEFENDANTS', SECURE PHARMACY (1st) PIUS, AMERICAN SERVICE GROUP INC. AGENT(S) ET. AL. ACTED "UNDER COLOR OF STATE LAW."

PLAINTIFFS CONTENDS THAT AMERICAN SERVICE GROUP INC. AGENT(S) ET. AL., SECURE PHARMACY (1st) PIUS, "ACTED UNDER THE COLOR OF STATE LAW" WHEN THEY ENTERED INTO THE CONSENT AND SING A CONTRACT AS A CONTRACTOR TO PROVIDE PRESCRIPTION SERVICES TO THE STATE OF CONNECTICUT PRISONERS. IN NORFOLK AND WESTERN RY. CO. V.

AMERICAN TRAIN DISPACHERS ASS'N. 499 U.S. 117, 113 L.Ed. 2d 95, 111 S.Ct. 1156 (1991) (OBLIGATION OF CONTRACT IS LAW WICH BINDS PARTIES TO PERFORM THEIR AGREEMENT). IN Mills V. POLAR molecular corp. 12 F.3d. 1170 (2ND Cir. 1993) EVERY PARTY TO CONTRACT Commits Himself TO good-FAITH PERFORMANCE.

PLAINTIFF CONTENDS THAT DEFENDANTS' ACTED "UNDER COLOR OF STATE LAW" WHEN THE DEPRIVATION WAS CAUSED BY THE DEFENDANTS' EXERCISE OF A RIGHT OR (PRIVILEGED CREATED OR IMPOSED BY THE STATE OR A PERSON WHOM THE STATE IS RESPONSIBLE CONCER-NING THE "EQUAL PROTECTION CLAUSE" OF THE 14TH AMENDMENT TO THE CONSTITUTION SEE. Am. MFRS. MUT. INST. CO. V. Sullivan 526 U.S. 40-50 (1999) IN Re G & L Packing Co. inc. 41 BR 903 (D.C. NEW YORK 1984) (CORPORATIONS ARE CREATURES OF STATE LAW, AND THAT STATE LAW generally governs THEIR AFFAIRS.

THEREFORE THE DEFENDANTS' MUST BE FAIRLY CHARACTE-RIZED AS A STATE ACTOR. SEE. ADICKER V. SHRESS & COMPANY; 398 U.S. 144, 152 (1970) SEE Also BRENTWOOD ACAD V. TENN. SECONDARY SCH. ATHELETIC ASSOCi 531, U.S. 288, 289 (2001). (ATHletic ASSO. WAS A STATE ACTOR BECAUSE it NOMINALLY PRIVATE CHARACTER WAS OVERBORNE BY THE PERSUASIVE ENTWINEMENT OF PUBLIC INSTI-TUTION AND PUBLIC OFFICIALS IN ITS COMPOSITION AND WORKING.

PLAINTIFFS CONTENDS THAT IN WOLFISH V. ANDERSON; 447 F. Supp. 114 (S.D.N.Y. 1977), BATTLE V. ANDERSON; 447 F. Supp. 516 (S.D.N.Y. 1977). "PEOPLE ARE SENT TO PRISON AS PUNISHMENT, NOT FOR PUNISHMENT."

IN JORDAN V. GARDNER; 986 F. 2d 1521 (9th Cir. 1993)
IN HENDRIKS V. COUGHLIN; 942 F. 2d 109 (2ND Cir. 1991).

-7-

STATES: "UNNECESSARY AND WANTON INFLICTION OF PAIN
UPON PRISONERS CONSTITUTED "CRUEL AND
UNUSUAL PUNISHMENT" "FORBIDDEN BY THE
EIGHT AMENDMENT."

IN KAMINSKY V. ROSENBLUM: 929 F. 2d 922 (2ND CIR. 1991)
"EIGHT AMENDMENT REQUIRES PRISON OFFICIALS
TO ACCORD HUMAN DIGNITY TO EACH INDIVIDUAL
INMATE."

