– 1 –

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV. NO: 302CV652(M.R.K)(WIG).

NOEL DAVILA
                        , PLAINTIFF
—AGAINST—

DATE: MARCH 15, 2004

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AGENT(S) ET.AL.

PLAINTIFFS REPLY TO DEFENDANTS' MEMO-
RANDUM OF LAW IN SUPPORT TO PLAINTIFFS
FEBRUARY 11, 2004 MOTION FOR APPLICATION
FOR PREJUDGMENT REMEDY:

PURSUANT TO FED. R. CIV. P. AND LOCAL RULES AND PRESENT A
OR A CONCISE STATEMENT MAINTAINES THAT THERE IS OR
ARE GENUINE MATERIALS OF FACTS ON PLAINTIFF CLAIMS
OF 8th AMENDMENT CONSTITUTIONAL RIGHTS VIOLATIONS
AND GENUINE ISSUES OF MATERIAL OF FACTS ON THE CLAIMED
NEGLIGENCE, PROFFESSIONAL MALPRACTICE AGAINST SECURE
PHARMACY PLUS, AMERICAN SERVICE GROUP INC AGENT(S) ET.AL.
    (SEE EXHIBITS, A, B, Z, 1 AND AH SUBMITTED TO THE COURT).

                                    BY: _Noel Davila_, PLAINTIFF
DATED: 3-15-2004.                    NOEL DAVILA – PRO-SE
                                    P.O. BOX 5300
                                    NEW TOWN CT. 06470.

## I  STATEMENT OF FACTS:

[A]    1) THE COMPLAINT IN THIS CASE ALLEGES THAT THE PLAIN-
TIFFS WAS SUBJECTED TO THE MISUSE OF DEFENDANTS', "ACTS,
POLICIES, PRACTICES, PROCEDURES WERE NOT EXERCISE BY THE DE-
FENDANTS", AMERICAN SERVICE GROUP INC. AGENTS) ET. AL. SECURE
PHARMACY(IST) PLUS, WICH FAIL TO INSPECT MEDICATION AND
LATER WAS GIVEN TO THE PLAINTIFF AND WAS THE WRONG- MEDI-
CATION WICH PLAINTIFFS WAS ALLERGIC TO.

[B]  THEIR ACTIONS FROM THE DEFENDANTS' "COULD ALMOST
COST PLAINTIFFS LIFE" AND CAUSED A NUMBER OF SIDE EFFECTS,
WICH INCLUDES, "DIZZINESS, MIND GOING BLANK, POUNDING HEAD-
ACHE, STOMACH PAIN, NAUSEA, VOMITING, LOST 15 POUNDS, DIA-
RRHEA, AND OTHER RELATED SYMPTOMS AS HAND AND BODY
TREMBLING" FOR A PERIOD OF "5 OR 6 WEEK OF CONSTANLY
PAIN AND SUFFERING". AND "MENTAL ANGUISH".

## II  STATEMENT OF THE CASE:

[A]    1) PLAINTIFFS PLEADING ON HIS AMENDED COMPLAINT AND
ORIGINAL PLEADING ADD-UP A NEW DEFENDANT  AMERICAN SER-
VICE GROUP INC. AGENT(S) ET. AL. ON JUNE 25, 2003.

    (2) PLAINTIFFS ALLEGES "CRUEL AND UNUSUAL PUNISHMENT,
DELIBERATE INDIFFERENCE AS A VIOLATION OF THE 8TH AMENDMENT
PROHIBITION AGAINST UNNECESSARY INFLICTION OF PAIN, WICH THE
UNITED STATES CONSTITUTION DOES NOT ALOUD IT. "PHARMACIST
PROFFESSIONAL MALPRACTICE, NEGLIGENCE", "CIVIL RIGHTS VIOLA-
TION "UNDER COLOR OF STATE LAW", CIVIL RIGHTS CONSPIRACY CLAIM",
AND A DECLARATORY JUDGMENT THAT ALL STEAM FROM THE DIS-

TRIBUTION OF AN INCORRECT MEDICATION BY THE DEFENDANTS'
AMERICAN SERVICE GROUP INC· AGENT(S). ET· AL, SECURE PHARMACY
PIUS THAT SUBJECTED PLAINTIFFS TO SUFFER A GREAT DEAL OF
"HUMILIATION, PAIN, IDIGNITIES OF SUFFERING" WHEN IN FACT THEY
DEFENDANTS' SENT THE "WRONG - MEDICATION AND CONSUMED BY
PLAINTIFF. AND "ALL PERSONS EQUAL BEFORE THE LAW."

