MAR 2 5 2004

**FILED** -1-

2004 APR -7 P 4: 55

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV. NO: 302CV652(M·R·K)(WIG)·

NOEL DAVILA
, PLAINTIFF

DATE: __MARCH 15, 2004__ .

—AGAINST—

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC· AGENT(S) ET·AL·

PLAINTIFF'S REPLY TO DEFENDANTS' MEMO-
RANDUM OF LAW IN SUPPORT TO PLAINTIFFS
FEBRUARY 11, 2004 MOTION FOR APPLICATION
FOR PREJUDGMENT REMEDY:

PURSUANT TO FED·R·CIV·P· AND LOCAL RULES AND PRESENT A
OR A CONCISE STATEMENT MAINTAINES THAT THERE IS OR
ARE GENUINE MATERIALS OF FACTS ON PLAINTIFF CLAIMS
OF 8th AMENDMENT CONSTITUTIONAL RIGHTS VIOLATIONS
AND GENUINE ISSUES OF MATERIAL OF FACTS ON THE CLAIMED
NEGLIGENCE, PROFFESSIONAL MALPRACTICE AGAINST SECURE
PHARMACY PLUS, AMERICAN SERVICE GROUP INC AGENT(S) ET·AL·
(SEE EXHIBITS, A, B, Z, 1 AND A11 SUBMITTED TO THE COURT)· Also EXHIBIT(S)
B1, C, D·

DATED: 3-15-2004·

BY: _Noel Davila_, PLAINTIFF
NOEL DAVILA – PRO-SE
P·O·BOX 5300
NEWTOWN CT· 06470·

## I  STATEMENT OF FACTS:

[A]  1) THE COMPLAINT IN THIS CASE ALLEGES THAT THE PLAIN-
TIFFS WAS SUBJECTED TO THE MISUSE OF DEFENDANTS', ACTS,
POLICIES, PRACTICES, PROCEDURES WERE NOT EXERCISE BY THE DE-
FENDANTS", AMERICAN SERVICE GROUP INC. AGENT(S) ET AL SECURE
PHARMACY(IST) PLUS, WICH FAIL TO INSPECT MEDICATION AND
LATER WAS GIVEN TO THE PLAINTIFF AND WAS THE WRONG-MEDI-
CATION WICH PLAINTIFFS WAS ALLERGIC TO.

[B]  THEIR ACTIONS FROM THE DEFENDANTS' "COULD ALMOST
COST PLAINTIFFS LIFE" AND CAUSED A NUMBER OF SIDE EFFECTS,
WICH INCLUDES, "DIZZINESS, MIND GOING BLANK, POUNDING HEAD-
ACHE, STOMACH PAIN, NAUSEA, VOMITING, LOST 15 POUNDS, DIA-
RRHEA, AND OTHER RELATED SYMPTOMS AS HAND AND BODY
TREMBLING FOR A PERIOD OF "5 OR 6 WEEK OF CONSTANLY
PAIN AND SUFFERING", AND "MENTAL ANGUISH".

## II  STATEMENT OF THE CASE:

[A]  1) PLAINTIFFS PLEADING ON HIS AMENDED COMPLAINT AND
ORIGINAL PLEADING ADD-UP A NEW DEFENDANT AMERICAN SER-
VICE GROUP INC. AGENT(S) ET AL. ON JUNE 25, 2003.

(2) PLAINTIFFS ALLEGES "CRUEL AND UNUSUAL PUNISHMENT,
DELIBERATE INDIFFERENCE AS A VIOLATION OF THE 8TH AMENDMENT
PROHIBITION AGAINST UNNECESSARY INFLICTION OF PAIN, WICH THE
UNITED STATES CONSTITUTION DOES NOT ALOUD IT." "PHARMACIST
PROFFESSIONAL MALPRACTICE, NEGLIGENCE", "CIVIL RIGHTS VIOLA-
TION "UNDER COLOR OF STATE LAW", CIVIL RIGHTS CONSPIRACY CLAIM,"
AND A DECLARATORY JUDGMENT THAT ALL STEAM FROM THE DIS-

TRIBUTION OF AN INCORRECT MEDICATION BY THE DEFENDANTS' AMERICAN SERVICE GROUP INC AGENT(S). ET. AL., SECURE PHARMACY PLUS THAT SUBJECTED PLAINTIFFS TO SUFFER A GREAT DEAL OF "HUMILIATION, PAIN, IDIGNITIES OF SUFFERING" WHEN IN FACT THEY DEFENDANTS' SENT THE "WRONG - MEDICATION AND CONSUMED BY PLAINTIFF. AND "ALL PERSONS EQUAL BEFORE THE LAW."

## III   SUPREMACY CLAUSE:  MEMORANDUM OF LAW:

[A]   1) POPULAR TITLE OF ARTICLE VI [2] OF THE US CONSTITUTION WICH IS THE MAIN FOUNDATION OF THE FEDERAL GOVERNMENT'S POWER OVER THE STATES PROVIDING IN EFFECT THAT THE 'ACTS OF FEDERAL GOVERNMENT ARE OPERATIVE AS SUPREME LAW THROUGHOUT THE UNION. THE STATE HAVE NO POWER TO IMPEDE, BURDEN OR IN ANY MANNER CONTROL THE OPERATION OF THE LAWS ENACTED BY THE GOVERNMENT OF THE NATION.

2) THE STATE MAY NOT INTERFERE IN ANY MANNER WITH THE FUNCTIONING OF THE FEDERAL GOVERNMENT.

3) FEDERAL ACTION WHETER IN THE FORM OF "STATUTE" "TREATY" A COURT DECISION OR AN ADMINISTRATIVE ACT IF ITSELF CONSTITUTIONAL MUST PREVAIL OVER STATE ACTION INCONSISTENT THERE WITH. SCHWARTZ CONSTITUTIONAL LAW 48 (2ND ED. 1979).

