EXIBIT [1]

# LAW OFFICES
# OF
# SYDNEY T. SCHULMAN

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

INMATES' LEGAL ASSISTANCE PROGRAM

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

September 9, 2003

Mr. Noel Davila
#212726
Garner CI
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT 06470

Dear Mr. Davila:

Thank you for your two (2) letters dated June 20 and 30, 2003, respectively received at Inmates' Legal Assistance Program on June 27 and July 10, 2003.

In your June 20, 2003 letter, you requested that ILAP assist you in drafting a Complaint which you planned to file in State Court against Secure Pharmacy, alleging negligence for mislabeling medication that was sold to the Department of Correction and later given to you.

With your June 30, 2003 letter, you included an Order from Judge Underhill at the Bridgeport District Court. In said order, the judge dismissed your claim against Secure Pharmacy that your Eighth Amendment rights were violated. However, the Judge did determine that you had made sufficient allegations of negligence, and that diversity jurisdiction exists. Therefore, your case is still pending in federal court. It appears that you do not need to file a new case in State Court.

A review of the docketing statement shows that since Judge Underhill's order, you have filed an Amended Complaint in the case. Mr. Davila, in order for ILAP to assist you with your pending negligence suit, you must provide ILAP with copies of all documents that have been filed in your case. In addition, ILAP will need copies of all documents that you have received from the Court, as well as from the defendants.

Please find enclosed the originals of all documents included with your correspondence. I have retained copies for your ILAP file.

78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT 06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP

EXHIBIT [C]

# THE LAW OFFICE OF
# THOMAS H. WINSLOW, LLC

---

January 14, 2003

Clerk's Office
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT 06604

Re: Davila v. Secure Pharmacy Plus
Docket #: Prisoner Civil Action Case Number 3:02CV652(SRU)(WIG)

Dear Clerk of Court:

I have attached an executed Form 26(f) or proposed scheduling order for filing with the court.

Please call with any questions.

Very truly yours,


Thomas H. Winslow

Enclosure: Executed Report of Parties' Planning Meeting or Form 26(f)

cc:   Mr. Noel Davila (#212726) ✓
      The Honorable Stefan R. Underhill
      The Honorable William I. Garfinkel

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

        Plaintiff,

V.

SECURE PHARMACY PLUS

        Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(SRU)(WIG)

January 17, 2003

FORM 26(f). REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: Civil Rights complaint signed March 25, 2002 and filed April 10, 2002 and hand-written complaint signed March 25, 2002 and filed on an unknown date.

Date Complaint Served: Unknown as defendant accepted service of summons in September of 2002.

Date of Defendant's Appearance: November 8, 2002.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held by exchanging letters. The participants were:

Noel Davila for Noel Davila, pro se plaintiff

Attorney Thomas H. Winslow for defendant, Secure Pharmacy Plus

    I.    Certification. Undersigned counsel and pro se plaintiff certify that, after consultation with themselves or their client, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with themselves or their client, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to themselves or the client.

    II.    Jurisdiction.

      A. Subject Matter Jurisdiction: 42 U.S.C. Section 1983

      B. Personal Jurisdiction: Plaintiff is incarcerated in Connecticut

III.   Brief Description of Case: Plaintiff is a prisoner in Cheshire and Defendant is Secure Pharmacy Plus. Davila alleges deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment, negligence, pharmacist professional malpractice, civil rights violations under color of state law, and declaratory and injunctive relief that all stem from distribution of an incorrect medication. Plaintiff claims compensatory and punitive damages in the amount of $1,000,000.

      A. Claims of Plaintiff: See above description.

      B. Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims) of Defendant. Motion to dismiss pending on the claims of deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment, civil rights violations under color of state law, and declaratory and injunctive relief. Defendant evaluating apportionment claims against nurse or nurses at the prison and their employer.

      C. Defenses and Claims of Third Party Defendant. No third-party defendant yet in case.

IV.   Statement of Undisputed Facts. Counsel and pro se plaintiff certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed: Plaintiff is a prisoner and consumed mediations while a prisoner. Secure Pharmacy Plus is not an employee of the prison system and was hired as an independent contractor by a third-party to provide prescription services to prisoners.

V.   Case Management Plan.

A. Standing Order on Scheduling in Civil Cases. The parties do request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

B. Scheduling Conference With the Court. The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. Early Settlement Conference.

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when one is scheduled, with Judge Underhill.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. Joinder of Parties and Amendment of Pleadings.

1. Plaintiff should be allowed until February 15, 2003 to file motions to join additional parties and until March 15, 2003 to file motions to amend the pleadings.

2. Defendant should be allowed until April 1, 2003 to file motions to join additional parties and has filed a pending November 8, 2002 Motion to Dismiss that plaintiff has opposed with defendant filing a December 10, 2002 reply brief.

