-1-

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

APR 8   2 59 PM '04

U.S DISTRICT COURT
NEW HAVEN CONN

CIV NO: 302CV652(M-RK)(WIG)

NOEL DAVILA,
            , PLAINTIFF

- AGAINST -

DATE: APRIL 5TH, 2004.

SECURE PHARMACY, PLUS, AMERICAN
SERVICE GROUP INC. AGENT(S) ET. AL.
            , DEFENDANTS'

PLAINTIFFS MOTION AGAINST THE BRIDGEPORT
PRISONERS' UNIT MARY E. LARSEN, CLERKS', U.S.
COURTHOUSE, 915 LAFAYETTE B.L.V.D. BRIDGEPORT
CT. 06604; FOR THE CONTINUAL DENIAL AND RE-
JECTING PLAINTIFFS MOTIONS AND RETU-
RNED THEM BACK UNDER ANY APPROPRIATE
REASONS:

   (PURSUANT TO FED-R. CIV-P. AND LOCAL RULES PLAINTIFF
PRESENT A CONCISE STATEMENT MAINTAINES THAT THE CLERKS'
AT BRIDGEPORT PRISON UNIT ARE CONTINUED DENIAL AND
REJECTING PLAINTIFF MOTIONS AND DELAYING THE PROCESS.
   (SEE PAPER WORK (MOTIONS)) SUBMITTED TO THE COURT. AND ATTACHED
   EXHIBIT(1)                          BY: Noel Davila
   DATED: 4-5-2004.                         NOEL DAVILA- PRO-SE
                                            P.O. BOX 5500
                                            NEW TOWN CT. 06470.

2:

A. STATEMENT OF FACTS:

    1) ON - 3-23, 2004, PLAINTIFFS HAD FILED A NUMERS OF MOTION, WICH ARE AS FOLLOWS:

    (a) PLAINTIFFS' REPLY TO DEFENDANTS OBJECTION TO PLAINTIFFS FEBRUARY 20, 2004, PROPOSED AMENDED ADDING NEW DEFENDANTS' NOT YET BEEN PROPERLY SERVED IN ACCORDANCE WITH RULE 15(a), RULE 4, AMENDED SUMMONS AND DEFENDANTS' ATTORNEYS' THREATENING LETTER TO PLAINTIFFS.

    (b) APPLICATION OF PRO-SE PARTY FOR ISSUANCE OF SUBPOENA.

    (c) APPEARANCE WITH CERTIFICATION

    (d) JUDGMENT CREDITOR; PERSON SERVED WITH INTERROGATORIES.

    (e) POST JUDGMENT REMEDY INTERROGATORIES.

    (f) APPLICATION AND WRIT HABEAS AD TESTIFICANDUM

    (g) NOTICE OF EX PARTE PRE-JUDGMENT REMEDY/CLAIM FOR HEARING TO DISSOLVE OR MODIFY

    (h) TRANSCRIPT ORDER WITH EXHIBIT(S) ENCLOSED.

    2) ON: MARCH 15, 2004. I HAVE FILED MOTION ABOUED (a)

    3) ON APRIL 5, 2004, PLAINTIFF RECEIVE ALL THE MOTIONS MENTION ABOUED FROM THE U.S. COURTHOUSE CLERKS OFFICE, 915 LAFAYETTE B.L.V.d. BRIDGEPORT CT. 06604, AN ORDER RETURNING AGAIN AND DENIYING ALL THE ABOUED MOTIONS (a) THRU (h).

    4) THE CLERKS' AT BRIDGEPORT U.S. COURT HOUSE IS STILL CONTINUED DENIED MY ACCES TO THE COURT.

B. ARGUMENT OF LAW: POINT 1

    1) PURSUANT TO 28. U.SC § 1367 SUPPLEMENTAL PENDENT JURISDIC-

3-

TION, THIS STATUTE APPLIES TO All LAWSUITS BEYOND ON AFTER DECEMBER 1st, 1990. THE NEW STATUTE PERMIT A SUPPLEMENTAL STATE LAW CLAIM TO BE BROUGHT AGAINST A PARTY EVEN IF THERE IS NO FEDERAL LAW CLAIM AGAINST A OR THAT PARTY.

