UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NOEL DAVILA
                                                                           PRISONER
   v.                                Case No. 3:02CV652(MRK)(WIG)

SECURE PHARMACY PLUS

RULING ON PENDING MOTIONS

     Pending before the court are two motions for sanctions filed by the defendant and motions for reconsideration, to compel, for sanctions, to amend, for recusal and for miscellaneous relief filed by the plaintiff. The court addresses the plaintiff's motions first.

I.   Motion for Reconsideration [doc. # 72]

     The plaintiff asks the court to reconsider its November 13, 2004 Ruling granting defendants' motion for leave to depose him. The plaintiff's motion was originally received by the court on December 17, 2003, but was returned to him because it lacked an original signature. The plaintiff re-filed the motion on January 14, 2004. The plaintiff contends that the court should not have granted the defendant's motion for leave to depose him and reiterates the same arguments as were set forth in his memorandum in opposition to the motion to depose. The plaintiff again

claims that the deposition is unnecessary because he has already responded to defendant's interrogatories and requests for production and it would be unfair to require him to present his case through deposition testimony. The court considered the plaintiff's arguments in ruling on the motion for leave to depose and concluded that the plaintiff had failed to set forth any valid reasons to preclude the defendant from deposing him. If the defendant files a motion for summary judgment or the case proceeds to trial and the defendant submits portions of the plaintiff's deposition testimony in support of his arguments, the plaintiff may submit his own evidence to contradict any information that the defendant elicited at the deposition. The motion for reconsideration is granted, but after careful reconsideration the ruling granting the defendant's motion for leave to depose the plaintiff is affirmed.

Defendants are directed to reschedule plaintiff's deposition. The deposition shall be scheduled on or before September 1, 2004. The plaintiff is cautioned that if he fails to attend and participate fully in the deposition, the case may be dismissed.

II. <u>Motion to Compel, for Discovery and Sanctions [doc. # 57]</u>

The plaintiff seeks to compel the defendant to answer his September 16, 2003 interrogatories and request for production.

2

The plaintiff claims that the defendants responded to his September 2003 discovery requests on October 16, 2003. The plaintiff's motion to compel is dated October 20, 2003.

A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut. Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff does not allege that he made any attempt to resolve this discovery dispute after he received defendant's response to the September 2003 interrogatories and request for production and disclosure on October 16, 2003. Because the plaintiff has failed to file a certification that he has made a good faith effort to resolve this discovery dispute without the intervention of the court, the plaintiff has not complied with the provisions of Federal Rule 37(a)(2)(A) and Local Rule 37(a)(2). Accordingly, the plaintiff's motion to compel is denied without prejudice.

III. "<u>Motion Request for Admission</u>" [doc. # 77]

The plaintiff's motion is a request for admission served on

the defendant the same day the motion was filed. Pursuant to Local Rule 5(e)1, "expert witness reports, . . . deposition, notice of depositions, interrogatories, requests for documents or requests for admission, and answers and responses shall not be filed with the Clerk's Office except by order of the Court." D. Conn. L. Civ. R. 5(e)1. The Court has not issued an order to file discovery requests with the Clerk's Office in this case. Accordingly, the plaintiff's motion is denied.

IV.  Motions to Compel [docs. ## 90, 95]

The two motions entitled "Plaintiff Motion for Order Compelling Defendants' Answers to Plaintiffs February 10, 2004 Interrogatories to Discover Identities and Addresses of Defendants' Involved" are identical. The plaintiff alleges that he mailed a request for discovery to the defendant on February 10, 2004. He also states that he wrote to defendant's counsel on February 10, 2004. The plaintiff claims the defendant has failed to respond to his February 2004 discovery request.

Under Rules 33 and 34 of the Federal Rules of Civil Procedure, a party has thirty days to respond to interrogatories and requests for production. The plaintiff did not wait thirty days to permit the defendants to respond before making an attempt to resolve this discovery dispute without the intervention of the court. Thus, the plaintiff's motions to compel are premature and

4

are denied.

V.   Motions to Amend to Add New Parties [docs. ## 78, 89]

In the first motion to add parties, the plaintiff asks the court to take notice of rules for the Connecticut Superior Court. The rules governing civil and criminal proceedings in this court are the Federal Rules of Civil and Criminal Procedure and the Court's Local Rules of Civil Procedure.  The plaintiff also states that he has served discovery requests on the defendant, but the defendant has objected to his requests.  The court has already ruled on plaintiff's motions to compel relating to the discovery requests referenced in this motion.  Thus, the motion for addition of parties is denied.

In the second motion to add new parties, the plaintiff seeks to add Lexington Insurance Company, Gallagher Health Care Insurance and American Service Group as defendants in this action.  He simply states these companies were "sufficiently personally involved" in the allegations set forth in the amended complaint.  Mot. Amend Add New Defendants at 1.  The plaintiff includes no other facts in his motion and fails to attach a proposed amended complaint to his motion.

