UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOEL DAVILA,  : | |
|     Plaintiff,  : | |
| : | PRISONER |
| v.  : | Case No. 3:02CV652(MRK)(WIG) |
| : | |
| SECURE PHARMACY PLUS,  : | |
|     Defendant.  : | |

RULING ON PENDING MOTIONS

Pending before the Court are three applications for prejudgment remedy filed by Plaintiff and two motions to dismiss filed by Defendant. The Court will address each in turn.

I.  Motions for Applications for Prejudgment Remedy [docs. ## 74, 76]

Plaintiff has filed two essentially identical motions seeking a prejudgment remedy in the amount of $1,250,000.00 against Defendant pursuant to Rule 64 of the Federal Rules of Civil Procedure and Connecticut General Statutes § 52-278a. Rule 64 permits a plaintiff in federal court to utilize available state prejudgment remedies to secure a judgment that might ultimately be rendered in an action and provides, in pertinent part:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . .

Fed. R. Civ. P. 64.

Connecticut General Statutes § 52-278a *et seq.* governs prejudgment remedies and

"provides that a plaintiff suing for a money judgment may attach a defendant's real or personal property during litigation, if the plaintiff follows the statutory procedures designed to protect the defendant." *Cordoba Shipping Co., Ltd. v. Maro Shipping, Ltd.*, 494 F. Supp. 183, 186 (D. Conn. 1980). Connecticut General Statutes § 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy. A prejudgment remedy may be obtained when the plaintiff establishes that there is probable cause to sustain the validity of his claims. *See* Conn. Gen. Stat. § 52-278d. "It is not necessary for [a plaintiff movant] to prove [its] case by a fair preponderance of the evidence at the probable cause stage.' Nor does the movant have to establish that it will prevail, but only that there is probable cause to sustain its claim." *Dean v. Priceline.com, Inc.*, No. 3:00cv1273(DJS), 2001 U.S. Dist. LEXIS 24988 (D. Conn., 2001) (quoting *DSP Software Engineering, Inc. v. NCT Group, Inc.*, CV 000370062S, 2000 Conn. Super. LEXIS 2171, *8 (Conn. Super. August 14, 2000)).

Connecticut General Statutes § 52-278b provides that "no prejudgment remedy shall be available to a person in any action at law or in equity (1) unless he has complied with the provisions of sections 52-278a to 52-278g inclusive . . . ." Connecticut General Statutes § 52-278c requires that an affidavit be submitted with the application for prejudgment remedy. *See* Conn. Gen. Stat. § 52-278c(a)(2); *Lauf v. James*, 33 Conn. App. 223, 227-29 (Conn. App. Ct. 1993) (holding that section 52-278c(a) requires that an affidavit be submitted with an application for prejudgment remedy in order for the trial court to grant a prejudgment remedy). The affidavit must be "sworn to by the plaintiff or any competent affiant setting forth a statement of facts

sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff." Conn. Gen. Stat. § 52-278c(a)(2).

Here, Plaintiff has not submitted an affidavit with either motion, let alone an affidavit that sets forth facts sufficient to demonstrate that there is probable cause that a judgment will enter in favor of Plaintiff in the amount of the remedy sought, as required § 52-278c(a)(2). Instead, Plaintiff simply states that there is probable cause that a judgment will be rendered in his favor. Plaintiff has thus failed to comply with Connecticut General Statutes § 52-278c(a)(2).

In addition, Connecticut General Statutes § 52-278c requires that a notice and claim form containing specific language be attached to the application for prejudgment remedy. *See* Conn. Gen. Stat. § 52-278c(e), (f), and (g). Plaintiff has failed to attach the appropriate notice and claim form to his applications for prejudgment remedy. Because Plaintiff's motions for applications for prejudgment remedy do not comply with subsections (a)(2), (e), (f), and (g) of Connecticut General Statutes § 52-278c, the motions are denied.

II.     Application for Prejudgment Remedy [doc. # 84]

Plaintiff seeks a prejudgment remedy in the amount of $1,250,000.00 against the Defendant. He attaches a declaration to his motion, which indicates that exhibits O, J, Z, W, M, N, a July 17, 2002 letter from the Inmates' Legal Assistance Program, medical files, and side effects demonstrate that he is entitled to relief. However, none of those exhibits is attached to the application for prejudgment remedy or the declaration.

In addition, it is evident from Defendant's memorandum in opposition to the application

for prejudgment remedy that Plaintiff did not send counsel a copy of the application that he filed with the Court. *See* doc. # 88. Furthermore, the copy of the application sent to counsel is not signed, is in different handwriting than the application filed with the Court, and is not identical to the application filed with the Court. In particular, page five of the copy of the application fails to include sections D) through I).

