UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

V.

SECURE PHARMACY PLUS, AND ITS AGENTS.    CIV NO: 3:02CV652(MRK)(WIG)

2004 AUG 13 P 3:35

"JURY DEMAND"

TRIAL JUDGE:
  HONORABLE, STEFAN R. UNDERHILL
  HONORABLE, WILLIAM I GARFINKEL          DATE: August 10, 2004
    (UNITED STATES MAGISTRATE JUDGE)

## PLAINTIFF'S MOTION FOR PARTIAL SUMARY JUDGMENT:

Pursuant to Rule 56, Fed. R. Civ. P., Plaintiff, NOEL DAVILA request this Honorable Court to grant him Sumary Judgment as to the liability of Defendant's SECURE PHARMACY PLUS, AMERICAN SERVICE GROUP INC. for Damages for their wrong-doing of prescribed medication wich plaintiff was allergic to, as a VIOLATION of the "EIGTH AMENDMENT TO THE "UNITED STATES CONSTITUTION." "CRUEL AND UNUSUAL PUNISHMENT."

Defendants cause Plaintiff to suffer a number of side-effects that could "cost him his life" "Humiliation, disgrace" by their actions subjected to "great of indignities" "physical and mental anguish" "fright, shock, embarrassment, mortification, psychological injury and other stomach related constanly pain disorder including hand and body trembling.

Sumary Judgment is to be granted if the record before the Court shows "that there is no genuine issue as to

-1-

any material fact and that the moving party is entitled to a judgment as a matter of law."

I. <u>STATEMENT OF CASE</u>: THE COURTS HAS JURISDICTION, 28 U.S.C. SEC. 1331, 1332(a)(1), 1343. 28 U.SC. SEC 1367(a), 2201 AND 2202 DECLARATORY INJUCTIVE RELIEF, 1985(3), 1986, 1988; OF TITLE 42.U.S.C. FOR DAMAGES AWARDS:

1) THIS IS A CIVIL RIGHTS ACTION BROUGHT UNDER 42.U.S.C SEC. 1983 BY A STATE PRISONER WHOSE CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED BY "AMERICAN SERVICE GROUP INC." "SECURE PHARMACY" PLUS "CONSPIRE" AND ITS AGENTS FOR WRONG-DOING ON PRESCRIBED THE WRONG MEDICATION TO PLAINTIFF'S, CONSTITUTED THE VIOLATION OF THE EIGHT AMENDMENT "CRUEL AND UNUSUAL PUNISHMENT," "DELIBERATE INDIFFERENCE" PHARMACIST PROFESSIONAL MALPRACTICES, NEGLIGENCE, CIVIL RIGHTS VIOLATION, "UNDER COLOR OF STATE LAW," PHARMACIST IS THE "HIGHEST PRACTICABLE DEGREE OF PRUDENCE, THOUGHTFULNESS AND VIGILANCE, DEFENDENT'S FAIL TO EXCERCISE THEIR ACTS, POLICIES, PRACTICES AND PROCEEDURES.

2) HE FILE THIS CIVIL ACTION PRO-SE AND IN FORMA PAUPERIS, PURSUANT TO 28 U.SC. §1915. PLAINTIFF'S ALLEGES THAT THE DEFENDANT'S HAVE VIOLATED THE "EIGHT AMENDMENT OF THE UNITED STATES CONSTITUTION," BY DEFENDENT AMERICAN SERVICE GROUP INC, SECURE PHARMACY PLUS AND IT'S AGENTS ON SENDING THE WRONG MEDICATION AND "CONSUMED" BY PLAINTIFF.

I. <u>STANDARD OF REVIEW</u>

1) WHEN CONSIDERING A RULE 12(B) MOTION TO DISMISS, THE COURT ACCEPTS AS TRUE ALL THE FACTUAL ALLEGATIONS IN THE COMPLAINT AND DRAWS INFERENCES FROM THESE ALLEGATIONS IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF,

See. Shever v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y. 143 F.3d 31, 37 (2d cir 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with allegations, it is clear that no relief can be granted. See. Tarshis v. Riese Org, 211 F.3d 30, 35 (2d cir 2000);

(2) Cooper v. Parsky, 140 F.3d 433, 440 (2d cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to "support his or her claims."

