4) IN ADDITION § 1985(3) "PROVIDES FOR DAMAGES ACTION AGAINST PERSONS "CONSPIRE"... FOR THE PURPOSE OF DEPRIVING... ANY PERSON OR CLASS PERSONS OF THE "EQUAL PROTECTION OF THE LAWS", OR OF EQUAL "PRIVILEGES AND IMMUNITIES UNDER THE LAWS."

5) CONSPIRACY CLAIMS CAN BE BROUGHT UNDER § 1983 (PRIVATE OR INDEPENDENT PERSONS WITH STATE OR LOCAL GOVERNMENT EMPLOYEES OR OFFICIALS ARE CONSIDERED TO "ACT" UNDER COLOR OF LAW" AND MAY BE SUED UNDER § 1983. MOST OF THE CONSPIRACIES COVERED BY THESE STATUTES CAN PROBABLY BE LITIGATED UNDER § 1983 AS ACCESS TO COURTS OR EQUAL PROTECTION CLAIMS.

6) PLAINTIFF, NOEL DAVILA ALLEGES THAT DEFENDANT'S SECURE PHARMACY PLUS HAS CONSPIRE AND RESPONSIBLE FOR INJURIES CAUSED BY DEFENDANTS. AMERICAN SERVICE GROUP INC. ITS ALSO RESPONSIBLE FOR THE ACTS.

# VIII STATEMENT OF FACTS

[A] 1) AS DISCUSSED BELOW THE COMPLAINT SHOULD NOT BE DISMISS BECAUSE:

(a) THE PLAINTIFF'S EIGHTH AMENDMENT ALLEGATIONS CLEARLY ESTABLISH A VIOLATION OF HIS CONSTITUTIONAL RIGHTS AGAINST SECURE PHARMACY PLUS FOR THE WRONG-DOING IN SENDING UNPRESCRIBED MEDICATION WICH SUBJECTED PLAINTIFF TO "CRUEL AND UNUSUAL PUNISHMENT" WANTON INFLICTION "UNNECESSARY PAIN, DISCOMFORT, PHYSICAL PAIN, MENTAL ANGUISH, FRIGHT AND SHOCK, EMBARRASSMENT, HUMILIATION OR MORTIFICATION AND PSYCHOLOGICAL INJURY." (SEE ATTACH FILE DATED JAN 10, 2002 DR. NOTES)

DELIBERATE INDIFFERENCE, "NEGLIGENCE" AND PHARMACIST "POLICES" AND "PROCEEDURES" WERE NOT EXCERCISE. AND PHARMACIST MALPRACTICE.

(B) THE PLAINTIFF'S. IN SUIT ITSELF, THE 42.U.S.C 1983, FOR HE DID STATE A CLAIM WICH RELIEF CAN BE GRANTED. AGAINST DEFENDANT AN ITS AGENTS.

(C) THE PLAINTIFF CLAIM FOR DECLARATORY RELIEF

## [B.] FACTS

1- ON DECEMBER 13, 01 PLAINTIFF WENT TO SEE DOCTOR KORRAM-ZADEH THE PRISON PSYCHIATRIST CONCERNING HIS PRESCRIPTION MEDICATION PAXIL (PINK) 20mg. IN DOSAGE. PLAINTIFF INFORMED DOCTOR THAT HIS MEDICINE HAD BEEN CHANGED TO PAXIL GREEN 20mg. EXPLAINING THAT HE WAS EXPERIENCING PECULIAR SENSATIONS WITH — (SEE ATTACH) THE ADMINISTERING OF THIS NEW MEDICATION WICH CAUSED HIM SIDE EFFECTS.

2) THEREAFTER ON OR ABOUT DECEMBER 24, 01 PLAINTIFF FILED A PRISON GRIEVANCE EXPLAINING THE SIDEFFECTS THAT PAXIL 20mg (GREEN) CAUSED PLAINTIFF i.e. DIZZINESS, NAUSEA, DIARHEA, VOMITTING, TREMBLING CONSTANTLY AND OTHER STOMACH RELATED PAIN DISORDER INCLUDING HAND AND BODY TREMBLING. A COPY OF THE GRIEVANCE REPORT IS ATTACHED HERETO MARKED EXHIBIT ___ AND INCORPORATED HEREIN.

