EXHIBIT[3] CIVIL DOCKET SHEET
(MOTION FILES)

**PRISONER, APPEAL**

## U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:02-cv-00652-MRK

Davila v. Secure Pharmacy
Assigned to: Judge Mark R. Kravitz
Referred to: William I. Garfinkel
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/10/02
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**Noel Davila**                              represented by   **Noel Davila**
                                                              Inmate 212726
                                                              MacDougall Correctional Institution
                                                              1153 East Street South
                                                              Suffield, CT 06080
                                                              PRO SE

V.

**Defendant**
-----------------------

**Secure Pharmacy**                          represented by   **Thomas H. Winslow**
                                                              321 Main St.
                                                              Farmington, CT 06032-2976
                                                              860-678-4425
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 04/10/2002 | 1 | MOTION by Noel Davila to Proceed in Forma Pauperis (D'Andrea, S.) (Entered: 04/11/2002) |
| 04/10/2002 | 2 | Prisoner Authorization Form by Noel Davila (D'Andrea, S.) (Entered: 04/11/2002) |

| 04/10/2002 | 3 | COMPLAINT (D'Andrea, S.) (Entered: 04/11/2002) |
|---|---|---|
| 04/10/2002 | 4 | MOTION by Noel Davila for Appointment of Counsel (D'Andrea, S.) (Entered: 04/11/2002) |
| 04/25/2002 | | ENDORSEMENT granting [1-1] motion to Proceed in Forma Pauperis ( signed by Mag. Judge Holly B. Fitzsimmons ) (Larsen, M.) (Entered: 04/25/2002) |
| 08/12/2002 | 5 | Order directing the plaintiff to complete and return within 20 days of the date of this order USM-285 form for deft. Secure Pharmacy Plus; complete Notice & Waiver. Upon receipt of the USM-285 forms the Clerk is directed to forward the appropriate papers to the US Marshal to serve the complaint on the defendant. ( signed by Mag. Judge Holly B. Fitzsimmons ) (Larsen, M.) (Entered: 08/12/2002) |
| 08/12/2002 | | CASE referred to Mag. Judge William I. Garfinkel (Larsen, M.) (Entered: 08/12/2002) |
| 08/14/2002 | 6 | RULING denying [4-1] motion for Appointment of Counsel ( signed by Mag. Judge Holly B. Fitzsimmons ) 1 Page(s) (Larsen, M.) (Entered: 08/14/2002) |
| 08/22/2002 | | NOTICE of Lawsuit and Request for Waiver of Service for Summons issued and handed US Marshal for service in accordance with [5-1] order Return of Service due 10/31/02 (Larsen, M.) (Entered: 08/22/2002) |
| 11/12/2002 | 7 | APPEARANCE of Attorney for Secure Pharmacy -- Thomas H. Winslow (Larsen, M.) (Entered: 11/13/2002) |
| 11/12/2002 | 8 | Disclosure Statement by Secure Pharmacy (Larsen, M.) (Entered: 11/13/2002) |
| 11/12/2002 | 9 | MOTION by Secure Pharmacy to Dismiss (Brief Due 12/3/02 ) (Larsen, M.) (Entered: 11/13/2002) |
| 11/12/2002 | 10 | MEMORANDUM by Secure Pharmacy in support of [9-1] motion to Dismiss (Larsen, M.) (Entered: 11/13/2002) |
| 11/21/2002 | 11 | MEMORANDUM by Noel Davila in opposition to [9-1] motion to Dismiss by Secure Pharmacy (Jaiman, R.) (Entered: 11/22/2002) |
| 12/12/2002 | 12 | REPLY by Secure Pharmacy to response to [9-1] motion to Dismiss by Secure Pharmacy (Corriette, M.) (Entered: 12/13/2002) |
| 12/27/2002 | 13 | REPLY by Noel Davila to response to [9-1] motion to Dismiss by |

4/14/2004 12:52 PM

|            |     |                                                                                                                                                                                                                                                                                                  |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | Secure Pharmacy (Larsen, M.) (Entered: 12/30/2002)                                                                                                                                                                                                                                                   |
| 01/16/2003 | 14  | REPORT of Parties Planning Meeting (Corriette, M.) (Entered: 01/16/2003)                                                                                                                                                                                                                             |
| 01/29/2003 | 15  | MOTION by Noel Davila for Appointment of Counsel (Corriette, M.) (Entered: 01/29/2003)                                                                                                                                                                                                               |
| 01/29/2003 | 16  | MEMORANDUM by Noel Davila in support of [15-1] motion for Appointment of Counsel (Corriette, M.) (Entered: 02/05/2003)                                                                                                                                                                               |
| 03/06/2003 | 17  | MARSHAL'S return of service on complaint executed as to Secure Pharmacy on 9/9/02 (Larsen, M.) (Entered: 03/07/2003)                                                                                                                                                                                 |
| 03/28/2003 | 18  | MOTION by Secure Pharmacy to Compel Plaintiff's Answer to Defendant's 1/15/03 Written Discovery (Brief Due 4/18/03) (Corriette, M.) (Entered: 04/09/2003)                                                                                                                                            |
| 03/28/2003 | 19  | MEMORANDUM by Secure Pharmacy in support of [18-1] motion to Compel Plaintiff's Answer to Defendant's 1/15/03 Written Discovery (Corriette, M.) (Entered: 04/09/2003)                                                                                                                                |
| 06/23/2003 | 20  | RULING granting [9-1] motion to Dismiss. Plaintiff's Eighth Amendment claims brought pursuant to 42 U.S.C. Sec. 1983 are DISMISSED. Complaint will proceed on plaintiff's state law claims pursuant to court's diversity jurisdiction. ( signed by Judge Stefan R. Underhill ) 7 Page(s) (Larsen, M.) (Entered: 06/24/2003) |
| 06/25/2003 | 21  | AMENDED COMPLAINT by Noel Davila amending [3-1] complaint (Corriette, M.) (Entered: 06/25/2003)                                                                                                                                                                                                      |
| 06/27/2003 | 22  | RULING denying [15-1] motion for Appointment of Counsel, denying [18-1] motion to Compel Plaintiff's Answer to Defendant's 1/15/03 Written Discovery ( signed by Mag. Judge William I. Garfinkel ) 4 Page(s) (Larsen, M.) (Entered: 07/03/2003)                                                      |
| 06/27/2003 |     | Text not available. (Entered: 07/03/2003)                                                                                                                                                                                                                                                            |
| 06/27/2003 | 23  | SCHEDULING ORDER setting Discovery cutoff 10/27/03 ; Dispositive Motions due 11/27/03 ; Answer due 7/27/03 for Secure Pharmacy ( Signed by Mag. Judge Holly B. Fitzsimmons ) (Larsen, M.) (Entered: 07/03/2003)                                                                                       |
| 07/10/2003 | 24  | NOTICE OF APPEAL of [20-1] order by Noel Davila Certified Copy of Docket and copy of Appeal mailed to USCA (Warren, C.) (Entered: 07/14/2003)                                                                                                                                                        |

