EXHIBIT 2 - working motion FOR APPOINTMENT OF COUNSEL AND LETTERS TO THE JUDGES.

6.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NOEL DAVILA

V.

SECURE PHARMACY PLUS

PRISONER
CASE NO. 3:02CV652 (SRU)

## RULING ON MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff is seeking an appointment of pro bono counsel in this action. For the reasons set forth below, plaintiff's motion is denied.

The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In this instance, the plaintiff does not indicate even one attempt made in finding counsel on his own. The possibility that the plaintiff may be able to secure counsel independently precludes appointment of counsel by the court at this time. Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to obtain counsel and the reasons why assistance was unavailable. Accordingly, plaintiff's Motion for Appointment of Counsel [doc. #4] is DENIED without prejudice.

SO ORDERED this 13 day of August, 2002, at Bridgeport, Connecticut.

Holly B. Fitzsimmons
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CIV NO: 302CV652(M.RK)(WIG).

NOEL DAVILA
, PLAINTIFF

DATED: DECEMBER 15, 2003.

- AGAINST -

SECURE PHARMACY PLUS, AMERICAN
SERVICE GROUP INC., AND AGENTS
, DEFENDANTS

TO: HONORABLE: JUSTICE M.R WILLIAM I. GARFINKEL,
HONORABLE: JUSTICE MARK. R. KRAVITZ

DEAR HONORABLE JUSTICES:

ON A RULING DATED AT BRIDGEPORT CONNECTICUT THIS 12th DAY OF NOVEMBER 2003, HONORABLE JUSTICE M.R. WILLIAM I. GARFINKEL IN A PRIOR RULING THE HONORABLE COURT CONCLUDES THAT THE PLAINTIFF HAD MADE SUFFICIENT ATTEMPTS TO OBTAIN THE ASSISTANCE OF COUNSEL WITH RESPECT TO THIS CASE. THE COURT NOTED HOWEVER, THAT THE PLAINTIFF HAD NOT INDICATED THAT HE HAD MADE ANY ATTEMPT TO CONTACT THE INMATES' LEGAL ASSISTANCE PROGRAM, WITH RESPECT TO ANY QUESTIONS HE MIGHT HAVE CONCERNING THE LITIGATION OF THIS CASE. THUS

THE COURT DENIED THE MOTION WITHOUT PREJUDICE.

THE COURTS INFORMED THE PLAINTIFF THAT IF HE INTENDED TO RENEW HIS MOTION, IT MUST BE ACCOMPAINED BY A SUMMARY OF THE PLAINTIFF'S ATTEMPTS TO OBTAIN LEGAL ASSISTANCE FROM THE INMATES' LEGAL ASSISTANCE PROGRAM.

THE PLAINTIFF MOVES YOUR HONORABLE COURT TO RENEW PLAINTIFFS' MOTION FOR AN APPOINTMENT OF COUNSEL, PLAINTIFF HAD COMPLY WITH THE COURTS RULING, PLEASE FIND ENCLOSED 5 LETTERS FROM INMATES' LEGAL ASSISTANCE PROGRAM THAT THE COURT HAS REQUIRE THAT THE PLAINTIFF HAD MADE ALSO SUFFICIENT ATTEMPTS TO OBTAIN ASSISTANCE FROM INMATES' LEGAL ASSISTANCE PROGRAM.

IN THIS INSTANCE CASE THE PROGRAM PROMISE TO HELP INMATES BUT INSTEAD THEY NEGLECT INMATES, REQUEST FOR HELP IN IGNORING THEM MIS-GUIDING INMATES LITIGATION AND TAKE TO LONG TO HELP THEM ON COURTS RULING AND COURTS MOTIONS.

ON SEPTEMBER 9, 2003 (SEE ATTACHED) I HAVE SEND THEM COPIES OF ALL MY LEGAL MATERIALS, NOW IS DECEMBER AND I HAVE NOT RECEIVE ANY ASSISTANCE AT ALL ON ANYTHING, INSTEAD THE PROGRAM GAVE PLAINTIFF A NUMBER OF DIFFERENT OPINIONS, WICH CONFUSE THE INMATES IN THEIR LITIGATION. (SEE ATTACHED LETTERS). PLEASE FIND ENCLOSED PLAINTIFF

-3-

RENWED MOTION FOR AN APPOINTMENT OF COUNSEL WITH 5 LETTERS SEEKING ASSISTANCE FROM THE PROGRAM. PLEASE SEE ATACHED LETTERS.

Sincerely yours,

*Noel Davila*

NOEL DAVILA -PRO-SE
P.O. BOX 5500
NEWTOWN CT- 06470.

July 7, 2003

Noel Davila (#212726)
Garner C.I.
P.O. Box 5500
Newtown CT. 06470

To: Honorable Judge William I Garfinkel
United States Magistrate Judge
915. Lafayette B.L.V.D.
Bridgeport, CT. 06604.

Re: Davila v. Secure Pharmacy Plus Civil # 3:02 CV 652 (SRU)(WIG)

Dear Honorable Judge, Mr Garfinkel:

(Plaintiff, Noel Davila served to defendant's and file a motion request for production of documents <u>pursuant to Rule 34, Fed R. Civ. P.</u> The plaintiff's requests that the defendant produce the documents listed herein the motion within <u>30 days</u>, either by providing, the plaintiff with copies or by making them available to the plaintiff for inspection and copying.

