UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

    Plaintiff,

V.

SECURE PHARMACY PLUS

    Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(MRK)(WIG)

AUGUST 24, 2004

## DEFENDANT SECURE PHARMACY PLUS ANSWER AND AFFIRMATIVE DEFENSES

This answer and affirmative defenses is filed in light of the Honorable Stefan Underhill June 20, 2003 Ruling on Motion to Dismiss and the Honorable Mark R. Kravitz August 4, 2004 Ruling on Pending Motions especially Section IV entitled Motion to Dismiss Amended Complaint (doc. #58) and Judge Kravitz's order that defendant's answer must be filed by August 24, 2004. The defendant answers the Amended Complaint signed on June 1, 2003 and filed on June 25, 2003 solely as to the allegations of negligence or malpractice and does not respond to the other allegations as they were dismissed by Judge Underhill on June 20, 2003 and Judge Kravitz on August 4, 2004.

INITIAL PARAGRAPH

Plaintiff's initial paragraph now alleges claims for negligence and professional malpractice that stem from distribution of an incorrect medication.

I. PRELIMINARY STATEMENT

1. Defendant admits plaintiff's preliminary statement paragraph 1 that now alleges this is an action being brought by a prisoner in the State of Connecticut.

2. Defendant admits plaintiff's preliminary statement he consumed medications and denies the allegations of wrongful doing or the wrong medication.

## II. JURISDICTION

Defendant admits plaintiff's jurisdiction paragraph at Section II that alleges this is a civil action and the court may have diversity jurisdiction.

## III. STATEMENT OF FACTS

Defendant admits the first sentence of paragraph 1 entitled Plaintiff that alleges he is and was at all times mentioned herein a prisoner of the State of Connecticut. Defendant denies that plaintiff is now in the custody of the Cheshire Department of Corrections or is currently confined in Garner Correctional Institution

Defendant Secure Pharmacy Plus admits in paragraph 2 that it is a corporation and denies that its name includes the word Company or that it exists by virtue of the laws of the state of Hanover, Maryland. As to the remaining allegations in paragraph 2, defendant admits that it provided filled orders for prescriptions to Cheshire Correctional Institute.

## IV. FACTS

Defendant admits in paragraph 3 that defendant Secure Pharmacy Plus has been sued in the amended complaint but denies that defendant has been sued in its individual or official capacities.

Defendant denies paragraph 4 and leaves the plaintiff to his proof.

Defendant denies paragraph 5 and leaves the plaintiff to his proof.

Defendant admits the first sentence of paragraph 6 alleging that "[t]he plaintiff was summoned to see register nurse Jim on December 26, 2001 who thereby inquired as to how the plaintiff was feeling". The portion of the second sentence of paragraph 6 that alleges "[p]laintiff described his condition of feeling as not good" is denied. As to that portion of paragraph of paragraph 6 that alleges "[a]t wich (sic) point and (sic) time Nurse Jim related that Secure Pharmacy Plus had sent the wrong prescriptive (sic) medication for the plaintiff", the defendant has insufficient knowledge and leaves the plaintiff to his proof. As to the last sentence of paragraph 6, the defendant has insufficient knowledge and leaves the plaintiff to his proof.

Defendant denies paragraph 7 as to the plaintiff's consumption of 32 doses. As to that portion of paragraph 7 that alleges "thereby plaintiff blood was checked and he was sent back to his housing unit", the defendant has insufficient knowledge and leaves the plaintiff to his proof.

As to paragraph 8, the defendant has insufficient knowledge and leaves the plaintiff to his proof.

As to paragraph 9, the defendant has insufficient knowledge and leaves the plaintiff to his proof.

As to paragraph 10, the defendant has insufficient knowledge and leaves the plaintiff to his proof.

As to paragraph 13, the defendant denies providing plaintiff with a medication that he was allergic to and that it was negligent.

As to paragraph 14, the defendant denies the tort of professional malpractice and leaves the plaintiff to his proof.

FIRST AFFIRMATIVE DEFENSE

Said occurrence was the direct and proximate result of the negligence, carelessness and heedlessness of the plaintiff, Noel Davila.

SECOND AFFIRMATIVE DEFENSE

Said occurrence was the direct and proximate result of the negligence, carelessness and heedlessness of the nurses and physicians at the Cheshire Correctional Facility.

THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate his damages by consuming an allegedly misfilled prescription after December 26, 2001 despite learning of a claimed medication error on December 26, 2001 from Nurse Jim.

FOURTH AFFIRMATIVE DEFENSE

The plaintiff's actions of continuing to consume an allegedly misfilled prescription after December 26, 2001 despite learning of a claimed medication error on December 26, 2001 from Nurse Jim are a superseding or intervening cause of his injuries and damages.

DEFENDANT

SECURE PHARMACY PLUS

BY: _____

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
    Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this - 24t[h] day of August, 2004 to:

Mr. Noel Davila (#212726)
MacDougall Correctional Institute
1153 East Street South
Suffield, CT 06080

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

_____
Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427