UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NOEL DAVILA

Plaintiff,

V.

SECURE PHARMACY PLUS

Defendant.

PRISONER
CIVIL ACTION CASE NO.
3:02CV652(MRK)

AUGUST 27, 2004

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

On August 10, 2004, the plaintiff, Noel Davila, filed a motion for partial summary judgment. The motion was accompanied by a memorandum, affidavit, and local rule 9(c)(1) statement. Defendant Secure Pharmacy Plus opposes that motion because plaintiff has not complied with the Federal Rule of Civil Procedure 56 and Local Civil Rule 9(c)1 and 3, the standard used to rule on a motion for summary judgment is the lack of any genuine issue to any material fact, plaintiff has not produced admissible evidence establishing there is no genuine issue of material fact on the claimed negligence or professional malpractice, and there is evidence of plaintiff's contributory negligence, failure to mitigate his damages, and superseding or intervening cause.

STATEMENT OF FACTS:

Plaintiff's only remaining causes of action in the Amended Complaint signed on June 1, 2004 and time-stamped June 25, 2003 against Secure Pharmacy Plus are for negligence and professional malpractice. All other claims have been dismissed by Judge Underhill or Judge Kravitz.

Plaintiff's motion argues that plaintiff is entitled to partial summary judgment because there is no genuine issue of material fact on the claimed negligence and pharmacist malpractice. The alleged factual support consists of undisputed facts, descriptions of the case, facts from Judge Underhill's decision, asserted statements of facts, and the exhibits.

## II. ARGUMENTS OF LAW

### A. PLAINTIFF HAS NOT FULLY COMPLIED WITH FEDERAL RULE OF CIVIL PROCEDURE 56 AND LOCAL CIVIL RULE 9(C)(1) AND (3).

Section c of Fed. R. Civ. P. 56 requires plaintiff to support a motion for summary judgment with pleadings, depositions, answers to interrogatories, filed admissions, and affidavits, that show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The content of the affidavit and other responsive materials to be admissible must comply with the requirements of section e of Fed. R. Civ. P. 56. Rule 56(e) indicates that the supporting evidence for a summary judgment must comply with this rule. None of the plaintiff's supporting evidence complies with Rule 56. The plaintiff's claimed supporting evidence is an affidavit that does not contain any personal knowledge of Noel Davila, or if there is any personal knowledge of Noel Davila (which defendant expressly denies) that sets forth a genuine issue of material fact all that claimed personal knowledge is really hearsay or does not qualify as admissible evidence in a motion for summary judgment. Furthermore, the exhibits consist of January 22, 2002, February 28, 2002, October 7, 2002, January 8 2003, September 9, 2003 and January 12, 2004 (first page only) letters from the Law Offices of Sydney T. Schulman, Inmates' Legal Assistance Program, various copies of Noel Davila's Connecticut Department of Correction Physician's Orders, various Connecticut Department of Correction Inmate Request Forms completed by Noel Davila, a December 13, 2001 Connecticut Department of Correction

Health Consultation for Noel Davila, various Clinical Records from the Connecticut Department of Correction for Noel Davila, four pages of Noel Davila medication charts, a December 24, 2001 Inmate Grievance Form A, Level 1, a December 27, 2001 Connecticut Department of Correction Request for Mental Health Services, a December 30, 2001 Connecticut Department of Correction Consent for Treatment with Psychoactive Medication, a civil docket sheet and numerous court rulings/decisions. None of the plaintiff's claimed exhibits are admissible evidence or the type required in Rule 56 and for this reason the motion for partial summary judgment should be denied.

Similarly, Local Civil Rule 9(c)(1) requires that a "Local Rule 9(c)(1) Statement" be annexed to a motion for summary judgment. The "Local Rule 9(c)(1) Statement" shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. While a "Local Rule 9(c)(1) Statement" was attached to plaintiff's motion for summary judgment, it does not comply with the rule requirements as there are no separately numbered paragraphs that set forth a concise statement of each material fact to which the plaintiff contends there is no genuine issue to be tried. Furthermore, each movant's statement of material fact in a Local Rule 9(c) Statement must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. L. Civ. R. 9(c)(3). The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 9(c) Statement in conformity with Fed. R. Civ. P. 56(e). L. Civ. R. 9(c)(3). None of the plaintiff's claimed exhibits are admissible evidence/affidavits or the type required in Local Civil Rule 9(c)1 or 3 and for this reason, the motion for partial summary judgment should be denied.

