UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOEL DAVILA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:02CV652(MRK) |
| | : | |
| SECURE PHARMACY PLUS, | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION**

In this lawsuit, Plaintiff Noel Davila, proceeding *pro se*, sues Defendant Secure Pharmacy Plus ("Secure Pharmacy") alleging that he was injured when the pharmacy misfilled his prescription and dispensed the wrong medication to him.  Currently pending before the Court is Mr. Davila's Partial Motion for Summary Judgment [**doc. #106**].  For the reasons explained below, the Court DENIES Mr. Davila's motion.

**I.**

Based on what the Court has gleaned from the numerous and confusing pleadings in this case, there are many disputed facts.  However, at a minimum, the following facts appear to be undisputed.  Mr. Davila is currently incarcerated at MacDougal Correctional Institution in Suffield, Connecticut.  During part of 2001 and 2002, Mr. Davila was incarcerated at Cheshire Correctional Institution.  *See* Davila Dep., Ex. A attached to Def.'s Supplemental Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. [doc. #111], at 59.  Secure Pharmacy, a private contractor, is a prison health care corporation that has filled prescription orders for Cheshire Correctional Institution.  *See* Def.'s Answer and Aff. Defenses [doc. #107] at 2.  While at Cheshire, Mr.

Davila received a prescription for Paxil which was changed at some point in early 2002 to Remeron due to the unpleasant side effects Mr. Davila was experiencing. *See* Medical Records, Ex. B & C attached to Def.'s Supplemental Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. [doc. #111], at 1 (showing that Mr. Davila's was prescribed Paxil on 12/13/01 and Remeron on 1/10/02). Mr. Davila claims that his discomfort was due to the fact that Secure Pharmacy misfilled his Paxil prescription, sending him green pills rather than the pink Paxil pills to which he was accustomed. *See* Pl.'s Am. Compl. [doc. #21], at 2-4.

## II.

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.' " *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). Summary judgment is proper when reasonable minds could not differ as to the import of evidence. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). "Conclusory allegations will not suffice to create a genuine issue." *Delaware & H. R. Co. v. Conrail*, 902 F.2d 174, 178 (2d Cir. 1990).

The fact that a plaintiff is proceeding *pro se* does not relieve her of the obligation to allege sufficient facts upon which a legal claim could be based. *Kloth v. Citibank (South Dakota), N.A.*, 33 F. Supp. 2d 115, 119 (D. Conn. 1998). Bald assertions and conclusions of law will not suffice. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) (citations omitted). Determinations as to the weight to accord evidence or credibility assessments of witnesses are improper on a motion for summary judgment, as those determinations are within the sole province of the jury. *See Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).

### III.

In his summary judgment motion, Mr. Davila appears to ask for summary judgment on his claim that Secure Pharmacy violated his rights under the Eighth Amendment by dispensing the incorrect medication to him. *See* Pl.'s Mot. for Partial Summ. J. [doc. #106], at 27 ("For the foregoing reasons, the Court should grant partial summary judgment on liability to the plaintiff on his 8th Amendment Constitutional Right Claim."). However, the Court has previously dismissed this claim on the merits, finding that Mr. Davila "failed to state a claim under the Eighth Amendment." *See* Ruling on Mot. to Dismiss [doc. #20] at 6. The Court provided Mr. Davila an opportunity to amend his complaint, but ultimately determined after reviewing Mr. Davila's amended complaint, that Mr. Davila had "set forth no new facts" that would alter the Court's prior ruling. *See* Ruling on Pending Mot. [doc. #102] at 8. Therefore, to the extent that Mr. Davila's summary judgment motion relates to his Eighth Amendment claim, or any of the other claims already dismissed by the Court, the motion is denied. *See id.* at 8-10 (also dismissing Mr. Davila's claims for conspiracy under 42 U.S.C. §§ 1985(3) and 1986).

Although Mr. Davila's Motion for Partial Summary Judgment [doc. #106] explicitly refers to his dismissed Eighth Amendment claim, construing his pleadings liberally (as the Court must), it is possible to read Mr. Davila's filings as seeking summary judgment on his state law negligence and professional malpractice claims. *See* Pl.'s Reply Mot. to Def.'s Opp'n to Pl.'s Mot. for Summ. J. [doc. #106-3], at 6-7 (listing elements of negligence cause of action under heading "statement of the case."). To the extent that Mr. Davila moves for summary judgment on his remaining state law claims, the Court denies this request because numerous material factual issues exist at this stage.

The disputed issues relating to Mr. Davila's negligence and malpractice claims include, but are not limited to: (1) whether the Pharmacy sent Mr. Davila the incorrect medication labeled as "Paxil"; (2) whether the Pharmacy was negligent in sending Mr. Davila the incorrect medication; and (3) whether Mr. Davila was contributorily negligent in continuing to take the allegedly misfilled medication after learning that there may have been an error. The existence of these material issues of disputed fact precludes summary judgment. *See, e.g.*, *King v. Crossland Sav. Bank*, 111 F.3d 251, 259 (2d Cir. 1997) ("summary judgment is highly unusual in a negligence action where the assessment of reasonableness generally is a factual question to be addressed by the jury"); *INA Aviation Corp. v. United States*, 468 F. Supp. 695, 699 (E.D.N.Y.), *aff'd*, 610 F.2d 806 (2d Cir. 1979) ("[N]egligence questions are properly resolved at trial because, upon a motion for summary judgment, a court may not try issues of fact; it may only determine whether there are factual issues to be tried.").

## IV.

In conclusion, the Court DENIES Mr. Davila's Motion for Partial Summary Judgment [**doc. #106**].

                                                        IT IS SO ORDERED.

                                            /s/     Mark R. Kravitz
                                                     United States District Judge

**Dated at: New Haven, Connecticut on March 2, 2005**.