PLAINTIFF CONTENDS THAT HE IS A PROSE LITIGANT AND PRO-
SE-LITIGANT ARE ALLOWED MORE LATITUDE THAN LITIGANTS
REPRESENTED BY COUNSEL TO CORRECT DEFECTS IN SERVICE OF
PROCESS AND PLEADING: MOORE V. AGENCY FOR INTERN. DEVE-
LOPMENT: 994 F. 2d 874 (D.C. CIR. 1993).

IN NOLL V. CARLSON: 809 F. 2d 1446 (9th CIR. 1987) PRO-SE
LITIGANTS BRINGING CIVIL RIGHTS SUITS IN FORMA PAUPERIS IS
ENTITLED TO FIVE PROCEDURAL PROTECTIONS:

(a) PROCESS ISSUED AND SERVED.

(b) NOTICE OF ANY MOTIONS THERE AFTER MADE BY
DEFENDANT OR THE COURT TO DISMISS THE COM-
PLAINT AND THE GROUNS THEREFOR.

(c) AN OPPORTUNITY TO AT LEAST SUBMIT A WRITTEN
MEMORANDUM IN OPPOSITION TO SUCH MOTION.

(d) IN THE EVENT OF DISMISSAL, A STATEMENT OF
THE GROUNDS THEREFOR.

(e) AN OPPORTUNITY TO AMEND THE COMPLAINT TO OVER-
COME THE DIFICIENCY UNLESS IT CLEARLY APPEARS
FROM THE COMPLAINT THAT THE DEFICIENCY CANNOT BE

OVERCOME BY AMENDMENT.

PLAINTIFFS' CONTENDS THAT HOWEVER, THAT THE HONO-
RABLE JUSTICE DID DETERMINE; SO ORDERED ON JUNE 20
2003 THAT PLAINTIFF HAD MADE SUFFICIENT ALLEGATION OF
NEGLIGENCE, (PROFFESSIONAL MALPRACTICE AND THAT DIVERSITY
OF JURISDICTION EXIST, SO THE INMATES' PROGRAM STATED
IT APPEAR THAT PLAINTIFF DO NOT NEED TO FILE A NEW CASE
IN STATE COURT (SEE EXHIBITS ALREADY SUBMITTED TO THE
COURT).

IT APPEAR THAT PROBABLE CAUSE EXISTS FOR AN APPLI-
CATION FOR PRE-JUDGMENT REMEDY AS TO THE VALIDITY OF
THE PLAINTIFFS CLAIMS. AS A MATTER OF LAW. TO SECURE
THE SUM. CLAIMED.

THE ADMISSIBLE EVIDENCE ON THE CLAIMED DISTRIBUTION
OF AN INCORRECT MEDICATION DOES ESTABLISH PROBABLE
CAUSE AS A MATTER OF LAW SEE EXHIBITS SUBMITTED ALREADY
TO THE COURT IN PARTICULAR [2] AND [2a] WICH STATES:

(a) AT THE BOTTON (YOUR RECORDS DID SHOW THAT YOU
HAD RECEIVE "RISPERDAL, PSY2CHOFRENIC MEDICATION (GREEN)
RATHER THAN THE PAXIL (PINK) WICH YOU HAD BEEN
(PRESCRIBED. ALSO PLAINTIFF RECORD (MEDICAL) INCLUDED
A NOTATION THAT THE PHARMACY, SECURE PHARMACY,
INC., HAD SENT THE RISPERDAL MISLABELED AS
PAXIL.

FURTHERMORE, PLAINTIFFS' DID NOT COMMITTED CONTRI-
BUTORY NEGLIGENCE AND IS "NOT" A FACTUAL QUESTION AND NOT A
DEFENSE TO DEFENDANTS' MOTION.

-9-

PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES, COSTS OF THE LITIGATION FEES. PRO-SE LITIGANT WAS ENTITLED TO RECOVER ACTUAL COSTS REASONABLY INCURRED IN PROSE-CUTING CIVIL ACTION. BURT V. HENNESSEY; 929 F. 2d 457 (9TH CIR. 1991).