## III    SUPREMACY CLAUSE·. MEMORANDUM OF LAW·.

[A]    1) POPULAR TITLE OF ARTICLE VI [2] OF THE US CONSTITU-
TION WICH IS THE MAIN FOUNDATION OF THE FEDERAL GOVERNMENT'S
POWER OVER THE STATES PROVIDING IN EFFECT THAT THE 'ACTS OF
FEDERAL GOVERNMENT ARE OPERATIVE AS SUPREME LAW THROUGH-
OUT THE UNION. THE STATE HAVE NO POWER TO IMPEDE, BURDEN
OR IN ANY MANNER CONTROL THE OPERATION OF THE LAWS ENACTED
BY THE GOVERNMENT OF THE NATION·

    2) THE STATE MAY NOT INTERFERE IN ANY MANNER WITH THE
FUNCTIONING OF THE FEDERAL GOVERNMENT·

    3) FEDERAL ACTION WHETER IN THE FORM OF "STATUTE",
"TREATY" A COURT DECISION OR AN ADMINISTRATIVE ACT IF ITSELF
CONSTITUTIONAL MUST PREVAIL OVER STATE ACTION INCONSISTENT
THERE WITH. SCHWARTZ CONSTITUTIONAL LAW 48 (2ND Ed. 1979).

## [B]    UNDER COLOR OF STATE LAW·.

    1) THE SUPREME COURT HAS PROVIDED AT LEAST THREE EXAM-
PLES OF CONDUCT TO SATISFY THE "UNDER COLOR OF STATE LAW" RE-
QUIREMENT OF § 42· U·S·C § 1983.

        (a) FIRST- THE COURT HAS HELD THAT "[M]ISS USE OF
POWER, POSSESED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY
BECAUSE THE "WRONGDOER" IS "CLOTHED WITH THE AUTHORITY OF STATE

LAW, IS ACTION IS TAKEN UNDER COLOR OF STATE LAW." MONROE V. PAPE; 365 U.S. AT 184, QUOTING UNITED STATES V. CLASSIC, 313 U.S. 325, 326 (1941); ACCORD, WEST V. ATKINS; 487 U.S. AT 50; BROWN V. MILLER; 631 F. 2d 408, 411 (5TH CIR 1980). THE SUPREME COURT HAS ALSO EQUATED "COLOR OF LAW" WITH THE "PRETENSE" OF LAW. SCREWS V. UNITED STATES; 325 U.S. 91, 111, 65 S.Ct. 1031 (1945); ACCORD: DANG VANG V. XIONG X, TOYED; 944 F. 2d 476, 479 (9TH CIR. 1991).

(b) SECOND - THE COURT HAS HELD THAT TO ACT "UNDER COLOR OF STATE LAW" A DEFENDANT NEED NOT TO BE A AN OFFICER OF THE STATE; IT IS SUFFICIENT THAT HE OR SHE "IS WILLFULL PARTICIPANT IN JOIN ACTIVITY WITH THE STATE OR ITS AGENTS' MILLER V. CORRECTIO-NAL MEDICAL SYSTEM INC; 802 SUPP. 1126, 1132 (D. DEL 1992). DENNIS V. SPARKS, 449 U.S. 24, 27-28, 101 S.Ct. 183 (1980); BENDIBURG V. DEMPSEY, 909 F. 2d, 463, 469 (11TH CIR. 1990), CERT DENIED; 111 S.Ct. 2053 (1991); SWIFT V. LEWIS; 901 F. 2d 730, 732 n.5 (9TH CIR. 1990) (RELIGIOUS FUNCTIONARY WHO ACTED JOINTLY WITH PRISON OFFICIALS IN DENYING THE PLAINTIFF A RELIGIOUS CLASSIFICATION ACTED "UNDER COLOR OF STATE LAW."); TEMPLE V. ALBERT, 719 F. SUPP. 265, 267 (S.D.N.Y. 1989). (DOCTOR WHO CONSPIRED WITH POLICE OFFICERS WOULD ACT "UNDER COLOR OF STATE LAW.")

c) THIRD - THE COURT HAS HELD THAT PRIVATE INDEPENDENT PERSONS WHO ARE AUTHORIZED TO EXERCISE STATE AUTHORITY ARE DEEM TO BE ACTING "UNDER COLOR OF STATE LAW." STREET V. CORRS. CORP. OF A.M. 102 F. 3d 810, 814 (6TH CIR. 1996) CORPORATIONS OPERATION (PRISONS "UNDER CONTRACT" AND "THEIR EMPLOYEES" ACT UNDER COLOR OF STATE LAW JUST LIKE EMPLOYEES OF GOVERN-MENT OPERATED JAIL AND PRISONS. ISLAM V. JACKSON; 782

-5-

F. Supp. 1111, 1113 (E.D. Va. 1992) PHELPS V. DUNN; 965 F. 2d 93, 101-02 (6th Cir. 1992). ANACATA V. PRISON HEALTH SERVICES; 769. F. 2d 700, 7003 (11th Cir. 1985).