## [B]  UNDER COLOR OF STATE LAW:

1) THE SUPREME COURT HAS PROVIDED AT LEAST THREE EXAMPLES OF CONDUCT TO SATISFY THE "UNDER COLOR OF STATE LAW," REQUIREMENT OF § 42. U.S.C § 1983.

(a) FIRST- THE COURT HAS HELD THAT "[M]ISS USE OF POWER, POSSESED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE "WRONGDOER" IS "CLOTHED WITH THE AUTHORITY OF STATE

-4-

LAW, IS ACTION IS TAKEN UNDER COLOR OF STATE LAW." MONROE V. PAPE, 365 U.S. AT 184, quoting UNITED STATES V. CLASSIC, 313 U.S. 325, 326 (1941); ACCORD, WEST V. ATKINS; 487 U.S. AT 50: BROWN V. MILLER; 631 F. 2d 408, 411 (5TH CIR 1980). THE SUPREME COURT HAS ALSO EQUATED "COLOR OF LAW" WITH THE "PRETENSE" OF LAW. SCREWS V. UNITED STATES; 325 U.S. 91, 111, 65 S.Ct. 1031 (1945); ACCORD: DANG VANG V. XIONG X, TOYED; 944 F. 2d. 476, 479 (9TH CIR. 1991).

(b) SECOND — THE COURT HAS HELD THAT TO ACT "UNDER COLOR OF STATE LAW" A DEFENDANT NEED NOT TO BE A AN OFFICER OF THE STATE; IT IS SUFFICIENT THAT HE OR SHE "IS WILLFULL PARTICIPANT IN JOIN ACTIVITY WITH THE STATE OR ITS AGENTS' MILLER V. CORRECTIONAL MEDICAL SYSTEM INC; 802 Supp. 1126, 1132 (D. DEL 1992). DENNIS V. SPARKS, 449 U.S. 24, 27-28, 101 S.Ct. 183 (1980); BENDIBURG V. DEMPSEY, 909 F. 2d, 463, 469 (4TH CIR. 1990), CERT DENIED; 111 S.Ct. 2053 (1991); SWIFT V. LEWIS; 901 F. 2d 730, 732 n.5 (9TH CIR. 1990) (RELIGIOUS FUNCTIONARY WHO ACTED JOINTLY WITH PRISON OFFICIALS IN DENYING THE PLAINTIFF A RELIGIOUS CLASSIFICATION ACTED "UNDER COLOR OF STATE LAW.") ; TEMPLE V. ALBERT, 719 F. Supp. 265, 267 (S.D.N.Y. 1989). (DOCTOR WHO CONSPIRED WITH POLICE OFFICERS WOULD ACT "UNDER COLOR OF STATE LAW.")

c) THIRD — THE COURT HAS HELD THAT PRIVATE INDEPENDENT PERSONS WHO ARE AUTHORIZED TO EXERCISE STATE AUTHORITY ARE DEEM TO BE ACTING "UNDER COLOR OF STATE LAW." STREET V. CORRS. CORP. OF A.M. 102 F. 3d 810, 814 (6TH CIR. 1996) CORPORATIONS OPERATION (PRISONS "UNDER CONTRACT" AND "THEIR EMPLOYEES "ACT UNDER COLOR OF STATE LAW JUST LIKE EMPLOYEES OF GOVERNMENT OPERATED JAIL AND PRISONS. ISLAM V. JACKSON; 782

F. Supp. 1111, 1113 (E.D. Va. 1992) PHELPS V. DUNN; 965 F. 2d 93, 101-02 (6th Cir. 1992). ANACATA V. PRISON HEALTH SERVICES; 769. F. 2d 700, 7003 (11th Cir, 1985).

"(PRISONERS' MAY ALSO BE ABLE TO SUE SUCH CORPORATION UNDER STATE LAW" AS A THIRD-PARTY BENEFECIARIES OF THE CONTRACT. CHERRY V. CHOW; 945 F. Supp. 1520 (M.D. Fla 1994). CAlVERT V. HUN; 798 F. Supp. 1226, 1229 (N.D.W. Va. 1992).

(PRIVATE OR INDEPENDENTS PARTY WHO CONSPIRES WITH STATE ACTORS TO DEPRIVE ANOTHER OF CONSTITUTIONAL RIGHTS ACTS" UNDER COLOR OF STATE LAW." JENSEN V. LANE COUNTY; 222 F. 3d. 570, 574-75 (9th Cir. 2000). ANAYA V. CROSS ROADS MANAGED CARE SYST; 195. F. 3d 584, 596 (10th Cir.) ONE COURT HAS HELD THAT AN UNICORPORATED ASSO-CIATION OF CORRECTIONAL OFFICERS MAY BE SUED UNDER §1983, CORRENTE V. STATE OF RHODE ISLAND, DEPT. OF CORRECTIONS, 759 F. Supp. 73.80 (D.R.I. 1991). HOWell V. EVANS; 922 F. 2d. 712, 723-24 (11th Cir.) (PRIVATE CORPORATION PROVIDING MEDICAL SERVICES; "VACATED AS SETTlED," 931 F. 2d 711 (11th Cir. 1991).

## IV   ARGUMENT:

IN THIS CASE THE COURT HAS DECIDED A QUESTION OF CENTRAL IMPORTANCE THIS ISSUES INVOLVES WHETHER THE DEFENDANTS', SECURE PHARMACY (1ST) Plus, AMERICAN SERViCE group INC. AGENT(S) ET. AL. ACTED "UNDER COLOR OF STATE LAW."

PLAINTIFFS CONTENDS THAT AMERICAN SERViCE group INC. AGENT(S) ET. AL., SECURE PHARMACY (1ST) plus, "ACTED UNDER THE COLOR OF STATE LAW" WHEN THEY ENTERED INTO THE CONSENT AND SING A CONTRACT AS A CONTRACTOR TO PROViDE PRESCRIPTION SERVICES TO THE STATE OF CONNECTICUT PRISONERS. IN NORFOLK AND WESTERN RY. CO. V.