E. Discovery.

1. The parties anticipate that discovery will be needed on the following subjects: claimed civil rights and Eighth Amendment violations; claimed malpractice and negligence; prior use of medications; prior problems with other medications, especially changed ones; reported injuries and damages in the medical records, physicians orders, clinical records, and medication charts; and claimed damages/injuries sustained by plaintiff.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by 7/1/03 and completed by 12/31/03.

3. Discovery will not be conducted in phases.

4. Discovery consisting of interrogatories and requests for production will be filed once an order is issued by the court allowing the report of parties' planning meeting and will be completed by July 1, 2003.

5. The parties anticipate that the plaintiff will require a total of __ depositions of fact witnesses and that the defendant will require a total of 3 depositions of fact witnesses. The depositions will commence by March 1, 2003 and will be completed by September 1, 2003.

6. The parties will not request court permission to serve more than twenty-five (25) interrogatories and request for production as the agree to service of more than twenty-five (25) interrogatories and requests for production without court permission.

7. Plaintiff _____ to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 7/1/03. Depositions of such experts will be completed by 12/31/03.

       8. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide pro se plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 1/31/04. Depositions of such experts will be completed by 7/31/04.

       9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by 8/31/04.

F. **Dispositive Motions.** Dispositive motions will be filed on or before 8/31/04.

G. **Joint Trial Memorandum.** The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 10/31/04.

VI. **Trial Readiness.** The case will be ready for trial by 11/15/04.

As an officer of the court, the undersigned counsel for defendant agrees to cooperate with pro se plaintiff and the Court to promote the just, speedy and inexpensive determination of this action.

Counsel for Defendant

By _____ 12/24/02

Thomas H. Winslow    Date

The undersigned pro se plaintiff certifies that he will cooperate with the parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

Pro Se Plaintiff

By _____ January 6, 2003.

Noel Davila    Date

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this 14th day of January, 2003 to:

Mr. Noel Davila (#212726)
Cheshire Correctional Institute
900 Highland Avenue
Cheshire, CT  06410

The Honorable Stefan R. Underhill
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT  06604

The Honorable William I. Garfinkel
United States Courthouse
915 Lafayette Boulevard
Bridgeport, CT  06604

_____
Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

EXHIBIT DS

PRISONER, APPEAL

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:02-cv-00652-MRK
Internal Use Only

Davila v. Secure Pharmacy
Assigned to: Judge Mark R. Kravitz
Referred to: William I. Garfinkel
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/10/02
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

------------------------

**Noel Davila**     represented by     **Noel Davila**
Inmate 212726
Garner Correctional Institution
P.O. Box 5500
Newtown, CT 06470
PRO SE

V.

**Defendant**

------------------------

**Secure Pharmacy**     represented by     **Thomas H. Winslow**
321 Main St.
Farmington, CT 06032-2976
860-678-4425
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 04/10/2002 | 1 | MOTION by Noel Davila to Proceed in Forma Pauperis (D'Andrea, S.) (Entered: 04/11/2002) |
| 04/10/2002 | 2 | Prisoner Authorization Form by Noel Davila (D'Andrea, S.) (Entered: |

| | | |
|---|---|---|
| | | 04/11/2002) |
| 04/10/2002 | 3 | COMPLAINT (D'Andrea, S.) (Entered: 04/11/2002) |
| 04/10/2002 | 4 | MOTION by Noel Davila for Appointment of Counsel (D'Andrea, S.) (Entered: 04/11/2002) |
| 04/25/2002 | | ENDORSEMENT granting [1-1] motion to Proceed in Forma Pauperis ( signed by Mag. Judge Holly B. Fitzsimmons ) (Larsen, M.) (Entered: 04/25/2002) |
| 08/12/2002 | 5 | Order directing the plaintiff to complete and return within 20 days of the date of this order USM-285 form for deft. Secure Pharmacy Plus; complete Notice & Waiver. Upon receipt of the USM-285 forms the Clerk is directed to forward the appropriate papers to the US Marshal to serve the complaint on the defendant. ( signed by Mag. Judge Holly B. Fitzsimmons ) (Larsen, M.) (Entered: 08/12/2002) |
| 08/12/2002 | | CASE referred to Mag. Judge William I. Garfinkel (Larsen, M.) (Entered: 08/12/2002) |
| 08/14/2002 | 6 | RULING denying [4-1] motion for Appointment of Counsel ( signed by Mag. Judge Holly B. Fitzsimmons ) 1 Page(s) (Larsen, M.) (Entered: 08/14/2002) |
| 08/22/2002 | | NOTICE of Lawsuit and Request for Waiver of Service for Summons issued and handed US Marshal for service in accordance with [5-1] order Return of Service due 10/31/02 (Larsen, M.) (Entered: 08/22/2002) |
| 11/12/2002 | 7 | APPEARANCE of Attorney for Secure Pharmacy -- Thomas H. Winslow (Larsen, M.) (Entered: 11/13/2002) |
| 11/12/2002 | 8 | Disclosure Statement by Secure Pharmacy (Larsen, M.) (Entered: 11/13/2002) |
| 11/12/2002 | 9 | MOTION by Secure Pharmacy to Dismiss (Brief Due 12/3/02 ) (Larsen, M.) (Entered: 11/13/2002) |
| 11/12/2002 | 10 | MEMORANDUM by Secure Pharmacy in support of [9-1] motion to Dismiss (Larsen, M.) (Entered: 11/13/2002) |
| 11/21/2002 | 11 | MEMORANDUM by Noel Davila in opposition to [9-1] motion to Dismiss by Secure Pharmacy (Jaiman, R.) (Entered: 11/22/2002) |
| 12/12/2002 | 12 | REPLY by Secure Pharmacy to response to [9-1] motion to Dismiss by Secure Pharmacy (Corriette, M.) (Entered: 12/13/2002) |