2.) SO ORDERED IN BRIDGEPORT, CONNECTICUT, THIS 20th DAY OF JUNE, 2003, BY HONORABLE JUSTICE M.R. STEFAN R. UNDERHILL; U.S. DISTRICT JUDGE; STATES AS FOLLOW:

(a) THE COURT NOTES, HOWEVER, THAT THE PLAINTIFFS COMPLAINT MAY ALSO BE LIBERALLY CONSTRUED AS RAISING A STATE LAW CLAIMS FOR "NEGLIGENCE" AND "MALPRACTICE". BECAUSE IT IS APPARENT THAT DIVERSITY OF CITIZEN EXISTS BETWEEN THE PARTIES AND THE RELIEF REQUESTED EXCEEDS THE AMOUNT IN CONTROVERSY REQUIREMENT, THE COMPLAINT WILL PROCEED ON THE PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO THE COURT'S DIVERSITY JURISDICTION. SEE 28 U.S.C. § 1332(a)(1) (SEE ATTACHED EXHIBIT (1)

3) THIS STATUTE 28. U.S.C. § 1367, "CREATES A STRONG PRESUMPTION IN FAVOR OF THE EXERCISE OF SUPPLEMENTAL JURISDICTION." SHELDON H. NAHMOD, CIVIL RIGHTS LIBERTIES LITIGATION; THE LAW OF SECTION 1983 §1.08, AT 27 (3d ed. 1991).

4) PLAINTIFFS ALSO INVOKES THE "PENDENT" JURISDICTION OF THIS COURT ON HIS COMPLAINT AND PLAINTIFF ALSO SAY THAT HIS STATE LAW CLAIMS ARE ELSEWHERE IN THE COMPLAINT.

5) PLAINTIFF COULD ALSO Alleged PENDENT CLAIMS THAT THE STATE STATUTE AND THE COMMON LAW WERE VIOLATED WHEN

-4-

PRISON OFFICIALS OR EMPLOYEES WERE NEGLIGENT IN PROVIDING ADEQUATELY FOR YOUR SAFETY. THE FEDERAL COURT WOULD HAVE AT LEAST THREE GROUNDS FOR DECIDING THIS CASE

    (a) CONSTITUTIONAL VIOLATION

    (b) A VIOLATION OF A STATUTE

    (c) AND A COMMON – LAW NEGLIGENCE THEORY.

6) THE CONSTITUTIONAL AND PENDENT "CLAIMS" MUST "DERIVE FROM A COMMON NUCLEOS OF OPERATIVE FACTS" (i.e., APPROXIMATELY THE SAME TRANSACTION OR OCURRENCE) IN ORDER FOR A FEDERAL TO EXERCISE "PENDENT JURISDICTION."

7) WHEN A COURT RULES ON A PENDENT STATE CLAIM, IT IS BOUND BY STATE RULES OF LAW THAT WOULD APPLY IN STATE.

8) FEDERAL COURTS HAVE EXERCISED PENDENT JURISDICTION IN PRISON CASES OVER A WIDE VARIETY OF STATE LAW CLAIMS ARISING FROM COMMON LAW TORTS TO STATE HEALTH CODES AND PRISON JAIL REGULATIONS.

C. ARGUMENT OF LAW: POINT 2

1) IN - JOHNSON V. AVERY; 393 U.S. 483 21 LEd. 2d. 718, 89s. §ct. 747 (1989)

    (a) LIKE OTHERS, PRISONERS HAVE A CONSTITUTIONAL RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF THEIR GRIEVANCES, WICH INCLUDES A REASONABLE RIGHT OF ACCESS TO THE COURTS.

2) IN - ABDUL-AKBAR V. WATSON; 4 F3d. 195 (3rd cir 1993)

    (a) STANDARD IN APPLYING PRISONERS CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS IS WHETHER LEGAL RESOURSES AVAILABLE TO PRISONER WILL ENABLE HIM

TO IDENTIFY LEGAL ISSUES THAT HE DESIRES TO PRESENT TO RELEVANT AUTHORITIES, INCLUDING COURTS, AND TO MAKE COMMUNICATIONS WITH AND PRESENTATION TO THOSE AUTHORITIES UNDERSTOOD.

3) IN- HOLLOWAY V. HORNSBY; 23 FED. 944 (5th CIR. 1994)

(a) READY ACCESS TO OUR COURTS SYSTEM, INCLUDING ACCESS BY THOSE WHO ARE INCARCERATED, IS RECOGNIZED AS A VALUABLE CONSTITUTIONAL RIGHT, ONE TO BE CAREFULLY GUARDED.

4) IN- WIMMER V. COOK; 774 F. 2d 68 (4th 1985)

(a) PRISONER PROCEEDING PRO-SE AND IN FORMA PAUPERIS CAN HARDLY BE EXPECTED TO UNDERSTAND THE INTRICANCIES OF THE FEDERAL MAGISTRATE ACT.

5) IN- TAYLOR V. LIST; 880 F. 2d 1040 (9th CIR. 1989).

(a) SIX AMENDMENT, RIGHT TO SELF REPRESENTATION INCLUDES RIGHT OF ACCESS TO LAW BOOKS, WITNESS AND OTHER TOOLS NECESSARY TO PREPARE DEFENSE.