Because the plaintiff has already filed one amended complaint, he must seek leave to file another amended complaint. See Rule 15(a), Fed. R. Civ. P.  "Common sense dictates that a

5

party requesting leave to file an amended pleading must accompany his motion with a copy of the proposed amended complaint that complies with the general rules of pleading in Fed. R. Civ. P. Rule 8(a)." Brownes v. City of Gary, Ind., 112 F.R.D. 424, 425 (N.D. Ind. 1986). This is necessary "so that the court and the adverse party will know the precise nature of the pleading changes being proposed." Id.

Neither the court nor the opposing party can properly ascertain whether the plaintiff's motion possesses merit because of the plaintiff's failure to attach a proposed amended complaint. See Clonlara, Inc. v. Runkel, 722 F. Supp. 1442, 1449 (E.D. Mich. 1989) ("Without the proposed amendment, it is impossible to determine whether justice requires that the amendment be granted."). Accordingly, the plaintiff's second motion to amend to add new parties is denied.

VI. Motions for Recusal [docs. ## 98, 99]

The plaintiff seeks to "disqualify" Magistrate Judge Fitzsimmons because she is biased against him. The plaintiff alleges that Magistrate Judge Fitzsimmons is delaying his case because she has returned a number of his motions and memoranda for various deficiencies.

In this court, papers are returned to litigants for failure to comply with local and federal rules of form and procedure. A

6

judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one. In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1313 (2d Cir. 1988), cert. denied, 490 U.S. 1102 (1989). The judge must recuse himself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." Id.

The plaintiff seeks to disqualify Judge Fitzsimmons because she has signed orders returning certain motions and memoranda he has submitted to the court for filing. The plaintiff's dissatisfaction with Magistrate Fitzsimmons orders returning documents for failure to comply with rules of procedure and form is insufficient to support a motion for recusal. The copies of the orders returning submission attached to the plaintiff's motions reveal that most of the documents were returned for plaintiff's failure to sign the documents or for failure to

7

include a certificate of service.  Pursuant to Rule 11, Fed. R. Civ. P. every motion, etc. must be signed by the party filing it with the court.  As stated above, Rule 5, of the Federal Rules of Civil Procedure requires that every motion or paper filed with the court be served on the opposing party and include a certificate of service.  Thus, the plaintiff has failed to demonstrate that any documents were returned to him in error.  Furthermore, most if not all of the documents referenced in the orders returning submission were re-submitted and accepted for filing by the court.  Because the plaintiff has not identified any factors that show a "deep-seated favoritism or antagonism" to support his claim that Magistrate Judge Fitzisimmons is not impartial in this case, the plaintiff's requests for recusal are denied.

VII. "Motion Against The Bridgeport Prisoners' Unit" [doc. # 97]

The plaintiff alleges that the clerks in the Bridgeport "prisoner unit" are denying and rejecting his motions.  He claims that certain documents were returned to him on April 5, 2004.  He does not attach any order returning submission to his motion, does not indicate why the documents were returned to him or indicate that he attempted to re-file the documents after correcting any deficiencies.  Accordingly, the plaintiff's motion

8

is denied for lack of good cause shown.[1]

VIII.    <u>Motions for Sanctions [docs. ## 79, 68]</u>

In both motions, counsel for the defendant contends that the plaintiff has failed to send him copies of motions and discovery requests. Counsel seeks sanctions against the plaintiff for his continued failure to comply with Rule 5, Fed. R. Civ. P.

In October 2003, counsel moved for sanctions against the plaintiff for his failure to serve copies of motions on the defendants and his failure to timely serve discovery requests on the defendants. The court denied the motion for sanctions as premature because counsel for the defendants had not attempted to resolve the matter with the plaintiff. In addition, the court noted that the motions included certifications that the plaintiff had served copies of the motions on counsel for the defendants and that the plaintiff, as an incarcerated individual, had no

---

[1] With respect to the documents the plaintiff claims to have attempted to file in March 2004, it is unclear why the plaintiff is attempting to file documents relating to a judgment. No judgment has entered in this action. In addition, the plaintiff apparently tried to submit a transcript order. No hearings have been conducted in this case and none are scheduled in the future. If the plaintiff's presence is required in court, the court will issue a writ of habeas corpus directing the appropriate prison officials to produce the plaintiff for the court proceeding. The rules of civil procedure do not require the plaintiff to file an appearance in this case. If the plaintiff seeks subpoena forms, he may request the forms in writing from the Clerk's Office.

control over when items were placed in the mail by the prison mail room staff.