Because the application fails to include the referenced exhibits and the copy sent to counsel for Defendant is not a copy of the application filed with the Court and does not include the notice language required by Connecticut General Statutes § 52-278c(e), (f), and (g), Plaintiff's application for prejudgment remedy [# 84] is denied.

The Court informs Plaintiff that pursuant to Rule 5 of the Federal Rules of Civil Procedure and Rule 5(b) of the District of Connecticut Local Rules of Civil Procedure, he must serve a copy of every motion, memorandum, or other paper that he files in this case, as well as discovery requests that he need not file with the Court, on counsel for Defendant. He must also attach a certificate of service to the motion, memorandum, or other paper indicating that he did mail a copy of the document to counsel for Defendant. Plaintiff need only file the original signed motion, memoranda, or other paper with the court. Plaintiff need not file extra copies with the original.

**The Court cautions Plaintiff that failure to serve identical copies of the motions and other documents that he files with the Court on counsel for Defendant will result in sanctions. Those sanctions may include dismissal of this case.**

4

III.    <u>Motion to Dismiss or for Costs or Sanctions [doc. # 67]</u>

Counsel for Defendant seeks sanctions against Plaintiff, including dismissal of this case, for Plaintiff's failure to participate in his deposition on December 11, 2003. Defendant's counsel asserts that when he and the court reporter arrived to conduct the deposition, Plaintiff handed him an unsigned, uncertified, handwritten motion for reconsideration of the Court's ruling granting Defendant's motion to depose Plaintiff. Counsel contends that Plaintiff did not file his motion for reconsideration with the Court until after the date of the deposition and that the copy of the motion Plaintiff showed him at the deposition was different than the motion Plaintiff filed with the Court. Counsel did not receive a copy of the motion Plaintiff filed with the Court until December 16, 2003. Counsel also argues that Plaintiff failed to file a motion for protective order after the Court granted the motion to depose him.

Plaintiff contends that he filed his motion for reconsideration on November 24, 2003, and mailed a copy of the motion to counsel for Defendant. The Court's file reflects that a motion for reconsideration dated November 24, 2003 was originally received by the Court on December 17, 2003, but was returned to Plaintiff because it lacked an original signature. Plaintiff refiled the motion on January 14, 2004. *See* doc. # 72. The motion includes a certification that Plaintiff mailed a copy of the motion to counsel for Defendant on November 24, 2003. Although it is unclear when Plaintiff initially mailed his motion for reconsideration to the Court, it is evident that he drafted his motion for reconsideration prior to the date of the deposition. As a *pro se* litigant, Plaintiff may have been unaware that he could file a motion for protective order concerning the court-ordered deposition.

In addition, Plaintiff notes that Defendant's counsel's motion for leave to depose him stated that the deposition was tentatively scheduled for November 14, 2003. Plaintiff claims that he was unaware that he was to be deposed on December 11, 2003, because counsel did not notify him of the new date. Plaintiff argues that he believed that he did not have to submit to the deposition until the Court ruled on his motion for reconsideration.

Because Plaintiff proceeds *pro se* in this matter and was under the mistaken impression that he need not submit to the deposition because he disagreed with the Court's ruling and had attempted to file a motion for reconsideration of the ruling prior to the deposition, the Court denies the motion for sanctions without prejudice to renewal.

In another ruling filed in this case, the Court has considered Plaintiff's motion for reconsideration and after careful reconsideration has affirmed its ruling granting the motion to depose the plaintiff. *See* doc. # 101. The Court has directed counsel for Defendant to re-notice the deposition of Plaintiff. Plaintiff is directed to fully participate in the deposition on the date and time it is scheduled to be conducted.

The Second Circuit has held that "all litigants, including pro ses, have an obligation to comply with court orders." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Even if the order is later shown to be erroneous, the *pro se* litigants must obey the order pending appeal. "When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Id.*

**Plaintiff is cautioned that if he fails to attend and participate fully in the deposition, his case may be dismissed. Defendant may renew its motion to dismiss if Plaintiff fails to**

**attend and participate in the deposition.**

IV.     Motion to Dismiss Amended Complaint [doc. # 58]

Defendant moves to dismiss Plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. For the reasons set forth below, Defendant's motion is granted.

On June 23, 2003, the Court granted Defendant's motion to dismiss Plaintiff's Eighth Amendment claims brought pursuant to 42 U.S.C. § 1983. *See* doc. # 20. The Court concluded that the case would proceed on Plaintiff's state law claims pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1331(a)(1).

On June 25, 2003, Plaintiff filed an amended complaint in opposition to Defendant's motion to dismiss. The amended complaint [doc. # 21] is dated June 1, 2003, but was not received by the Court until June 25, 2003, after the Court's ruling on the motion to dismiss.