(3) Branham v. Meachum 77, F.3d 626 (2d cir 1996) (quoting Grant v. Wallingford Bd. of Educ. 69 F.3d 669, 673 (2d cir 1995) (internal quotations omitted) In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleading, documents attached as exhibits or incorporated by reference in the pleading and matters of which judicial notice may be taken.

(4) Samuels v. Air Transport Local 504, 992 F 2d 12, 15 (2d cir 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to Pro se litigants"
Gomes v. Avco Corp, 964 F2d 1330, 1335 (2d cir 1992).

## III  UNDISPUTED FACTS

1) Counsel Thomas H. Winslow, LLC, 321 Main Street. Farmington CT. 06032-2976 (860) 678-4425), for the defendants and Pro-se Plaintiff "certify" that they have made a good faith to determine whether are any material facts that are not in dispute!

2) The parties state that the following material facts are undisputed:

(a) Plaintiff is a prisoner and consumed medications while a

Case 3:02-cv-00652-MRK   Document 106   Filed 08/13/2004   Page 4 of 15

-3-

PRISONER.

(b) SECURE PHARMACY PLUS (DEFENDANT) IS NOT AN EMPLOYEE OF THE PRISON SYSTEM AND "WAS HIRED" AS AN INDEPENDENT CONTRACTOR by A THIRD-PARTY TO "PROVIDE PRESCRIPTION SERVICES TO PRISONERS." (SEE ATTACH FORM 26(F)).

## IV   BRIEF DESCRIPTION OF CASE:

1) PLAINTIFF IS A PRISONER IN GARNER CORR. INST. AND DEFENDANT IS SECURE PHARMACY, AMERICAN SERVICE GROUP INC. AND AGENTS.

(a) PLAINTIFF ALLEGES "CRUEL AN UNUSUAL PUNISHMENT" "WANTON INFLICTION UNNECESSARY INFLICTION OF PAIN", DELIBERATE INDIFFERENCE IN "VIOLATION OF THE EIGHTH AMENDMENT" "NEGLIGENCE" "PHARMACIST PROFESSIONAL MALPRACTICE" CIVIL RIGHTS VIOLATION "UNDER COLOR OF STATE LAW," AND DECLARATORY INJUCTIVE RELIEF THAT ALL STEM FROM DISTRIBUTION OF AN INCORRECT MEDICATION.

## V   [A.] FACTS FROM JUDGE (HONORABLE, STEFAN R. UNDERHILL)

1) THE COURT ACCEPTS AS TRUE THE FOLLOWING FACTS, TAKEN FROM THE COMPLAINT.

(a) ON DEC 13, 2001 THE PLAINTIFF WENT TO SEE THE PRISON PSYCHIATRIST CONCERNING HIS PRESCRIPTION FOR PAXIL. THE PLAINTIFF CLAIMED THAT THE PAXIL 20mg CAPSULE THAT THE PHARMACY HAD ORIGINALLY PROVIDED HIM WITH HAD BEEN PINK, BUT THAT HE WAS NOW GETTING A GREEN CAPSULE.

(b) THE PLAINTIFF COMPLAINED THAT HE WAS EXPERIENCING DIZZINESS, NAUSEA, DIARRHEA, POUNDING HEADACHE, STOMACH PAIN AND VOMITING AND TREMBLING. ON DECEMBER 26, 2001, THE PLAINTIFF WAS EXAMINED BY A NURSE AT THE FACILITY. THE PLAINTIFF COMPLAINED THAT HE WAS NOT FEELING WELL.

(C) THE NURSE INFORMED THE PLAINTIFF THAT THE PHARMACY HAD

mistakenly issued him "Risperdal 4mg", "Psychofrenic" medication instead of "Paxil" (pink) 20mg in dosage. For "Depression".

(d) The Plaintiff stated that he no longer wanted to take the green capsule form of Paxil due to the number of side effects, and requested an appointment to see the psychiatrist so that he could change his medication.

(e) On January 24, 2002, the plaintiff informed the psychiatrist and, that he no longer wanted to take Paxil due to fear. That day, the psychiatrist changed the plaintiff's medication to Remeron (see attach exhibit Jan, 10 2002 side effects and 1-24-02).