3) THE PLAINTIFF WAS SUMMONED TO SEE REGISTER NURSE JIM ON DECEMBER 26, 2001. WHO THERBY INQUIRED AS TO HOW THE PLAINTIFF WAS FEELING? PLAINTIFF DESCRIBED HIS CONDITION OF FEELING AS NOT GOOD, AT WICH POINT AND TIME NURSE JIM RERATED THAT SECURE PHARMACY PLUS HAD SENT A MEMO STATING THEY HAD IN FACT ISSUED THE WRONG PRESCIPTIVE MEDICATION FOR THE PLAINTIFF A COPY OF THE MEMO IS ATTACHED HERETO MARKED ___

EXHIBIT AND INCORPORATED HEREIN.

4) THE PLAINTIFF by THEN HAD ALREADY COMPLETED ONE WHOLE BLISTER PACK OF PAXIL 20 mg. GREEN AND HAD BEGUN A SECOND OF WICH HE TOOK 2 OF THAT PACKAGE THEREBY PLAINTIFF'S BLOOD WAS CHECKED AND HE WAS SENT BACK TO HOUSING UNIT.

5) ON JANUARY 10, 2002 AND JANUARY 24, 2002 PLAINTIFF SAW DOCTOR KHORRAMZADEH M.D. HE is THE CHESHIRE CORR. INST. FACILITY DOCTOR. PART OF HIS DUTIES INCLUDE SEEING INMATES FOR MEDICAL REASONS AND PRESCRIBING (ORDERING) MEDICATIONS FOR INMATES. INCLUDING THE PLAINTIFF. (SEE ATTACH ORDER SHEET). THE PLAINTIFF WAS THEN GIVEN THE MEDICATION ON VARIOS DATES, ATTACH HERETO, TO THIS MOTION IN OPPOSITION TO DEFENDANTS MOTION. (SEE ATTACH MEDICATION CHARTS 1-4).

6) ON JANUARY 10, PLAINTIFF INFORMED HIM DR. K. ABOUT WHAT HAD HAPPEN WITH THE SIDE EFFECTS STEMMING FROM PAXIL 20 mg (GREEN) IN DOSAGE HAD CAUSED PLAINTIFF. WHEREBY HE ALSO INFORMED PLAINTIFF THAT "HE WAS AWARE" THAT THE COMPANY MADE A "MISTAKE" SO HE WROTE DOWN THE SIDE EFFECT'S OR THE WICH THE MEDICATION CAUSED PLAINTIFF, DIZZINESS, NAUSEA DIARHEA POUNDING HEADACHE, STOMACH PAIN, VOMITING MUSCLE TIGHTNESS, MIND GOING BLANK, LOSS 15 POUNDS, ABDOMINAL PAIN.

7) PLAINTIFF THEREINBY INFORMED THE PSYCHIATRIST THAT HE NO LONGER WISHED TO TAKE THAT MEDICATION ANY LONGER DUE TO FEAR OF PAXIL GREEN 20 mg. SIDE EFFECTS OR ANYTHING RELATING TO PAXIL CONSTITUENTS.

8) ON JANUARY 25, 2002 DOCTOR BRIDGES CAME TO THE

PLAINTIFF'S CELL DOOR TO DISCUSS HIS NEW MEDICATION AT WICH POINT AND TIME HE EXPLAINED TO HER WHAT HAD OCURRED, CONCERNING THE MISTAKE OF WRONG MEDICATION BEING DISTRIBUTED. (SEE ALSO ATTACH LETTER FROM CLAIMS COMMISSIONER).

## IX SUMARY OF THE ARGUMENT, ~~MEMORANDUM~~ IN SUPPORT.

### [A] ARGUMENT POINT 1

1) THE PLAINTIFF MR. NOEL DAVILA, THIS COMPLAINT AN A FILE PRO-SE CAPACITY AGAINST THE DEFENDANT'S SECURE PHARMACY PLUS, AND AGENTS. PLAINTIFF DID FILE HIS OBJECTION WITHIN THE 20 DAY REQUIRE TIME LIMIT. TOTAL PLAN CORP OF AMERICA V. LURE CAMERA, Ltd 613 F.Supp 451, 40 F.R.SERV 2d 1387. AND FILE WITH HIS PLAINTIFF'S AMENDED COMPLAINT AND MOTION TO, IN (RESPONSE AND OPPOSITION TO DEFENDANTS MOTION TO DISMISS, PURSUANT TO RULE 15(a) FED. R.CIV P.(28 U.S.C. Sec. 1331, 1343. AND DECLARATORY RELIEF PURSUANT 28 U.S.C. Sec 2201, 2202).