| | | |
|---|---|---|
| 07/16/2003 | | Record on Appeal Mailed to USCA: [24-1] appeal by Noel Davila (Warren, C.) (Entered: 07/16/2003) |
| 07/24/2003 | 25 | NOTICE of service of copies of motion for partial summary judgment by Noel Davila (Corriette, M.) (Entered: 07/25/2003) |
| 07/29/2003 | 26 | OBJECTION by Secure Pharmacy re: [21-1] amended complaint by Noel Davila (Corriette, M.) (Entered: 07/29/2003) |
| 08/01/2003 | 28 | Acknowledgement of Receipt from Notice of Appeal of 7/28/03 (Simpson, T.) (Entered: 08/18/2003) |
| 08/13/2003 | 27 | ACKNOWLEDGED receipt of Record on Appeal at USCA on 7/30/03 received re: [24-1] appeal by Noel Davila USCA Number: 03-2415 (Simpson, T.) (Entered: 08/18/2003) |
| 08/22/2003 | 29 | ORDER of Transfer ( signed by Judge Stefan R. Underhill ) to Judge Mark R. Kravitz (Pesta, J.) (Entered: 08/22/2003) |
| 10/08/2003 | 30 | MOTION by Noel Davila for Order to Show Cause (Brief Due 10/29/03) (Corriette, M.) (Entered: 10/09/2003) |
| 10/08/2003 | 32 | MOTION by Noel Davila for Default Judgment against Secure Pharmacy (Corriette, M.) (Entered: 10/09/2003) |
| 10/08/2003 | 33 | AFFIDAVIT by Noel Davila Re [32-1] motion for Default Judgment against Secure Pharmacy by Noel Davila (Corriette, M.) (Entered: 10/09/2003) |
| 10/08/2003 | 34 | AFFIDAVIT by Noel Davila Re [32-1] motion for Default Judgment against Secure Pharmacy by Noel Davila (Corriette, M.) (Entered: 10/09/2003) |
| 10/08/2003 | 35 | AFFIDAVIT by Noel Davila Re [32-1] motion for Default Judgment against Secure Pharmacy by Noel Davila (Corriette, M.) (Entered: 10/09/2003) |
| 10/09/2003 | 31 | AFFIDAVIT by Noel Davila Re [30-1] motion for Order to Show Cause by Noel Davila (Corriette, M.) (Entered: 10/09/2003) |
| 10/15/2003 | 36 | MOTION to Take Deposition from Noel Davila by Secure Pharmacy. (Corriette, M.) (Entered: 10/21/2003) |
| 10/15/2003 | 37 | MOTION for Extension of Time as to [23] Order until 11/27/03 by Secure Pharmacy. (Corriette, M.) (Entered: 10/21/2003) |

| 10/15/2003 | 🌑 38 | MOTION for Sanctions by Secure Pharmacy. Responses due by 11/5/2003 (Attachments: # 1 attachments)(Corriette, M.) (Entered: 10/21/2003) |
| 10/16/2003 | 🌑 39 | Memorandum in Support re 38 MOTION for Sanctions filed by Secure Pharmacy. (Corriette, M.) (Entered: 10/21/2003) |
| 10/17/2003 | 🌑 41 | Notice to Parties to file all filings in Bridgeport. Signed by Clerk on 10/17/03. (Larsen, M.) (Entered: 10/23/2003) |
| 10/20/2003 | 🌑 40 | Memorandum in Opposition re 38 MOTION for Sanctions filed by Noel Davila. (Corriette, M.) (Entered: 10/21/2003) |
| 10/27/2003 | 🌑 43 | Memorandum in Opposition re [30] Motion for Order, [32] Motion for Default Judgment filed by Secure Pharmacy. (Corriette, M.) (Entered: 10/31/2003) |
| 10/28/2003 | 🌑 42 | MOTION for Extension of Time of Scheduling Order to 12/25/03 by Noel Davila. (Corriette, M.) (Entered: 10/30/2003) |
| 10/29/2003 | 🌑 44 | MOTION to Appoint Counsel by Noel Davila. (Attachments: # 1 Affidavit # 2 Memorandum in Support# 3 Attachments to Memorandum in Support)(Larsen, M.) (Entered: 11/05/2003) |
| 10/29/2003 | 🌑 45 | MOTION to preserve evidence by Noel Davila.Responses due by 11/19/2003 (Larsen, M.) (Entered: 11/05/2003) |
| 10/29/2003 | 🌑 46 | MOTION to allow jurors to ask questions and take notes by Noel Davila.Responses due by 11/19/2003 (Larsen, M.) (Entered: 11/05/2003) |
| 10/29/2003 | 🌑 47 | MOTION for permission to give an opening statement by Noel Davila.Responses due by 11/19/2003 (Larsen, M.) (Entered: 11/05/2003) |
| 10/29/2003 | 🌑 48 | MOTION for recording of argument of counsel by Noel Davila.Responses due by 11/19/2003 (Larsen, M.) (Entered: 11/05/2003) |
| 10/29/2003 | 🌑 49 | Memorandum in Opposition re 36 MOTION to Take Deposition from Noel Davila filed by Noel Davila. (Larsen, M.) (Entered: 11/05/2003) |
| 10/29/2003 | 🌑 50 | MOTION to limit impeachment of plaintiff by Noel Davila.Responses due by 11/19/2003 (Larsen, M.) (Entered: 11/05/2003) |
| 11/10/2003 | 🌑 53 | RESPONSE re 50 MOTION to limit impeachment of plaintiff filed by Secure Pharmacy. (Corriette, M.) (Entered: 11/19/2003) |