Plaintiff Noel Davila serve to defendant's a motion to amended complaint in opposition to motion of dismiss, <u>pursuant to Rule 15(a) Fed R. Civ. P.</u>

I haven't recieve any response from defendants.

C.C. File

(Respectfully Submitted, Noel Davila - Pro-Se

-1-

NOEL DAVILA #212726
Garner Corr. Inst.
P.O. Box 5500
New Town CT. 06470.

NOEL DAVILA
V.
SECURE PHARMACY PLUS
CASE # 3:02 CV 652 (SRU)(WIG)

To: Honorable Judge William I. Garfinkel
United States Magistrate Judge.
915 Lafayette B.L.V.D.
Bridgeport, CT. 06604.

DATE: July 7, 2003.

RE: Davila V. Secure Pharmacy Plus (No: 3:02 CV 652)(SRU)(WIG).

Dear Honorable Judge, Mr. Garfinkel:

I have receive your ruling on pending motions dated on June 27 A 10:49, 2003, on July 7, 2003.
    Plaintiff has made sufficient effort to notify Defendant's Secure Parmacy Plus attorney at law Mr. Thomas H. Winslow, LLC. Regarding change of address at all times, also Plaintiff Noel Davila has comply with the requirements from Defendant's attorney.
    I have answers to Defendant's interrogatories and request for production, also a Dept. of Correction authorization for release of information. (Please se attach letter from Mr. Winslow).
    Attorney Mr. Winslow has not comply or provide your Honorable Court with the proper paper work that I have answer him to all, this very important and serious matter.
    Honorable Judge Mr. Garfinkel I have comply with all require-

-2-

ments regarding motion for appointment of counsel that was denied without prejudice.

I have made sufficient attempts to obtain the assistance of counsel with respect to this case.

I have made attempts to obtain legal assistance from the Inmates Legal Assistance, which Attorney at Law Ms. Jessica J. York has stated that ask the court for an attorney. (Please see attach letter from my effort).

Your Honor, I would apreciate if you please take under consideration your ruling on the motion to appointment of counsel. Attorney Jessica J. York has stated that may not be able to represent the plaintiff in this action, also the Inmates Legal Assistance Program take's to long to comply with your case.

In denied my appointment of counsel on proof an believe of all my efforts to obtain counsel for the 3rd time it's been prejudice and discrimination tours Noel Davila pertaining this case.

I have suffer a number of serious side effects from there defendants wrong-doing and justice has been serve.

Respectfully Submitted,

Dated: July 7, 2003.

Noel Davila — Pro-Se
Noel Davila
P.O. Box 5500
Newtown, CT. 06470.

C.C. File

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 JUN 27 A 10: 49

US DISTRICT COURT
BRIDGEPORT CT

NOEL DAVILA

V.

SECURE PHARMACY PLUS

PRISONER
CASE NO. 3:02V652 (SRU) (WIG)

### RULING ON PENDING MOTIONS

Pending before the court is the plaintiff's motion for appointment of counsel and defendant's motion to compel. For the reasons set forth below, both motions are denied.

I.  Motion for Appointment of Counsel [doc. # 15]

The plaintiff seeks the appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff has made sufficient attempts to obtain the assistance of counsel with respect to this case. He does not indicate that he has made any attempts to contact the Inmates' Legal Assistance Program with respect to any questions he might have concerning the litigation of this case. Although Inmates' Legal Assistance may not be able to represent the plaintiff in this action, the program may

be able to assist the plaintiff in answering questions concerning discovery issues, researching legal issues and drafting motions and memoranda. Accordingly, the motion for appointment of counsel is denied without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable.

II. <u>Motion to Compel [doc. # 18]</u>

The defendant seeks to compel the plaintiff to respond to its January 15, 2003 Interrogatories and Request for Production. Counsel for the defendant states that on March 18, 2003, he wrote to the plaintiff asking the plaintiff to respond to the January 2003 discovery requests. Counsel states that the plaintiff never responded to his letter.

The court notes that the court file reflects that on March 10, 2003, the Department of Correction for the State of Connecticut informed the court that the plaintiff was consigned to another jurisdiction on February 20, 2003. The court also received a letter from the plaintiff on March 10, 2003, indicating that his new address was Noel Davila, #14850-014, MCC NY, 150 Park Row, New York, NY 10007. Counsel sent his March 18, 2003, letter concerning his discovery requests to the plaintiff at Cheshire Correctional Institution. It is apparent that

counsel was not aware that the plaintiff was not confined in Connecticut at that time. In April 2003, the plaintiff again contacted the court with a change of address. The plaintiff is presently incarcerated at Garner Correctional Institution, P.O. Box 5500, Newtown, Connecticut 06470. His inmate number is 212726. Under these facts, the court concludes that the defendant's motion to compel is premature. The motion is denied without prejudice to renewal after counsel for the defendants attempts to resolve the discovery dispute by contacting the plaintiff at his present place of confinement.

The court also cautions the plaintiff that he must inform counsel for the defendant when he changes his address. The court previously notified the plaintiff of this requirement on August 12, 2002.

## Conclusion

The plaintiff's Motion for Appointment of Counsel [doc. # 15] is DENIED without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable. The defendant's Motion to Compel [doc. # 18] is DENIED without prejudice to renewal after counsel for the defendants attempts to resolve the discovery dispute by

contacting the plaintiff at his present place of confinement.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 27th day of June, 2003.

                                      _____
                                      William I. Garfinkel
                                    United States Magistrate Judge