B. THE STANDARD FOR RULING ON A MOTION FOR SUMMARY JUDGMENT IS WHETHER THE ADMISSIBLE EVIDENCE ESTABLISHES THAT THERE IS NO GENERAL ISSUE OF MATERIAL FACT AND PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT AS A MATTER OF LAW.

The standard for granting or denying a motion for summary judgment is whether the moving party establishes, by admissible evidence, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56. The burden of proof rests with the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court must resolve "all ambiguities and draw all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2nd Cir. 1992), cert. denied, 506 U.S. 965 (1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2nd Cir. 1991), cert. denied, 502 U.S. 849 (1991).

C. THE ADMISSIBLE EVIDENCE ON THE NEGLIGENCE AND PHARMACIST MALPRACTICE CLAIMS DOES NOT ESTABLISH THAT THERE IS NO GENERAL ISSUE OF MATERIAL FACT AND THAT PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON LIABILITY AS A MATTER OF LAW.

Claimant asserts in his motion for partial summary judgment that Secure Pharmacy Plus was negligent and committed pharmacist malpractice. Plaintiff Davila has not filed any acceptable admissible evidence on the claimed professional malpractice or negligence. The only submitted evidence on the claimed negligence is the first page of the January 12, 2004 letter to Mr. Noel Davila from someone at the Law Offices of Sydney T. Schulman, Inmates' Legal Assistance Program, a December 26, 2001 Inmate Request Form, and a January 10, 2002 Clinical Record of Noel Davila. None of these documents are admissible evidence on the claimed negligence of Secure Pharmacy Plus. They all contain inadmissible hearsay. The January 12, 2002 letter from someone at the Law Offices of Sydney T. Schulman, Inmates' Legal Assistance Program, refers to records that show you received risperdal rather that the paxil which you had been prescribed.

The letter further states that your medical records included a notation that the pharmacy, Secure Pharmacy, Inc., had sent the risperdal mislabeled as paxil. This is inadmissible hearsay as it is a reference to other records/medical records. Similarly, the December 26, 2001 Inmate Request Form, the original of which has not been located to date, completed by plaintiff referring to a conversation with nurse or doctor Jim and a memo mentioned by Jim from an unidentified company is inadmissible hearsay. Finally, the January 10, 2002 Clinical Record sets forth a conversation with plaintiff that he was given a wrong medication is based on inadmissible hearsay and was not based on Davila's personal knowledge. As this evidence on the claimed negligence is insufficient as to Secure Pharmacy Plus, plaintiff's motion for partial summary judgment on the claimed professional malpractice and negligence must be denied.

Plaintiff's affidavit **does not** set forth how long he took the claimed improperly filled medication although he claims "5 or 6 weeks of suffering" in paragraph B of Section I at page 2. (see also the end of paragraph 4 on page 7 of his Local Rule 9(c) statement indicating "5 or 6 weeks" of side effects). Furthermore, in Section D at pages 5-6 of his Local Rule 9(c) statement, plaintiff claims, after mentioning the change from pink Paxil 20 mg to green Paxil 20 mg, that he "was given, or prescribed the medication of Paxil in Nov./Dec. 2001, January 2002". The court should note that plaintiff has not established by admissible evidence the time period that he claims he received the alleged improperly filled medication. Most importantly, the court should also note that plaintiff's period of consumption of the alleged improperly filled medication does not match his medication charts. This creates a genuine issue of material fact mandating denial of the motion for summary judgment.

Claimant's November 2001 medication chart does not even list "Paxil (paroxetine) 40 mg tab take one-half tablet(s) by mouth every morning )))))send half tabs" as consumed by plaintiff in the month of November. (Copy attached as Exhibit A). As such, there is a question of material

fact on whether plaintiff took the allegedly misfilled prescription in November of 2001 as claimed by plaintiff. Plaintiff's December of 2001 medication chart lists "Paxil (paroxetine) 40 mg tab take one-half (1/2) tablet(s) by mouth every morning )))))send half tabs" as consumed from December 1 through December 13, 2001. (Copy attached as Exhibit B). Thereafter, Paxil 20 mg po q am [by mouth every morning] was dispensed from December 14, 2001 to the end of December of 2001. This too creates a question of fact on the length of time plaintiff consumed the allegedly misfilled medication. This medication chart information depicts that there is a question of fact on the extent and length of the plaintiff's alleged consumption of the misfilled medication and requires that the motion for summary judgment be denied.