WHEREFORE, I RESPECTFULLY REQUEST THAT THE COURT TO GRANT THE WITHIN MOTION, ALSO THE MOTION FOR PRE-JUDGMENT TO SECURE THE RELIEF REQUESTED AS WELL AS SUCH OTHER FURTHER RELIEF AND MAY BE JUST AND PROPER, INCLUDING COSTS, ATTORNEYS' FEES AND LITIGATION FEES.

CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED TO THE FOLLOWING ON THIS 15TH DAY OF MARCH 2004 TO:

TO: HONORABLE JUSTICES:

M.R. WILLIAM I. GARFINKEL, M.R. MARK R. KRAVITZ

U.S. COURTHOUSE

141 CHURCH STREET

NEW HAVEN CT. 06510.

NOEL DAVILA - PRO-SE

TO: ATTORNEYS' FOR THE DEFENDANTS':

M.R. THOMAS H. WINSLOW

321 MAIN STREET

FARMINGTON CT. 06032.

BY: NOEL DAVILA - PRO-SE
P.O. BOX 5500

DATED: 3-15-2004

Exhibit A1

TO: ATTORNEYS FOR THE DEFENDANT(S)
M.R. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032.

DATE: FEBRUARY 11, 2004.

FROM: NOEL DAVILA
GARNER C.I.
P.O. BOX 5500
NEWTOWN CT. 06470.

RE: SECURE PHARMACY (IST) PlUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S) ET. AL.
(CIV NO: 302CV0652(MRK)(W.IG) (ENCLOSED ARE:
(NOTICE OF MOTION FOR PRE JUDGMENT REMEDY, APPLICATION FOR
PRE JUDGMENT REMEDY, ORDER, SUMMONS, AFFIDAVIT/AND
A LOT OF EXHIBITS ON A SEPARATE ENVELOPES BECAUSE THEY
DON'T FIT IN IT.

DEAR M.R. WINSLOW:
        (PLEASE FIND ENCLOSED THE ABOVE MENTIONED MOTION(S) IN THE
ABOVE CAPTIONED CASE; ALSO IN A SEPARATE ENVELOPES AT THE SAME DAY
A LOT OF EXHIBITS SUPPORTING MY CLAIM(S).
        (PLEASE PROVIDE ME WITH A COPY OF AN UP-DATED DOCKET SHEET
FOR MY RECORDS, AFTER YOU OBTAIN YOURS FROM THE COURT.

                                Sincerely yours,
DATED-2-11-2004.                Noel Davila

1 OF 1

UNITED STATES DISTRICT COURT
  DISTRICT OF CONNECTICUT

                                           CIV NO: 302 CV652 (M.R.K) (W.I.G)

  NOEL DAVILA
             , PLAINTIFF
  - AGAINST -                              DATE: FEBRUARY 11, 2004

  SECURE PHARMACY PLUS, AMERICAN
  SERVICE GROUP INC AND AGENT(S) ET.AL. DEFENDANT(S)

# NOTICE OF MOTION

  SIRS:
        PLEASE TAKE NOTICE THAT UPON THE ANNEXED AFFIDAVIT
  OR AFFIRMATION OF NOEL DAVILA, SWORN AFFIRMATION 11th DAY
  OF FEBRUARY 2004. AND UPON THE COMPLAINT PLAINTIFF WILL MOVE
  THIS COURT; HONORABLE; MARK R. KRAVITZ OR HONORABLE; WILLIAM I.
  GARFINKEL IN ROOM _____, UNITED STATES COURTHOUSE NEW HAVEN
  CONNECTICUT ON THE 20th DAY OF FEBRUARY 2004 AT 9:00 A.M. OR AS SOON
  THEREAFTER AS COUNSEL CAN BE HEARD, FOR AN ORDER PURSUANT TO RULE 64
  OF THE FEDERAL R.CIV. P. GRANTING THE APPLICATION FOR PREJUDGMENT REMEDY
  TO SERVE THE ORDER ATTACHED, SUMMONS, COMPLAINT AFFIDAVIT UPON;
  SECURE PHARMACY PLUS, (1ST) AMERICAN SERVICE GROUP INC AND AGENT(S)
  ET.AL. (BUT NO LIMITED ALL EXIBIT(S) ).