"(PRISONERS' MAY ALSO BE ABLE TO SUE SUCH CORPORATION" UNDER STATE LAW" AS A THIRD-PARTY BENEFECIARIES OF THE CONTRACT. CHERRY V. CHOW; 945 F. Supp. 1520 (M.D. Fla 1994). CAlvert V. HUN; 798 F. Supp. 1226, 1229 (N.D.W. Va. 1992).

(PRIVATE OR INDEPENDENTS PARTY WHO CONSPIRES WITH STATE ACTORS TO DEPRIVE ANOTHER OF CONSTITUTIONAL RIGHTS ACTS" UNDER COLOR OF STATE LAW." JENSEN V. LANE COUNTY; 222 F. 3d. 570, 574-75 (9th Cir. 2000). ANAYA V. CROSS ROADS MANAGED CARE SYST; 195. F. 3d 584, 596 (10th Cir.) ONE COURT HAS HELD THAT AN UNICORPORATED ASSO-CIATION OF CORRECTIONAL OFFICERS MAY BE SUED UNDER § 1983, CORRENTE V. STATE OF RHODE ISLAND, DEPT. OF CORRECTIONS, 759 F. Supp. 73. 80 (D.R.I. 1991). HOWELL V. EVANS; 922 F. 2d. 712, 723-24 (11th Cir.) (PRIVATE CORPORATION PROVIDING MEDICAL SERVICES; "VACATED AS SETTLED," 931 F. 2d 711 (11 Cir. 1991).

## IV  ARGUMENT:

IN THIS CASE THE COURT HAS DECIDED A QUESTION OF CENTRAL IMPORTANCE THIS ISSUES INVOLVES WHETHER THE DEFENDANTS', SECURE PHARMACY (1ST) PlUS, AMERICAN SERVICE GROUP INC. AGENT(S) ET. AL. ACTED "UNDER COLOR OF STATE LAW."

PlAINTIFFS CONTENDS THAT AMERICAN SERVICE GROUP INC. AGENT(S) ET. AL., SECURE PHARMACY (1ST) PlUS, "ACTED UNDER THE COLOR OF STATE LAW" WHEN THEY ENTERED INTO THE CONSENT AND SING A CONTRACT AS A CONTRACTOR TO PROVIDE PRESCRIPTION SERVICES TO THE STATE OF CONNECTICUT PRISONERS. IN NORFOLK AND WESTERN RY. CO. V.

AMERICAN TRAIN DISPACHERS ASS'N. 499 U.S. 117, 113 L.Ed. 2d 95, 111 S.Ct. 1156 (1991) (OBLIGATION OF CONTRACT IS LAW WICH BINDS PARTIES TO PERFORM THEIR AGREEMENT). IN Mills V. POLAR MOLECULAR CORP. 12 F.3d. 1170 (2ND Cir. 1993) EVERY PARTY TO CONTRACT COMMITS HIMSELF TO GOOD-FAITH PERFORMANCE.

PLAINTIFF CONTENDS THAT DEFENDANTS' ACTED "UNDER COLOR OF STATE LAW" WHEN THE DEPRIVATION WAS CAUSED BY THE DEFENDANTS' EXERCISE OF A RIGHT OR PRIVILEGED CREATED OR IMPOSED BY THE STATE OR A PERSON WHOM THE STATE IS RESPONSIBLE CONCERNING THE "EQUAL PROTECTION CLAUSE" OF THE 14TH AMENDMENT TO THE CONSTITUTION SEE. Am. MFRS. MUT INST. CO. V. SULLIVAN 526 U.S. 40-50 (1999) IN RE G & L PACKING CO. INC. 41 BR 903 (D.C. NEW YORK 1984) (CORPORATIONS ARE CREATURES OF STATE LAW, AND THAT STATE LAW GENERALLY GOVERNS THEIR AFFAIRS.

THEREFORE THE DEFENDANTS' MUST BE FAIRLY CHARACTERIZED AS A STATE ACTOR. SEE. ADICKER V. SHRESS & COMPANY; 398 U.S. 144, 152 (1970) SEE ALSO BRENTWOOD ACAD V. TENN. SECONDARY SCH. ATHELETIC ASSOC; 531, U.S. 288, 289 (2001). (ATHLETIC ASSO. WAS A STATE ACTOR BECAUSE iT NOMINALLY PRIVATE CHARACTER WAS OVERBORNE BY THE PERSUASIVE ENTWINEMENT OF PUBLIC INSTITUTION AND PUBLIC OFFICIALS IN ITS COMPOSITION AND WORKING.

PLAINTIFFS CONTENDS THAT IN WOLFISH V. ANDERSON; 447 F. Supp. 114 (S.D.N.Y. 1977), BATTIE V. ANDERSON; 447 F. Supp. 516 (S.D.N.Y. 1977). "PEOPLE ARE SENT TO PRISON AS PUNISHMENT, NOT FOR PUNISHMENT."

IN JORDAN V. GARDNER; 986 F. 2d 1521 (9th Cir. 1993)
IN HENDRIKS V. COUGHLIN; 942 F. 2d 109 (2ND Cir. 1991).

STATES: "UNNECESSARY AND WANTON INFLICTION OF PAIN UPON PRISONERS CONSTITUTED "CRUEL AND UNUSUAL PUNISHMENT" "FORBIDDEN BY THE EIGHT AMENDMENT."

IN KAMINSKY V. ROSENBLUM: 929 F. 2d 922 (2ND CIR. 1991) "EIGHT AMENDMENT REQUIRES PRISON OFFICIALS TO ACCORD HUMAN DIGNITY TO EACH INDIVIDUAL INMATE."

PLAINTIFF CONTENDS THAT HE IS A PROSE LITIGANT AND PRO-SE-LITIGANT ARE ALLOWED MORE LATITUDE THAN LITIGANTS REPRESENTED BY COUNSEL TO CORRECT DEFECTS IN SERVICE OF PROCESS AND PLEADING: MOORE V. AGENCY FOR INTERN. DEVE-LOPMENT: 994 F. 2d 874 (D.C. CIR. 1993).

IN NOLL V. CARLSON: 809 F. 2d 1446 (9th CIR. 1987) PRO-SE LITIGANTS BRINGING CIVIL RIGHTS SUITS IN FORMA PAUPERI'S IS ENTITLED TO FIVE PROCEDURAL PROTECTIONS:

(a) PROCESS ISSUED AND SERVED.

(b) NOTICE OF ANY MOTIONS THERE AFTER MADE BY DEFENDANT OR THE COURT TO DISMISS THE COM-PLAINT AND THE GROUNS THEREFOR.

(c) AN OPPORTUNITY TO AT LEAST SUBMIT A WRITTEN MEMORANDUM IN OPPOSITION TO SUCH MOTION.

(d) IN THE EVENT OF DISMISSAL, A STATEMENT OF THE GROUNDS THEREFOR.

(e) AN OPPORTUNITY TO AMEND THE COMPLAINT TO OVER-COME THE DIFICIENCY UNLESS IT CLEARLY APPEARS FROM THE COMPLAINT THAT THE DEFICIENCY CANNOT BE

OVERCOME BY *AMENDMENT*.

PLAINTIFFS' CONTENDS THAT HOWEVER, THAT THE HONO-RABLE JUSTICE DID DETERMINE; SO ORDERED ON <u>JUNE 20</u> 2003 THAT PLAINTIFF HAD MADE SUFFICIENT ALLEGATION OF NEGLIGENCE, (PROFFESSIONAL MALPRACTICE AND THAT DIVERSITY OF JURISDICTION EXIST, SO THE INMATES' PROGRAM STATED IT APPEAR THAT PLAINTIFF DO NOT NEED TO FILE A NEW CASE IN STATE COURT (SEE EXHIBITS ALREADY SUBMITTED TO THE COURT).

IT APPEAR THAT PROBABLE CAUSE EXISTS FOR AN APPLI-CATION FOR PRE-JUDGMENT REMEDY AS TO THE VALIDITY OF THE PLAINTIFFS CLAIMS. *AS A MATTER OF LAW. TO SECURE THE SUM. CLAIMED*.

THE ADMISSIBLE EVIDENCE ON THE CLAIMED DISTRIBUTION OF AN INCORRECT MEDICATION DOES ESTABLISH PROBABLE CAUSE AS A MATTER OF LAW *SEE EXHIBITS SUBMITTED ALREADY TO THE COURT IN PARTICULAR* [2] AND [2a] WICH STATES:

    (a) AT THE BOTTON ( YOUR RECORDS DID SHOW THAT YOU
        HAD RECEIVE "RISPERDAL, PSY2CHOFRENIC MEDICATION (GREEN)
        RATHER THAN THE PAXIL (PINK) WICH YOU HAD BEEN
        PRESCRIBED. ALSO PLAINTIFF RECORD (MEDICAL) INCLUDED
        A NOTATION THAT THE PHARMACY, SECURE PHARMACY,
        INC., HAD SENT THE RISPERDAL MISLABELED AS
        PAXIL.

FURTHERMORE, PLAINTIFFS' DID NOT COMMITTED CONTRI-BUTORY NEGLIGENCE AND IS "NOT" A FACTUAL QUESTION AND NOT A DEFENSE TO DEFENDANTS' MOTION.

PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES, COSTS OF THE LITIGATION FEES. PRO-SE LITIGANT WAS ENTITLED TO RECOVER ACTUAL COSTS REASONABLY INCURRED IN PROSE-CUTING CIVIL ACTION. BURT V. HENNESSEY; 929 F. 2d 457 (9TH CIR. 1991).

WHEREFORE, I RESPECTFULLY REQUEST THAT THE COURT TO GRANT THE WITHIN MOTION, ALSO THE MOTION FOR PRE-JUDGMENT TO SECURE THE RELIEF REQUESTED AS WELL AS SUCH OTHER FURTHER RELIEF AND MAY BE JUST AND PROPER, INCLUDING COSTS, ATTORNEYS' FEES AND LITIGATION FEES.

## CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED TO THE FOLLOWING ON THIS 15TH DAY OF MARCH 2004 TO:

TO: HONORABLE JUSTICES:

M.R. WILLIAM I. GARFINKEL, M.R. MARK R. KRAVITZ

U.S. COURTHOUSE

141 CHURCH STREET

NEW HAVEN CT. 06510.

*Noel Davila*
NOEL DAVILA - PRO-SE

TO: ATTORNEYS' FOR THE DEFENDANTS':

M.R. THOMAS H. WINSLOW

321 MAIN STREET

FARMINGTON CT. 06032.

BY: *Noel Davila*
NOEL DAVILA - PRO-SE
P.O. BOX 5500

DATED: 3-15-2004

Exhibit A1

TO: ATTORNEYS FOR THE DEFENDANT(S)
M.R. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT. 06032.

DATE: FEBRUARY 11,2004.

FROM: NOEL DAVILA
GARNER C.I.
P.O. BOX 5500
NEWTOWN CT. 06470.

RE: SECURE PHARMACY(IST) PLUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S) ET. AL.
(CIV NO: 302CV0652(MRK)(W.IG) (ENCLOSED ARE:
(NOTICE OF MOTION FOR PRE JUDGMENT REMEDY, APPLICATION FOR
PRE JUDGMENT REMEDY, ORDER, SUMMONS, AFFIDAVIT/AND
A LOT OF EXHIBITS ON A SEPARATE ENVELOPES BECAUSE THEY
DON'T FIT IN IT.

DEAR M.R. WINSLOW:
      PLEASE FIND ENCLOSED THE ABOVE MENTIONED MOTION(S) IN THE
ABOVE CAPTIONED CASE; ALSO IN A SEPARATE ENVELOPES AT THE SAME DAY
A LOT OF EXHIBITS SUPPORTING MY CLAIM(S).
      PLEASE PROVIDE ME WITH A COPY OF AN UP-DATED DOCKET SHEET
FOR MY RECORDS, AFTER YOU OBTAIN YOURS FROM THE COURT.

                              Sincerely yours,
DATED 2-11-2004.                Noel Davila

1 OF 1

UNITED STATES DISTRICT COURT
   DISTRICT OF CONNECTICUT

CIV NO: 302 CV652 (M.R.K.) (W.I.G.)

NOEL DAVILA
            , PLAINTIFF

– AGAINST –

DATE: FEBRUARY 11, 2004

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC. AND AGENT(S) ET. AL. DEFENDANT(S)

# NOTICE OF MOTION

SIRS:

PLEASE TAKE NOTICE THAT UPON THE ANNEXED AFFIDAVIT
OR AFFIRMATION OF NOEL DAVILA, SWORN AFFIRMATION 11th DAY
OF FEBRUARY 2004. AND UPON THE COMPLAINT PLAINTIFF WILL MOVE
THIS COURT, HONORABLE; MARK R. KRAVITZ OR HONORABLE; WILLIAM I.
GARFINKEL IN ROOM _____, UNITED STATES COURTHOUSE NEW HAVEN
CONNECTICUT ON THE 20th DAY OF FEBRUARY 2004 AT 9:00 A.M. OR AS SOON
THEREAFTER AS COUNSEL CAN BE HEARD, FOR AN ORDER PURSUANT TO RULE 64
OF THE FEDERAL R.CIV. P. GRANTING THE APPLICATION FOR PREJUDGMENT REMEDY
TO SERVE THE ORDER ATTACHED, SUMMONS, COMPLAINT AFFIDAVIT UPON;
SECURE PHARMACY PLUS, (1st) AMERICAN SERVICE GROUP INC. AND AGENT(S)
ET. AL. (BUT NO LIMITED ALL EXIBIT(S) ).

NOEL DAVILA
PRO–SE
P.O. BOX 5300
NEWTOWN CT. 06470.

DATED: 2-11-2004.

-- 1 --

United States District Court
District of Connecticut

Civ no : 3C2CV652 (M.R.K.)(W.I.G.

Noel Davila
          ; Plaintiff
- Against -

Date: February 11, 2004

Secure Pharmacy (1st) Plus, American
Service group Inc. And Agent(s) ET. AL.
        , Defendant (s)

## APPLICATION FOR PREJUDGEMENT REMEDY

To the Federal Court for the Judicial
District of New Haven.

The Undersigned Represents :

1) That Noel Davila Commence an Action against Secure Pharmacy (1st)
Plus, American Service group inc. and Agents Et. AL at 7170 Standard
Drive Hanover Maryland 21076. Persuant to the attached proposed
unsigned Writ. Summons. Complaint Affidavit.

2) Secure Pharmacy (1st) Plus, American Service group inc. and Agents Et. A
are the defendant (s).

3) Secure Pharmacy Plus is "Owned by a parent Corporation American
Service group inc". American Service group inc and Agents is a "Publicly
Traded Stock Company; and is a corporation under the Same rules as

-2-

Secure Pharmacy (ist) Plus and Agent(s).

4) That there is probable Cause that a Judgement in the amount of the prejudgement remedy Sought, or in an amount Greater than the amount of the prejudgement remedy Sought, Taking into account any known defenses, Counterclaims or Set-offs, will be rendered in the matter in favor of the Applicant and that to Secure the Judgement the applicant seeks an Order from this Court directing that the following Prejudgement remedy be granted to Secure the sum of:
$ "One-million, Two hundred and Fifty Thousand Dollars :

a) To Attach Sufficient property of the Defendant(s) to Secure such Sum:

b) To garnishee Secure Pharmacy (ist) Plus, American Service Group inc. and Agent (s) Et. AL as he is the agent, Trustee, Debtor of the defendants and has concealed in his possession property of the defendant and is in debted to him.

c) To a declaratory Judgement that the defendants Acts, Practices, Policies here, Procedures herein violated Plaintiffs rights under the United States Constitution to be free from "Cruel and Unusual Punishment", Negligence, Pharmisist Proffecional malpractice, and to each Defendant (s) Separetly award the sum of $ One-million, Two Hundred and Fifty Thousand Dollars.

Dated: 2-11-2004

Noel Davila
P.O. Box 5500
Newtown, Ct 06470

— 3 —

## ORDER.

The above Application having been presented to the court, it is hereby Ordered, that a hearing be held thereon on Friday 2ᵗʰ Day of Febuary at 9:00 Am, 2004, And that the plaintiff give notice to the defendant in accordance with Section 52-278c of the General Statutes of the pendency of the application and of the time when it will be heard by causing a true and attested Copy of the application the proposed unsigned writ. Summons, Complaint, Affidavit and of this order, Together with such notice as is require under Subsection (e) of section 52-278c, to be served upon the defendants by some proper officer or Indifferent person on or before Friday 20ᵗʰ Day Febuary 2004, at 9:00 am and that due return of service be made to this court and to the plaintiff.

Dated at Bridgeport this ——— Day of ——— 2004.

Clerk of the Court

— 4 —

## Summons

To the sheriff of the county of <u>Fairfield</u>, <u>New Haven</u> his deputy, or either Constable of the town of Bridgeport, New Haven said County:

Greeting:

By authority of the state of Connecticut, you are hereby Commanded to serve a true and tested Copy of the above application, Unsigned proposed writ Summons, Complaint, Affidavit and Order upon Secure Pharmacy (1st) Plus, American Service group inc. and Agents Et. AL. of Prejudgement Remedy at 7170 standard Drive Hanover Maryland 21076 by leaving the same in his hands or at his usual place of on or before defendant(s) Secure Pharmacy (1st) plus, American Service group inc. and agents Et. AL. Before Friday Febuary <u>20</u>th 2004.

Dated at _____ This Day of _____ 2004

Commissioner of the Federal Court:

C) The clerk upon recipt of all Such Documents in duplicate, if he finds them to be in proper form shall fix a date for the hearing on the application and sign the order of hearing and notice except that if the application includes a request for a temporary restraining order, Fix a date for the hearing on the prejudgement remedy and sign the order of a hearing and notice. The entry fee shall be then collected and the duplicate original document shall be placed in the court file.

D) . . . . .

E) . . . . .

F) . . . . .

g) . . . . .

h) . . . . .

i) . . . . OF CHAPTER 903(a)


DATED: 2-11-2004.

BY _____
Noel Davila
Pro-se
P.O.BOX 5500
NEW TOWN CT. 06470.

# CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOIN WAS MAILED PREPAID AND/OR HAND DELIVERED TO THE FOLLOWING PARTIES:

TO: HONORABLE JUSTICES

MR. MARK R. KRAVITZ (U.S. DISTRICT JUDGE).

MR. WILLIAM I. GARFINKEL.

U.S. COURTHOUSE

141 CHURCH STREET

NEW HAVEN CT. 060510.

TO: ATTORNEYS' FOR THE DEFENDANT(S)

MR. THOMAS H. WINSLOW

321 MAIN STREET

FARMINGTON CT. 06032.

DATED: 2-11-2004.

BY: _____

NOEL DAVILA

PRO-SE

P.O. BOX 550

NEWTOWN CT. 06470.

NOEL DAVILA #R127246
CARVER C.I.
P.O. BOX 5700
NEW TOWN CT-06470.

PRIVILEGED MAIL

TO: ATTORNEY AT LAW:
MR. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT-06032.

(CONFIDENTIAL)



EXHIBIT [B]1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

                   Plaintiff,

V.

SECURE PHARMACY PLUS

                   Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(MRK)

MARCH 3, 2004

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
FEBRUARY 11, 2004 MOTION FOR APPLICATION FOR PREJUDGMENT REMEDY

Plaintiff, in a document dated February 11, 2004, filed another motion for application for

prejudgment remedy  (Copies of letter with motion, entire motion and envelope attached as

Exhibit A).  Defendant Secure Pharmacy Plus opposes the motions because there is applicable

insurance covering this litigation, there is a genuine issue of material fact on the claimed

negligence or professional malpractice, there is evidence of plaintiff's contributory negligence,

and plaintiff, generally, cannot recover attorney's fees, litigation fees, and/or costs.


STATEMENT OF FACTS:


Plaintiff Davila's latest pleading is a June 25, 2003 Amended Complaint.  The received motion

for application for prejudgment remedy argues that plaintiff is entitled to a prejudgment remedy

because there is probable cause that a judgment will be rendered in the matter in favor of the

applicant.  The alleged support for plaintiff's probable cause is a February 11, 2004 affidavit of

Noel Davila that refers to Exhibits O, J, Z, W, M, N, a letter dated July 17, 2002 from I.L.A.P.

and medical files side effects; Exhibits H and I; portions of Judge Stefan Underhill's June of 2003

Ruling on Motion to Dismiss; and Request forms, Doctors notes, Grievance (a) on 12-5-2001, 12-

11-2001, 12-17-2001, 1-5-2002, 12-26-2001, 12-22-2001, etc.; plaintiff wrote a lot of requests

12-27-2001; grievance on 12-24-2001; references to records of Dr. K; January 14 and 21, 2003

statement of undisputed facts from Form 26(f) planning to meeting; and a letter from I.L.A.P.

Defendant's counsel could not locate Exhibits H, I and J, Exhibit M and N are appellate

documents, Exhibit O is Judge Stefan Underhill's June of 2003 Ruling on Motion to Dismiss,

Exhibit W is an October 7, 2002 letter from Attorney York of I.L.A.P., Exhibit Z is a January 12,

2004 letter from Attorney York of I.L.A.P., and plaintiff did not produce with his motion as

exhibits the Doctors notes, Grievance (a) on 12-5-2001, 12-11-2001, 12-17-2001, 1-5-2002, 12-

26-2001, 12-22-2001, etc.; plaintiff wrote a lot of requests 12-27-2001; grievance on 12-24-2001;

references to records of Dr. K., the July 17, 2002 letter from I.L.A.P., and the January 14 and 21,

2003 statement of undisputed facts from Form 26(f) planning to meeting.


ARGUMENTS OF LAW


   A.  DEFENDANT HAS INSURANCE TO COVER ANY JUDGMENT RENDERED
   AGAINST THE ONLY DEFENDANT, SECURE PHARMACY PLUS, AND
   PLAINTIFF HAS NOT COMPLIED WITH CONN. GEN. STAT. SECTION 52-278A
   ET SEQ.

Secure Pharmacy Plus is the only defendant for the reasons set forth in the December 19, 2003

Secure Pharmacy Plus Reply Memorandum of Law in Support of the Second Motion to Dismiss

for Plaintiff's Failure to State a Cause of Acton Upon Which Relief Can Be Granted.  Those

arguments are incorporated herein as if fully set forth in this memorandum.  American Service

Group, Inc. and its agents et al. are not defendants.  Secure Pharmacy Plus, as the only defendant,

can avoid a prejudgment remedy if it can demonstrate it has insurance to cover any judgment

rendered against Secure Pharmacy Plus.  Conn. Gen. Stat. Sections 52-278c (subsection e of

D. THE ADMISSIBLE EVIDENCE ON THE CLAIMED DISTRIBUTION OF AN INCORRECT MEDICATION DOES NOT ESTABLISH PROBABLE CAUSE AS A MATTER OF LAW.

Claimant asserts in his motion for application for prejudgment remedy that defendants' committed negligence and pharmacist professional malpractice. Paragraph 4 of February 11, 2004 Application For Prejudgment Remedy. Plaintiff Davila has not filed admissible evidence on the claimed distribution of an incorrect medication. The exhibits attached to the motion for pre-judgment remedy do not establish any negligence or professional malpractice on the part of Secure Pharmacy Plus. As the submitted evidence on the claimed negligence or professional malpractice is insufficient or hearsay as to Secure Pharmacy Plus, the plaintiff's motion for application for prejudgment remedy must be denied.

E. PLAINTIFF'S CONTRIBUTORY NEGLIGENCE IS A FACTUAL QUESTION AND A DEFENSE TO PLAINTIFF'S MOTION.

Although the pleadings have not progressed to the point where defendant has filed an answer and affirmative defenses, Secure Pharmacy Plus will assert plaintiff's contributory negligence as a defense. A prejudgment remedy must take into account known defenses. Conn. Gen. Stat. Section 52-278c, d, and e. The defense of plaintiff's contributory negligence will be based on the following: claimant's use of Paxil 20 mg before November and December of 2001 (Paxil taken in December of 1998, May of 2000 and October of 2000 and Paxil 20 mg taken in December of 1999, January of 2000, February of 2000, September of 2000, and March of 2001), and Davila's December 5, 2001 and December 12, 2001 written concerns about the change of his Paxil 20 mg medication from pink to green and whether the 20 mg green was proper. The documents, establish a factual defense that mandates denial of plaintiff's motion for application for prejudgment remedy. Furthermore, plaintiff Davila's deposition transcript, once taken and received, will also be submitted in support of this memorandum.

F.  PLAINTIFF IS NOT ENTITLED TO COSTS, ATTORNEY'S FEES OR
LITIGATION FEES

As a general rule, attorney's fees are not recoverable in a prejudgment remedy unless there is an

express agreement between the parties or a statute provides for their payment.  State v.

Bloomfield Const. Co., 126 Conn. 349 (1940).  Furthermore, there is no attorney retained to

represent the plaintiff as plaintiff is proceeding pro se.  Lastly, costs are only recoverable by a

prevailing party.  It is unclear if the granting of a motion for application for prejudgment remedy

is a prevailing party.  Recoverable costs are further limited to those that are taxable as provided

by the rules.

CONCLUSION

For all the above reasons, the defendant requests that the plaintiff's motion for application for

prejudgment remedy be denied.

DEFENDANT

SECURE PHARMACY PLUS

BY:_____

Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
    Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this

3rd day of March, 2004 to:


Mr. Noel Davila (#212726)
Garner Correctional Institute
P.O. Box 5500
Newtown, CT  06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT  06510



Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427