AMERICAN TRAIN DISPACHERS ASS'N . 499 U.S. 117, 113 L.Ed. 2d 95, 111 S.Ct. 1156 (1991) (OBLIGATION OF CONTRACT IS LAW WICH BINDS PARTIES TO PERFORM THEIR AGREEMENT). IN Mills V. Polar molecular Corp. 12 F.3d. 1170 (2ND. CIR. 1993) EVERY PARTY TO CONTRACT COMMITS HIMSELF TO GOOD-FAITH PERFORMANCE.

PLAINTIFF CONTENDS THAT DEFENDANTS' ACTED "UNDER COLOR OF STATE LAW" WHEN THE DEPRIVATION WAS CAUSED BY THE DEFENDANTS' EXERCISE OF A RIGHT OR PRIVILEGED CREATED OR IMPOSED BY THE STATE OR A PERSON WHOM THE STATE IS RESPONSIBLE CONCER-NING THE "EQUAL PROTECTION CLAUSE" OF THE 14TH AMENDMENT TO THE CONSTITUTION SEE. Am. MFRS. MUT INST. CO. V. Sullivan 526 U.S. 40-50 (1999) IN RE G & L PACKING CO. INC. 41 BR 903 (D. C. NEW YORK 1984) (CORPORATIONS ARE CREATURES OF STATE LAW, AND THAT STATE LAW GENERALLY GOVERNS THEIR AFFAIRS.

THEREFORE THE DEFENDANTS' MUST BE FAIRLY CHARACTE-RIZED AS A STATE ACTOR. SEE. ADICKER V. SHRESS & COMPANY; 398 U.S. 144, 152 (1970) SEE ALSO BRENTWOOD ACAD V. TENN. SECONDARY SCH. ATHELETIC ASSOC; 531, U.S. 288, 289 (2001). (ATHLETIC ASSO. WAS A STATE ACTOR BECAUSE IT NOMINALLY PRIVATE CHARACTER WAS OVERBORNE BY THE PERSUASIVE ENTWINEMENT OF PUBLIC INSTI-TUTION AND PUBLIC OFFICIALS IN ITS COMPOSITION AND WORKING.

PLAINTIFFS CONTENDS THAT IN WOLFISH V. ANDERSON; 447 F. Supp. 114 (S.D.N.Y. 1977), BATTIE V. ANDERSON ; 447 F. Supp. 516 (S.D.N.Y. 1977). "PEOPLE ARE SENT TO PRISON AS PUNISHMENT, NOT FOR PUNISHMENT."

IN JORDAN V. GARDNER; 986 F.2d 1521 (9th Cir. 1993)

IN HENDRIKS V. COUGHLIN; 942 F.2d 109 (2ND Cir. 1991).

-7-

STATES: "UNNECESSARY AND WANTON INFLICTION OF PAIN UPON PRISONERS CONSTITUTED "CRUEL AND UNUSUAL PUNISHMENT" "FORBIDDEN BY THE EIGHT AMENDMENT."

IN KAMINSKY V. ROSENBLUM: 929 F. 2d 922 (2ND CIR. 1991) "EIGHT AMENDMENT REQUIRES PRISON OFFICIALS TO ACCORD HUMAN DIGNITY TO EACH INDIVIDUAL INMATE".

PLAINTIFF CONTENDS THAT HE IS A PROSE LITIGANT AND PRO-SE-LITIGANT ARE ALLOWED MORE LATITUDE THAN LITIGANTS REPRESENTED BY COUNSEL TO CORRECT DEFECTS IN SERVICE OF PROCESS AND PLEADING; MOORE V. AGENCY FOR INTERN. DEVE-LOPMENT; 994 F. 2d 874 (D.C. CIR. 1993).

IN NOLL V. CARLSON: 809 F. 2d 1446 (9TH CIR. 1987) PRO-SE LITIGANTS BRINGING CIVIL RIGHTS SUITS IN FORMA PAUPERIS IS ENTITLED TO FIVE PROCEDURAL PROTECTIONS :

(a) PROCESS ISSUED AND SERVED.

(b) NOTICE OF ANY MOTIONS THERE AFTER MADE BY DEFENDANT OR THE COURT TO DISMISS THE COM-PLAINT AND THE GROUNS THEREFOR.

(c) AN OPPORTUNITY TO AT LEAST SUBMIT A WRITTEN MEMORANDUM IN OPPOSITION TO SUCH MOTION.

(d) IN THE EVENT OF DISMISSAL, A STATEMENT OF THE GROUNDS THEREFOR.

(e) AN OPPORTUNITY TO AMEND THE COMPLAINT TO OVER-COME THE DIFICIENCY UNLESS IT CLEARLY APPEARS FROM THE COMPLAINT THAT THE DEFICIENCY CANNOT BE

OVERCOME BY AMENDMENT.

PLAINTIFFS' CONTENDS THAT HOWEVER, THAT THE HONO-
RABLE JUSTICE DID DETERMINE; SO ORDERED ON JUNE 20
2003 THAT PLAINTIFF HAD MADE SUFFICIENT ALLEGATION OF
NEGLIGENCE, PROFFESSIONAL MALPRACTICE AND THAT DIVERSITY
OF JURISDICTION EXIST, SO THE INMATES' PROGRAM STATED
IT APPEAR THAT PLAINTIFF DO NOT NEED TO FILE A NEW CASE
IN STATE COURT (SEE EXHIBITS ALREADY SUBMITTED TO THE
COURT).

IT APPEAR THAT PROBABLE CAUSE EXISTS FOR AN APPLI-
CATION FOR PRE-JUDGMENT REMEDY AS TO THE VALIDITY OF
THE PLAINTIFFS CLAIMS. AS A MATTER OF LAW. TO SECURE
THE SUM. CLAIMED.

THE ADMISSIBLE EVIDENCE ON THE CLAIMED DISTRIBUTION
OF AN INCORRECT MEDICATION DOES ESTABLISH PROBABLE
CAUSE AS A MATTER OF LAW SEE EXHIBITS SUBMITTED ALREADY
TO THE COURT IN PARTICULAR [2] AND [2a] WICH STATES:

    (a) AT THE BOTTON (YOUR RECORDS DID SHOW THAT YOU
        HAD RECEIVE "RISPERDAL, PSY2CHOFRENIC MEDICATION (GREEN)
        RATHER THAN THE PAXIL (PINK) WICH YOU HAD BEEN
        PRESCRIBED. ALSO PLAINTIFF RECORD (MEDICAL) INCLUDED
        A NOTATION THAT THE PHARMACY, SECURE PHARMACY,
        INC., HAD SENT THE RISPERDAL MISLABELED AS
        PAXIL.

FURTHERMORE, PLAINTIFFS' DID NOT COMMITTED CONTRI-
BUTORY NEGLIGENCE AND IS "NOT" A FACTUAL QUESTION AND NOT A
DEFENSE TO DEFENDANTS' MOTION.

PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES, COSTS OF THE LITIGATION FEES. PRO-SE LITIGANT WAS ENTITLED TO RECOVER ACTUAL COSTS REASONABLY INCURRED IN PROSECUTING CIVIL ACTION. BURT V. HENNESSEY; 929 F. 2d 457 (9TH CIR. 1991).

WHEREFORE, I RESPECTFULLY REQUEST THAT THE COURT TO GRANT THE WITHIN MOTION, ALSO THE MOTION FOR PRE-JUDGMENT TO SECURE THE RELIEF REQUESTED AS WELL AS SUCH OTHER FURTHER RELIEF AND MAY BE JUST AND PROPER, INCLUDING COSTS, ATTORNEYS' FEES AND LITIGATION FEES. Noel Davila
NOEL DAVILA - PRO-SE

CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS MAILED TO THE FOLLOWING ON THIS 15TH DAY OF MARCH 2004 TO:

TO: HONORABLE JUSTICES:

   M.R. WILLIAM I. GARFINKEL, M.R. MARK R. KRAVITZ

   U.S. COURTHOUSE

   141 CHURCH STREET

   NEW HAVEN CT. 06510.

Noel Davila
NOEL DAVILA - PRO-SE

TO: ATTORNEYS' FOR THE DEFENDANTS':

   M.R. THOMAS H. WINSLOW

   321 MAIN STREET

   FARMINGTON CT. 06032.

BY: Noel Davila
NOEL DAVILA - PRO-SE
P.O. BOX 5500

DATED: 3-15-2004.

Exhibit A

TO: ATTORNEYS FOR THE DEFENDANT(S)
    M.R. THOMAS H. WINSLOW
    321 MAIN STREET
    FARMINGTON CT. 06032.

                            DATE: FEBRUARY 11, 2004.

FROM: NOEL DAVILA
      GARNER C.I.
      P.O. BOX 5500
      NEWTOWN CT. 06470.

RE: SECURE PHARMACY(IST) PLUS, AMERICAN
    SERVICE GROUP INC. AND AGENT(S) ET.AL.
    (CIV NO: 302CV0652(M.RK)(W.IG) (ENCLOSED ARE:
    (NOTICE OF MOTION FOR PRE JUDGMENT REMEDY, APPLICATION FOR
    PRE JUDGMENT REMEDY, ORDER, SUMMONS, AFFIDAVIT/AND
    A LOT OF EXHIBITS ON A SEPARATE ENVELOPES BECAUSE THEY
    DON'T FIT IN IT.

    DEAR M.R. WINSLOW:
         PLEASE FIND ENCLOSED THE ABOVE MENTIONED MOTION(S) IN THE
ABOVED CAPTIONED CASE; ALSO IN A SEPARATE ENVELOPES AT THE SAME DAY
A LOT OF EXHIBITS SUPPORTING MY CLAIM(S).
         PLEASE PROVIDE ME WITH A COPY OF AN UP-DATED DOCKET SHEET
FOR MY RECORDS, AFTER YOU OBTAIN YOURS FROM THE COURT.

                              Sincerely yours,
                              Noel Davila

DATED-2-11-2004.

1 OF 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV NO: 302 CV652 (M·R·K) (W·I·G)

NOEL DAVILA
, PLAINTIFF
- AGAINST -

DATE: FEBRUARY 11, 2004

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC· AND AGENT(S) ET·AL· DEFENDANT(S)

# NOTICE OF MOTION

SIRS:

PLEASE TAKE NOTICE THAT UPON THE ANNEXED AFFIDAVIT
OR AFFIRMATION OF NOEL DAVILA, SWORN AFFIRMATION 11TH DAY
OF FEBRUARY 2004, AND UPON THE COMPLAINT PLAINTIFF WILL MOVE
THIS COURT; HONORABLE; MARK R· KRAVITZ OR HONORABLE; WILLIAM I·
GARFINKEL IN ROOM _____ , UNITED STATES COURTHOUSE NEW HAVEN
CONNECTICUT ON THE 20TH DAY OF FEBRUARY 2004 AT 9:00 A·M· OR AS SOON
THEREAFTER AS COUNSEL CAN BE HEARD, FOR AN ORDER PURSUANT TO RULE 64
OF THE FEDERAL R·CIV·P· GRANTING THE APPLICATION FOR PREJUDGMENT REMEDY
TO SERVE THE ORDER ATTACHED, SUMMONS, COMPLAINT AFFIDAVIT UPON;
SECURE PHARMACY PLUS, (1ST) AMERICAN SERVICE GROUP INC· AND AGENT(S)
ET·AL· (BUT NO LIMITED All EXIBIT(S) ).

*NOEL DAVILA*
NOEL DAVILA
PRO - SE
P·O· BOX 5300
NEW TOWN CT· 06470·

DATED: 2-11-2004·

-- | --

United States District Court
District of Connecticut

Civ no : 3C2CV652 (M.R.K.)(W.I.G.

Noel Davila
; Plaintiff
- Against -

Date: February 11, 2004

Secure Pharmacy (ist) Plus, American
Service group Inc . And Agent(s) ET. AL.
, Defendant (s)

## APPLICATION FOR PREJUDGEMENT REMEDY

To the Federal Court for the Judicial
District of New Haven.

The Undersigned Represents :

1) That Noel Davila commence an Action against Secure Pharmacy(ist) Plus, American Service group inc. and Agents Et . AL at 7170 Standard Drive Hanover Maryland 21076. Persuant to the attached proposed unsigned writ. Summons. Complaint Affidavit.

2) Secure Pharmacy (ist) Plus, American Service group inc. and Agents Et. Al are the defendant (s).

3) Secure Pharmacy Plus is "Owned by a parent Corporation American Service group inc". American Service group inc and Agents is a "Publicly Traded Stock Company ; and is a corporation under the same rules as

-2-

Secure Pharmacy (ist) Plus and Agent(s).

4) That there is probable Cause that a Judgement in the amount of the preJudgement remedy Sought, or in an amount Greater than the amount of the preJudgement remedy Sought, Taking into account any known defenses, Counterclaims or Set-offs, will be renderd in the matter in favor of the Applicant and that to Secure the Judgement the applicant seeks an Order from this Court directing that the following PreJudgement remedy be granted to Secure the Sum of:

$ " One-million, Two hundred and Fifty Thousand Dollars:

a) To Attach Sufficient property of the Defendant(s) to Secure Such Sum:

b) To garnishee Secure Pharmacy (ist) Plus, American Service Group inc. and Agent (s) Et .AL as he is the agent, Trustee, Debtor of the defendants and has concealed in his possession property of the defendant and is in debted to him.

C) To a declaratory Judgement that the defendants Acts, Practices, Policies here, Procedures herein violated Plaintiffs rights under the United States Constitution to be free from "Cruel and Unusial Punishment", Negligence, Pharmisist Proffecional malpractice, and to each Defendant(s) Seperetly award the sum of $ One-million, Two Hundred and Fifty Thousand Dollars.

Dated: 2-11-2004

Noel Davila
P.O. Box 5500
Newtown, Ct 06470

-- 3 --

## ORDER.

The above Application having been presented to the court, it is hereby Ordered, that a hearing be held thereon on Friday 20th Day of Febuary at 9:00 Am, 2004, And that the plaintiff give notice to the defendant in accordance with Section 52-278C of the General Statutes of the pendency of the application and of the time when it will be heard by causing a true and attested Copy of the application the proposed unsigned writ. Summons, Complaint, Affidavit and of this order, Together with such notice as is require under Subsection (e) of section 52-278C, to be served upon the defendants by some proper officer or Indifferent person on or before Friday 20th Day Febuary 2004, at 9:00 am and that due return of service be made to this court and to the plaintiff.

Dated at Bridgeport this _____ Day of _____ 2004.

Clerk of the Court

-4-

## Sumons

To the sheriff of the county of <u>Fairfield</u>, <u>New Haven</u> his deputy, or either Constable of the town of Bridgeport, New Haven said County:

Greeting:

By authority of the State of Connecticut, you are hereby Commanded to serve a true and tested Copy of the above application, Unsigned proposed writ Summons, Complaint, Affidavit and Order upon Secure Pharmacy (isr) Plus, American Service group inc. and Agents Et. Al. of Prejudgement Remedy at 7170 Standard Drive Hanover Maryland 21076 by leaving the same in his hands or at his usual place of on or before defendant(s) Secure Pharmacy (isr) plus, American Service group inc. and agents Et. Al. Before Friday February 20th 2004.

Dated at _____ This Day of _____ 2004

Commissioner of the Federal Court;

C) The clerk upon recipt of all Such Documents in duplicate, if he finds them to be in proper form shall fix a date for the hearing on the application and sign the order of hearing and notice except that if the application includes a request for a temporary restraining order, Fix a date for the hearing on the preJudgement remedy and sign the order of a hearing and notice. The entry fee shall be then Collected and the duplicate original document shall be placed in the court file.

D) . . . . .

E) . . . . .

F) . . . .

g) . . . .

h) . . .

i) . . . .   OF CHAPTER 903(a)

DATED: 2 - 11 - 2004.

BY _____

Noel Dquia
Pro - se
P.O.BOX 5550
NEW TOWN CT 06470 -

# CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FORE-
GOIN WAS MAILED PREPAID AND/OR HAND DELIVERED TO THE
FOLLOWING PARTIES:

TO: HONORABLE JUSTICES
   M.R. MARK R. KRAVITZ (U.S. DISTRICT JUDGE).
   M.R. WILLIAM I. GARFINKEL.
   U.S. COURTHOUSE
   141 CHURCH STREET
   NEW HAVEN CT. 060510.

TO: ATTORNEYS' FOR THE DEFENDANT(S)
   M.R. THOMAS H. WINSLOW
   321 MAIN STREET
   FARMINGTON CT. 06032.

DATED: 2-11-2004.                  BY: _____
                                       NOEL DAVILA
                                       PRO-SE
                                       P.O. BOX 550
                                       NEWTOWN CT. 06470.

~ 1 ~

United States District Court
    District of Connecticut

                                        Civ No: 302CV652 (M.R.K.)(W.I.G.)

        Noel Davila
            , Plaintiff
    - Against -
                                        Date: February 11, 2004

Secure Pharmacy Plus, American
Service Group inc. And Agent(s) Et. AL.

        AFFIDAVIT / AFFIRMATION

State of Connecticut
New Haven County.

    I, Noel Davila, [Being Duly Sworn] deposes and Says [or: makes the following Affirmation under the penalties of perjury]:
    I, Noel Davila, am plaintiff in the above Entitled action, and respectfully move this court to issue an order for an Application for Prejudgement remedy, order, summons, Affidavit, Complaint to secure the sum of $ One-million, Two hundred and Fifty thousand Dollars against each defendant(s) Secure Pharmacy (ist) Plus, American Service group Inc. and Agent(s) Et. AL. on compensatory actual damages, punitive damages, Nominal damages or any other relief that your Honorable Court may deem necessary or appropriate including attorneys fees and the Litigation cost(s).

-2-

The reason why I am entitled to relief I seek is the following: (See exhibits c, J, z, w, m, n, Letter dated on July 17, 2002 from I.L.A.P. and medical files sideffects)(H, I) [A] Facts:

1) The Court accepts as true the following facts, Taken from the complaint.

a) On December-13, 2001 the plaintiff went to see the prison psychiatrist concerning his prescription for Paxil.

b) The plaintiff claimed that the Paxil capsule that the pharmacy had originally provided him with had been pink, But that he was now getting a green capsule.

c) The plaintiff complained that he was experiencing dizzyness, nausea, diarrhea and vomiting on December 26 2001. The plaintiff was examine by a nurse at the facility.

d) The plaintiff complained that he was not feeling well, the nurse informed the plaintiff that the pharmacy had mistakenly issued him the wrong medication. The plaintiff stated that he no longer wanted to take the green capsule from form of Paxil and requested an appointment to see psychiatrist so that he could change his medication.

e) On January 24, 2002 the plaintiff informed the psychiatrist that he no longer wanted to take Paxil. That day the psychiatrist change the plaintiffs medication to Remeron.

2) Request forms, Doctors notes, Grievance (a) on 12-5-2001, 12-11-2001, 12-17-2001, 1-5-2002, 12-26-2001, 12-22-2001, Ect. Plaintiff wrote alot of request(s) 12-27-2001.

b) On 12-24-2001 Plaintiff filed a grievance which was "Compromise"

-3-

2) On 1-10-2002 DR. K. had wrote inmate side effects which consists on Vomiting, Diarrhea, Lost 15 Pounds, Abdominal Pain, Dizziness, Pounding headache, Muscle tightness, weakness, Mind Going blank - On 1-24-2002 Dr. K. wrote imate continue having "Losing it".

3) January 14, 2003, January 21, 2004, statement of undisputed facts; Form 26 (f) Parties planing to meeting.

4) Letters from the program I.L.A.P. stating that the company or corporation Secure Pharmacy (isi) has sent the wrong medication and consumed by Plaintiff with a memo in his files stating such "Mistake".

Wherefore, I respectfully request that the court grant the within motion; as well as such further relief and may be Just and proper Including Litigation cost and attorneys fee's.

Or: I declare of penalty of perjury that the foregoing is true and correct, Pursuant 28 U.S.C. § 1746 or 18 U.S.C. § 1621.

Executed on Febuary 11, 2004.

By: _____

Noel Davila
Pro-se
P.O. Box 5500
Newtown, Ct 06470

NOEL DAVILA #211276
CARMER C.I.
P.O. BOX 5500
NEW TOWN CT 06470.

PRIVILEGED MAIL

TO: ATTORNEY AT LAW:
MR. THOMAS H. WINSLOW
321 MAIN STREET
FARMINGTON CT 06032.

(CONFIDENTIAL)

SOUTHERN RISK SPECIALISTS
8144 WALNUT HILL LANE
SUITE 1800
DALLAS, TEXAS 75231

*Exhibit B*

# LEXINGTON INSURANCE COMPANY
### Wilmington, Delaware
### (A Stock Insurance Company)
Administrative Offices: 200 State Street, Boston, Massachusetts 02109

## HEALTHCARE PROFESSIONAL LIABILITY - CLAIMS MADE AND
## HEALTHCARE GENERAL LIABILITY - OCCURRENCE

### DECLARATIONS

Various provisions in the General Policy Provisions and Conditions and Coverage Parts restrict coverage. There may be both occurrence coverages and claims made coverages in this Policy. Claims made coverage is limited to liability for claims first made against an Insured during the policy period or any extended reporting period, if applicable.

Please read all General Policy Provisions and Conditions and Coverage Parts carefully to determine rights, duties, and what is and what is not covered. A complete Policy includes the Declarations, General Policy Provisions and Conditions, and the applicable Coverage Parts.

POLICY NUMBER: 6801364

RENEWAL OF NUMBER: NEW

Item 1.  (a) FIRST NAMED INSURED: AMERICA SERVICE GROUP INC.
(b) OTHER NAMED INSURED(S):

Item 2.  ADDRESS: 105 WESTPARK DRIVE, SUITE 200

City: BRENTWOOD                    State: TN  Zipcode: 37027

Item 3.  (a) RETROACTIVE DATE - HEALTHCARE PROFESSIONAL LIABILITY
CLAIMS MADE COVERAGE PART ONLY:   7/30/1985

(b) POLICY PERIOD:   From: 01/01/02   To: 01/01/03
at 12:01 a.m. Standard Time at your mailing address shown above.

(c) OPTIONAL EXTENDED REPORTING PERIOD:   NA years for NA  % of the annual premium.

Item 4.  DESCRIPTION OF OPERATIONS:

Item 5.  LIMITS OF INSURANCE

(a) Healthcare Professional Liability
Aggregate Limit                                    $ 3,000,000
Each Medical Incident                              $ 1,000,000
Administrative Hearing Expense Limit               $ 25,000
Administrative Hearing Expense Aggregate Limit     $ 50,000
Deductible                                         $ See Self Insured Retention Endorsement
Deductible Aggregate                               $ N/A

(b) Healthcare General Liability
Aggregate Limit                                    $ 2,000,000
Products/Completed Operations Aggregate Limit      $ 2,000,000
Each Occurrence Limit                              $ 1,000,000
Personal/Advertising Injury Limit                  $ 1,000,000
Fire Damage Limit                                  $ 100,000       Each Fire
Medical Expense Limit                              $ N/A           Each Injured Person
Deductible                                         $ See Self Insured Retention Endorsement
Deductible Aggregate                               $ N/A

Item 6.  PREMIUM
Premium        $8,975,000

Item 7.  FORMS AND ENDORSEMENTS - Attached at Inception

Item 8.  PRODUCER NAME GALLAGHER HEALTHCARE INSURANCE SERVICES/HIS
ADDRESS: 820 GESSNER, SUITE 1000
City: HOUSTON                    State: TX  Zipcode 77074-1299

*Richard R. Bucilla*

74744 (12/99)
LX8213

Authorized Representative OR
Countersignature (in states where applicable)

EXHIBIT (B)1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

                                        PRISONER
                                  CIVIL ACTION CASE NO.
                                  3:02CV652(MRK)
          Plaintiff,

V.

SECURE PHARMACY PLUS

          Defendant.                        MARCH 3, 2004

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S FEBRUARY 11, 2004 MOTION FOR APPLICATION FOR PREJUDGMENT REMEDY

Plaintiff, in a document dated February 11, 2004, filed another motion for application for prejudgment remedy (Copies of letter with motion, entire motion and envelope attached as Exhibit A). Defendant Secure Pharmacy Plus opposes the motions because there is applicable insurance covering this litigation, there is a genuine issue of material fact on the claimed negligence or professional malpractice, there is evidence of plaintiff's contributory negligence, and plaintiff, generally, cannot recover attorney's fees, litigation fees, and/or costs.

## STATEMENT OF FACTS:

Plaintiff Davila's latest pleading is a June 25, 2003 Amended Complaint. The received motion for application for prejudgment remedy argues that plaintiff is entitled to a prejudgment remedy because there is probable cause that a judgment will be rendered in the matter in favor of the applicant. The alleged support for plaintiff's probable cause is a February 11, 2004 affidavit of Noel Davila that refers to Exhibits O, J, Z, W, M, N, a letter dated July 17, 2002 from I.L.A.P.

and medical files side effects; Exhibits H and I; portions of Judge Stefan Underhill's June of 2003

Ruling on Motion to Dismiss; and Request forms, Doctors notes, Grievance (a) on 12-5-2001, 12-

11-2001, 12-17-2001, 1-5-2002, 12-26-2001, 12-22-2001, etc.; plaintiff wrote a lot of requests

12-27-2001; grievance on 12-24-2001; references to records of Dr. K; January 14 and 21, 2003

statement of undisputed facts from Form 26(f) planning to meeting; and a letter from I.L.A.P.

Defendant's counsel could not locate Exhibits H, I and J, Exhibit M and N are appellate

documents, Exhibit O is Judge Stefan Underhill's June of 2003 Ruling on Motion to Dismiss,

Exhibit W is an October 7, 2002 letter from Attorney York of I.L.A.P., Exhibit Z is a January 12,

2004 letter from Attorney York of I.L.A.P., and plaintiff did not produce with his motion as

exhibits the Doctors notes, Grievance (a) on 12-5-2001, 12-11-2001, 12-17-2001, 1-5-2002, 12-

26-2001, 12-22-2001, etc.; plaintiff wrote a lot of requests 12-27-2001; grievance on 12-24-2001;

references to records of Dr. K., the July 17, 2002 letter from I.L.A.P., and the January 14 and 21,

2003 statement of undisputed facts from Form 26(f) planning to meeting.


ARGUMENTS OF LAW


       A.  DEFENDANT HAS INSURANCE TO COVER ANY JUDGMENT RENDERED
       AGAINST THE ONLY DEFENDANT, SECURE PHARMACY PLUS, AND
       PLAINTIFF HAS NOT COMPLIED WITH CONN. GEN. STAT. SECTION 52-278A
       ET SEQ.

Secure Pharmacy Plus is the only defendant for the reasons set forth in the December 19, 2003

Secure Pharmacy Plus Reply Memorandum of Law in Support of the Second Motion to Dismiss

for Plaintiff's Failure to State a Cause of Action Upon Which Relief Can Be Granted. Those

arguments are incorporated herein as if fully set forth in this memorandum. American Service

Group, Inc. and its agents et al. are not defendants. Secure Pharmacy Plus, as the only defendant,

can avoid a prejudgment remedy if it can demonstrate it has insurance to cover any judgment

rendered against Secure Pharmacy Plus. Conn. Gen. Stat. Sections 52-278c (subsection e of

### D. THE ADMISSIBLE EVIDENCE ON THE CLAIMED DISTRIBUTION OF AN INCORRECT MEDICATION DOES NOT ESTABLISH PROBABLE CAUSE AS A MATTER OF LAW.

Claimant asserts in his motion for application for prejudgment remedy that defendants' committed negligence and pharmacist professional malpractice. Paragraph 4 of February 11, 2004 Application For Prejudgment Remedy. Plaintiff Davila has not filed admissible evidence on the claimed distribution of an incorrect medication. The exhibits attached to the motion for pre-judgment remedy do not establish any negligence or professional malpractice on the part of Secure Pharmacy Plus. As the submitted evidence on the claimed negligence or professional malpractice is insufficient or hearsay as to Secure Pharmacy Plus, the plaintiff's motion for application for prejudgment remedy must be denied.

### E. PLAINTIFF'S CONTRIBUTORY NEGLIGENCE IS A FACTUAL QUESTION AND A DEFENSE TO PLAINTIFF'S MOTION.

Although the pleadings have not progressed to the point where defendant has filed an answer and affirmative defenses, Secure Pharmacy Plus will assert plaintiff's contributory negligence as a defense. A prejudgment remedy must take into account known defenses. Conn. Gen. Stat. Section 52-278c, d, and e. The defense of plaintiff's contributory negligence will be based on the following: claimant's use of Paxil 20 mg before November and December of 2001 (Paxil taken in December of 1998, May of 2000 and October of 2000 and Paxil 20 mg taken in December of 1999, January of 2000, February of 2000, September of 2000, and March of 2001), and Davila's December 5, 2001 and December 12, 2001 written concerns about the change of his Paxil 20 mg medication from pink to green and whether the 20 mg green was proper. The documents, establish a factual defense that mandates denial of plaintiff's motion for application for prejudgment remedy. Furthermore, plaintiff Davila's deposition transcript, once taken and received, will also be submitted in support of this memorandum.

### F.  PLAINTIFF IS NOT ENTITLED TO COSTS, ATTORNEY'S FEES OR LITIGATION FEES

As a general rule, attorney's fees are not recoverable in a prejudgment remedy unless there is an express agreement between the parties or a statute provides for their payment.  State v. Bloomfield Const. Co., 126 Conn. 349 (1940).  Furthermore, there is no attorney retained to represent the plaintiff as plaintiff is proceeding pro se.  Lastly, costs are only recoverable by a prevailing party.  It is unclear if the granting of a motion for application for prejudgment remedy is a prevailing party.  Recoverable costs are further limited to those that are taxable as provided by the rules.

### CONCLUSION

For all the above reasons, the defendant requests that the plaintiff's motion for application for prejudgment remedy be denied.

DEFENDANT

SECURE PHARMACY PLUS


BY:_____

Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
     Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this 3rd day of March, 2004 to:


Mr. Noel Davila (#212726)
Garner Correctional Institute
P.O. Box 5500
Newtown, CT  06470

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT  06510



Thomas H. Winslow
Federal Bar No.:  CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

Exhibit [2a]

# LAW OFFICES
## OF
## SYDNEY T. SCHULMAN

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

### INMATES' LEGAL ASSISTANCE PROGRAM

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
La-Tanya J. Mansfield
Michael A. Rubino, Jr.
Kenneth J. Speyer

July 17, 2002

Mr. Noel Davila
#212726
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Davila:

Although you have no outstanding correspondence, this letter is written in response to receipt and review of your medical records. Inmates' Legal Assistance Program received your medical records on April 4, 2002.

For your convenience, please find enclosed a copy of all records received by ILAP on April 4, 2002.

A review of your medical records shows that on December 12, 2001, you went to medical complaining that the *paxil*, which you were prescribed, was upsetting your stomach. You told medical that you wanted the "pink *paxil* which is 20 mg. tab." The pharmacy had sent ½ tab which was green and was 20 mg. also. Medical personnel noted that you had a bad experience with medications in the past and become distrustful when the pill is a different color than what you are used to. You were to see the doctor to discuss your medication issues.

You were seen on December 13, 2001, at which time you again complained that the pills you were given were a different color than what you were used to.

On December 26, 2001, the pharmacy informed the facility to check all blister packs of *paxil 40 mg. ½ tabs*. It was determined that the pharmacy had mistakenly sent *risperdal 4 mg. (½) tabs* in the blister packs rather than the labeled *paxil* tabs. Notes indicate that you stated you "had been feeling fine and had no complaints." You did inform medical that the medication "tasted funny" and that you had experienced diarrhea several times in the couple of weeks prior to the discovery. You were in no distress

On January 10, 2002, you were seen by the doctor. You were very angry and complaining of receiving the wrong medication which you reported caused you to vomit, have diarrhea, lose 15 pounds in weight, have abdominal pain, dizziness, pounding headaches, muscle tightness, weakness and your mind going blank. You were seen again on January 24, 2002, when

EXHIBIT [ 2 ]

## LAW OFFICES
## OF
## SYDNEY T. SCHULMAN

<u>Administrative Director</u>
Sydney T. Schulman, Esq.

<u>Managing Attorney</u>
Jane Starkowski

**INMATES' LEGAL ASSISTANCE PROGRAM**

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

January 12, 2004

Noel Davila
#272726
Garner CI
50 Nunnawauk Road
Newtown, CT 06470

Dear Mr. Davila:

This correspondence will acknowledge your December 30 and January 4 letters, which were both respectively received at ILAP on January 6, 2004.

Within your initial letter addressed to Attorney Schulman, you wrote that you were *not getting a* (sic) *proper adequate legal assistance* relative to your litigation issues. You indicated that Attorney York was your assigned ILAP attorney. You alleged that she had been providing you with *to* (sic) *many differents* (sic) *advises* (sic) and as a result thereof an unspecified case *almost got dismiss* (sic). You wrote that you *never* received any assistance with *any motions, memorandum, etc.* (sic). You claimed that it takes ILAP 5 months to help inmates.

Mr. Davila, let me take this opportunity to clarify a misstatement on your part. ILAP responds to all incoming legal inquiries within 90 days. Traditionally, incoming correspondence is answered in chronological order. Priority is given to medical emergencies, pleading deadlines, and safety issues. Since your requests did not fit into any of the emergent categories, you will have to wait until the attorney assigned to your case responds to non-priority correspondence.

A review of your file documented the following events. On January 22, 2002, you contacted ILAP via telephone relative to receiving the wrong medication. Attorney Mansfield answered your call. The same day, she forwarded you an authorization for release of medical records. You returned the authorization form on January 30, 2002. Attorney York forwarded said release to John Botti on February 28, 2002.

Your medical records were received at ILAP on April 4, 2002. Post review by the medical school graduate, Attorney York wrote to you on July 17, 2002. In her letter, she explained that your records did show that you had received *risperdal* rather than the *paxil* which you had been prescribed. Your medical records included a notation that the pharmacy, Secure Pharmacy, Inc., had sent the *risperdal* mislabeled as *paxil*. Attorney York informed you that the proper course of action would be to file a negligence claim against the pharmacy, which had mislabeled the