| 12/27/2002 | 13 | REPLY by Noel Davila to response to [9-1] motion to Dismiss by Secure Pharmacy (Larsen, M.) (Entered: 12/30/2002) |
|---|---|---|
| 01/16/2003 | 14 | REPORT of Parties Planning Meeting (Corriette, M.) (Entered: 01/16/2003) |
| 01/29/2003 | 15 | MOTION by Noel Davila for Appointment of Counsel (Corriette, M.) (Entered: 01/29/2003) |
| 01/29/2003 | 16 | MEMORANDUM by Noel Davila in support of [15-1] motion for Appointment of Counsel (Corriette, M.) (Entered: 02/05/2003) |
| 03/06/2003 | 17 | MARSHAL'S return of service on complaint executed as to Secure Pharmacy on 9/9/02 (Larsen, M.) (Entered: 03/07/2003) |
| 03/07/2003 |  | **Terminated deadline re: return of service (Larsen, M.) (Entered: 03/07/2003) |
| 03/28/2003 | 18 | MOTION by Secure Pharmacy to Compel Plaintiff's Answer to Defendant's 1/15/03 Written Discovery (Brief Due 4/18/03) (Corriette, M.) (Entered: 04/09/2003) |
| 03/28/2003 | 19 | MEMORANDUM by Secure Pharmacy in support of [18-1] motion to Compel Plaintiff's Answer to Defendant's 1/15/03 Written Discovery (Corriette, M.) (Entered: 04/09/2003) |
| 06/23/2003 | 20 | RULING granting [9-1] motion to Dismiss. Plaintiff's Eighth Amendment claims brought pursuant to 42 U.S.C. Sec. 1983 are DISMISSED. Complaint will proceed on plaintiff's state law claims pursuant to court's diversity jurisdiction. ( signed by Judge Stefan R. Underhill ) 7 Page(s) (Larsen, M.) (Entered: 06/24/2003) |
| 06/25/2003 | 21 | AMENDED COMPLAINT by Noel Davila amending [3-1] complaint (Corriette, M.) (Entered: 06/25/2003) |
| 06/27/2003 | 22 | RULING denying [15-1] motion for Appointment of Counsel, denying [18-1] motion to Compel Plaintiff's Answer to Defendant's 1/15/03 Written Discovery ( signed by Mag. Judge William I. Garfinkel ) 4 Page(s) (Larsen, M.) (Entered: 07/03/2003) |
| 06/27/2003 |  | Text not available. (Entered: 07/03/2003) |
| 06/27/2003 | 23 | SCHEDULING ORDER setting Discovery cutoff 10/27/03 ; Dispositive Motions due 11/27/03 ; Answer due 7/27/03 for Secure Pharmacy ( Signed by Mag. Judge Holly B. Fitzsimmons ) (Larsen, M.) (Entered: 07/03/2003) |

| Date | Doc # | Description |
|---|---|---|
| 11/10/2003 | 53 | RESPONSE re 50 MOTION to limit impeachment of plaintiff filed by Secure Pharmacy. (Corriette, M.) (Entered: 11/19/2003) |
| 11/10/2003 | 54 | RESPONSE to Motion Requesting Permission to Order Defendants to Answer Plaintiff's Written Discovery or Sanctions filed by Secure Pharmacy. (No Motion Filed) (Corriette, M.) (Entered: 11/19/2003) |
| 11/13/2003 | 51 | RULING granting 36 Motion to Take Deposition from Noel Davila, denying 38 Motion for Sanctions, denying 44 Motion to Appoint Counsel, denying 45 Motion to preserve evidence, denying 46 Motion to allow jurors to take notes, denying 47 Motion for permission to give opening statement, denying 48 Motion for recording, denying 50 Motion to limit impeachment. Signed by Judge William I. Garfinkel on 11/12/03. (Larsen, M.) (Entered: 11/19/2003) |
| 11/13/2003 | 52 | RULING denying [30] Motion for Default Judgment, denying [32] Motion for Default Judgment, granting 42 Motion for Extension of Time to 12/25/03 to complete discovery, overruling [26] objection to [21] Amended Complaint, granting 37 MOTION for Extension of Time to complete discovery. Signed by Judge William I. Garfinkel on 11/12/03. (Larsen, M.) Modified on 11/19/2003 to correct text on Motions for Extension of Time (docs. #42 and #37). No docket annotation issued/no electronic noticing. (Larsen, M.). (Entered: 11/19/2003) |
| 11/13/2003 |  | ***Motion terminated: 37 MOTION for Extension of Time to extend discovery deadline filed by Secure Pharmacy. Motion granted 11/13/03 (see Ruling, doc. #52) (Larsen, M.) (Entered: 11/19/2003) |
| 11/13/2003 |  | Set Deadline: Discovery due by 12/25/2003. (Larsen, M.) (Entered: 11/19/2003) |
| 11/13/2003 | 55 | RESPONSE re 38 MOTION for Sanctions filed by Noel Davila. (Corriette, M.) (Entered: 11/19/2003) |
| 11/13/2003 | 56 | RESPONSE re [30] Motion for Order, [32] Motion for Default Judgment filed by Noel Davila. (Corriette, M.) (Entered: 11/19/2003) |
| 11/21/2003 | 57 | MOTION to Compel Discovery, MOTION for Discovery, MOTION for Sanctions by Noel Davila.Responses due by 12/12/2003 (Attachments: #(1) Exhibit A #(2) Exhibit H-F #(3) Exhibit H)(Corriette, M.) (Entered: 11/26/2003) |
| 11/25/2003 | 58 | SECOND MOTION to Dismiss by Secure Pharmacy.Responses due by 12/16/2003 (Corriette, M.) (Entered: 11/26/2003) |

| 11/25/2003 | 59 | Memorandum in Support re 58 MOTION to Dismiss filed by Secure Pharmacy. (Corriette, M.) (Entered: 11/26/2003) |
|---|---|---|
| 11/25/2003 | 60 | REPLY to Response to 57 MOTION to Compel MOTION for Sanctions filed by Noel Davila. (Corriette, M.) (Entered: 12/03/2003) |
| 11/26/2003 | 61 | RESPONSE re [32] Motion for Default Judgment filed by Secure Pharmacy. (Attachments: # 1 local rule statement)(Corriette, M.) (Entered: 12/03/2003) |
| 12/09/2003 | 62 | Memorandum in Opposition re 58 MOTION to Dismiss filed by Noel Davila. (Attachments: # 1 memorandum in oppposition 2)(Corriette, M.) (Entered: 12/10/2003) |
| 12/12/2003 | 63 | Statement of Material Facts re [32] Motion for Default Judgment filed by Noel Davila. (Attachments: # 1 statement of facts 2)(Corriette, M.) (Entered: 12/15/2003) |
| 12/12/2003 | 64 | MEMORANDUM IN SUPPORT re [32] Motion for Default Judgment filed by Noel Davila. (Corriette, M.) (Entered: 12/16/2003) |
| 12/19/2003 | 65 | RESPONSE re 43 Memorandum in Opposition to Motion for order and Motion for default filed by Noel Davila. (Jaiman, R.) (Entered: 12/29/2003) |
| 12/22/2003 | 66 | Memorandum in Support re 58 MOTION to Dismiss filed by Secure Pharmacy. (Corriette, M.) (Entered: 01/05/2004) |
| 12/22/2003 | 67 | MOTION for Dismissal, Cost and Fees, Motion for Sanctions and/or MOTION for Order against plaintiff for failure to attend scheduled deposition and to file a Motion for Reconsideration or Protective Order prior to his deposition by Secure Pharmacy.Responses due by 1/12/2004 (Corriette, M.) (Entered: 01/05/2004) |
| 12/22/2003 | 68 | MOTION for Sanctions for continued failure to send documents to Defendant's Counsel on a timely basis by Secure Pharmacy.Responses due by 1/12/2004 (Corriette, M.) (Entered: 01/06/2004) |
| 12/22/2003 | 69 | RESPONSE to Motion for Reconsideration (No Motion Filed) filed by Secure Pharmacy. (Corriette, M.) (Entered: 01/06/2004) |