6) PLAINTIFF, NOEL DAVILA ALLEGES THAT EVEN THOUGH HE HAD ASKED NUMEROUS OCCASIONS TO THE CLERKS' OF THE COURT FOR THE CIVIL OR LOCAL RULES OF COURT AND OTHER PAPER WORKS NEEDED FOR HIS LITIGATION, BUT AT ALL TIMES THE CLERKS' OF THE COURT HAD REFUSE TO DO SO, WITH SUCH IMPORTANT MATE-RIALS TO HELP PLAINTIFFS. LITIGATION.

7) IN- FERRAN V. TOWN OF NASSAU; 11 F. 3d 21 (2ND CIR. 1993).

IN- BOAG V. MACDOUGALL; 454 U.S. 364 70 LEd. 2d. 551, 102 S. Ct. 700 (1982).

IN- HAINES V. KERNER; 404 U.S. 519, 30 LEd 2d 652, 92

-6-

S.Ct. 594 (1972)

(a) PRO-SE LITIGANTS PLEADING ARE TO BE CONSTRUED LIBERALLY AND HELD TO LESS STRIGENT STANDARD THAN FORMAL PLEADING DRAFTED BY LAWYERS; IF COURTS CAN REASONABLY READ PLEADING TO STATE VALID CLAIM WICH LITIGANT COULD PREVAIL, IT SHOULD DO SO DESPITE FAILURE TO CITE PROPER LEGAL AUTHORITY, CONFUSION OF LEGAL THEORIES, POOR SYNTAX AND SENTENCE CONSTRUCTION, OR LITIGANTS UNFAMILIARITY WITH PLEADING REQUIREMENTS.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUEST THAT THIS HONORABLE COURT TO GRANT THE ABOVE MENTIONED MOTIONS (a), THRU, (h) TO REPRIMANDED THE CLERKS AT U.S. COURTHOUSE 915 LAFAYETTE B.L.V.d. AT BRIDGEPORT CT. 06604; FOR FAILING TO PROCEED WITH MOTION(S) SUBMITTED AND DENYING, RETURNING MOTION(S), AND DELAYING PLAINTIFF CASE IN CHIEF, AND FOR A ORDER TO PROVIDE THE PLAINTIFF WITH THE FED. R. CIV. P. AND LOCAL RULES OF THE COURT, ALSO AN UP-DATED DOCKET SHEET, AND TO PROVIDE THE PRO-SE PLAINTIFFS WITH ALL NECESSARIES AND PROPER FORMS THAT NEED TO BE FILE WITHIN YOUR COURT AND AS WELL AS SUCH OTHER FURTHER RELIEF AND MAY BE JUST AND PROPER.

DATED: 4-5-2004.

By: Noel Davila
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

# CERTIFICATION

I HEREBY CERTIFY THAT A TRUE COPY OF THE FORE-GOING WAS MAILED VIA FIRST CLASS POSTAGE / HAND DE-LIVERED PRE-PAID THIS 5TH DAY OF APRIL 2004 TO:

*Noel Davila*
NOEL DAVILA - PRO-SE

TO: HONORABLE JUSTICES:

    MR. MARK R. KRAVITZ (U.S. DIST. JUDGE)

    M.R. WILLIAM I. GARFINKEL (U.S. MAG. JUDGE)

      U.S. COURTHOUSE

    141 CHURCH STREET

    NEW HAVEN CT. 06510.

TO: CLERK'S OFFICE

    U.S COURT OF APPEALS FOR THE SECOND CIRCUIT

      U.S. COURTHOUSE

      40 FOLEY SQUARE

      NEW YORK, NY. 10007.

TO: ATTORNEYS' FOR THE DEFENDANTS!

    MR. THOMAS H. WINSLOW

      321 MAIN STREET

      FARMINGTON CT. 06032.

BY: *Noel Davila*
NOEL DAVILA - PRO-SE
P.O. BOX 5500
NEWTOWN CT. 06470.

DATE: 4-5TH, 2004.

## Conclusion

The defendants' Motion to Dismiss [**doc. # 9**] is **GRANTED**. The plaintiff's Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED**. The court notes, however, that the plaintiff's complaint may also be liberally construed as raising a state law claims for negligence and malpractice. Because it is apparent that diversity of citizenship exists between the parties and the relief requested exceeds the amount in controversy requirement, the complaint will proceed on the plaintiff's state law claims pursuant to the court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).

**SO ORDERED** in Bridgeport, Connecticut, this _20 th_ day of _June_, 2003.

Stefan R. Underhill
United States District Judge

7