In the present two motions for sanctions, counsel again claims that the plaintiff has failed to send him motions filed in this case. Counsel alleges that in January 2004, the plaintiff filed two motions for prejudgment remedy with the court, but he only received one of the motions and that motion referenced exhibits which were not attached to the motion. Counsel also claims that on one occasion in December 2003, he did not receive a copy of document plaintiff attempted to filed with the court, but which was returned to the plaintiff for a deficiency, and on two other occasions in December 2003, he received copies of two motions filed by the plaintiff more than nine days after the date plaintiff certified that he had mailed the motions to counsel. Counsel attaches letters that he has sent to the plaintiff requesting copies of the motions he did not receive from the plaintiff. The plaintiff has sent counsel at least some of the copies.

The court's November 2003 Ruling included a warning to the plaintiff that he must serve copies of any motions, memoranda other documents filed with court and any discovery requests on counsel for the defendant pursuant to Rule 5, Fed. R. Civ. P. and Rule 5(b), D. Conn. L. Civ. R. The court also informed the

10

plaintiff that he need not file extra copies of his motions with the court.  Despite these warnings, the plaintiff has filed essentially duplicate motions for prejudgment remedy 2004 [docs. ## 74, 76], motions to disqualify [docs. ## 98, 99], motions to compel [docs. ## 90. 95], replies to defendant's memorandum in opposition to application for prejudgment remedy [docs. ## 92, 96] and replies to defendant's objections to his motion to add new parties [docs. ## 93, 94] with the court.

　The court has also discovered that the copy of the January 15, 2004 Motion for Application for Prejudgment Remedy that counsel for the defendant received on January 23, 2004, is not a copy of either of the motions for application filed by the plaintiff on January 21, 2004.  (See docs. ## 74, 76.)  The motion for application received by counsel is attached to the second motion for sanctions.  (See doc. # 79.)

　In addition, the plaintiff did not send a copy of the third application for prejudgment remedy dated February 11, 2004, and filed with the court on February 17, 2004, to counsel for the defendants.  (See doc. # 84.)  The handwriting on the copy sent to counsel for the defendant, which is attached to counsel's memorandum in opposition to the application for prejudgment remedy, is different than the handwriting on the original application filed with the court.  (See doc. # 88.)  Furthermore,

11

the copy of the application sent to counsel is not signed and is not identical to the application filed with the court.  In particular, page five of the copy of the application fails to include sections D) through I).  Thus, despite the plaintiff's claims that he has sent copies of the motions he has filed with the court to counsel for the defendant, the court file reveals this allegation is untrue, at least with respect to the plaintiff's applications for prejudgment remedy.

The court again notifies the plaintiff that pursuant to Rule 5, Fed. R. Civ. P. and Rule 5(b), D. Conn. L. Civ. P., he must serve a copy of every motion, memorandum or other paper that he files in this case as well as discovery requests that he need not file with the court, on counsel for the defendant.  He must also attach a certificate of service to the motion, memorandum or other paper indicating that he did mail a copy of the document to counsel for the defendant.  The plaintiff need only file the original signed motion, memoranda or other paper with the court.  The plaintiff need not file extra copies with the original.

**The court cautions the plaintiff that failure to serve identical copies of the motions and other documents that he files with the court on counsel for the defendants will result in sanctions.  Those sanctions may include dismissal of this case**.

The motions for sanctions are denied without prejudice to

12

renewal.

## Conclusion

The plaintiff's Motion for Reconsideration **[doc. # 72]** is **GRANTED**. After Careful reconsideration the Court's Ruling **[doc. # 51]** granting the defendant's motion to depose the plaintiff is **AFFIRMED**. **Defendants are directed to reschedule plaintiff's deposition. The deposition shall be scheduled on or before September 1, 2004. The plaintiff is cautioned that if he fails to attend and participate fully in the deposition, the case may be dismissed.**

The plaintiff's Motion to Compel, for Discovery and Sanctions [**doc. # 57**] is **DENIED,** the plaintiff's Motions to Compel [**docs. ## 90,95**] are **DENIED** as premature. The plaintiff's "Motion Request for Admission" [**doc. # 77**] is **DENIED**. The plaintiff's Motions to Add New Parties [**docs. ## 78, 89**] are **DENIED**. The plaintiff's Motions for Recusal [**docs. ## 98, 99**] are **DENIED**. The plaintiff's "Motion Against The Bridgeport Prisoners' Unit" [**doc. # 97**] is **DENIED** for lack of good cause shown. The defendant's Motions for Sanctions [**docs. ## 79, 86**] are **DENIED** without prejudice to renewal. **The court cautions the plaintiff that failure to serve identical copies of the motions**

13

**and other documents that he files with the court on counsel for the defendants will result in sanctions.  Those sanctions may include dismissal of this case.**

    SO ORDERED at Bridgeport, Connecticut, this 22nd day of July, 2004.

                                      /S/ William I. Garfinkel
                                  _____
                                       William I. Garfinkel
                                  United States Magistrate Judge