The amended complaint names Secure Pharmacy Plus as the only defendant. The amended complaint includes legal arguments and citations to case law, but very few facts and no exhibits. Plaintiff filed the amended complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Defendant moves to dismiss the § 1983 claims for the reasons set forth in the Court's ruling granting the motion to dismiss the same claims in the complaint. Defendant also moves to dismiss the §§ 1985 and 1986 claims for failure to state a claim upon which relief may be granted.

The facts in the amended complaint are as follows:

On December 13, 2001, Plaintiff went to see the prison psychiatrist concerning his prescription for Paxil. Plaintiff claimed that the Paxil capsule that the pharmacy had originally

provided him with had been pink, but that he was now getting a green capsule. Plaintiff complained that he was experiencing dizziness, nausea, diarrhea, muscle tightness, trembling in his hands and body, and vomiting.

On December 26, 2001, a nurse examined Plaintiff, who had complained that he was not feeling well. The nurse informed Plaintiff that the medical department had received a memorandum from Defendant indicating that it had mistakenly sent the prison a drug called Risperdal in the blister packs labeled Paxil. Plaintiff stated that he no longer wanted to take Paxil and requested an appointment to see the psychiatrist to change his medication.

On January 24, 2002, Plaintiff informed the psychiatrist that he no longer wanted to take Paxil. That day, the psychiatrist changed Plaintiff's medication to Remeron. Plaintiff seeks one million dollars in compensatory damages, one million dollars in punitive damages, and declaratory relief from Secure Pharmacy.

In the prior ruling granting Defendant's motion to dismiss the Eighth Amendment claims, the Court concluded that Plaintiff had failed to allege facts to state a claim that Defendant had been deliberately indifferent to his serious medical needs. Plaintiff has set forth no new facts demonstrating that Secure Pharmacy acted with a "culpable state of mind" when it incorrectly labeled the medication given to Plaintiff by prison medical staff. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Accordingly, the motion to dismiss Plaintiff's § 1983 claim under the Eighth Amendment as set forth in the amended complaint is granted.

In addition to the § 1983 claims, Plaintiff states that he files his amended complaint pursuant to 42 U.S.C. §§ 1985(3) and 1986. Plaintiff alleges that Defendant "conspire[d] as a

8

hired agency as an independent contractor by a third party to provide prescription services to prisoner . . ." Amend. Compl. at 6. Plaintiff's allegations fail to comport with the requirements of 42 U.S.C. § 1985(3).

Section 1985 prohibits conspiracies to interfere with civil rights. Generally, § 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. "To state a cause of action under § 1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) "Furthermore, the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotes omitted). Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Here, Plaintiff alleges no facts in the amended complaint from which racial motivation for the alleged conspiracy to provide him with improper prescription services may be found or inferred. Because Plaintiff fails to provide a factual basis for a conspiracy claim, Defendant's motion to dismiss Plaintiff's section 1985 claims is granted.

Under 42 U.S.C. § 1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. § 1985, but fails to prevent them. Without a violation of § 1985, however, there can be no violation of § 1986. *See Mian v. Donaldson, Lufkin & Jenrette*

9

*Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (holding that "a § 1986 claim must be predicated on a valid § 1985 claim"). As stated above, Plaintiff has failed to allege a factual basis for a § 1985 claim. Because a claim under 42 U.S.C. § 1986 is contingent on a valid claim under 42 U.S.C. § 1985, Plaintiff's claims under 42 U.S.C. § 1986 must also be dismissed.

Conclusion

Plaintiff's Applications for Prejudgment Remedy [docs. ## 74, 76] are DENIED for failure to comply with subsections (a)(2), (e), (f), and (g) of Connecticut General Statutes § 52-278c. The Application for Prejudgment Remedy [doc. # 84] is DENIED for failure to include the referenced exhibits and because the copy sent to counsel for Defendant is not a copy of the application filed with the Court and does not include the notice language required by Conn. Gen. Stat. Conn. Gen. Stat. § 52-278c(e), (f), and (g).

**The Court cautions Plaintiff that failure to serve identical copies of the motions and other documents that he files with the Court on counsel for Defendant will result in sanctions. Those sanctions may include dismissal of this case.**

The Motion to Dismiss or for Costs or Sanctions **[doc. # 67]** is **DENIED** without prejudice to renewal. **Plaintiff is cautioned that if he fails to attend and participate fully in the deposition, his case may be dismissed.**

The Motion to Dismiss Amended Complaint **[doc. # 58]** is **GRANTED**. Plaintiff's claims under §§ 1983, 1985, and 1986 claims are dismissed. The Court retains diversity jurisdiction over all possible state law claims. Liberally construing the allegations in the amended complaint, Plaintiff may state a claim for negligence, malpractice, and/or products liability.

**Defendant is directed to file an answer to the amended complaint within twenty days of the date of this order. All motions for summary judgment shall be filed on or before October 15, 2004.**

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: August 4, 2004