(F) The plaintiff seek "one million, two hundred and fifty thousand dollars" in Actual, "Compensatory Damages"

(G) The plaintiff seek "one million, two hundred and fifty thousand dollars" in "Punitive Damages" and declaratory relief from the Defendant's.

2) A stipulation of facts is an "Agreement" among the parties that a certain fact is "True". You must regard such "agreed facts as true."

(1) I am arguing that on the "Undisputed Facts" alone Plaintiff's should win.

(2) "American Service Group Inc" have sing a "Contract" with the Dept of Correction, and "Secure Pharmacy Plus" "Conspire" on their wrong-doing to provide prescription services to prisoners, the personal role of each defendant's in the "Violation of Law" (see attach form 26(F) parties planning meeting).

B] Knowledge of the Law Presumed; Specific Intent Not Require.

(1) Everyone is require to know what the law is and to act according to the law.

(2) If someone engages in an activity which violates the law, that person is responsible for his actions whether he intended to violate the law or not.

3) In order to find of the Plaintiff in this summary judgment brief or case, it is not necessary to find that the defendent's had or the specific intent to violate the plaintiff's constitutional rights if the defendants engaged in

ACTIVITIES WICH VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, THE PLAINTIFF CAN RECOVER MONEY DAMAGES FROM THE DEFENDANT SECURE PHARMACY PLUS FOR THEIR WRONG-DOING, IN (PRESCRIBED THE WRONG-MEDICATION WHEN PLAINTIFF WAS ALLERGIC TO, INWHETHER THE DEFENDANT INTENDED TO VIOLATED PLAINTIFF'S RIGHTS OR NOT.

4) IN OTHER WORDS, THE PLAINTIFF CAN RECOVER MONEY DAMAGES IF THE DEFENDANT INTENDED OR NOT THE ACTIONS WICH RESULTED IN A VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

[C.] SPECIFIC INTENT NOT REQUIRE

1) IN ORDER TO FIND IN FAVOR OF THE PLAINTIFF IN THIS CASE, IT IS NOT NECESSARY TO FIND THAT THE DEFENDANT HAD A OR THE SPECIFIC INTENT TO VIOLATE THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

2) IF THE DEFENDANT SPECIFICALLY INTENTED TO ENGAGE IN ACTIVITIES WICH VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, PLAINTIFF CAN RECOVER MONEY DAMAGES FROM THE DEFENDANT WHETHER THE DEFENDANT INTENDED TO VIOLATE PLAINTIFF RIGHTS OR NOT.

3) IN OTHER WORDS, THE PLAINTIFF'S CAN RECOVER MONEY DAMAGES IF THE DEFENDANT INTENDED THE ACTIONS WICH RESULTED IN A VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

[D.] PRISON CONDITIONS, GENERALLY

1) CONVICTED PRISONERS DO NOT FORFEIT ALL CONSTITUTIONAL PROTECTIONS BY REASON OF THEIR CONVICTION AND CONFINEMENT IN A PRISON. BUT SIMPLY BECAUSE PRISON INMATES RETAIN

CERTAIN CONSTITUTIONAL RIGHTS DOES NOT MEAN THAT THESE RIGHTS ARE NOT SUBJECT TO RESTRICTIONS AND LIMITATIONS.

2) THE FACT ON CONFINEMENT AS WELL AS THE LEGITIMATE GOALS AND POLICIES OF THE PENAL INSTITUTION LIMITS THESE RETAINED CONSTITUTIONAL RIGHTS. THERE MUST BE MUTUAL ACCOMMODATION BETWEEN INSTITUTIONAL NEEDS AND OBJECTIVES AND THE PROVISIONS OF THE CONSTITUTION THAT ARE OF GENERAL APPLICATION.

3) MAINTAINING INSTITUTIONAL SECURITY AND PRESERVING INTERNAL ORDER AND DISCIPLINE ARE ESSENTIAL GOALS THAT MAY REQUIRE LIMITATIONS ON OR RETRACTION OF THE RETAINED CONSTITUTIONAL RIGHTS OF CONVICTED PERSON OR PRISONERS.

4) PRISON OFFICIALS MUST BE FREE TO TAKE APPROPRIATE ACTION TO ENSURE THE SAFETY OF INMATES AND CORRECTIONS PERSONNEL AND TO PREVENT ESCAPE OR UNAUTHORIZED ENTRY. THUS WHEN AN INSTITUTIONAL RESTRICTION INFRINGES A SPECIFIC CONSTITUTIONAL GUARANTEE, THE PRACTICE MUST BE EVALUATED IN THE LIGHT OF THE CENTRAL OBJECTIVE OF PRISON ADMINISTRATION;

5) SAFEGUARDING INSTITUTIONAL SECURITY, HOWEVER, PRISONER HAVE A RIGHT TO BE FREE FROM "<u>CRUEL AND UNUSUAL PUNISHMENT</u>"

## [E.] STATUTE - 42 U.S.C. SEC §1983

1) SECTION 1983 OF TITLE 42 OF THE UNITED STATES CODE UNDER WICH THIS ACTION IS BROUGHT PROVIDES THAT ANY INHABITANT OF THIS JUDICIAL DISTRICT MAY SEEK REDRESS IN THIS

COURT, BY WAY OF DAMAGES, AGAINST ANY PERSON OR PERSONS WHO ACTED UNDER COLOR OF LAW, STATUTE, ORDINANCE, REGULATION, OR CUSTOM SUBJECTS SUCH INHABITANT TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES OR IMMUNITIES, SECURED OR PROTECTED BY THE CONSTITUTION OF LAWS OF THE UNITED STATES.

(2) SUPREME COURTS HELD THAT YOU CAN SUE A MEDICAL CARE CORPORATION UNDER §1983 FOR INJURIES THAT RESULTED FROM POLICIES OF THE CORPORATION. <u>HOWELL V. EVANS</u> 922 F 2d 712, 723-25 (11th cir) <u>VACATED AS SETTLED</u>, 931 F 2d 711 (11 cir 1991).

(3) <u>PAYNE V. MONROE COUNTY</u> 779 F.Supp. 1330, 1335 (S.D. Fla 1991). <u>WACKENHUT CORPORATION</u> "ACTED UNDER COLOR OF STATE LAW" INSOFAR AS IT "WAS AUTHORIZED TO EXERCISE <u>SUPERVISION</u> AND <u>CONTROL</u>" OVER A JAIL.

4) THE FOREGOING STATUTE COMPRISES ONE OF THE CIVIL RIGHTS ACTS ENACTED BY THE CONGRESS UNDER THE FOURTEEN AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WICH PROVIDES:

"<u>NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAW.</u>"

## VI <u>CONSTITUTIONAL RIGHTS</u>: EIGHTH

## [A.] AMENDMENT CONSTITUTIONAL CLAIMS:

1) THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION GUARANTEES THAT NO PRISONER SHALL BE SUBJECTED TO "CRUEL AND UNUSUAL PUNISHMENT" NOT ONLY THE CONSTITUTION PROHIBITION AGAINST "CRUEL AND UNUSUAL PUNISHMENT" PROHIBITS CERTAIN KINDS OF PHYSICAL PUNISHMENT, SUCH AS AS TORTURE, BUT EMBODIES BROAD AND IDEALISTIC CONCEPTS OF "DIGNITY, CIVILIZED STANDARDS," "HUMANITY AND DECENCY."

2) THE EIGHTH AMENDMENT REQUIRES CONDUCT COMPATIBLE WITH THE EVOLVING STANDARDS THAT MARK THE PROGRESS OF A "MATURING SOCIETY."

3) THUS, THE EIGHTH AMENDMENT REQUIRES THAT PRISON OFFICIALS, UNDER THE CIRCUMSTANCES AS I SHALL DEFINE THEM FOR YOU, MUST NOT BE "DELIBERATELY INDIFFERENT" TO A PRISONER'S NEED FOR PROTECTION AGAINST "UNNECESSARY INFLICTION OF": "MENTAL ANGUISH," "FRIGHT AND SHOCK", "EMBARRASMENT," "HUMILIATION OR" "MORTIFICATION," AND "PHYSICAL PAIN," "PSYCHOLOGICAL INJURY".

4) A PRISONER WHO IS DEPRIVED OF SUCH PROTECTION FROM DEFENDANTS SECURE PHARMACY PLUS FOR SENDING THE WRONG PRESCRIBED MEDICATION AND CONSUMED BY PLAINTIFF FOR OVER A MONTH PERIOD CONSTITUTED AN "WANTON INFLICTION OF UNNECESSARY INFLICTION OF PAIN," DELIBERATE INDIFFERENCE, "NEGLIGENCE AND PHARMACY MALPRACTICE," HAVE OR HAS SUFFERED A VIOLATION OF HIS CONSTITUTIONAL RIGHTS AS "GUARANTEED BY THE "EIGHT AMENDMENT."

5) TO BE CRUEL AND UNUSUAL PUNISHMENT, CONDUCT WICH DOES NOT PURPORT TO BE PUNISHMENT AT ALL MUST INVOLVE MORE THAN ORDINARY LACK OF "DUE CARE FOR PRISONER'S INTEREST OR SAFETY."

6) IT IS OBDURACY OR WANTONNESS, NOT INADVERTENCE OR ERROR IN GOOD FAITH, THAT CHARACTERIZES THE CONDUCT PROHIBITED BY THE "CRUEL AND UNUSUAL PUNISHMENT" CLAUSE.

7) PLAINTIFF'S CLAIMS THAT DEFENDANT'S "ACTIONS OR FAILURE" TO ACT WITH PHARMACY'S "POLICIES, RULES, PROCEEDURES" AMOUNTED TO A DEPRIVATION OF PLAINTIFF'S RIGHTS TO A REASONABLE PROTECTION FROM, CRUEL AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE, NEGLIGENCE AND PHARMACIST MALPRACTICE, AS PROVIDED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

[B.] ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM – EIGHTH AMENDMENT

1) IN ORDER TO PROVE HIS CLAIMS CONCERNING VIOLATION OF EIGHTH AMENDMENT, THE BURDEN IS UPON THE PLAINTIFF TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE EACH THE FOLLOWING ELEMENTS:

(a) THAT THE DEFENDANT ACTED UNDER THE COLOR OF LAW;

(b) THAT THE DEFENDANT'S ACT OR OMISSION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT, DELIBERATE INDIFFERENCE, NEGLIGENCE, PHARMACIST MALPRACTICE TO PLAINTIFF'S PHYSICAL WELL-BEING;

(c) THAT THE CONDUCT OF THE DEFENDANTS WAS THE PROXIMATE CAUSE OF DAMAGES SUSTAINED BY THE PLAINTIFF.

[C.] "UNDER COLOR OF STATE LAW" – DEFINED

1) ACTING UNDER COLOR OF STATE LAW MEANS ACTING IN ONE'S CAPACITY AS A STATE OFFICIAL, CARE PROVIDER

UNDER "CONTRACT". IT IS A STIPULATED FACT IN THIS CASE THAT THE DEFENDANT(S) WAS "ACTING UNDER State COLOR OF LAW" AT THE TIME OF THE INCIDENTS ALLEGED IN THIS COMPLAINT OR APPELLATE BRIEF, OR Summary Judgment.

[D.] VIOLATION OF EIGHTH AMENDMENT: DEFINITION / BURDEN OF PROOF.

1) IN THIS CASE, IN ORDER TO FIND DEFENDANT(S) LIABLE FOR THE VIOLATIONS OF PLAINTIFF'S DAVILA CONSTITUTIONAL RIGHT TO BE PROTECTED FROM THE DEFENDANT SECURE PHARMACY PLUS PRESCRIBING WRONG MEDICATION WHICH PLAINTIFF WAS ALLERIC TO, YOU MUST FIND THAT THE DEFENDANT ACTED OR FAILED TO ACT WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S PHYSICAL AND MENTAL SAFETY.

2) IN ORDER TO BE DELIBERATE INDIFFERENCE, A DEFENDANT'S CONDUCT MUST AMOUNT TO MORE THAN INADVERTENCE, LACK OF "DUE CARE", "NEGLIGENCE" OR "ERROR".

3) INSTEAD IT MUST REFLECT "RECKLESS BEHAVIOR", CALLOUS, NEGLECT OR THOUGHTLESS DISREGARD EQUIVALENT TO A FLAGRANT OR REMARKABLY BAD FAILURE TO PROTECT.

4) IT IS OBDURACY AND WANTONNESS, NOT INADVERTENCE OR ERROR IN GOOD FAITH THAT CHARACTERIZED THE PROHIBITED CONDUCT.

5) IN ESTABLISHING "DELIBERATE INDIFFERENCE", PLAINTIFF HAS THE BURDEN OF PROVING THE FOLLOWING:
   (a) THAT THERE EXISTED A "GREAT DEGREE OF RISK" OF PHYSICAL "HARM" TO PLAINTIFF ON NOVEMBER/DECEMBER

2001, THROUGH OUT 2002.

(b) THAT THE DEFENDANT FAIL TO INSPECT ON LABELING AND SENDING WRONG MEDICATION TO PLAINTIFF, POLICIES, PRACTICES AND PROCEDURES WERE NOT EXERCISE

(c) THAT THE DEFENDANT'S ACTION OR OMISSION WAS MORE THAN INADVERTENCE, "LACK OF DUE CARE", "NEGLIGENCE OR ERROR."

[E] "PROXIMATE CAUSE" - DEFINE:

1) AN INJURY OR DAMAGE IS PROXIMATELY CAUSE BY AN ACT WHENEVER IT APPEARS FROM THE EVIDENCE IN THE CASE THAT THE ACT OR OMISSION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR DAMAGE, AND THAT THE INJURY OR DAMAGE WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE ACT OR OMISSION (SEE ATTACH FILES ON RECORD).

[F] MORE THAN ONE PROXIMATE CAUSE:

1) THERE MAY BE MORE THAN ONE PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES:

   (a) TO BE A PROXIMATE CAUSE, THE ACTS OF THE DEFENDANT'S NEED NOT BE THE ONLY CAUSE NOR THE LAST CAUSE.

   (b) A CAUSE MAY BE PROXIMATE ALTHOUGH IT AND ANOTHER CAUSED ACTED AT THE SAME TIME OR IN COMBINATION TO PRODUCE THE OCCURRENCE.

[G] INTERVENING NEGLIGENCE OR CONDUCT:

1) IF YOU DECIDED THAT DEFENDANT HAS VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS AND THAT SUCH VIO-

lation was a proximate cause of the injury of plaintiff, it is not a defense that the conduct of the defendant Secure Pharmacy Plus did not cause this "SERIOUS" "OCCURRENCE" of prescribing the wrong medication and sent the wrong prescribed medication, wich the plaintiff was allergic to, "CAUSE PLAINTIFF TO SUFFER"

## VII  ALL PERSONS EQUAL BEFORE THE LAW:

[A.] 1) This case should be considered and decided by your Honorable Court of District Court of Connecticut as an action between "PERSONS OF EQUAL STANDING IN THE COMMUNITY", of equal worth and "HOLDING THE SAME OR SIMILAR STATION IN LIFE."

2) A person convicted by the state is entitled to the same fair trial at your hands as any individual.

3) The law is no more respectful of one person than another, and all persons, including prisoners, stand "EQUAL BEFORE THE LAW" AND "ARE TO BE DEALT WITH AS "EQUALS IN COURT OF JUSTICE."

4) People by a state government, including prison officials "ACTING UNDER CONTRACT", do not stand in any higher station in the community than other persons.

5) The testimony of prison officials is not entitled to any greater weight merely because they are prison officials.

6) A prison official who takes the witness stand

-13-

SUBJECTS HIS TESTIMONY TO THE SAME EXAMINATION AND TO THE SAME TESTS THAT ANY OTHER WITNESS DOES.

## [B] "DELIBERATE INDIFFERENCE"

1) [A] DETERMINATION OF DELIBERATE INDIFFERENCE DOES NOT REQUIRE PROOF OF INTENT TO HARM OR A DETAILED INQUIRY INTO [THE DEFENDANT'S] STATE OF MIND...... [THE] FACTS ESTABLISH THAT THE, HE WAS DELIBERATELY INDIFFERENCE TO. WEEKS V. CHABOUDY, 984 F 2d 185, 187 (6th cir 1993).

2) HILL V. MARSHALL, 962 F 2d 1209, 1214 (6th cir. 1992) THE DEFENDANT'S "FAILURE TO DO HIS JOB.... WAS SO LIKELY TO RESULT IN THE VIOLATION OF THE INMATES CONSTITUTIONAL RIGHTS THAT WE FIND HE WAS "DELIBERATE INDIFFERENCE."

3) BOYCE V. ALIZADUH, 595. F 2d 948, 952-53 (4th cir 1979). GIVING MEDICATION TO WHICH HE WAS ALLERGIC COULD BE "DELIBERATE INDIFFERENCE" DE GIDIO V. PUNG, 920 F 2d 525, 533 (8th cir 1990) ("CONSISTENT PATTERN OF "RECKLESS" OR "NEGLIGENCE" CONDUCT" ESTABLISHES DELIBERATE INDIFFERENCE).

4) SPICER V. WILLIAMSON, 191 NC. 487, 490, 132 SE 291-293 (1926). COURTS HAVE DEFINED "ADEQUATE" "MEDICAL SERVICES" AS " SERVICES AT A LEVEL REASONABLE COMMENSURATE WITH MODERN MEDICAL SCIENCE AND OF A QUALITY ACCEPTABLE WITHIN PRUDENT "PROFESSIONAL STANDARDS" AND AS A " LEVEL OF HEALTH SERVICES RESONABLE DESIGNED TO MEET ROUTINE AND EMERGENCY MEDICAL, DENTAL AND PSYCHOLOGICAL OR PSYCHIATRIC CARE.

5) LANGLEY V. COUGHLIN, 888 F 2d 252, 254 (2d cir 1989). THE FACT THAT THE CARE MAY BE EXPENSIVE DOES NOT EXCUSE PRISON



OFFICIALS FROM PROVIDING IT, "OFFICIALS MUST PROVIDE "REASONABLE NECESSARY MEDICAL CARE.... WICH WOULD BE AVAILABLE TO [THE PRISONER] IF NOT INCARCERATED

**[C] 42 U.S.C. § 1985, 1986 OF TITLE (42): 1988; CIVIL RIGHTS CONSPIRACY CLAIMS:**

1) ON PLAINTIFFS REPLY MOTION AND MEMORANDUM DENEING THE DEFENDANTS MOTION TO DISMISS, PLAINTIFF AMENDED COMPLAINT PURSUANT TO RULE 15(a) FED R. CIV P. AS CLAIMS AGAINST "SECURE PHARMACY PLUS" FOR "CONSPIRACY" IS RESPONSIBLE FOR WRONG-PRESCRIBE MEDICATION, ALSO RESPONSIBLE "AMERICAN SERVICE GROUP INC." AND ITS AGENTS. SECURE PHARMACY PLUS DEFENDANT IS OWNED BY PARENT CORPORATION, AMERICAN SERVICE GROUP INC. AND "AMERICAN SERVICE GROUP INC." IS A "PUBLICLY TRADED STOCK COMPANY".

2) ANOTHER CLAUSE IN § 1985 (2)(3) PROVIDES FOR ACTIONS AGAINST PERSONS WHO CONSPIRE TO OBSTRUCT "THE DUE COURSE OF JUSTICE IN COURTS WITH INTENT TO DENY ANY "CITIZEN THE EQUAL PROTECTION OF THE LAWS" OR "TO HARM A CITIZEN FOR ENFORCING OR ATTEMPTING TO ENFORE THE RIGHT TO "EQUAL PROTECTION":

3) THERE IS ONE CATEGORY OF CIVIL RIGHTS LITIGATION WHERE SIMPLE NEGLIGENCE IS SUFFICIENT TO IMPOSE LIABILITY. SECTION 1985 OF TITLE 42 IMPOSES LIABILITY UPON ALL WHO CONSPIRE TO DENY EQUAL PROTECTION OF THE LAWS, NARROWLY CONSTRUED TO PROTECT ONLY CERTAIN HISTORICALLY VICTIMIZED GROUPS. UNDER 42 U.S.C. 1986, CIVIL LIABILITY MAY BE IMPOSED UPON ANYONE WHO HAS ACTUAL KNOWLEDGE OF A SECTION 1985 CONSPIRACY, HAS THE POWER TO PREVENT OR AID IN PREVENTING THE VIOLATION, AND NEGLIGENTLY FAILS TO PREVENT IT WITH INJURY RESULTING. CLARK V. CLABAUGH. 20 F.3d 1290, 1295 (3d Cir. 1944.)