2) THE PLAINTIFF'S CONTENDS THAT THE DEFENDANT(S) ARE LIABLE FOR HIS MEDICAL CONDITION INFLICTION OF "UNNECESSARY PAIN PHYSICAL, MENTAL" BASE ON THE FACT THAT, THE DEFENDANTS SENT THE "WRONG MEDICATION" TO THE PLAINTIFF IN WICH D.O.C. MEDICAL PERSONAL GAVE TO THE PLAINTIFF. THE PLAINTIFF WILL SHOW DIRECT CONNECTION BETWEEN THE DEFENDANT'S AND THE DEPARTMENT OF CORRECTION(S)

3) THE PLAINTIFF WAS GIVEN OR PRESCRIBE THE MEDICATION OF PAXIL IN NOVEMBER/DECEMBER, YEAR 2001 THROUGH 2002. BY THE DOCTOR, WHO'S NAME IS KHORRAMZADEH M.D. HE IS THE CHESHIRE CORR. INST. FACILITY DOCTOR. PART OF HIS DUTIES INCLUDE SEEING INMATES

FOR MEDICAL REASONS AND PRESCRIBING (ORDERING) MEDI-CATION(S) FOR INMATES, INCLUDING THE PLAINTIFF. (SEE ATTACH ORDER SHEET). THE PLAINTIFF WAS THEN GIVEN THE MEDICATIONS ON VARIOS DATES, ATTACH HERETO, TO THIS SUMMARY JUDGMENT (SEE ATTACH MEDICATION CHARTS 1-4).

4) THE PLAINTIFF WAS GIVEN (ISSUED) THE WRONG MEDICATION BY DIRECT SERVICE OF THE DEFENDANTS, WHOM SENT THE MEDICATION TO THE PRISON, IN WICH WAS GIVEN TO THE PLAINTIFF BY MEDICAL NURSE(S) AT CHESHIRE CORR. INST. THE DEFENDANTS ARE RESPONSIBLE FOR ALL MEDICATIONS SENT TO THE PRISON.

5) PRISON OFFICIALS HAVE A "BINDING CONTRACT" WITH SECURE PHARMACY PLUS, DISTRIBUTION ON MEDICATIONS FOR INMATES IN THE CONNECTICUT PRISON SYSTEM, ALSO SECURE PHARMACY HAS "CONSPIRE" ON THE WRONG-DOING OF SENDING THE WRONG (PRESCRIBED) MEDICATION. THE DEFENDANTS AMITTED TO THE LAW OFFICE OF INMATES LEGAL ASSISTANCE, Atty JESSICA J. YORK THAT THEY SENT THE WRONG MEDICATION TO THE PLAINTIFF, BUT ONLY AFTER THE PLAINTIFF STARTED HAVING SIDE EFFECTS EXPERIENCING "DIZZINESS, NAUSEA, DIARRHEA, VOMITTING, STOMACH PAIN ("CONSTANTLY") HAND AND BODY TREMBLING", FROM THE MEDICATION PLAINTIFF WAS TAKEN. (SEE PLAINTIFF'S REQUEST SLIPS SENT TO MEDICAL DEPT). AND A COPY OF LETTER FROM JESSICA YORK ATTORNEY FOR INMATES LEGAL ASSISTANCE). AND (ATTACH LETTER FROM COMMISSIONER JAMES R. SMITH). DURING SUCH TIME, THE PLAINTIFF WAS TAKEING THE MEDICATION, HE KEPT COMPLAINING ABOUT SYMPTOMS HE WAS EXPERIENCING WITH THE MEDICATION (SEE CLINICAL RECORDS SHEETS).

6) DEFENDANTS ARE LIABLE BECAUSE THEY ACTED WITH A SUFFICIENTLY CULPABLE STATE OF MIND. ESTELLE V. GAMBLE 429, U.S. 97, 106 FURTHER, THE "SUBJECTIVE APPROACH" TO DELIBERATE INDIFFERENCE DOES NOT REQUIRE A PRISONER SEEKING A REMEDY FOR MEDICAL WRONG-DOING TO WAIT A TRAGIC EVENT, SUCH AS AN ASSAULT, BEFORE OBTAINING RELIEF. HELLING V. MCKENNEY 509 U.S. 25, 33. THE PLAINTIFF DID FILE A INMATE GRIEVANCE ON THE PROBLEM WITH THE MEDICATION, THAT HE WAS GIVING THE WRONG MEDICATION BY DEFENDANTS (SEE ATTACH GRIEVANCE).

7) BOTH "RECLESSNESS" WITH RESPECT TO THE STANDARD OF MEDICAL CARE. WATSON V. CATON, 984 F.2d 537 540. DELIBERATE INDIFFERENCE TO MENTAL HEALTH, AS WELL AS PHYSICAL NEEDS (MEDICATIONS) IS ACTIONABLE SMITH V. JENKINS 919 F2d. 90, 93.

CITING THE DEFENDANTS MOTION IN PART(5), STATE OF FACTS: THE DEFENDANTS CLAIM PLAINTIFF DIDN'T ELABROATE ON THE STATUS OF THE PROVIDER SERVICES TO THE DEPARTMENT OF CORRECTIONS, AND THE CONNECTION WITH SECURE PHARMACY PLUS. (SEE MOTION PAGE 2).

8) DEFENDANTS HAVE A LEGAL DUTY TO THE INMATES AND CORRECTION DEPARTMENT TO PROVIDE THE CORRECT MEDICATION(S) AS PRESCRIBED BY THE MEDICAL DOCTORS TO INMATES AS A, OR TO PROVIDE PRESCRIPTION SERVICES TO PRISONERS. IN NOT DOING SO, THE DEFENDANTS "INFLICTED HARMUL EFFECTS UPON PLAINTIFF," WICH COULD HAVE

"KILLED THE PLAINTIFF" OVER A PERIOD OF TIME, HADN'T THE PLAINTIFF "STOP" TAKEING THE MEDICATION, SENT AND GIVING TO THE PLAINTIFF BY THE DEFENDANTS.

9) THE DEFENDANTS ARE THE FACILITY PHARMACY OVER SEER AND SIGN A "CONTRACT" WHO PRESCRIBES MEDICATIONS TO INMATES (PRISONERS) IT'S THEIR DUTY, TO PRESCRIBE THE RIGHT MEDICATION TO EACH AND EVERY INMATE WHO THE DOCTOR HAS ORDERED MEDICATION FOR, NOT DOING SO, WOULD PUT THE INMATE "LIFE AT RISK", SUCH AS WHAT THE DEFENDANTS DID. SECURE PHARMACY PLUS, WAS ACTING UNDER COLOR OF "STATE" AUTHORITY, BY FULFILLING THE "CONTRACT" TO THE D.O.C. ON PROVIDING MEDICATION ORDERED BY THE DOCTOR OF D.O.C.

10) NEXT THE DEFENDANT CLAIM, THE PLAINTIFF ISN'T TAKEING THE MEDICATION ANY LONGER, WICH IS CORRECT, BUT THE PLAINTIFF DID SUFFER, DID SUFFER FOR 5 OR 6 WEEKS OF, DIZZINESS, VOMITING, NAUSEA, DIARRHEA, MIND GOING BLANK, HAND AND BODY TREMBLING AND OTHER RELATED CONSTANTLY STOMACH PAIN (ECT). "NO PERSON IN THEIR RIGHT MIND" WOULD CONTINUE TO TAKE MEDICATION THAT "HARMING" THEM "PHYSICALLY" AND "MENTALLY". (SEE ATTACH, DR. K. REPORT DATED JANUARY 10, 2002).

11) PLAINTIFF THERINBY INFORMED THE PSYCHIATRIST THAT HE NO LONGER WISHED TO TAKE THAT MEDICATION ANY LONGER "DUE TO FEAR OF PAXIL GREEN 20mg IN DOSAGE SIDE EFFECTS."

[B]          POINT 2

1) THE DEFENDANT'S CLAIM, THE SECURE PHARMACY PLUS WERE NOT UNDER THE "COLOR OF STATE OR AUTHORITY." THE DEFENDANT WERE ACTING ON BEHALF OF THE DEPARTMENT OF CORRECTIONS BY FILLING "MEDICAL PRESCRIPTIONS" FOR THE DEPARTMENT OF CORRECTIONS UNDER SOLE CONTRACT. ALDRIDGE V. MULLINS, 377 F. Supp 850, 474 F. 2d 1189.

2) THE DEFENDANTS CLAIM, THAT THE PLAINTIFF FAILED TO STATE A CLAIM WICH RELIEF CAN BE GRANTED. IN THE PLAINTIFF'S SUIT ITSELF, THE 1983 FORM, THE PLAINTIFF DID STATE A CLAIM WICH RELIEF CAN BE GRANTED, ALSO IN HIS MOTION IN OPPOSITION AND AMENDED COMPLAINT TO DEFENDANT'S MOTION. INCLUDING American Service Group INC. AND Agents

3) THE DEFENDANT'S CLAIM THEY ARE NOT RESPONSIBLE FOR MEDICATIONS GIVEN TO THE PLAINTIFF, WHEN IN FACT: THE DEFENDANTS ARE THE ONES WHO "SEALED AND PACKAGE" THE MEDICATION(S) GIVEN TO ALL INMATES AT THE PRISON "UNDER CONTRACT" WITH THE DEPARTMENT OF CORRECTIONS, GIVEN BY A NURSE AT THE FACILITY.

4) DEFENDANTS NEXT CLAIM, IN THEIR FINAL REPLY, THERE IS NO "COLOR OF STATE LAW" FOR THE CLAIM CIVIL RIGHTS VIOLATION. THE PLAINTIFF DID CLAIM THE "EIGHTH" AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES CIVIL RIGHTS VIOLATION.

5) IN THEIR MOTION, THE DEFENDANTS, THE PLAINTIFF IS NO LONGER RECEIVING THE MEDICATION (PRESCRIPTION). THE PLAINTIFF DID SUFFER A GREAT DEAL FROM THE SIDE EFFECTS AFTER TAKEING THE MEDICATION "PACKAGE AND SEALED" AND "CONSUMED" BY PLAINTIFF FOR OVER

A MONTH (5 OR 6 WEEKS) SENT BY THE DEFENDANTS SECURE PHARMACY PLUS, WHERE IN FACT, THE DEFENDANTS SENT THE "WRONG" MEDICATION TO PLAINTIFF, WICH SUBJECTED THE PLAINTIFF TO "CRUEL AND UNUSUAL PUNISHMENT"

6) DEFENDANT'S CLAIM THERE IS NO ALLEGATION THAT EMPLOYEES OF THE SECURE PHARMACY PLUS WERE EMPLOYED BY THE STATE OF CONNECTICUT, D.O.C. PLAINTIFF DID ALLEGES ON HIS "AMENDED COMPLAINT" THAT SECURE PHARMACY HAS "CONSPIRE" WITH OR WERE UNDER "CONTRACT" WITH THE STATE D.O.C. TO SUPPLY MEDICAL SERVICES (MEDICATIONS) TO THE DEPARTMENT OF CORRECTIONS AND AMERICAN SERVICE GROUP INC. (ARE RESPONSIBLE)

7) IN THEIR FINAL PART OF THE DEFENDANTS MOTION, THE DEFENDANTS CLAIM THE STATE OF CONN D.O.C. HAS "NO CONSTITUTIONAL OBLIGATION" TO "PROVIDE MEDICAL CARE FOR PRISONERS". ARE THE DEFENDANTS TELLING THE COURT THAT, WHAT THE DEFENDANTS SECURE PHARMACY PLUS HAS DONE, "WRONGDOING" THAT A PERSON OR INMATE "HAVE TO DIE TO OBTAIN A RELIEF" OR THAT THE D.O.C. WILL LET A PRISONER SUFFER WHO HURTS HIMSELF, OR BREAKS A LEG OR ARM. NO PRISON WOULD DO THAT, LET A PRISONER SUFFER WITH A INJURY.

8) INMATES ARE ALSO CHARGE A FEE OF $3.00 DOLLARS FOR MEDICAL SERVICES, PER VISIT.

AN INMATE, INCLUDING THE PLAINTIFF DID HAVE A RIGHT TO DECENT MEDICAL CARE. ESTELLE V. GAMBLE 429 U.S. 97, SO

THE PLAINTIFF DID HAVE A RIGHT TO DECENT MEDICAL CARE OF BEING GIVEN THE RIGHT PRESCRIPTION BY THE DEFENDANT'S, AND THE D.O.C.

# X LEGAL CLAIMS

[A] 1) DEFENDANT'S FAILURE TO PROVIDE PRESCRIBED MEDICATION NEEDED BY PLAINTIFF CONSTITUTE "CRUEL AND UNUSUAL PUNISHMENT," WANTON OF UNNECESSARY INFLICTION OF PAIN, AND "DELIBERATE INDIFFERENCE" IN VIOLATION OF THE EIGHT AMENDMENT TO THE U.S. CONSTITUTION, BY DEFENDENT "NEGLIGENCE AND MALPRACTICE."

2) DEFENDANTS GIVEN PLAINTIFF MEDICATION WHICH HE WAS ALLERGIC TO CONSTITUTED THE TORT OF NEGLIGENCE IN VIOLATION OF CONN. STATE LAW; AND "CRUEL AND UNUSUAL PUNISHMENT" AND "DELIBERATE INDIFFERENCE" IN VIOLATION OF "EIGHTH AMENDMENT" TO THE "U.S. CONSTITUTION."

3) DEFENDENTS PRESCRIPTION OF WRONG DRUG GIVEN TO PLAINTIFF CONSTITUTED THE TORT OF MALPRACTICE, INFLICTION OF UNNECESSARY PAIN. WHEREBY ORDINARY CARE FOR A PHARMACIST IS THE "Highest PRACTICABLE DEGREE of PRUDENCE, THOUGHTFULNESS, AND VIGILANCE."

4) THE PLAINTIFF HAS NO PLAIN, ADEQUATE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. "DEFENDANTS DECLINE TO SETTLED" WHEREFORE, PLAINTIFF RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF: (SEE ATTACH LETTER DECLINE SETTLEMENT).

1- A DECLARATORY JUDGMENT THAT THE DEFENDANTS ACTS, PRACTICES, POLICIES, DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS

UNDER THE "UNITED STATES CONSTITUTION."

2. ISSUE A DECLARATORY JUDGMENT STATING THAT:

THE DEFENDANTS ACTIONS OF FAILING TO PROVIDE PLAINTIFF WITH THE PRESCRIBED MEDICATION ORDERED AN NEEDED BY PLAINTIFF CONSTITUTED "CRUEL AND UNUSUAL PUNISHMENT," "DELIBERATE INDIFFERENCE" IN VIOLATION OF THE EIGHTH AMENDMENT TO THE "U.S. CONSTITUTION."

3. ISSUE A DECLARATORY JUDGMENT STATING THAT:

THE DEFENDENTS ACTIONS OF GIVING PLAINTIFF MEDICATION WICH HE WAS ALLERGIC TO CONSTITUTED THE TORT OF NEGLIGENCE IN VIOLATION OF CONNECTICUT STATE LAW.

4. ISSUE A DECLARATORY (DEFENDENTS) JUDGMENT STATING THAT:

THE DEFENDANTS PRESCRIPTION OF WRONG-DOING DRUG TO PLAINTIFF CONSTITUTED THE TORT OF MALPRACTICE.

5. ISSUE AN ORDER ORDERING DEFENDANT "SECURE PHARMACY PLUS" OR THEIR AGENTS TO: "AMERICAN SERVICE GROUP INC."

AWARD DAMAGES IN THE FOLLOWING AMOUNTS OF COMPENSATORY DAMAGES:

1. BY REASON OF THE "NEGLIGENCE," "MALPRACTICE" OF PLAINTIFF BY DEFENDANTS SECURE PHARMACY PLUS PLAINTIFF WAS SUBJECTED TO GREAT INDIGNITIES, "HUMILIATION AND DISGRACE" BY THEIR ACTIONS MALPRACTICE AND NEGLIGENCE AND CAUSED TO SUFFER "PHYSICAL AND MENTAL ANGUISH," "FRIGHT, SHOCK," "EMBARRASSMENT, MORTIFICATION AND PSYCHOLOGICAL INJURY, LOSS OF WEIGHT 15 POUNDS AND OTHER STOMACH RELATED PAIN DISORDER INCLUDING HAND AND BODY TREMBLING."

AND PLAINTIFF IS ENTITLED TO RECOVER THE SUM OF:

ONE MILLION, TWO HUNDRED AND FIFTY THOUSAND DOLLARS, ACTUAL DAMAGES, ONE MILLION, TWO HUNDRED AND FIFTY THOUSAND DOLLARS, PUNITIVE DAMAGES.

[B.] 1) THE COURT HAS PROVIDED AT LEAST THREE EXAMPLES OF CONDUCT THAT SATISFY THE "UNDER COLOR OF STATE LAW" REQUIREMENT OF § 1983.

(a) FIRST, THE COURT HAS HELD THAT "[M]ISSUSE OF POWER, POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH THE AUTHORITY OF STATE LAW, IS ACTION TAKEN "UNDER COLOR OF STATE LAW." HOWELL V. EVANS. VACATED AS SETTLED 82d 711 (11 cir 1991) (b) SECOND - THE COURT HAS HELD THAT TO ACT UNDER "COLOR OF STATE LAW", A DEFENDANT NEED NOT TO BE A AN OFFICER OF THE STATE; IT IS SUFFICIENT THAT HE OR SHE "IS WILLFULL PARTICIPANT IN JOIN ACTIVITY WITH THE STATE OR ITS AGENTS." MILLER V. CORRECTIONAL MEDICAL SYSTEM, INC. 802 Supp 1126, 1132 (D. DEL 1992)

(c) THIRD THE COURT HAS HELD THAT PRIVATE INDEPENDENT PERSONS WHO ARE AUTHORIZED TO EXERCISE STATE AUTHORITY ARE DEMED TO BE ACTING "UNDER COLOR OF STATE LAW." STREET V. CORRS CORP OF A.M. 102 F3d. 810, 814 (6th cir 1996).

2) CORPORATIONS OPERATION PRISONS UNDER "CONTRACT AND THEIR EMPLOYEES ACT UNDER COLOR OF STATE LAW JUST LIKE EMPLOYEES OF GOVERNMENT OPERATED JAILS AND PRISONS. ISLAM V. JACKSON 782 F. Supp 1111, 1113 (E.D Va. 1992). PHELPS V. DUNN 965 F 2d 93, 101-02 (6th cir 1992). ANACATA V. PRISON HEALTH SERVICES, 769 F. 2d 700, 703 (11th cir 1985).

3) "PRISONS" MAY ALSO BE ABLE TO SUE SUCH CORPORATION UNDER STATE LAW AS THIRD-PARTY BENEFECIARIES OF THE CONTRACT. CHERRY V. CHOW, 945 F. Supp 1520 (M.D. FLA 1994). CALVERT V. HUN, 798 F. Supp. 1226, 1229 (N.D.W. VA 1992)."

4) PRIVATE OR INDEPENDENT PARTY WHO CONSPIRES WITH STATE ACTORS TO DEPRIVE ANOTHER OF CONSTITUTIONAL RIGHTS ACTS UNDER COLOR OF STATE LAW. JENSEN V. LANE COUNTY 222 F3d 570, 574-75 (9th cir 2000.) ANAYA V. CROSSROADS MANAGED CARE SYST.

-24-

195. F3d 584, 596 (10 cir. 1999)

GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED, OR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1988;

[C] 1) FOR THE REASONS STATED IN THE BRIEF SUBMITTED WITH THIS MOTION FOR PARTIAL SUMMARY JUDGMENT, THESE UNDISPUTED FACTS ESTABLISH THAT DEFENDANTS, AMERICAN SERVICE GROUP INC. WAS AT ALL TIME A "HIRED" "CONTRACTOR" IS A PUBLICLY TRADED STOCK COMPANY, AND "SECURE PHARMACY PLUS" IS OWNED BY PARENT CORPORATION, "AMERICAN SERVICE GROUP INC." TO PROVIDE PRESCRIPTION SERVICES TO PRISONER. SECURE PHARMACY PLUS HAS "CONSPIRE".

2) DEFENDANT'S FAIL TO EXCERCISE THEIR PROPER "PROCEEDURE", "POLICIES" AND GAVE MEDICATION TO PLAINTIFF THAT HE WAS ALLERGIC TO, IT VIOLATED PLAINTIFF'S "CONSTITUTIONAL RIGHTS" (8th AMENDMENT).

3) THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO EACH POINT ON WICH PLAINTIFF BEAR THE BURDEN OF PROOF THAT ON THE "UNDISPUTED" FACTS ALONE PLAINTIFF'S "CONSUMED MEDICATION" WHILE A PRISONER, AND DEFENDANT'S, "AMERICAN SERVICE GROUP INC." AND "SECURE PHARMACY PLUS AN ITS AGENTS" WERE AT ALL TIMES A CORPORATION WITH THE "AGREEMENT", "CONTRACT," WITH THE "AUTHORITY" OR CARE PROVIDORS TO PROVIDE PRESCRIPTION SERVICES TO PRISONER.

3) ACCORDINGLY, I AM ENTITLED TO SUMMARY JUDGMENT ON MY 8th AMENDMENT CONSTITUTIONAL RIGHTS VIOLATION CLAIMS.

[D] ## CONCLUSION

1. FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT PARTIAL SUMARY JUDGMENT ON LIABILITY TO THE PLAINTIFF ON HIS 8th AMENDMENT CONSTITUTIONAL RIGHT CLAIM.

2) THE AMOUNT OF DAMAGES DUE TO THE PLAINTIFF MUST BE DETERMINED AT TRIAL. PATTERSON V. COUGHLIN, 905 F2d 564, 570 (2d cir 1990

## "JURY DEMANDED"

BY: *Noel Davila*
NOEL DAVILA
1153 EAST ST. SOUTH
SUFFIELD CT. 06080.

x *Noel Davila*
NOEL DAVILA - PRO SE

## DECLARATION UNDER PENALTY OF PERJURY

THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY THAT HE IS THE PLAINTIFF IN THE ABOVE ACTION, THAT HE HAS READ THE ABOVE SUMMARY JUDGEMENT (BRIEF) THAT THE INFORMATION CONTAINED IN THE BRIEF IS TRUE AND CORRECT. I MAKE THIS DECLARATION IN SUPPORT OF MY MOTION FOR SUMMARY JUDGMENT TO ENSURE THAT I RECEIVE OR PRODUCE BY DEFENDANTS WITH A ANSWER LISTED HEREIN WITH 30 DAYS AFTER THE COURT TAKE NOTICE OF THE SUMMARY JUDGMENT PROCEEDURES.

PURSUANT 28 U.S.C. § 1746; 18 U.S.C. § 1621;

EXECUTED AT:
MAC. DOUGALL C.I.
1153 EAST ST. SOUTH
SUFFIELD CT. 06080.

ON: AUGUST 10, 2004.

BY: *Noel Davila*
NOEL DAVILA - PRO SE
1153 EAST ST. SOUTH
SUFFIELD CT. 06080.

## CERTIFICATION

I, HERBY CERTIFY THAT A COPY OF THE FOREGOING WAS MAILED (POSTAGE PREPAID AND/OR HAND DELIVERED ON August 10, 2004. TO THE FOLLOWING PARTIES OF RECORD:

X *Noel Davila*

TO: UNITED STATES DISTRICT COURT (HONORABLE JUDGE: STEFAN R. UNDERHILL
DISTRICT OF CONNECTICUT. (HONORABLE JUDGE: WILLIAM I. GARFINKEL)
915 LAFAYETTE BOULEVARD.
BRIDGEPORT, CT. 06470.


TO: ATTORNEY FOR DEFENDANTS:
   THE LAW OFFICE OF:
   THOMAS H. WINSLOW, LLC.
   321 MAIN STREET
   FARMINGTON, CT. 06032-2976


DATED: 8-10-2004       X *Noel Davila*
                         NOEL DAVILA PROSE
                         MAC-DOUGALL C.I.
                         1153 EAST ST. SOUTH
                         SUFFIELD CT. 06080.