| 11/10/2003 | 54 | RESPONSE to Motion Requesting Permission to Order Defendants to Answer Plaintiff's Written Discovery or Sanctions filed by Secure Pharmacy. (No Motion Filed) (Corriette, M.) (Entered: 11/19/2003) |
| --- | --- | --- |
| 11/13/2003 | 51 | RULING granting 36 Motion to Take Deposition from Noel Davila, denying 38 Motion for Sanctions, denying 44 Motion to Appoint Counsel, denying 45 Motion to preserve evidence, denying 46 Motion to allow jurors to take notes, denying 47 Motion for permission to give opening statement, denying 48 Motion for recording, denying 50 Motion to limit impeachment. Signed by Judge William I. Garfinkel on 11/12/03. (Larsen, M.) (Entered: 11/19/2003) |
| 11/13/2003 | 52 | RULING denying [30] Motion for Default Judgment, denying [32] Motion for Default Judgment, granting 42 Motion for Extension of Time to 12/25/03 to complete discovery, overruling [26] objection to [21] Amended Complaint, granting 37 MOTION for Extension of Time to complete discovery. Signed by Judge William I. Garfinkel on 11/12/03. (Larsen, M.) Modified on 11/19/2003 to correct text on Motions for Extension of Time (docs. #42 and #37). No docket annotation issued/no electronic noticing. (Larsen, M.). (Entered: 11/19/2003) |
| 11/13/2003 | | Set Deadline: Discovery due by 12/25/2003. (Larsen, M.) (Entered: 11/19/2003) |
| 11/13/2003 | 55 | RESPONSE re 38 MOTION for Sanctions filed by Noel Davila. (Corriette, M.) (Entered: 11/19/2003) |
| 11/13/2003 | 56 | RESPONSE re [30] Motion for Order, [32] Motion for Default Judgment filed by Noel Davila. (Corriette, M.) (Entered: 11/19/2003) |
| 11/21/2003 | 57 | MOTION to Compel Discovery, MOTION for Discovery, MOTION for Sanctions by Noel Davila.Responses due by 12/12/2003 (Attachments: #(1) Exhibit A #(2) Exhibit H-F #(3) Exhibit H)(Corriette, M.) (Entered: 11/26/2003) |
| 11/25/2003 | 58 | SECOND MOTION to Dismiss by Secure Pharmacy.Responses due by 12/16/2003 (Corriette, M.) (Entered: 11/26/2003) |
| 11/25/2003 | 59 | Memorandum in Support re 58 MOTION to Dismiss filed by Secure Pharmacy. (Corriette, M.) (Entered: 11/26/2003) |
| 11/25/2003 | 60 | REPLY to Response to 57 MOTION to Compel MOTION for Sanctions filed by Noel Davila. (Corriette, M.) (Entered: 12/03/2003) |
| 11/26/2003 | 61 | RESPONSE re [32] Motion for Default Judgment filed by Secure Pharmacy. (Attachments: # 1 local rule statement)(Corriette, M.) (Entered: 12/03/2003) |

| 12/09/2003 | 62 | Memorandum in Opposition re 58 MOTION to Dismiss filed by Noel Davila. (Attachments: # 1 memorandum in oppposition 2)(Corriette, M.) (Entered: 12/10/2003) |
|---|---|---|
| 12/12/2003 | 63 | Statement of Material Facts re [32] Motion for Default Judgment filed by Noel Davila. (Attachments: # 1 statement of facts 2)(Corriette, M.) (Entered: 12/15/2003) |
| 12/12/2003 | 64 | MEMORANDUM IN SUPPORT re [32] Motion for Default Judgment filed by Noel Davila. (Corriette, M.) (Entered: 12/16/2003) |
| 12/19/2003 | 65 | RESPONSE re 43Memorandum in Opposition to Motion for order and Motion for default filed by Noel Davila. (Jaiman, R.) (Entered: 12/29/2003) |
| 12/22/2003 | 66 | Memorandum in Support re 58 MOTION to Dismiss filed by Secure Pharmacy. (Corriette, M.) (Entered: 01/05/2004) |
| 12/22/2003 | 67 | MOTION for Dismissal, Cost and Fees, Motion for Sanctions and/or MOTION for Order against plaintiff for failure to attend scheduled deposition and to file a Motion for Reconsideration or Protective Order prior to his deposition by Secure Pharmacy.Responses due by 1/12/2004 (Corriette, M.) (Entered: 01/05/2004) |
| 12/22/2003 | 68 | MOTION for Sanctions for continued failure to send documents to Defendant's Counsel on a timely basis by Secure Pharmacy.Responses due by 1/12/2004 (Corriette, M.) (Entered: 01/06/2004) |
| 12/22/2003 | 69 | RESPONSE to Motion for Reconsideration (No Motion Filed) filed by Secure Pharmacy. (Corriette, M.) (Entered: 01/06/2004) |
| 01/08/2004 | 70 | OBJECTION re 67 MOTION for Cost and Fees MOTION to Dismiss MOTION to Dismiss MOTION for for failure to attend scheduled deposition Order MOTION for for failure to attend scheduled deposition Order MOTION for Sanctions MOTION for Sanctions (Affidavit Attached) filed by Noel Davila. (Corriette, M.) (Entered: 01/16/2004) |
| 01/14/2004 | 71 | Memorandum in Opposition re 58 MOTION to Dismiss filed by Noel Davila. (Attachments: # 1 Attachment)(Larsen, M.) (Entered: 01/20/2004) |
| 01/14/2004 | 72 | MOTION for Reconsideration re 51 Order on Motion to Take Deposition, Motion for Sanctions, Motion to Appoint Counsel, Motion for Miscellaneous Relief, by Noel Davila.Responses due by 2/4/2004 (Larsen, M.) (Entered: 01/20/2004) |

| 01/15/2004 | 🌐 73 | MEMORANDUM IN SUPPORT re 69 Response filed by Secure Pharmacy. (Corriette, M.) (Entered: 01/20/2004) |
|---|---|---|
| 01/21/2004 | 🌐 74 | MOTION for Prejudgment Remedy by Noel Davila. (Corriette, M.) (Entered: 01/23/2004) |
| 01/21/2004 | 🌐 76 | MOTION for Prejudgment Remedy by Noel Davila. (Brown, S.) (Entered: 01/23/2004) |
| 01/22/2004 | 🌐 75 | Memorandum in Support re 67 MOTION for Cost and Fees MOTION to Dismiss MOTION to Dismiss MOTION for for failure to attend scheduled deposition Order MOTION for for failure to attend scheduled deposition Order MOTION for Sanctions MOTION for Sanctions filed by Secure Pharmacy. (Attachments: # 1 Statement of Material Facts# 2 Affidavit)(Corriette, M.) (Entered: 01/23/2004) |
| 01/26/2004 | 🌐 77 | MOTION Request for Admission by Noel Davila.Responses due by 2/16/2004 (Corriette, M.) (Entered: 01/28/2004) |
| 01/28/2004 | 🌐 78 | MOTION to Amend [21] Amended Complaint by Noel Davila.Responses due by 2/18/2004 (Corriette, M.) EXHIBITS IN PAPER FORM Modified on 2/3/2004 (Corriette, M.). (Entered: 02/03/2004) |
| 01/28/2004 | 🌐 | Doc. #78 Modified to Reflect Exhibits Submitted in Paper Form (Corriette, M.) (Entered: 02/03/2004) |
| 01/28/2004 | 🌐 80 | REPLY re 75 Memorandum in Support of Motion, filed by Noel Davila. (Corriette, M.) (Entered: 02/05/2004) |
| 01/30/2004 | 🌐 79 | MOTION Against Plaintiff For Continued Failure To Send All Motions And Exhibits To Defendant's Counsel On A Timely Basis by Secure Pharmacy.Responses due by 2/20/2004 (Corriette, M.) (Entered: 02/05/2004) |
| 02/05/2004 | 🌐 81 | Memorandum in Opposition re 79 MOTION Against Plaintiff For Continued Failure To Send All Motions And All Exhibits To Defendant's Counsel On A Timely Basis filed by Noel Davila. (Corriette, M.) (Entered: 02/09/2004) |
| 02/11/2004 | 🌐 82 | Memorandum in Opposition re 78 MOTION to Amend[21] Amended Complaint filed by Secure Pharmacy. (Corriette, M.) (Entered: 02/12/2004) |
| 02/11/2004 | 🌐 83 | Memorandum in Opposition re 74 MOTION for Prejudgment Remedy and 76 MOTION for Prejudgment Remedy filed by Secure Pharmacy. (Corriette, M.) (Entered: 02/12/2004) |

| 02/17/2004 | 84 | MOTION for Prejudgment Remedy by Noel Davila. (Attachments: # 1 Exhibits # 2 Affidavit of Noel Davila)(Corriette, M.) (Entered: 02/18/2004) |
| 02/18/2004 | 85 | REPLY to Response to 78 MOTION to Amend [21] Amended Complaint filed by Noel Davila. (Exhibits in Paper Form) (Corriette, M.) (Entered: 02/25/2004) |
| 03/05/2004 | 86 | Memorandum in Support re 57 MOTION to Compel MOTION for Sanctions filed by Noel Davila. (Corriette, M.) (Entered: 03/16/2004) |
| 03/08/2004 | 87 | Supplemental Memorandum in Opposition re 78 MOTION to Amend [21] Amended Complaint filed by Secure Pharmacy. (Corriette, M.) (Entered: 03/18/2004) |
| 03/08/2004 | 88 | Memorandum in Opposition re 84 MOTION for Prejudgment Remedy filed by Secure Pharmacy. (Corriette, M.) (Entered: 03/18/2004) |
| 03/09/2004 | 89 | AMENDED MOTION to Amend [21] Amended Complaint by Noel Davila.Responses due by 3/30/2004 (Corriette, M.) (Entered: 03/18/2004) |
| 03/15/2004 | 90 | MOTION to Compel Discovery by Noel Davila.Responses due by 4/5/2004 (Corriette, M.) (Entered: 03/23/2004) |
| 03/18/2004 | 91 | OBJECTION to 89 MOTION to Amend [21] Amended Complaint filed by Secure Pharmacy. (Corriette, M.) (Entered: 03/23/2004) |
| 03/25/2004 | 92 | REPLY to Response to 84 MOTION for Prejudgment Remedy filed by Noel Davila. (Attachments: # 1 document continuation)(Brown, S.) (Entered: 03/29/2004) |
| 03/26/2004 | 93 | REPLY to Response to 89 MOTION to Amend [21] Amended Complaint filed by Noel Davila. (Larsen, M.) (Entered: 03/31/2004) |
| 04/01/2004 | 94 | REPLY to Response to 89 MOTION to Amend [21] Amended Complaint filed by Noel Davila. (Corriette, M.) (Entered: 04/12/2004) |
| 04/01/2004 | 95 | MOTION to Compel Discovery by Noel Davila.Responses due by 4/22/2004 (Corriette, M.) (Entered: 04/12/2004) |
| 04/07/2004 | 96 | REPLY to Response to 84 MOTION for Prejudgment Remedy filed by Noel Davila. (Attachments: # 1 reply-2)(Corriette, M.) (Entered: 04/14/2004) |

EXHIBIT 4's JUDGE STEFAN R. UNDERHILL

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FILED**

2003 JUN 23  A 10: 32

US DISTRICT COURT
BRIDGEPORT CT

NOEL DAVILA

     v.

SECURE PHARMACY PLUS

PRISONER

Case No.  3:02cv652(SRU)

<u>RULING ON MOTION TO DISMISS</u>

    The plaintiff, Noel Davila, is an inmate confined at the
Cheshire Correctional Institution in Cheshire, Connecticut.  He
filed this civil rights action <u>pro se</u> and <u>in forma pauperis</u>
pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983.  He alleges
that the defendant provided him with the wrong prescription for
his psychiatric condition.  Pending is a motion to dismiss filed
by the defendant.  For the reasons that follow, the motion is
granted.

<u>Standard of Review</u>

    When considering a Rule 12(b) motion to dismiss, the court
accepts as true all factual allegations in the complaint and
draws inferences from these allegations in the light most
favorable to the plaintiff.  <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232,
236 (1974); <u>Thomas v. City of N.Y.</u>, 143 F.3d 31, 37 (2d Cir.
1998).  Dismissal is warranted only if, under any set of facts
that the plaintiff can prove consistent with the allegations, it

is clear that no relief can be granted.  See <u>Tarshis v. Riese</u>
<u>Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d
433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is
not whether the plaintiff will prevail, but whether the plaintiff
is entitled to offer evidence to support his or her claims."
<u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996) (quoting
<u>Grant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 673 (2d Cir.
1995) (internal quotations omitted).  In its review of a motion
to dismiss, the court may consider "only the facts alleged in the
pleadings, documents attached as exhibits or incorporated by
reference in the pleadings and matters of which judicial notice
may be taken."  <u>Samuels v. Air Transport Local 504</u>, 992 F.2d 12,
15 (2d Cir. 1993).  In reviewing this motion, the court is
mindful that the Second Circuit "ordinarily require[s] the
district courts to give substantial leeway to pro se litigants."
<u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1335 (2d Cir. 1992).

Facts

     The court accepts as true the following facts, taken from
the complaint.

     On December 13, 2001, the plaintiff went to see the prison
psychiatrist concerning his prescription for Paxil.  The
plaintiff claimed that the Paxil capsule that the pharmacy had
originally provided him with had been pink, but that he was now
getting a green capsule.  The plaintiff complained that he was

2

experiencing dizziness, nausea, diarrhea and vomiting.  On

December 26, 2001, the plaintiff was examined by a nurse at the

facility.  The plaintiff complained that he was not feeling well.

The nurse informed the plaintiff that the pharmacy had mistakenly

issued him the wrong medication.  The plaintiff stated that he no

longer wanted to take the green capsule form of Paxil and

requested an appointment to see the psychiatrist so that he could

change his medication.

On January 24, 2002, the plaintiff informed the psychiatrist

that he no longer wanted to take Paxil.  That day, the

psychiatrist changed the plaintiff's medication to Remeron.  The

plaintiff seeks one million dollars in compensatory damages, one

million dollars in punitive damages and declaratory relief from

the defendant.

## Discussion

The defendant raises three grounds in support of their

motion to dismiss: (1) the plaintiff's Eighth Amendment

allegations fail to state a claim upon which relief may be

granted; (2) the plaintiff has failed to allege that the

defendant is a state actor and (3) the plaintiff's claim for

declaratory relief is barred because it is moot, there is no case

or controversy and it is not the most effective relief available.

The defendants move to dismiss the claims against them

because the plaintiff has failed to allege facts to support a

3

claim of deliberate indifference to serious medical needs. This
court agrees.

The Eighth Amendment protects inmates from deliberate
indifference by prison officials to their serious medical needs.
See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on
such a claim, the plaintiff must allege "acts or omissions
sufficiently harmful to evidence deliberate indifference to
serious medical needs." Id. at 106. A prisoner must show intent
to either deny or unreasonably delay access to needed medical
care or the wanton infliction of unnecessary pain by prison
personnel. See id. at 104-05. Mere negligence will not support
a section 1983 claim; the conduct complained of must "shock the
conscience" or constitute a "barbarous act." McCloud v. Delaney,
677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex
rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). A treating
physician will be liable under the Eighth Amendment only if his
conduct is "repugnant to the conscience of mankind." Tomarkin v.
Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle,
429 U.S. at 105-06).

The civil rights statute was not meant to redress medical
malpractice claims that can be adequately resolved under state
tort law. Tomarkin, 534 F. Supp. at 1230-31. Thus, a claim of
misdiagnosis, faulty judgment, or malpractice without more to
indicate deliberate indifference, is not cognizable under section

4

1983.  See McCabe v. Nassau County Medical Center, 453 F.2d 698,

704 (2d Cir. 1971); Tomarkin v. Ward, 534 F. Supp. 1224, 1230

(S.D.N.Y. 1982).  In addition, mere disagreement with prison

officials about what constitutes appropriate medical care does

not state a claim cognizable under the Eighth Amendment.  See

Hyde v. Mcinnis, 429 F.2d 864, 868 (2d Cir. 1970); Corby v.

Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Ross v. Kelly, 784 F.

Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert.

denied, 506 U.S. 1040 (1992).

     There are both subjective and objective components to the

deliberate indifference standard.  See Hathaway v. Coughlin, 37

F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v.

Hathaway, 513 U.S. 1154 (1995).  The alleged deprivation must be

"sufficiently serious" in objective terms.  Wilson v. Seiter, 501

U.S. 294, 298 (1991).  See also Nance v. Kelly, 912 F.2d 605, 607

(2d Cir. 1990) (Pratt, J., dissenting) ("'serious medical need'

requirement contemplates a condition of urgency, one that may

produce death, degeneration, or extreme pain").

     In addition to demonstrating a serious medical need to

satisfy the objective component of the deliberate indifference

standard, an inmate also must present evidence that,

subjectively, the charged prison official acted with "a

sufficiently culpable state of mind."  Hathaway, 37 F.3d at 66.

"[A] prison official does not act in a deliberately indifferent

5

manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).

The defendant contends that the plaintiff has failed to allege that it was deliberately indifferent to his serious medical condition. The plaintiff argues that the defendants "are liable for his medical condition (Negligence) based on the fact that the defendant[] sent the wrong medication to the plaintiff. . . ." Pl.'s Mem. Opp'n Mot. Dismiss at 2.

In his complaint, the plaintiff alleges that Secure Pharmacy sent him the wrong medication by mistake. He alleges <u>that Secure Pharmacy was negligent</u> in sending him the wrong medication and that it <u>is guilty of malpractice</u>. The plaintiff alleges no facts to suggest that Secure Pharmacy acted with a "sufficiently culpable state of mind" <u>when it mistakenly sent the wrong medication to the prison</u>. <u>Hathaway</u>, 37 F.3d at 66. Thus, the court concludes that the plaintiff has not alleged facts demonstrating that the defendant was deliberately indifferent to his serious medical need. The plaintiff has failed to state a claim under the Eighth Amendment. Accordingly, the motion to dismiss is granted as to the plaintiff's Eight Amendment claim.

6

## Conclusion

The defendants' Motion to Dismiss [**doc. # 9**] is **GRANTED**.

The plaintiff's Eighth Amendment claims brought pursuant to 42

U.S.C. § 1983 are **DISMISSED**.  The court notes, however, that the

plaintiff's complaint may also be liberally construed as raising

a state law claims for negligence and malpractice.  Because it is

apparent that diversity of citizenship exists between the parties

and the relief requested exceeds the amount in controversy

requirement, the complaint will proceed on the plaintiff's state

law claims pursuant to the court's diversity jurisdiction.  See

28 U.S.C. § 1332(a)(1).

   **SO ORDERED** in Bridgeport, Connecticut, this _20 ɣɥ_ day of

_June_, 2003.


Stefan R. Underhill
United States District Judge

7

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV 13 A 10: 14

US DI------ ---
     DRI--- ---

NOEL DAVILA

v.

SECURE PHARMACY PLUS

PRISONER
Case No. 3:02CV652(MRK)(WIG)

## RULING ON PENDING MOTIONS

Pending before the court are motions for leave to depose the plaintiff and for sanctions filed by the defendant and motions for appointment of counsel, to preserve evidence, to allow jurors to ask questions, for permission to give an opening statement, for recording of argument and to limit impeachment of plaintiff's prior convictions filed by the plaintiff. The court addresses the defendant's motions first.

I.    Motion to Depose [doc. # 36]

The defendant seeks to depose the plaintiff on November 14, 2003. The plaintiff opposes the motion for leave to take his deposition. He claims that he seeks to proceed to trial. The plaintiff has set forth no valid reasons for precluding the defendant from taking his deposition. Accordingly, pursuant to Rule 30(a)(2), Fed. R. Civ. P., the court grants the defendant's motion for leave to depose the plaintiff.

II.  <u>Motion for Sanctions [doc. # 38]</u>

Counsel for the defendant seeks sanctions against the
plaintiff for failing to mail him copies of certain discovery
requests and motions on the dates set forth in plaintiff's
certifications attached to the requests and motions and for
failing to ever mail him copies of certain other motions.
Counsel contends that he is entitled to sanctions pursuant to
Rule 26(g)(3) of the Federal Rules of Civil Procedure.

Rule 26(g)is entitled "Signing of Disclosures, Discovery
Requests, Responses, and Objections."  Rule 26(g) provides:

> (1) Every disclosure made pursuant to
> subdivision (a)(1) or subdivision (a)(3)
> shall be signed by at least one attorney of
> record in the attorney's individual name,
> whose address shall be stated.  An
> unrepresented party shall sign the disclosure
> and state the party's address.  The signature
> of the attorney or party constitutes a
> certification that to the best of the
> signer's knowledge, information, and belief,
> formed after a reasonable inquiry, the
> disclosure is complete and correct as of the
> time it is made.
> (2) Every discovery request, response, or
> objection made by a party represented by an
> attorney shall be signed by at least one
> attorney of record in the attorney's
> individual name, whose address shall be
> stated.  An unrepresented party shall sign
> the request, response, or objection and state
> the party's address.  The signature of the
> attorney or party constitutes a certification
> that to the best of the signer's knowledge,
> information, and belief, formed after a
> reasonable inquiry, the request, response, or
> objection is:

2

(A) consistent with these rules and
warranted by existing law or a good faith
argument for the extension, modification,
or reversal of existing law;
(B) not interposed for any improper
purpose, such as to harass or to cause
unnecessary delay or needless increase in
the cost of litigation; and
(C) not unreasonable or unduly burdensome
or expensive, given the needs of the case,
the discovery already had in the case, the
amount in controversy, and the importance
of the issues at stake in the litigation.
If a request, response, or objection is not
signed, it shall be stricken unless it is
signed promptly after the omission is called
to the attention of the party making the
request, response, or objection, and a party
shall not be obligated to take any action
with respect to it until it is signed.
(3) If without substantial justification a
certification is made in violation of the
rule, the court, upon motion or upon its own
initiative, shall impose upon the person
who made the certification, the party on
whose behalf the disclosure, request,
response, or objection is made, or both, an
appropriate sanction, which may include an
order to pay the amount of the reasonable
expenses incurred because of the violation,
including a reasonable attorney's fee.

Rule 26(g), Fed. R. Civ. P.

The court cannot discern how Rule 26(g) applies to the

plaintiff's alleged failure to mail copies of motions and

discovery requests on the dates he claims to have mailed them in

his certifications attached to the motions and requests. Rule

26(g) governs certifications by a party that every disclosure

made pursuant to Rule 26(a)(1) or (3), Fed. R. Civ. P. is

3

complete and correct at the time it is made.  Rule 26(a)(1)
governs initial disclosures of discoverable information and Rule
26(a)(3) governs information concerning evidence that might be
presented at trial.  A plaintiff's certification that he has
mailed a copy of a motion or discovery request on the defendant
is not governed by Rule 26(g).  Accordingly, the defendant's
motion for sanctions pursuant to Rule 26(g)(3), Fed. R. Civ. P.
is denied.

The court notes that Rule 5, Fed. R. Civ. P. and Rule 5(b),
D. Conn. L. Civ. P. govern certificates of service for motions
and discovery requests.  In the present case, the plaintiff is
currently incarcerated.  As such, he has little control over when
his mail actually leaves the prison facility.  Thus, it is
possible that the plaintiff did hand discovery requests to prison
officials on a certain date, but the requests did not get mailed
out until several weeks after that date.  All of the motions
referenced by counsel as having been filed by the plaintiff, but
not received by counsel in a timely manner or at all, include
certificates of service that the plaintiff mailed the motions on
a certain date to counsel for the defendant.  It is not apparent
to the court why counsel is not receiving plaintiff's motions.
Counsel claims that he had to incur costs in ordering copies of
the motions from the Clerk's Office.  Counsel does not indicate

4

that he attempted to call or write to the plaintiff seeking copies of the motions that he had not received or make any attempt to resolve the issue with the plaintiff. Accordingly, the court considers the defendant's motion for sanctions premature.

The court notifies the plaintiff that pursuant to Rule 5, Fed. R. Civ. P. and Rule 5(b), D. Conn. L. Civ. P., he must serve every motion, memorandum or other paper that he files in this case as well as discovery requests that he need not file with the court, on counsel for the defendant. He must also attach a certificate of service to the motion, memorandum or other paper indicating that he did mail a copy of the document to counsel for the defendant. The plaintiff need only file the original signed motion, memoranda or other paper with the court. The plaintiff need not file extra copies with the original. The court also encourages counsel for the defendant to contact the plaintiff if he learns that he did not receive a copy of a motion or other paper filed with the court.

## III. Motion for Appointment of Counsel [doc. # 44]

The plaintiff renews his request for the appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is

5

unable to obtain counsel.  See Hodge v. Police Officers, 802 F.2d

58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

In a prior ruling, the court concluded that the plaintiff

had made sufficient attempts to obtain the assistance of counsel

with respect to this case.  The court noted however, that the

plaintiff had not indicated that he had made any attempts to

contact the Inmates' Legal Assistance Program with respect to any

questions he might have concerning the litigation of this case.

Thus, the court denied the motion without prejudice.  The court

informed the plaintiff that if he intended to renew his motion,

it must be accompanied by a summary of the plaintiff's attempts

to obtain legal assistance from the Inmates' Legal Assistance

Program

In his declaration in support of the present motion, the

plaintiff states that an attorney from Inmates' Legal Assistance

has refused to represent him and that it sometimes takes five

months for the attorneys and paralegals to answer an inmate's

request for assistance.  It is not clear whether the plaintiff

actually made a request for assistance or whether he made a

request and the Program was not able to respond to him for five

months.  The court concludes that the plaintiff has not

demonstrated that assistance from the Inmates' Legal Assistance

Program is unavailable.  Accordingly, the plaintiff's renewed

6

Motion for Appointment of Counsel is denied without prejudice.

IV.  <u>Motion to Preserve Evidence [doc. # 45]
     Motion to Allow Jurors to Take Notes [doc. # 46]
     Motion for Permission to Give Opening Statement [doc. # 47]
     Motion for Recording [doc. #48]
     Motion to Limit Impeachment [doc. # 50]</u>

The plaintiff has filed a motion to preserve evidence pursuant to the Connecticut and Federal Constitutions asking the Clerk to preserve documents, tapes, transcriptions of witnesses "reporting this incident," notes, records, reports, statements and photographs pertaining to this case. (<u>See</u> Mot. Preserve Evidence at 1.)  The plaintiff does not specifically identify any of these items or who might be in possession of these items.  In addition, the plaintiff does not indicate that he had made any attempt to ask the defendant to preserve any items that might be in its possession.  Accordingly, the plaintiff's motion is denied.

The plaintiff's motions to allow jurors to take notes, to allow him to give an opening statement, for recording of argument of counsel and to limit impeachment testimony of plaintiff are all premature.  This case has not been scheduled for trial. Thus, the motions are denied without prejudice to renewal if this case is later scheduled for trial.

Conclusion

The defendant's Motion to Depose Plaintiff [doc. # 36] is

7

GRANTED.  The defendant's Motion for Sanctions [doc. # 38] is
DENIED.  The plaintiff's Motion for Appointment of Counsel [doc.
# 44] is DENIED without prejudice.  Any renewal of a motion for
appointment of counsel shall be accompanied by a summary of the
plaintiff's attempts to obtain legal assistance from the Inmates'
Legal Assistance Program.  The summary of attempts to obtain
legal assistance should include the reasons why assistance was
unavailable.  The plaintiff's Motion to Preserve Evidence [doc. #
45] is DENIED.  The plaintiff's Motions to Allow Jurors to Take
Notes [doc. # 46], for Permission to Give Opening Statement [doc.
# 47], for Recording [doc. #48] and to Limit Impeachment [doc. #
50] are DENIED without prejudice as premature.

    SO ORDERED.

    Dated at Bridgeport, Connecticut, this _12_ day of
_Nov._, 2003.


                        _____
                              William I. Garfinkel
                        United States Magistrate Judge

8

52

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV 13 A 10: 14

US DISTRICT COURT
BRIDGEPORT CONN

NOEL DAVILA

V.

PRISONER
CASE NO. 3:02V652 (SRU) (WIG)

SECURE PHARMACY PLUS

## RULING ON PENDING MOTIONS

Pending before the court is the plaintiff's motion for
extension of time and motions for default and defendant's motion
for extension of time and objection to amended complaint.  For
the reasons set forth below, both motions for extension of time
are granted, both motions for default are denied and the
objection is overruled.

I.    Motions for Extension of Time [docs. ## 37, 42]
      Objection to Amended Complaint [doc. # 26]

The defendant seeks an extension of the deadline for
completing discovery in order to depose the plaintiff on November
14, 2003.  The defendant's motion is granted.  The plaintiff
seeks an extension of time until December 25, 2003, to complete
discovery.  The plaintiff's motion is granted.

On June 25, 2003, the plaintiff filed an amended complaint
in this action [doc. # 21].  The defendant has filed an objection

to the amended complaint.[1]  The defendant contends that despite
the fact that the court dismissed the plaintiff's Eighth
Amendment claims against it on June 23, 2003, the plaintiff's
amended complaint reasserts those same claims.  Pursuant to Rule
15(a) of the Federal Rules of Civil Procedure, a party may file
an amended complaint once as of right before a responsive
pleading is served.  Here, the defendant has not filed a pleading
in response to the complaint.  Thus, the plaintiff may amend as
of right.  The defendant's objection is overruled.  The defendant
may raise in a motion to dismiss any arguments concerning claims
that were previously dismissed by the court.

     In view of the filing of the amended complaint, the
defendant's representation that it did not receive a copy of the
amended complaint from the plaintiff and the parties requests for
extensions of time to complete discovery, the court will enter a
new scheduling order.  Pursuant to Rule 16(c) of the Federal
Rules of Civil Procedure, it is hereby ORDERED:

> 1.   The defendant shall file any motions to dismiss for
>      failure to state a claim under Fed. R. Civ. P.
>      12(b)(6), or motions to dismiss as frivolous under
>      Title 28 U.S.C. § 1915(e) or answer or other reply to
>      the amended complaint within thirty days of the date of
>      this order.  **Failure to respond to the amended
>      complaint in a timely manner will result in the entry
>      of default for failure to plead.**

> 2.   Discovery pursuant to the Federal Rules of Civil

---

     [1]  Counsel for the defendant references a motion to amend in
his objection.  The docket sheet, however, reflects that the
plaintiff filed an amended complaint and not a motion to amend.

Procedure, Rules 26 through 37, shall be completed within four months (120 days) of the date of this order.  Discovery requests need not be filed with the court.

3.    All motions for summary judgment shall be filed within five months (150) days of the date of this order.

4.    Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

II.    Motions for Default Judgment [docs. ## 30, 32]

The plaintiff seeks a default judgment against the defendant for failure to plead to the amended complaint.  Because an order of default has not entered against the defendant, the court construes the motions as motions for default.  In response to the motions, the defendant claims that he never received a copy of the amended complaint from the plaintiff.  In view of the new scheduling order, the motions for default are denied without prejudice.  If the defendant fails to plead to the amended complaint within the time specified above, the plaintiff may renew his motion for default.

### Conclusion

The Motions for Extension of Time [docs. ## 37, 42] to complete discovery are GRANTED.  The defendant's Objection [doc. # 26] to the plaintiff's amended complaint is OVERRULED.  The Motions for Default Judgment [docs. ## 30, 32] are DENIED without prejudice.

3

SO ORDERED.

Dated at Bridgeport, Connecticut, this 12 day of

Nov. , 2003.


William I. Garfinkel
United States Magistrate Judge

4