Lastly, plaintiff claims he was notified of the alleged medication error on December 26, 2001 by Nurse Jim. (Plaintiff's August 17, 2004 Deposition). Notwithstanding this knowledge, the plaintiff's January of 2002 medication chart indicates that he received "Paxil (paroxetine) 40 mg tab take one-half (1/2) tablet(s) by mouth every morning )))))send half tabs" from January 1, 2002 through January 10, 2002 (Copy attached as Exhibit C). Plaintiff possibly consumed the allegedly misfilled prescription after knowing there was an error. This creates a genuine issue of material fact preventing the grant of a partial motion for summary judgment on liability.

### D. PLAINTIFF'S CONTRIBUTORY NEGLIGENCE IS A FACTUAL QUESTION AND CREATES A GENUINE ISSUE OF MATERIAL FACT.

Defendant has filed an answer and affirmative defenses that asserts plaintiff's contributory negligence. The affirmative defense is based on the following testimony from plaintiff's August 17, 2004 deposition: claimant's daily use of Paxil 20 mg before November and December of 2001 in the summer and fall of 2001; Davila's knowledge that prior to the alleged consumption of risperdal in November and December of 2001 that Paxil 20 mg was pink with Paxil 20 mg imprinted on the tablet; Davila's knowledge that the risperdal he allegedly consumed was green

in color and different from the pink Paxil 20 mg; Davila's concerns in December of 2001 about the change of his Paxil 20 mg medication from pink to green and whether the 20 mg green tablet was proper; and December 26, 2001 information from Nurse Jim that he had allegedly received the wrong medication. The transcript of plaintiff's deposition testimony will be forwarded to the court once received by counsel. The plaintiff's deposition testimony establishes a factual question on plaintiff's contributory negligence that mandates denial of plaintiff's motion for partial summary judgment on liability.

E. PLAINTIFF'S FAILURE TO MITIGATE HIS DAMAGES IS A FACTUAL QUESTION AND CREATES A GENUINE ISSUE OF MATERIAL FACT.

Plaintiff testified at his deposition that he learned from Nurse Jim on December 26, 2001 that he had allegedly received the wrong medication. Plaintiff admitted at his deposition that it is possible that he continued to receive the alleged improperly dispensed medication until January 10, 2002 despite having knowledge it was dispensed in error. Plaintiff's continued consumption of the allegedly improperly dispensed medication after learning of the error on December 26, 2001 is a failure to mitigate his damages.

F. PLAINTIFF'S CONTINUED CONSUMPTION OF PAXIL 40 MG (1/2 TABS) AFTER DECEMBER 26, 2001 IS AN INTERVENING OR SUPERSEDING CAUSE OF NEGLIGENCE AND A FACTUAL QUESTION TO BE DECIDED BY THE JURY THAT CREATES A GENUINE ISSUE OF MATERIAL FACT.

Plaintiff testified at his deposition that he learned from Nurse Jim on December 26, 2001 that he had received the wrong medication. Plaintiff admitted at his deposition that it is possible that he continued to receive the alleged improperly dispensed medication until January 10, 2002 despite having knowledge it was dispensed in error. Plaintiff's continued consumption of the allegedly improperly dispensed medication after learning of the error on December 26, 2001 is an

intervening or superseding cause of negligence and raises a question of fact that prevents the imposition of summary judgment.

CONCLUSION

For all the above reasons, the defendant requests that the plaintiff's motion for partial summary judgment on liability be denied.

DEFENDANT

SECURE PHARMACY PLUS

BY ______________________

Thomas H. Winslow
Federal Bar No.: CT 00733
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class postage prepaid, this - 27th day of August, 2004 to:

Mr. Noel Davila (#212726)
MacDougall Correctional Institute
1153 East Street South
Suffield, CT 06078

The Honorable Mark R. Kravitz
United States Courthouse
141 Church Street
New Haven, CT 06510

______________________________

Thomas H. Winslow
Federal Bar No.: CT 00733ust
The Law Office of
Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032
Tel. No. 860-678-4425
Fax No. 860-678-4427

Facility Name (CCIC-155)CHESHIRE CI

Month/Year 11/01/2001

Exhibit A

| Medication | HOUR |
|---|---|
| BASIS SOAP (BAR EA.) BAR<br>USE AS DIRECTED DAILY<br>RX: 597670 ESPOSITO M.D., JOSEPH ,<br>Init. START DATE 10/05/2001 STOP DATE 01/03/2002 | S |
| THERAPEUTIC TAR SHAM. (TGEL-250 2.5% LOT<br>APPLY SPARINGLY TO AFFECTED AREAS DAILY<br>RX: 601284 MALEH, M.D., JACK ,<br>Init. START DATE 10/17/2001 STOP DATE 11/15/2001 | S |
| ACETAMINOPHEN W/COD #3 300/30MG TAB<br>TAKE 2 TABLET(S) BY MOUTH 3 TIMES DAILY ***SIGN OUT EACH DOSE ON CONTROL SHEET AND M.A.R.*<br>Init. START DATE STOP DATE | 8A<br>4P |
| RX: 601287 MALEH, M.D., JACK ,<br>Init. START DATE 10/17/2001 STOP DATE 11/15/2001 | 8P |
| PAXIL (PAROXETINE) 20MG TAB<br>TAKE 1 TABLET(S) BY MOUTH EVERY MORNING *MAY CAUSE DROWSINESS, AVOID ALCOHOL*<br>Init. START DATE 11/15/01 STOP DATE 12/15/01 | 8A |
| RX: 602517 BLANCHETTE M.D., EDWARD<br>Init. START DATE ~~10/20/2001~~ 11/15/01 STOP DATE ~~11/16/2001~~ 12/15/01 | |
| DIPHENHYDRAMINE (BENADRYL) 50MG CAP<br>TAKE 1 CAPSULE(S) BY MOUTH AT BEDTIME<br>RX: 602518 BLANCHETTE M.D., EDWARD<br>Init. START DATE ~~10/20/2001~~ 11/15/01 STOP DATE ~~11/16/2001~~ 12/15/01 | HS |
| Percocet 5/325 1 QID x 30d po<br>Awaiting approval<br>Init. START DATE STOP DATE<br>Sent 11/16/01 denied | 8<br>12<br>4<br>8 |
| Init. START DATE STOP DATE | |

Days 1–30 (handwritten nurse initials; illegible)

| ALLERGY | ASPIRIN |
|---|---|
| DIAGNOSIS | N-16 NB 22 |
| PATIENT NAME | DAVILLA, NOEL |
| ID | 212726 |
| WING | 1 |

NURSE'S SIGNATURE | INITIAL | NURSE'S SIGNATURE | INITIAL

DOCUMENTATION CODES =

DC - Discontinued Order | R - Refused | S - Self Administered
DO - Dose Omitted | C - Court | NS - No Show
- Medical Hold | LD - Lock Down | O - Other

PHARMACY SUGGESTIONS / RECOMMENDATIONS DO NOT SUPERCEDE PHYSICIAN ORDERS

ility Name (CCIC-155)CHESHIRE CI

Month/Year 12/01/2001

Exhibit B

| Medication | HOUR |
|---|---|
| SIS SOAP (BAR EA.) BAR<br>E AS DIRECTED DAILY<br>597670 ESPOSITO M.D., JOSEPH,<br>START DATE 10/05/2001 STOP DATE 01/03/2002 | S |
| XIL (PAROXETINE) 40MG TAB<br>KE ONE-HALF (1/2) TABLET(S) BY MOUTH EVERY MORNING >>>>>SEND HALF<br>BS<<<< #MAY CAUSE DROWSINESS,AVOID ALCOHOL#<br>START DATE STOP DATE | |
| 611273 MALEH, M.D., JACK,<br>START DATE 11/17/2001 STOP DATE 12/16/2001 | 3A |
| PHENHYDRAMINE (BENADRYL) 50MG CAP<br>KE 1 CAPSULE(S) BY MOUTH AT BEDTIME<br>611274 MALEH, M.D., JACK,<br>START DATE ~~11/17/2001~~ 12/13/01 STOP DATE ~~12/16/2001~~ 1/13/02 | HS |
| T-Gel shampoo @ od<br>START DATE 11/29/01 STOP DATE 1/28/02 | S |
| Basis soap one bar/month<br>START DATE 11/29/01 STOP DATE 1/28/02 | |
| ~~Tylenol # 3 ii po TID x 30 days~~<br>START DATE 12/10/01 STOP DATE 1/09/02 | 8A 4P 8P |
| Paxil 20mg po qAM x30dy<br>START DATE 12/13/01 STOP DATE 1/13/01 | 8A |
| Percocet 5/325 i po tid x 30d approved by URC<br>START DATE 12/17/01 STOP DATE 1/17/01 | 8A 4P 8P |

Tylenol #3: D/C 12/21/01 per Dr. Sarosi. Received 12/16

GY: ASPIRIN

OSIS

NT E: DAVILLA, NOEL | ID 212726 | WING 1

UMENTATION CODES =
Discontinued Order | R - Refused | S - Self Administered
Dose Omitted | C - Court | NS - No Show
edical Hold | LD - Lock Down | O - Other

| NURSE'S SIGNATURE | INITIAL | NURSE'S SIGNATURE | INITIAL |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| Kim Haven LPN | KH | [illegible] | [illegible] |
| [illegible] | [illegible] | Pat Byam CMN | PB |

PHARMACY SUGGESTIONS · RECOMMENDATIONS DO NOT SUPERCEDE PHYSICIAN ORDERS

ility Name (CCIC-155)CHESHIRE CI

Month/Year 01/01/2002

Exhibit C

STDT02

| Order | HOUR |
|---|---|
| ERAPEUTIC TAR SHAM. (TGEL-250 2.5% LOT<br>E AS DIRECTED EVERY OTHER DAY<br>614397 MALEH, M.D., JACK ,<br>START DATE 11/30/2001 STOP DATE 01/28/2002 | S |
| SIS SOAP (BAR EA.) BAR<br>E AS DIRECTED DAILY *1/PER MONTH*<br>614399 ESPOSITO M.D., JOSEPH ,<br>START DATE 11/29/2001 STOP DATE 01/28/2002 | S |
| ETAMINOPHEN W/COD #3 300/30MG TAB<br>E 2 TABLET(S) BY MOUTH 3 TIMES DAILY ***SIGN OUT EACH DOSE ON<br>NTROL SHEET AND M.A.R.*<br>START DATE STOP DATE<br>616999 MALEH, M.D., JACK ,<br>START DATE 12/11/2001 STOP DATE 01/09/2002 | 8A 4P 8P — D/C 12/21 |
| IL (PAROXETINE) 40MG TAB<br>E ONE HALF (1/2) TABLET(S) BY MOUTH EVERY MORNING >>>>>SEND HALF<br>S<<<< *MAY CAUSE DROWSINESS,AVOID ALCOHOL*<br>START DATE STOP DATE<br>617580 SHEA, MD, WILLIAM , MD<br>START DATE 12/15/2001 STOP DATE 01/13/2002 | 8A — R — D/C 1/10/02 |
| ENHYDRAMINE (BENADRYL) 50MG CAP<br>E 1 CAPSULE(S) BY MOUTH AT BEDTIME<br>617583 SHEA, MD, WILLIAM , MD<br>START DATE 12/15/2001 STOP DATE 01/13/2002 | HS |
| rcocet 5/325mg i PO TID x30d<br>START DATE 1-15-02 STOP DATE 2-15-02. | 8A 4P HS |
| merex 15 Mg P.O. q H.S. x2wks<br>START DATE 1/10/02 STOP DATE 1/24/02 | H.S |

RGY ASPIRIN

OSIS

N 416

ENT ME DAVILLA, NOEL | ID 212726 | WING 1

| NURSE'S SIGNATURE | INITIAL | NURSE'S SIGNATURE | INITIAL |
|---|---|---|---|
| [illegible] | KH | [illegible] | [illegible] |
| [illegible] | L | [illegible] | AS |
| [illegible] | Ct. | | |

UMENTATION CODES =

Discontinued Order — R - Refused — S - Self Administered

Dose Omitted — C - Court — NS - No Show

edical Hold — LD - Lock Down — O - Other

PHARMACY SUGGESTIONS / RECOMMENDATIONS DO NOT SUPERCEDE PHYSICIAN ORDERS