                                           Noel Davila
                                           NOEL DAVILA
                                           PRO-SE
     DATED: 2-11-2004.                     P.O. BOX 5300
                                           NEWTOWN CT. 06470.

-- 1 --

United States District Court
District of Connecticut

Civ no : 3C2CV652 (M.R.K.)(W.I.G.

Noel Davila
          , Plaintiff

- Against -                    Date : February 11, 2004

Secure Pharmacy (ist) Plus, American
Service group Inc. And Agent(s) ET. AL.
          , Defendant (s)

## APPLICATION FOR PREJUDGEMENT REMEDY

To the Federal Court for the Judicial
District of New Haven.

The Undersigned Represents :

1) That Noel Davila commence an Action against Secure Pharmacy (ist)
Plus, American Service group inc. and Agents Et. AL at 7170 Standard
Drive Hanover Maryland 21076. Persuant to the attached proposed
Unsigned Writ. Summons. Complaint Affidavit.
2) Secure Pharmacy (ist) Plus, American Service group inc.and Agents Et. A
are the defendant (s).
3) Secure Pharmacy Plus is "Owned by a parent Corporation American
Service group inc". American Service group inc and Agents is a "Publicly
Traded Stock Company; and is a corporation under the same rules as

-2-

Secure Pharmacy (ist) Plus and Agent(s).

4) That there is probable Cause that a Judgement in the amount of the preJudgement remedy Sought, or in an amount Greater than the amount of the preJudgement remedy Sought, Taking into account any Known defenses, Counterclaims or Set-offs, will be rendered in the matter in favor of the Applicant and that to Secure the Judgement the applicant Seeks an Order from this Court directing that the following PreJudgement remedy be granted to Secure the Sum of:
$ " One-million, Two hundred and Fifty Thousand Dollars :

a) To Attach Sufficient property of the Defendant(s) to Secure Such Sum.

b) To garnishee Secure Pharmacy (ist) Plus, American Service Group inc. and Agent (s) ET. AL as he is the agent, Trustee, Debtor of the defendants and has concealed in his possession property of the defendant and is indebted to him.

c) To a declaratory Judgement that the defendants Acts, Practices, Policies here, Procedures herein violated Plaintiffs rights under the United States Constitution to be free from "Cruel and Unusual Punishment", Negligence, Pharmisist Proffecional malpractice, and to each Defendant(s) Seperately award the Sum of $ One million, Two Hundred and Fifty Thousand Dollars.

Dated: 2-11-2004

Noel Davila
P.O. Box 5500
Newtown, Ct 06470

— 3 —

# ORDER.

The above Application having been presented to the court, it is hereby Ordered, that a hearing be held thereon on Friday 2ᵗʰ Day of Febuary at 9:00 Am, 2004, And that the plaintiff give notice to the defendant in accordance with Section 52-278C of the General Statutes of the pendency of the application and of the time when it will be heard by causing a true and attested copy of the application the proposed unsigned writ. Summons, Complaint, Affidavit and of this order, Together with such notice as is require under Subsection (e) of section 52-278C, to be served upon the defendants by some proper officer or Indifferent person on or before Friday 20ᵗʰ Day Febuary 2004, at 9:00 am and that due return of service be made to this court and to the plaintiff.

Dated at Bridgeport this ——— Day of ——— 2004.

Clerk of the Court

## Summons

   To the sheriff of the county of <u>Fairfield</u>, <u>New Haven</u> his deputy, or either Constable of the town of Bridgeport, New Haven said County:

   Greeting:
   By authority of the state of Connecticut, you are hereby Commanded to serve a true and tested Copy of the above application, Unsigned proposed writ Summons, Complaint, Affidavit and Order upon Secure Pharmacy (1st) Plus, American Service group inc. and Agents Et. Al. of Prejudgement Remedy at 7170 standard Drive Hanover Maryland 21076 by leaving the same in his hands or at his usual place of on or before defendant(s) Secure Pharmacy (1st) plus, American Service group inc. and agents Et. Al. Before Friday Febuary <u>20</u>th 2004.

   Dated at _____ This Day of _____ 2004

   Commissioner of the Federal Court: